N661JAVC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                      23 Cr. 251 (AKH)

CHARLIE JAVICE,

             Defendant.        Conference
------------------------------x

                                 New York, N.Y.
                                 June 6, 2023
                                 10:41 a.m.

Before:

                  HON. ALVIN K. HELLERSTEIN,

                                 District Judge

                    APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  MICAH F. FERGENSON, ESQ.
     DINA McLEOD, ESQ.
     Assistant United States Attorney

QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Attorneys for Defendant
BY:  ALEX SPIRO, ESQ.
     MAAREN A. SHAH, ESQ.
     SAMUEL P. NITZE, ESQ.

N661JAVC

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, please state your

3     appearances for the record.

4          MR. FERGENSON:  Good morning, your Honor.  Micah

5     Fergenson and Dina McLeod for the government.

6          THE COURT:  The rule is you will address me seated but

7     take off your mask when you're speaking.  Good morning,

8     Mr. Fergenson.  Good morning, Ms. McLeod.

9          MR. SPIRO:  Good morning, your Honor.  This is Alex

10    Spiro.  I'm joined by Maaren Shah and Sam Nitze on behalf of

11    our client, Charlie Javice.

12         THE COURT:  And good morning, Ms. Javice.

13         THE DEFENDANT:  Good morning.

14         THE COURT:  Mr. Fergenson, tell me about the case.

15         MR. FERGENSON:  Yes, your Honor.

16         So your Honor, it's a fraud case, as described in the

17    complaint, and the indictment.  It concerns the defendant's

18    lies in connection with the sale of a company she founded named

19    Frank.

20         THE COURT:  Frank?

21         MR. FERGENSON:  Yes, your Honor.  That was the name of

22    the company.

23         THE COURT:  F-R-A-N-K?

24         MR. FERGENSON:  Yes.

25         THE COURT:  What does that company do?

N661JAVC

| 1 | MR. FERGENSON:  Your Honor, it was a for-profit |
|---|---|

1          MR. FERGENSON:  Your Honor, it was a for-profit

2  company that assisted students in financial aid for college or

3  graduate school.  In particular, it had a tool that helped them

4  fill out a federal form called a FAFSA that allows students to

5  apply for government aid.

6          THE COURT:  Spell it.

7          MR. FERGENSON:  F-A-F-S-A.

8          THE COURT:  What were the nature of the lies?

9          MR. FERGENSON:  The principal misrepresentation, your

10  Honor, was that her company had acquired over 4 million

11  customers, meaning prospective students who had signed up for

12  an account on Frank's website and thereby provided certain data

13  — first name, last name, email address, phone number.  In

14  reality, your Honor, Frank had, at most, less than 300,000

15  customers.

16          THE COURT:  What was the materiality of that?

17          MR. FERGENSON:  Your Honor, it was central to the sale

18  of the company, and in fact, these misrepresentations were made

19  to two banks.  The ultimate winner, so to speak, of the

20  acquisition was JPMorgan Chase, which paid $175 million, and it

21  paid that large sum, your Honor, because it believed that Frank

22  had been an extremely successful startup in the student sector,

23  which was particularly appealing to financial institutions,

24  particularly ones that are trying to acquire new customers

25  early in their life, just to put it colloquially, your Honor.

N661JAVC

1          THE COURT:  So in other words, the assets in the

2    business —— namely, the accounts of students —— were something.

3          MR. FERGENSON:  Correct, your Honor.

4          THE COURT:  That is why JPMorgan was induced to pay a

5    lot more for the company than it was worth.

6          MR. FERGENSON:  Correct, your Honor.

7          THE COURT:  So this is our first meeting, is it?

8          MR. FERGENSON:  Yes, your Honor.

9          THE COURT:  What kind of discovery do you have and

10   what's the plan?  Before you do that, is there a *Brady* order in

11   the case?

12         MR. FERGENSON:  There was, your Honor.  The defendant

13   was previously arraigned before the magistrate, who entered a

14   Rule 5(f) order.

15         THE COURT:  Thank you.

16         MR. FERGENSON:  So the discovery —— we actually handed

17   the defense a hard drive today, containing all or, if not all,

18   the vast majority of the Rule 16 discovery in our possession

19   presently.

20          To give your Honor, you know, a couple reference

21   points for the size of the discovery, the data is about 90

22   gigabytes, and to put it in a less technical way, it's about

23   106,000 files.  This primarily consists of subpoena returns

24   from about 30 different parties, third parties.  It also

25   includes three warrants related to cellphones.  One of the

N661JAVC

cellphone warrants was for the cellphone that Ms. Javice had on

her at her arrest.  We have not yet accessed the cellphone.  We

haven't cracked into the cellphone, your Honor.  But once we

do, we will provide a full copy to Ms. Javice.

THE COURT:  What prevents you from getting in?

MR. FERGENSON:  It is a —— as your Honor may be

familiar from other cases, unless the defendant provides the

pass code, we have to use various forensic tools to break into

the phone, to access its contents, and sometimes that can take

many months.

THE COURT:  But you can do it.

MR. FERGENSON:  We can do it, your Honor.  Often we

can do it, but not always, I should say.

THE COURT:  Have you asked Mr. Spiro if his client

will consent?  Is it worth saving time?

MR. FERGENSON:  We have not, your Honor, but we would

certainly be open to it.

THE COURT:  Would you consider that, Mr. Spiro?

MR. SPIRO:  They have not brought that to my

attention, your Honor.  I hear it now, and so I will take it

under consideration and speak with the government.  Thank you.

THE COURT:  Okay.

MR. FERGENSON:  It also includes —— just in terms of

the warrants, your Honor, there was also an asset seizure

warrant for bank accounts.  And that's the extent of the

N661JAVC

1    warrants in the case.

