UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,    : Docket #23-cr-00251

                      Plaintiff,   :

    -against-           :

CHARLIE JAVICE,          : New York, New York
                        May 22, 2023
                Defendant.

--------------------------------:

PROCEEDINGS BEFORE
THE HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:    UNITED STATES ATTORNEY'S OFFICE
                  SOUTHERN DISTRICT OF NEW YORK
                  BY:  DINA MCLEOD, ESQ.
                  1 St. Andrew's Plaza
                  New York, New York 10007

For Defendant:   QUINN EMANUEL URQUHART & SULLIVAN
                  BY:  ALEX SPIRO, ESQ.
                    MAAREN ALIA SHAH, ESQ.
                    SAMUEL P. NITZE, ESQ.
                  51 Madison Avenue 22nd Floor
                  New York, New York 10010

Transcription Service: Marissa Mignano Transcription
                     Phone:  (631) 813-9335
                     E-mail:marissamignano@gmail.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

INDEX

E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None | | | | |

E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|----|----|-----------|
| None | | | | |

```
 1                THE DEPUTY CLERK:  Good morning.  This is
 2     in the matter of US versus Charlie Javice, Case
 3     Number 23-cr-251.
 4                Starting with the Government, please state
 5     your appearance for the record.
 6                MS. MCLEOD:  Good morning, Your Honor.
 7     Dina McLeod for the Government.
 8                MR. SPIRO:  And good morning, Your Honor.
 9     This is Alex Spiro.  I'm joined by my colleagues
10     Maaren Shah and Sam Nitze from Quinn Emanuel, and my
11     client is also present.
12                THE COURT:  Okay.  Mr. Javice, can you --
13     I'm sorry.  Ms. Javice, can you hear us?
14                THE DEFENDANT:  I can, Your Honor.
15                THE COURT:  All right.  Did we get
16     appearance for the Government?  I'm sorry.  I've
17     been doing a million things --
18                MS. MCLEOD:  Yes, Your Honor.  This is
19     Dina McLeod for the Government.
20                THE COURT:  Okay.  So, Ms. Javice, do you
21     understand you have the right to have this
22     proceeding take place in person?  And is it correct
23     that you have chosen and are agreeing to have it
24     take place by video?
25                THE DEFENDANT:  Yes, Your Honor.
```

```
 1              THE COURT:  We're here for an arraignment.
 2    Is that correct?
 3              MR. SPIRO:  Yes, Your Honor.
 4              THE COURT:  All right.  I have before me an
 5    indictment.  Appears it was filed May 18th.  The
 6    charge in Count One is that from June 2021 through
 7    November 2022, the defendant conspired with others
 8    to commit the crimes of wire fraud and bank fraud.
 9              The charge in Count Two is a charge during
10    the same period of wire fraud, specifically that the
11    defendant engaged in a scheme to defraud by
12    submitting false and fraudulent statements and
13    representations about Frank and its user data, among
14    other things to potential acquiring companies,
15    including JPMorgan Chase, a certain bank, in order
16    to defraud those companies out of millions of
17    dollars consisting of the acquisition price, as well
18    as salary, bonus and other compensation paid to
19    Javice as a retained employee at the eventual
20    acquiring company JPMC.  And in furtherance of the
21    scheme, the defendant transmitted and caused to be
22    transmitted electronic communications and monetary
23    transfers to and from the Southern District of
24    New York.
25              The charge in Count Three is a charge of
```

1    bank fraud in the same time period, specifically

2    charging that Javice engaged in a scheme to defraud

3    by submitting false and fraudulent statements and

4    representations about Frank and its user data, among

5    other things to potential acquiring companies,

6    including JPMC and a bank, in order to defraud those

7    companies out of millions of dollars consisting of

8    the acquisition price, as well as salary, bonus and

9    other compensation paid to Javice as a retained

10   employee at the eventual acquiring company JPMC.

11          The charge in Count Four is a charge of

12   securities fraud during the same time period.

13   Charge is that the defendant engaged in a scheme to

14   defraud by submitting false statements and

15   representations about Frank and its user data, among

16   other things, to potential acquiring companies,

17   including to JPMC, to Bank One in connection with

18   the acquisition of equity shares, options and

19   warrants at Frank.

20          Counsel, have you seen this indictment?

21          MR. SPIRO:  Yes, Your Honor.

22          THE COURT:  Have you reviewed it with your

23   client?

24          MR. SPIRO:  Yes, we have.

25          THE COURT:  Are you waiving the public

1    reading?

2              MR. SPIRO:  We are.

3              THE COURT:  How does your client wish to

4    plead?

5              MR. SPIRO:  Not guilty.

6              THE COURT:  Ms. Javice, is that correct?

7    You wish to plead not guilty?

8              THE DEFENDANT:  That's correct, Your Honor.

9              THE COURT:  All right.  I think that's it

10   for the arraignment.

11             Anything else from the Government?

12             MS. MCLEOD:  Yes, just briefly, Your Honor.

13   Judge Hellerstein has set an initial pretrial

14   conference for June 6 at 10:15 a.m.  The Government

15   would move to exclude time under the Speedy Trial

16   Act to allow the Government to begin compiling,

17   producing discovery, and to allow the defendant to

18   begin reviewing that discovery.

19             THE COURT:  Does counsel wish to be heard

20   on the application?

