ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

CHARLIE JAVICE, and
OLIVIER AMAR,

Defendants.

**SUPERSEDING INDICTMENT**

S1 23 Cr. 251 (AKH)

## COUNT ONE
### (Conspiracy to Commit Wire Fraud and Bank Fraud)

The Grand Jury charges:

1. From at least in or about June 2021 through at least in or about November 2022, in the Southern District of New York and elsewhere, CHARLIE JAVICE and OLIVIER AMAR, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344.

2. It was a part and an object of the conspiracy that CHARLIE JAVICE and OLIVIER AMAR, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343, to wit, JAVICE and AMAR agreed to engage in a scheme to defraud by submitting

false and fraudulent statements and representations about TAPD, Inc., d/b/a Frank ("Frank") and its user data, among other things, to potential acquiring companies, including to J.P. Morgan Chase ("JPMC"), a bank headquartered in New York, New York, and to at least one other bank ("Bank-1"), in order to defraud those companies out of millions of dollars—consisting of the acquisition price, as well as salary, bonus and other compensation paid to JAVICE and AMAR as retained employees at the eventual acquiring company, JPMC—and in furtherance of such scheme, JAVICE and AMAR transmitted and caused to be transmitted electronic communications and monetary transfers to and from the Southern District of New York.

3.      It was further a part and an object of the conspiracy that CHARLIE JAVICE and OLIVIER AMAR, the defendants, and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, JAVICE and AMAR engaged in a scheme to defraud by submitting false and fraudulent statements and representations about Frank and its user data, among other things, to potential acquiring companies, including to JPMC and Bank-1, in order to defraud those companies out of millions of dollars—consisting of the acquisition price, as well as salary, bonus and other compensation paid to JAVICE and AMAR as retained employees at the eventual acquiring company, JPMC.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

4.      From at least in or about June 2021 through at least in or about November 2022, in the Southern District of New York and elsewhere, CHARLIE JAVICE and OLIVIER AMAR, the defendants, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, JAVICE and AMAR engaged in a scheme to defraud by submitting false and fraudulent statements and representations about Frank and its user data, among other things, to potential acquiring companies, including to JPMC and Bank-1, in order to defraud those companies out of millions of dollars—consisting of the acquisition price, as well as salary, bonus and other compensation paid to JAVICE and AMAR as retained employees at the eventual acquiring company, JPMC— and in furtherance of such scheme, JAVICE and AMAR transmitted and caused to be transmitted electronic communications and monetary transfers to and from the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Bank Fraud)

The Grand Jury further charges:

5.      From at least in or about June 2021 through at least in or about November 2022, in the Southern District of New York and elsewhere, CHARLIE JAVICE and OLIVIER AMAR, the defendants, knowingly executed, and attempted to execute, a scheme and artifice to defraud a

3

financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, JAVICE and AMAR engaged in a scheme to defraud by submitting false and fraudulent statements and representations about Frank and its user data, among other things, to potential acquiring companies, including to JPMC and Bank-1, in order to defraud those companies out of millions of dollars—consisting of the acquisition price, as well as salary, bonus and other compensation paid to JAVICE and AMAR as retained employees at the eventual acquiring company, JPMC.

(Title 18, United States Code, Sections 1344 and 2.)

**COUNT FOUR**
**(Securities Fraud)**

The Grand Jury further charges:

6.     From at least in or about June 2021 through at least in or about November 2022, in the Southern District of New York, and elsewhere, CHARLIE JAVICE and OLIVIER AMAR, the defendants, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security registered on a national securities exchange and any security not so registered, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.l0b-5, by (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; and (c) engaging in an act, practice and course of business which operated and would operate as a fraud and deceit upon a person, to

4

wit, JAVICE and AMAR engaged in a scheme to defraud by submitting false statements and representations about Frank and its user data, among other things, to potential acquiring companies, including to JPMC and to Bank-1, in connection with the acquisition of the equity shares, options, and warrants of Frank.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

7.   As a result of committing the offenses alleged in Counts One through Three of this Indictment, CHARLIE JAVICE and OLIVIER AMAR, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses, and the following specific property:

a.   All monies, assets, and funds contained in Fidelity Brokerage Services LLC, account Z23 548090, held in the name of Charlie Javice, seized by the Government on or about April 14, 2023;

b.   $959,643.98 of the monies, assets, and funds formerly on deposit at City National Bank, account 210032347;

c.   $2,056,256.39 of the monies, assets, and funds formerly on deposit at Wells Fargo Bank, NA, account 1573700687, held in the name of BX5 LLC, seized by the Government on or about April 14, 2023; and

All monies, assets, and funds contained in Interactive Brokers LLC, account U6819438, held in the name of Olivier Amar, seized by the Government on or about April 14, 2023(collectively, (a)-(d) (the "Specific Property").

8.     As a result of committing the offense alleged in Count Four of this Indictment, CHARLIE JAVICE and OLIVIER AMAR, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and, and the Specific Property.

**Substitute Assets Provision**

9.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON
7/12/23

Damian Williams
DAMIAN WILLIAMS
United States Attorney