# **EXHIBIT A**



Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

September 22, 2023

**By Electronic Mail**

AUSA Dina McLeod
AUSA Micah F. Fergenson
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
Tel.: (212) 637-1040/2190
dina.mcleod@usdoj.gov
micah.fergenson@usdoj.gov

Re:   <u>United States</u> v. <u>Javice and Amar</u>, 23 Cr. 251 (AKH)

Dear AUSAs McLeod and Fergenson:

On behalf of JPMorgan Chase Bank, N.A. ("JPMC"), we write to memorialize our discussions with respect to JPMC's compliance with your Office's grand jury subpoenas.

A.   **JPMC's Compliance with SDNY's Grand Jury Subpoenas**

As you know, the U.S. Attorney's Office for the Southern District of New York ("SDNY") served 10 grand jury subpoenas on JPMC between October 13, 2022 and August 22, 2023 (the "Subpoenas"). To date, in response to the Subpoenas, JPMC has made 18 productions of documents comprised of 212,801 documents totaling 842,781 pages and representing a volume of approximately 80 gigabytes. Since August 23, 2023 alone – the last status conference in the above-captioned case – JPMC has made four document productions: 5,985 pages on September 8, 2023; 57,435 pages on September 8, 2023; 20,119 pages on September 18, 2023; and 6,943 pages on September 19, 2023.

In addition, to date, JPMC has produced four privilege logs, dated August 23, September 11, September 18, and September 19 (the "Privilege Logs"). The Privilege Logs memorialize documents redacted or withheld for privilege (including but not limited to the attorney-client privilege and work product doctrine) during the course of producing documents in response to the Subpoenas. The August 23 Privilege Log contained 81 entries; JPMC withheld 9 privileged documents and produced 72 redacted documents.  The September 11 Privilege Log contained 3,674 entries; JPMC withheld 3,674 privileged documents and did not produce any redacted

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rio de Janeiro  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington DC  Associated offices: Budapest  Jakarta  Shanghai FTZ  Ulaanbaatar  Zagreb.  Business Service Centers: Johannesburg  Louisville.  For more information see www.hoganlovells.com

documents. The September 18 Privilege Log contained 2,263 entries; JPMC withheld 4 privileged documents and produced 2,259 redacted documents. The September 19 Privilege Log contained 1,506 entries; JPMC withheld 1,416 privileged documents and produced 90 redacted documents.

On August 16, 2023, at the SDNY's request, JPMC provided a list of 149 individual persons and/or email accounts that have been identified, to JPMC's best understanding as of that date, as custodians of documents that have either been subject to targeted searches in response to specific document requests from the SDNY pursuant to the Subpoenas, or have been subject to document review to identify materials responsive to broader categorical document requests from SDNY pursuant to the Subpoenas (the "Custodian List").

JPMC has and will continue to devote significant resources to completing its production of documents and privilege logs by October 13, 2023. At present, over 30 reviewers engaged by JPMC and 24 Hogan Lovells attorneys are working on the review and production of documents in response to the Subpoenas.

Importantly, the SDNY has informed JPMC that the SDNY: a) has no challenges to the Privilege Logs; and b) has no requested changes to the Custodian List. Simply put, there is no dispute between the SDNY and JPMC about JPMC's compliance with the Subpoenas issued by the SDNY to JPMC.

### B. The Defendants' Objections to JPMC's Privilege Logs

On the evening of September 19, 2023, JPMC received an email from counsel for Olivier Amar, copying counsel for Charlie Javice and the Government, with the Defendants' "initial set of objections" to the August 23 and September 11 Privilege Logs. The Defendants requested a response from JPMC to the Defendants' objections sufficiently in advance of the September 26 hearing, and noted that they reserve the right to raise additional objections, challenges, or questions.

The Defendants' purported objections to two of the Privilege Logs are improper. The Defendants lack standing to object to a non-party's compliance with a federal grand jury subpoena issued by the SDNY. Accordingly, JPMC has no obligation to respond to the Defendants' objections, challenges or questions regarding the Privilege Logs. If the Defendants seek to require the production of documents from a non-party, they must do so through a subpoena under Rule 17(c) of the Federal Rules of Criminal Procedure.

If the Defendants were to serve JPMC with a Rule 17 subpoena, JPMC would evaluate any such subpoena to determine whether to respond, or, if compliance would be unreasonable or oppressive, move to quash under Federal Rule of Criminal Procedure 17(c)(2). If JPMC were to move to quash such a subpoena as unreasonable or oppressive, the Defendants would, as the requesting parties, need to meet the rigorous standard set forth by the Supreme Court in United States v. Nixon, 418 U.S. 683 (1974). See United States v. Pena, No. 15-CR-551 (AJN), 2016 WL 8735699 (S.D.N.Y. Feb. 12, 2016) ("[the overwhelming majority of district courts in the Second Circuit have applied the Nixon analysis to defense subpoena requests to third parties.").

"Under United States v. Nixon, the party requesting the Rule 17 subpoena has the burden of showing '(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Skelos, No. 15-CR-317 (KMW), 2018 WL 2254538, at *1–2 (S.D.N.Y. May 17, 2018), aff'd, 988 F.3d 645 (2d Cir. 2021) (quoting Nixon, 418 U.S. at 699-700); see also Sec. & Exch. Comm'n v. Javice, No. 23-CV-2795 (LJL), 2023 WL 4073797, at *7 (S.D.N.Y. June 20, 2023).

Were the Defendants to try to seek documents through a Rule 17 subpoena that JPMC has deemed to be privileged, the burden would be on the Defendants to show that the documents that they have subpoenaed are admissible as evidence under the Nixon analysis. See id. "Documents containing privileged material generally are inadmissible." United States v. Donziger, No. 11-CV-691 (LAK), 2021 WL 1865376, at *8–9 (S.D.N.Y. May 10, 2021) (internal citation omitted); see also United States v. Carton, No. 17 CR 680 (CM), 2018 WL 5818107, at *6 (S.D.N.Y. Oct. 19, 2018) (applying the Nixon analysis to quash a defense Rule 17(c) subpoena to a third party law firm where, among other things, the subpoena called for work product materials which were privileged and not producible). It is important that the applicable legal framework under Rule 17 and the Nixon standard be followed so that any potential privilege issues in dispute between the Defendants and JPMC are appropriately briefed for the Court.

### C.     September 26 Status Conference

As described above, there is no dispute between the SDNY and JPMC regarding JPMC's compliance with the Subpoenas. Moreover, the Defendants have not used the correct mechanism under Rule 17 to seek to require the production of additional documents from JPMC. Accordingly, there is no live controversy between any party to the above-captioned case with non-party JPMC that is properly before the Court for its consideration at this time. Accordingly, JPMC does not believe its attendance at the status conference in the above-captioned case on September 26 should be required. Should the Defendants seek to require the production of documents from JPMC through a Rule 17 subpoena, JPMC would evaluate the propriety of any such subpoena and raise any issues with the Court promptly.

Please do not hesitate to contact us if you have any questions.

Sincerely,


/s/ Kristy J. Greenberg
Kristy J. Greenberg
Allison M. Wuertz
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
Tel. (direct):  (212) 918-3219/3067
kristy.greenberg@hoganlovells.com
Allison.wuertz@hoganlovells.com