# Exhibit B

**From:** Sean S. Buckley <Sean.Buckley@kobrekim.com>
**Sent:** Tuesday, September 19, 2023 8:30 PM
**To:** kristy.greenberg@hoganlovells.com
**Cc:** dina.mcleod@usdoj.gov; micah.fergenson@usdoj.gov; alexspiro@quinnemanuel.com; samuelnitze@quinnemanuel.com; jpkernisan@quinnemanuel.com; maarenshah@quinnemanuel.com; Steve G. Kobre <Steven.Kobre@KobreKim.com>; Alexandria Swette <Alexandria.Swette@kobrekim.com>; Sydney Johnson <sydney.johnson@kobrekim.com>; Genna Sinel <Genna.Sinel@kobrekim.com>
**Subject:** United States v. Javice & Amar, 23 Cr. 251 (AKH)

Dear Kristy—

It has been a long time and I hope this email finds you well.

We write regarding the privilege logs JPMC produced in response to grand jury subpoenas issued in the above-captioned action. The government thus far has produced to Defendants privilege logs from JPMC on August 23 ("First Privilege Log"), September 11 ("Second Privilege Log"), and September 18 ("Third Privilege Log"), respectively.

For the sake of efficiency, and with consent of the government, we intend to raise any issues with the privilege logs directly with JPMC, to give JPMC the opportunity to respond before determining whether to raise any potential disputes with the Court. This email addresses initial challenges to and requests for information relating to the First and Second Privilege Logs. We respectfully request that, to the extent possible, JPMC respond to these challenges and requests sufficiently in advance of the hearing on September 26.

Our review of the First, Second, and Third Privilege Logs, is ongoing, and we therefore reserve the right to raise additional objections, challenges, or questions as we continue to digest the information contained in these privilege logs.

Broadly, this initial set of objections fall into the categories identified below and in the attached.

**Defendants' First Set of Objections to the First and Second Privilege Logs (dated September 19, 2021)**

1. **Select communications on which Matt Glazer is to/from/cc/bcc'd**. JPMC has withheld communications in which Mr. Glazer likely participated in a non-legal, business role. We understand that Mr. Glazer fulfilled different roles at Frank, including operations, finance, HR, and legal. We object to the extent JPMC is withholding relevant communications in which Mr. Glazer participates in a business capacity or which do not involve communications for the purpose of giving or receiving legal advice. We ask that you re-review these communications with this objection in mind and produce any relevant, non-privileged communications or portions thereof.

2. **Slack communications**. JPMC has withheld approximately 241 communications that appear to be Slack messages (RSMF format). Defendants understand that Slack messages are typically processed in 24-hour increments or more, and therefore object to JPMC withholding Slack messages in their entirety if they contain relevant, non-privileged information.

1

   a. Please note that many of these slack messages involve communications with Mr. Glazer, and therefore we repeat our objection in #1 above, to the extent Mr. Glazer's presence on the Slack messages is the reason for the withholding.

3. **Frank Board minutes**. JPMC has withheld entire copies of Frank and JPMC Board minutes from production. Defendants object to withholding non-privileged information within these Board minutes and request that JPMC re-produce these minutes with redactions over privileged information.

   a. Please note that some of the Board minutes appear to have been transmitted by Mr. Glazer, and therefore we repeat our objection in #1 above.

4. **Treatment of family relationships**. The Second Privilege Log designates withheld documents as "email" and "email attachment" without reference to the family relationship between a parent email and attachments, making it difficult for Defendants to understand the basis for the privilege determination. So that Defendants can properly assess the privilege determination, we ask that when JPMC withholds emails and/or email attachments, it provide information identifying the full family, and if certain family members have been produced, include Bates numbers for the produced family members. Examples are flagged in the attached.

5. **Overly redacted documents.** Certain documents that JPMC produced in redacted form include redactions that are objectively overbroad. For example, the subject line and to/from/cc fields are redacted along with the text of an email. We have provided examples from the first privilege log, produced to us in the First Privilege Log.

Best,
Sean

Sean S. Buckley
+1 212 488 1253

**KOBRE & KIM**

[www.kobrekim.com](www.kobrekim.com)

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)