# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

September 25, 2023

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Court House
500 Pearl Street
New York, NY 10007

      Re:    United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

      We write on behalf of Defendant Olivier Amar in response to the September 22 letters from the Government and JPMC, which make clear that neither intends to participate in the discovery process outlined by this Court at the August 23 conference. The Government has turned that process—aimed at the swift resolution of any disputes—on its head. The Government raises a new objection to the privilege process discussed (and advanced) by the parties, disregarding efforts of both Defendants and the Court to progress discovery expeditiously and all but ensuring even further delay to Defendants' detriment. Accordingly, Mr. Amar respectfully requests that the Court direct the Government to comply with the discovery process the Court outlined at the August 23 conference.

      *Privilege Process*

      At the August 23 conference, Your Honor ordered the Government to direct JPMC to provide "a rolling privilege log" so that the Court would have the "opportunity to make rulings much earlier than November" when all productions are complete. Aug. 23 Tr. 5:3–6. The Court clearly contemplated that both the Government and Defendants would have challenges to JPMC's privilege log and that the Court would need to resolve those objections at the upcoming conference. *See id.* at 6:24–7:2 ("THE COURT: . . . I would like [the Government] and Mr. Spiro to discuss that privilege log because both of you may have interests in challenging privilege."); *id.* at 19:11–23 (ordering the government, defense counsel, and JPMC to have multiple conferrals).

      At no point during the August 23 conference—or in any subsequent meet and confer on September 7, 18, or 20—did the Government object to the process outlined by Your Honor.

Americas (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
APAC (Hong Kong, Seoul, Shanghai), Caribbean (BVI, Cayman Islands), EMEA (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Honorable Judge Alvin K. Hellerstein
September 25, 2023
Page 2

Defendants, therefore, performed a good-faith review of JPMC's privilege logs, analyzed thousands of entries, conferred with the Government on the same, and prepared objections for JPMC's review (with the Government's consent).

The Government now baselessly claims, for the first time, that Defendants lack standing to challenge JPMC's subpoena response. (Notably, JPMC adopts the same position in its letter dated the same day.) This newfound position is contrary to the Court's August 23 order[1] and to the parties' mutually discussed process for raising privilege objections.

### *Custodian List*

The Government acknowledges that the Court directed Defendants to provide an additional list "of those potential custodians of Chase who should be asked to search their files." *See id*. at 17:11–14. In fact, the Court ordered Defendants to provide their list of custodians over the same objection the Government raises now. *See id*. at 10:21–23 (the Government arguing, "Your Honor, as you know, defendants are not entitled to tell a responding third-party how to respond to a subpoena."). Upon the Court's order, the Government did not mention that it would nevertheless refuse to engage with Defendants on the list provided.

A month has passed, and Defendants have provided their custodian list to the Government. Meanwhile, the Government has declined to engage in any discussion with Defendants on the substance or contents of their list and now attempts to rehash its failed objection. The Government's refusal to discuss the Defendants' list contradicts its suggestion to this Court that it would do so. Specifically, at the August 23 conference, the Court rightfully pointed out that pursuant to Rule 16, if "certain categories, certain custodians are important for [Defendants'] defense, it is very difficult [for the Court] to say no." *Id*. at 12:21–23. The Government responded:

> The devil is in the details, I think, because there are claims about things that are missing. Those names have never been given to the government and we have talked to defense counsel many times about this, ***so if they want to explain to us so we can concretely look at things*** . . .

*Id*. at 13:3–7 (emphasis added).

The Defendants' Custodian List includes critical individuals, who have relevant and admissible information material to preparing the defense, and who were missing from JPMC's own custodian list. Defendants' list includes individuals referenced in the Government's complaint

---

[1] *See also* Fed. R. Crim. P. 16(d)(2)(A) & (d)(2)(D) (providing that, when the government fails to satisfy its Rule 16 obligations, the court may order the government to provide the requested discovery or "enter any other order that is just under the circumstances"); *United States v. Jackson*, 508 F.2d 1001, 1006 (7th Cir. 1975) ("[T]he district court possesses, in the exercise of its inherent power to promote the proper administration of criminal justice, the authority to" order discovery beyond that provided by the federal rules or statute); *United States v. Gallo*, 654 F. Supp. 463, 471 (E.D.N.Y. 1987) ("'[T]here must necessarily be some inherent authority in the federal courts' to order discovery by the government 'when dictated by compelling circumstances.'" (citation omitted)).

Honorable Judge Alvin K. Hellerstein
September 25, 2023
Page 3

as well as JPMC employees with whom Mr. Amar worked to integrate Frank into JPMC, to name a few. It also includes, as Defendants just recently learned, dozens of individuals for whom JPMC has already collected documents but, for some reason, has not searched.[2] This revelation serves only to bolster Defendants' Custodian List. Indeed, that JPMC has already collected these individuals' documents begs the question of why they are not also being searched for documents responsive to the subpoena.

### Conclusion

Mr. Amar respectfully requests that the Court compel the Government to comply with the discovery process it contemplated at the August 23 conference.

Respectfully submitted,

/s/ Sean S. Buckley
Sean S. Buckley
Steven G. Kobre
Alexandria E. Swette
KOBRE & KIM LLP
800 Third Ave
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
Sean.Buckley@kobrekim.com
Steven.Kobre@kobrekim.com
Alexandria.Swette@kobrekim.com

Sydney Sgambato Johnson (pro hac vice)
KOBRE & KIM LLP
1919 M Street, NW
Washington, DC 20036
Telephone: (202) 664-1900
Facsimile: (202) 664-1920
Sydney.Johnson@kobrekim.com

*Counsel for Defendant Olivier Amar*

cc:   All counsel of record (via ECF)

---

[2] Defendants noticed in August that the custodial metadata associated with some of the documents produced by JPMC includes individuals not on JPMC's Custodian List. Counsel for Mr. Amar sent repeated requests for clarification about this metadata. On the eve of the joint submission, the Government informed Defendants that JPMC has collected documents from some individuals but has not searched them. There is, therefore, no reason to reject a request for those custodians' records to be searched as they have already been collected and segregated by JPMC.