

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 17, 2023

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

  The Government writes to respectfully request an extension of the deadline in the Court's order dated November 7, 2023 for the production of additional materials from J.P. Morgan Chase ("JPMC"). The current deadline for the production of those materials is November 17, 2023. (Dkt. No. 61 at 3). For the reasons explained below, the Government requests that the deadline be extended until December 8, 2023. The defendants oppose this request.[1]

  Pursuant to the Court's directives at the November 2, 2023 conference and the Court's November 7, 2023 order, the Government has identified the following JPMC officers or employees referenced in the Complaint, (Dkt. No. 61 at 2):

- "Executive-1,"[2] *see* Complaint ¶ 19(a);
- "JPMC employee," *see id.* ¶ 19(e);
- "JPMC employee," *see id.* ¶ 19(f);
- "JPMC employee," *see id.* ¶ 19(g);
- "Executive-2," *see id.* ¶ 19(h);
- "JPMC employee,"[3] *see id.* ¶ 21(e);

---

[1] The parties conferred by telephone at 11:30 a.m. on November 17, 2023. The conferral lasted approximately 15 minutes. Representing the Government on the phone call were the undersigned Assistant United States Attorneys. Representing defendant Javice on the phone call were Samuel Nitze, Jenny Braun, and Matthew Langley of Quinn Emanuel Urquhart & Sullivan LLP. Representing defendant Amar on the phone call were Sean Buckley, Sydney Johnson, Alexandria Swette, and Genna Sinel of Kobre & Kim LLP. *See* Individual Rules of Hon. Alvin K. Hellerstein, Rule 2.E.

[2] In order to protect the privacy of the individuals referenced in the Complaint, the Government will continue to anonymize their identities here.

[3] The JPMC employees referenced in paragraphs 19(e), (f), (g) and 21(e) are different people.

- "Engineer-1," *see id.* ¶ 22;
- "[T]wo other JPMC employees," *see id.* ¶ 24(e);
- "Marketing Executive," *see id.* ¶ 23(a);
- "Engineer-2," *see id.* ¶ 32(a)(iv).

Out of the above group of JPMC employees, the only individuals who are not already within the scope of JPMC's review (*i.e.*, a custodian) consist of four employees: the JPMC employees referenced in paragraphs 19(e) and 19(g), one of the two JPMC employees referenced in paragraph 24(e), and the "Marketing Executive."

JPMC has informed the Government that the individuals referenced in paragraphs 19(e) and 19(g) departed JPMC before the litigation hold related to this matter was put in place and that their email inboxes were deleted in the ordinary course of business.[4]

JPMC has begun reviewing materials from the remaining two individuals but, given the number of documents to review—approximately 10,000—and the accompanying privilege review, JPMC does not expect to be able to produce those materials to the Government before December 8, 2023. The Government therefore respectfully requests that the deadline for production of additional materials be extended until December 8, 2023.[5]

**Defendants Javice's and Amar's Positions**

Defendants Charlie Javice and Olivier Amar respectfully object to the Government's request for an additional three weeks to comply with this Court's November 7, 2023 order (the "Order").

To begin, the Government's letter fails to offer an adequate explanation for why such an extension is needed. At the November 2, 2023 status conference, the Government committed to produce documents by November 17, 2023. Two days before this deadline, the Government raised for the first time a purported need for more time, but offers no compelling reason to justify this delay. Instead, the Government's letter makes plain that JPMC is intending to search only two new custodians as a result of the Court's Order—not the list of eleven included in the letter initially—because it contends that the email inboxes of seven of those custodians had already been searched and the inboxes of two additional individuals (███████████████████████) "were

---

[4] Of course, this does not mean that no communications with those individuals exist. Any communications involving these two individuals—obtained by JPMC from the mailboxes of other JPMC custodians—that are in the Government's possession have been produced to the defendants.

[5] At the conference on November 2, 2023, the Court also directed the verification that the entirety of the email chains referenced in paragraph 32 of the Complaint (and any documents referenced therein) had been produced. (Transcript of November 2, 2023 Conference at 20-24). JPMC has informed the Government that any additional materials in response to that direction will be produced to the Government by November 17, 2023, and the Government is therefore not seeking an extension as to that production.

deleted in the ordinary course of business" and therefore cannot be searched.[6] This leaves only two custodians that JPMC actually intends to search and produce records from at this time. JPMC is a sophisticated, multi-trillion-dollar bank with virtually unlimited resources. There is simply no reason why JPMC should need six weeks in the aggregate to search the documents of two custodians.

