UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
:
UNITED STATES OF AMERICA
:        STIPULATION AND ORDER
- v. -
:        S1 23 Cr. 251 (AKH)
CHARLIE JAVICE,
:
Defendant.
:
------------------------------------------------------- x

    WHEREAS, on or July 12, 2023, CHARLIE JAVICE ("Defendant"), and another, was charged in a four-count Indictment, S1 23 Cr. 251 (AKH) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); bank fraud, in violation of Title 18, United States Code, Section 1344) (Count Three); and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Four);

    WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Count One through Three of the Indictment, and various specific property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Indictment, and various specific property;

WHEREAS, on or about November 13, the Government filed a Forfeiture Bill of Particulars providing notice that the following assets are forfeitable as constituting proceeds of the offenses charged in Counts One through Four of the Indictment, specifically, the Defendant's investment, made through her grantor trust, CHARLIE JAVICE 2021 IRRV TR 1 (the "Subscriber"), as a limited partner in Motive Capital Fund II-A, LP, a Delaware limited partnership (the "Fund" and the Subscriber's limited partner interest, the "Subject Property") (D.E. 65);

WHEREAS, Motive Capital Fund II GP, LP (the "General Partner") is the general partner of the Fund, and Motive Capital Management, LLC is the investment manager of the Fund (together with the General Partner, "Motive Capital");

WHEREAS, on January 28, 2022, the Defendant on behalf of the Subscriber entered into a subscription agreement with the Fund and the General Partner for the Subject Property, pursuant to which the Subscriber is required to make periodic capital contributions to the Fund upon notice from the General Partner;

WHEREAS, Motive Capital has advised the Government that the Subscriber has failed to make required capital calls with respect to the Subject Property;

WHEREAS, Motive Capital has advised the Government of its intention to place

the Subscriber in default and force a sale of the Subject Property, pursuant to Section 6.5 of the Sixth Amended and Restated Limited Partnership Agreement of the Fund, dated as of December 3, 2021 (as amended, restated, or modified from time to time, the "Partnership Agreement"), as a result of the Subscriber's failure to make required capital calls (the "Forced Sale"); and

WHEREAS, the Government and Motive Capital have agreed to enter into this Stipulation, in order to avoid litigation, and in order to preserve the value of the Subject Property pending a final order of forfeiture;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Dina McLeod and Micah Fergenson, of counsel, Motive Capital and its counsel, Karin Portlock, Esq. of Gibson, Dunn & Crutcher LLP, that:

1. In the event the General Partner exercises its authority under the Partnership Agreement to force a sale of the Subject Property, the Government shall not oppose the Forced Sale or assert that the Forced Sale is prohibited by Title 18, United States Code, Section 853(k).

2. Upon the Forced Sale of the Subject Property, Motive Capital shall deposit the net proceeds (the "Net Proceeds") in the Seized Asset Deposit Fund ("SADF") pending the resolution of this matter.

3. The Net Proceeds, and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

4. The Net Proceeds shall be paid to United States Marshals Service in a manner provided by the Government to the General Partner and are to be deposited in the SADF pending the resolution of this case.

5. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

6. This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

7. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

8. Each party agrees to bear its costs and attorneys' fees.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

9. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Consent Order of Interlocutory Sale.

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By:  /s/Micah Fergenson                          1/3/2024
     Dina McLeod                                 Date
     Micah Fergenson
     Assistant United States Attorneys
     (212) 637-1040 / -2190

MOTIVE CAPITAL MANAGEMENT, LLC

By:  _____                      12/11/2023
     Name: Paul Luc R. Heyvaert                   Date
     Title: Founder, Managing Partner and Chief
     Executive Officer

MOTIVE CAPITAL FUND II GP, LP

By: Motive Partners GP, LLC, its general partner

By:  _____                      12/11/2023
     Name: Paul Luc R. Heyvaert                   Date
     Title: Founder, Managing Partner and Chief
     Executive Officer

By:  _____                      12/11/2023
     Karin Portlock, Esq                          Date
     A.J. Frey, Esq
     Christopher D. Belelieu, Esq
     Attorneys for Motive Capital

SO ORDERED:

_____                            Jan. 4, 2024
HONORABLE ALVIN K. HELLERSTEIN                    DATE
UNITED STATES DISTRICT JUDGE