2              THE COURT:  Apart from the cellphone, has all

3    discovery been made?

4              MR. FERGENSON:  Yes, your Honor, and as we continue to

5    receive additional records, which we expect to, we will

6    continue to produce those on a rolling basis.

7              THE COURT:  Where would you expect to get other

8    records from?

9              MR. FERGENSON:  Your Honor, I can say that the

10   government's investigation is ongoing, and as we receive

11   additional materials, we will be providing them to the defense.

12             THE COURT:  Do you expect to receive additional

13   materials?

14             MR. FERGENSON:  We do, your Honor.

15             THE COURT:  By when should we all feel confident that

16   you have produced everything you're going to produce?

17             MR. FERGENSON:  I'm sorry, your Honor?

18             THE COURT:  By when should we feel confident that

19   you'll have produced everything you will be producing?

20             MR. FERGENSON:  I can —— I think I can fairly

21   represent to your Honor that we have produced the vast bulk, if

22   not all, of what we have currently in our possession.  As we

23   come into possession of additional materials, we'll promptly

24   produce them.

25             THE COURT:  You didn't hear me.  By when do you

N661JAVC

1  believe you will have produced everything you're going to

2  produce?

3          Can you hear me?

4          MR. FERGENSON:  Yes, your Honor.  I apologize.  I was

5  just conferring with my co-counsel for a moment.

6          So to answer your question, I don't expect we would

7  make anything comparable to the size of the production we made

8  right now.  And I don't mean to be evasive.

9          THE COURT:  You can't give me a date.

10          MR. FERGENSON:  Well, it's just often the case, your

11  Honor, that we may receive additional returns to a subpoena ——

12          THE COURT:  Anything is possible.  What's the

13  likelihood?

14          MR. FERGENSON:  I think, your Honor, within the next

15  45 days, we will produce any additional subpoena returns.  I

16  just don't want to mislead the Court or the defense.  To the

17  extent additional materials come in, we will provide them

18  promptly.

19          THE COURT:  I have to set a next date.

20          MR. FERGENSON:  Yes, your Honor, and I'm happy to turn

21  to that, but the government would respectfully request that the

22  Court set a motions date.  We discussed this with defense

23  counsel.

24          THE COURT:  They're not going to be able to make

25  motions until you finish your production.

N661JAVC

1          MR. FERGENSON:  Well, your Honor, I think what we

2     would propose and what defense has requested is that the Court

3     set another conference in about 45 days.  I would also advise

4     the Court that the government's prepared to set a trial date

5     today.  We're available in October.  The government's ready to

6     try the case.

7          THE COURT:  We'll set a trial date when we're all

8     ready, then I'll set it quickly.

9          MR. FERGENSON:  Understood, your Honor.  In that

10    event, your Honor, it might make sense to set a date for 45

11    days out to come back.  That's what the defense requested.

12          THE COURT:  How much do you need, Mr. Spiro?

13          MR. SPIRO:  That's fine, your Honor.  We had discussed

14    ⸺ and obviously it depends on the Court's schedule.  Some date

15    in the middle of July, perhaps July 14th, but of course your

16    Honor can pick the date.

17          THE DEPUTY CLERK:  July 13th at 9:45.

18          MR. SPIRO:  That's fine with the defense.

19          MR. FERGENSON:  That's fine, your Honor.  Thank you.

20          THE COURT:  Motion?

21          MR. FERGENSON:  Yes, your Honor.  The government moves

22    to exclude time so that the defense can review discovery and

23    assess any potential motions.

24          THE COURT:  Without objection?

25          MR. SPIRO:  Your Honor, we state an objection as to

N661JAVC

1    any waiver of speedy trial at arraignments and we're not

2    consenting to time in this case, and we defer to the Court's ——

3          THE COURT:  Take off your mask, please, Mr. Spiro.

4          MR. SPIRO:  Yes.  Your Honor, we did not waive speedy

5    trial time or agree to any of the government's requests at

6    arraignment, and we're maintaining that position, so when the

7    Court says is that on consent, that's why I piped up.

8          MR. FERGENSON:  Your Honor, we would then request to

9    set a trial date in October.

10          THE COURT:  How long will the trial take?

11          MR. FERGENSON:  The government estimates eight to ten

12    trial days, your Honor.

13          THE COURT:  October 16th for trial.

14          MR. SPIRO:  Your Honor, if I could be heard on that.

15    I was conferring with my client and counsel, and the defense

16    would prefer, because we have a lot of investigation to do ——

17    we will waive time for this time period if the Court will allow

18    us ——

19          THE COURT:  That's so nice of you, Mr. Spiro.

20          MR. SPIRO:  And we're hoping that on the 45 days out,

21    if the Court will keep the July 13th status date, we can then

22    set a trial date where we can be sure that we can be ready and

23    have time to check schedules and what have you.

24          THE COURT:  Are you planning on filing motions?

25          MR. SPIRO:  We will be filing motions.  Of course

N661JAVC

1    we've got to go through the discovery, and we just received it

2    today.

3              THE COURT:  So do you agree to exclude time until

4    July 13th?

5              MR. SPIRO:  Yes, your Honor.

6              THE COURT:  So ordered.  July 13, 9:45.  I expect at

7    that time, Mr. Spiro, that you will declare what motions you'll

8    be making and you and the government will present me with a

9    motion schedule ——

10             MR. SPIRO:  Understood, your Honor.  Thank you.

11             THE COURT:  —— briefing schedule.  Okay.  Thank you.

12             MR. FERGENSON:  Thank you, your Honor.

13                               o0o

14

15

16

17

18

19

20

21

22

23

24

25