21             MR. SPIRO:  Yeah.  Your Honor, I think I do

22   need to put on the record the defense has made a

23   discovery demand of the Government.  But perhaps

24   more importantly, we've made many Brady requests of

25   the Government.  We've been asking, frankly, from

1    the beginning, from the time that JPMorgan wanted a

2    discount on the acquisition price, for any proof

3    that JPMorgan relied on any of the allegations in

4    the indictment.  They produced nothing to us.  We've

5    asked the Government for the same things.

6           We've said to the Government, you know,

7    that JPMorgan and its lawyers and advisors and all

8    the people involved in this, there must be some

9    communications in which they talk about what they

10    relied upon.  You have to turn those over.  Those

11    are Brady.  We've got nothing.

12           And so it's a little hard for me to be

13    consenting to time when we've been making these

14    requests for months.  And so I want to put that on

15    the record because when Judge Hellerstein asks, I'm

16    going to say the same thing, which is that we are

17    aware that this information exists.  I don't know

18    whether JPMorgan is not sharing it.  I don't know

19    whether the Government hasn't gone through it yet.

20    But right now, we don't have it, and that's an issue

21    for us.

22           THE COURT:  Hold on a second.  If the

23    Government wants to say something for the record,

24    they're welcome to.

25           MS. MCLEOD:  Just briefly, Your Honor.  The

1    indictment was filed late last week.  All of the

2    relevant documents will be produced through Rule 16

3    discovery, which our obligations have just begun

4    with the indictment.  We, of course, understand and

5    will comply with our Brady obligations, and we have

6    had discussions with counsel about it.

7         Counsel for the defendant has been unable

8    or unwilling to provide any additional information

9    on the purported Brady, and so we've been unable to

10   really engage meaningfully on that.  But, of course,

11   you know, I think all of these things will be

12   discussed before Judge Hellerstein and I think it

13   probably makes the most sense to do that before him.

14        THE COURT:  Well, I think the only thing

15   you need to address is the period between now and

16   June 6th, and whether there's something unusual

17   about this case in discovery and your obligations

18   that should justify the speedy time exclusion.

19        MS. MCLEOD:  It's voluminous discovery.

20   It's not a particularly long amount of time to run

21   off the clock.  So if Your Honor would prefer to

22   defer that decision to Judge Hellerstein, that's, of

23   course, within your province to do.

24        THE COURT:  I have no idea what you're

25   talking about.  Do you want -- are you making the

```
 1    application or not?

 2              MS. MCLEOD:  Yes, Your Honor.  I've made

 3    the application.

 4              THE COURT:  Okay.  So is there anything you

 5    want to say about -- in further justification?  It's

 6    not being deferred.  You're making it to me.  So

 7    anything else you want to say in further

 8    justification of the application in response to what

 9    was already said?  If not, that's fine.

10              MS. MCLEOD:  Only that this is a complex

11    case.  The Complaint, if Your Honor has looked at

12    it, is very lengthy.  And as a result, there's quite

13    a bit of documentary discovery that needs to be

14    produced.  And as Your Honor is likely familiar, in

15    white collar cases with large volumes of documents,

16    there is quite a bit of discovery.  There's quite a

17    bit of review of discovery that needs to be done and

18    to allow both parties to adequately prepare to

19    consider pretrial motions, to prepare for trial.  So

20    that's the basis for the motion.

21              THE COURT:  Anything else from the

22    defendant?

23              MR. SPIRO:  I don't think the Government's

24    given any justification for this.  So if the Court

25    has any questions for me.  But, again, they're going
```

1    to say this is a simple case.  They haven't been

2    able to produce.  Neither did JPMorgan to us in

3    civil discovery, a single email, a document.  I

4    don't see any basis for an exclusion, and we

5    maintain our objection at this time.

6           THE COURT:  All right.  Well, I'm accepting

7    the representation about the complexity of the

8    discovery here.  So I do grant the exclusion because

9    I find the ends of justice outweigh the best

10   interest of the public and the defendant in a speedy

11   trial based upon the need to produce the discovery.

12          There was one other thing that you reminded

13   me of, so I'm going to take care of it now.  I'm

14   directing the prosecution to comply with its

15   obligations under Brady v. Maryland and its progeny

16   to disclose to the defense all information, whether

17   admissible or not, that is favorable to the

18   defendant, material, either to guilt or to

19   punishment and known to the prosecution.  Possible

20   consequences for noncompliance may include dismissal

21   of individual charges of the entire case, exclusion

22   of evidence, and professional discipline or court

23   sanctions on the attorneys responsible.  I will be

24   entering a written order more fully describing this

25   obligation and the possible consequences of failing

1    to meet it, and I direct the prosecution to review

2    and comply with that order.

3         Does the prosecution confirm that it

4    understands its obligations?

5              MS. MCLEOD:  It does, Your Honor.

6              THE COURT:  Okay.  Anything else from the

7    Government?

8              MS. MCLEOD:  No, Your Honor.  Thank you.

9              THE COURT:  From defense counsel?

10             MR. SPIRO:  No, Your Honor.  Thank you.

11             THE COURT:  All right.  Thank you,

12   everyone.

13

14

15

16

17

18

19

20

21

22

23

24

25

1          C E R T I F I C A T E

2

3          I, Marissa Mignano, certify that the foregoing

4     transcript of proceedings in the case of

5     UNITED STATES OF AMERICA v. CHARLIE JAVICE, Docket

6     #23-cr-00251, was prepared using digital

7     transcription software and is

8     a true and accurate record of the proceedings.

9

10

11     Signature ___*Marissa Mignano*_____

12                    Marissa Mignano

13

14     Date:      May 26, 2023

15

16

17

18

19

20

21

22

23

24

25