Critically, though, Defendants object to the Government's request because the letter makes clear it is not fully complying with the Court's Order because it is not searching and producing documents of "all other JPMC officers or employees referenced in the Complaint." The Order specifically states:

> As to Mark Goldstein and Adam Shpiro, . . . Defendants' motions are granted. Goldstein and Shpiro were identified in the Government's Complaint as recipients of Defendants' alleged fraudulent conduct, ***and they may possess relevant and material documents***. The Government should require JPMC to search for, and produce, under the existing subpoenas, responsive documents in the files and emails of these two custodians. ***This ruling extends, as well, to all other JPMC officers or employees referenced in the Complaint***."

ECF No. 61 at 2 (emphasis added). Notwithstanding this Order, the Government's list leaves off the following individuals referenced in the Complaint:

- JPMC executives, ¶ 19(b) – ▓▓▓▓▓▓▓▓;

- "other JPMC employees," ¶ 19(e) – ▓▓▓▓▓▓

- Various employees of JPMC, ¶ 19(c) – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; and

---

[6] The Government has made repeated references to individuals who left JPMC before a litigation hold was in place or whose documents were otherwise deleted. *See, e.g.*, Nov. 15, 2023 Letter ("JPMC has informed the Government that the individuals referenced in paragraphs 19(e) and 19(g) departed JPMC before the litigation hold related to this matter was put in place and that their email inboxes were deleted in the ordinary course of business."); Nov. 2, 2023 Hr'g Tr. at 41:7-14 ("Mr. Shpiro we were told by JPMorgan Chase left JPMorgan Chase before the litigation hold went into place. So they do not actually have his inbox because he left prior to the hold, prior to the preservation of all the inboxes to the extent it was done. So it's not even in JPMorgan Chase's possession."). Given the rolling revelations regarding the deletion of documents that were clearly relevant not only to JPMC's civil action against the Defendants but also to any claim that JPMC has it was defrauded, Defendants respectfully request that the Court direct the Government to enforce its subpoena and have JPMC provide the following information to the extent JPMC contends responsive information no longer is in JPMC's possession: (i) the dates of the departures for any individuals whose documents should have been produced in connection with JPMC's compliance with the grand jury subpoenas; (ii) the dates on which those individuals' documents were deleted; and (iii) the governing document destruction and/or retention policy mandating that such files be deleted.

- JPMC marketing team, ¶ 32 – ███████████████████
███████████

There is no logic for excluding these JPMC employees while searching and producing documents for the "other JPMC employees" in the Government's list. Indeed, the employees of JPMC referenced in paragraphs 19(c) and 19(e) of the Government's Complaint are provided access to the JPMC data room at the request of Adam Shpiro (¶ 19(c)) and engaged in discussions with Mr. Shpiro about information provided by Ms. Javice. Given that JPMC has deleted Mr. Shpiro's email inbox, there is even more reason to include individuals with whom he corresponded and who are referenced in the Complaint.

Defendants met and conferred with the Government regarding these missing individuals on November 17, 2023. The Government is considering Defendants' position but did not agree to search and produce documents for these individuals referenced in the Complaint. The Government's request for yet another extension—while not complying in full with this Court's unambiguous order—threatens only to continue a pattern of delay while Defendants are trying to adequately prepare for trial.

**Defendant Javice's Position**

Ms. Javice further objects to the Government's requested extension because the Government requested consent to a three-week extension—*double* the time period by which it agreed to complete production at the last status conference—for the first time *two days* before the Court-ordered deadline. This is consistent with the troublingly lackadaisical approach to discovery obligations that the Government and JPMC have shown throughout this case. The Government, which is the party consistently pressing for waiver of Defendants' speedy trial rights while advocating for a premature trial date, should be held to the Court-ordered deadline. Particularly given that more than a year has passed since JPMC first received the subpoena with which it has not yet fully complied.

For months, the Government has permitted JPMC to proceed under a sluggish timeline and consistently make unilateral decisions about what and whose documents should be collected, searched, and produced in response to pending grand jury subpoenas in this case. And Defendants' and this Court's best efforts to expedite JPMC's production have been met by a pattern of obstruction and delay. *See* Aug. 23, 2023 Hr'g Tr. 8:5-21 ("I would like [JPMC] to know that the Judge instructs that it be done at a faster tempo.").

And this is not the first, second, or even third time that the Government—seemingly at behest of JPMC—has sought to delay or avoid its production of highly relevant materials. Nearly six months ago, on June 6, 2023, the Government represented to this Court that it was "ready to try the case," and that "within the next 45 days, we will produce any additional subpoena returns" from JPMC. June 6, 2023 Hr'g Tr. 6:12-7:18; 8:1-8. Those 45 days came and went. As did the next several months. The Court has expressed justifiable frustration at this delay, noting more than once, in sum and substance: "I'm not very pleased with the slow procedures being used by JP Morgan…. this is also a criminal case and it deserves priority, not only between you and me, but also with the party subpoenaed." *Id.* at 7:9-8:21. Yet the case has proceeded sluggishly still, with the Government and JPMC impeding progress and delaying discovery completion at every

hearing. Now that the Court has, at the Government's unilateral urging, set a firm trial date, every additional day the Government and JPMC delay the completion of discovery as the trial date approaches is unduly prejudicial to the defense. *See, e.g.*, *United States v. Pikus*, 39 F.4th 39, 58 (2d Cir. 2022) (reversing denial of defendant's motion to dismiss because of "the causes and implications of the extraordinary delays introduced by the Government's dilatory conduct of discovery").

Ms. Javice respectfully requests that the Government be held to the Court-ordered deadline and full scope of production of the Court-ordered documents, and not be permitted to delay or avoid fulsome compliance with its obligations any longer. Given the persistent delays and the Government's incomplete compliance, Ms. Javice reserves her right to seek any subsequent extensions and delays necessary to ensure a fair trial.

**The Government Response to the Defendants' Positions**

In response to a simple request for a brief deadline extension—made nearly a full year before the October 28, 2024 trial date—the defendants have submitted a multi-page opposition suggesting they cannot adequately prepare for trial. The defendants' position is baseless.[7] The three-week extension—which includes the week of Thanksgiving—will have no practical effect on the defendants' ability to prepare for trial a year from now. Rather, this brief extension will permit JPMC to review approximately 10,000 additional documents (including for privilege) and produce them the Government, who will then produce them to the defendants.[8]

The defendants' attempt to greatly expand the number of custodians subject to the Court's November 7, 2023 order amounts to an unsupported motion for reconsideration. The defense's applications to drastically expand JPMC's custodian list have already been denied by this Court. And this Court was clear at the November 2, 2023 conference that its directions to provide additional materials based on the Complaint was not boundless and did not extend to individuals referred to obliquely or in passing in the Complaint. For example, the defendants seek to add Khary Barnes, a JPMC executive who is not specifically identified in the Complaint but mentioned, in passing, in a sentence reading "JAVICE emailed **JPMC executives**, including Executive-1." *See* Complaint ¶ 19(b) (emphasis added). The Court has already *explicitly* rejected the defendants' request to add Barnes as a custodian. After a discussion of the defendants' request to add Barnes as a custodian, the Court ruled: "The answer is no. There's nothing about this that has anything to do with anything that would be required by Rule 16. You're looking for [civil] discovery." (*See* Nov. 2, 2023 Tr. at 30). The additional dozen-plus individuals that the defendants seek to add are of a piece with Mr. Barnes and the defendants' continued attempts to obtain the

---

[7] Javice also strangely claims that the Government has been both "consistently pressing for waiver of Defendants' speedy trial rights while advocating for a premature trial date." Javice's claim contradicts itself.

[8] It is also not the case the Government committed to November 17, 2023 as the production deadline for additional materials from new custodians. As noted in footnote 5, the Court's order at the conference was as to specific email chains. (*See* Nov. 2, 2023 Tr. at 51). Those materials have been produced on the schedule directed by the Court and no extension is being sought for those materials.

equivalent of civil discovery in a criminal case. The Court should reject this attempt as it has prior ones.

Finally, and to be clear, the actual communications discussed in the Complaint—*i.e.*, the evidence upon which U.S. Magistrate Judge Lehrburger's probable cause finding was based—have been produced to the defendants and they do not argue to the contrary.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/ Dina McLeod
Dina McLeod
Micah F. Fergenson
Assistant United States Attorneys
(212) 637-1040 / -2190

cc: Counsel of record (by ECF)