# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

February 10, 2024

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Court House
500 Pearl Street
New York, NY 10007

    Re:    *USA v. Javice,* **1:23-cr-00251 (AKH)**

Dear Judge Hellerstein:

    On behalf of Defendants Charlie Javice and Olivier Amar, we write to respectfully request additional time for Defendants to provide notice as to whether they intend to raise an advice-of-counsel defense at trial. For the reasons discussed below, Defendants are not in a position to provide notice of an advice-of-counsel defense by February 12, 2024, and requiring such notice more than eight months ahead of trial is premature in light of pending discovery. As such, Defendants seek a 120-day postponement of the February 12 deadline, still more than four months ahead of trial. *See* Jan. 19, 2024 Order Regulating Proceedings, ECF. No. 87 (imposing February 12, 2024 deadline). This is Defendants' first request for an extension of time in this case. The Government opposes Defendants' request, and its position is set forth below.

**Defendants' Position**

    First, "advice of counsel" is not an affirmative defense for which pretrial notice is required by Rule 12 of the Federal Rules of Criminal Procedure. *United States v. Ray*, No. 20-cr-110 (LJL), 2021 WL 5493839, *4 (S.D.N.Y. Nov. 22, 2021). Even those courts that do require advance notice of an advice-of-counsel defense (some do not),[1] require notice

---

[1] *United States v. Ray,* 2021 WL 5493839, at *4 (S.D.N.Y. Nov. 22, 2021) ("There is no consensus among federal courts regarding the existence and extent of any authority for a

Americas (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
APAC (Hong Kong, Seoul, Shanghai), Caribbean (BVI, Cayman Islands), EMEA (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, S.D.N.Y.
February 10, 2024
Page 2

only weeks or, at most, a couple of months before trial. *See, e.g.*, *United States v. Trump*, No. 23-cr-257 (TSC), 2023 WL 7384233, at *1 (D.D.C. Nov. 8, 2023) (abstaining from deciding whether the court has authority to order the defendant to provide notice of an advice-of-counsel defense and agreeing with defendant's proposal to provide notice two months in advance of trial); *United States v. Scali*, No. 16-cr-466 (NSR), 2018 WL 461441, *8 (S.D.N.Y. Jan. 18, 2018) (ordering notice and related discovery two weeks ahead of trial); *United States v. Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (ordering notice three weeks ahead of trial). Requiring Defendants to provide notice more than eight months ahead of trial would be unprecedented.

Second, at this juncture, Defendants have not had the opportunity to review their communications with counsel—which are in JPMC's possession—and consider whether to raise an advice-of-counsel defense and, most importantly, the waiver implications of doing so. JPMC has withheld nearly all of Ms. Javice's and Mr. Amar's communications with Frank's in-house counsel Matt Glazer.[2] Mr. Glazer was employed as Frank's Chief Legal Officer (and Chief Operating Officer) throughout Frank's merger discussions with JPMC and other institutions. Defendants have subpoenaed JPMC for these communications and have raised with JPMC their objection to JPMC withholding the documents from production *to Defendants* (as opposed to the Government, given the potential existence of a joint privilege between Defendants and Frank in their discussions with Mr. Glazer). JPMC is considering Defendants' position. If JPMC and Defendants cannot resolve their dispute, Defendants may seek relief from the Court.

The court in *Rubin/Chambers* analyzed a notice requirement in these precise circumstances: there, the court held that even six weeks' notice was unwarranted where Defendants' subpoenas to former counsel were still outstanding because "requiring Defendants to collect, process and analyze any responsive information in time to meet a six-week notice deadline would be unreasonable and unnecessary." 828 F. Supp. 2d at 711. The same logic applies here. Defendants need time to "collect, process and analyze" their

---

court to require pretrial disclosure by the defense of information regarding its advice-of-counsel defense."); *United States v. Wilkerson*, 388 F. Supp. 3d 969 at 972, 975 (E.D. Tenn. 2019) (explaining that "advice of counsel" is not an affirmative defense in the criminal context and concluding that requiring disclosure of the defense pretrial would be unconstitutional).

[2] The privilege log JPMC produced to the Government includes 1,500 communications of Mr. Glazer's that JPMC has either redacted or withheld entirely. As mentioned at the January 18, 2014 status conference, JPMC is the only custodian of these documents. The Bank gained possession of Mr. Glazer's communications with Mr. Amar, Ms. Javice, and others when it acquired Frank, and it revoked Ms. Javice's and Mr. Amar's access to these communications when it terminated their employment (several months before any criminal charges were brought).

Hon. Alvin K. Hellerstein, S.D.N.Y.
February 10, 2024
Page 3

privileged communications in JPMC's possession before they can make an informed decision about whether to raise an advice-of-counsel defense. *Id.*

Contrary to the Government's position at the most recent status conference, raising an advice of counsel defense requires more than the "subjective" experience of the Defendant. *See* Jan. 18, 2024 Tr. 29:14–16 (the Government stating, "the information needed as to the notice for advice of counsel is subjective and would be known to the defense now"). Raising an advice-of-counsel defense has a myriad of consequences, including the potential waiver of the attorney-client privilege.

It is premature and unfair to require that Defendants notice a defense—eight months ahead of trial—that would potentially waive privilege over communications that they and their defense counsel have not even seen. Indeed, the Government has all but indicated it will seek to pierce the privilege veil and "conduct discovery." *Id.* at 29:8–10 (the government arguing that "if there is an advice of counsel defense, the government needs to conduct discovery"). The Government's need to "conduct discovery" (on documents that the Defendants themselves do not even have yet) is not a valid basis to put unnecessary and oppressive time constraints on the Defendants' ability to properly consider this defense and its critical consequences.

Given the severity of these implications, Defendants respectfully submit—consistent with how other courts have handled this issue—that they should not be required to provide notice of this potential defense until after Defendants obtain the necessary discovery under their pending Rule 17 subpoena, which still would be several months prior to the commencement of trial. Against this backdrop, the Government's claim that it will need time to brief and engage in discovery related to this defense rings hollow. Defendants see no reason why the Government will not have adequate time to collect and review documents implicated by an advice-of-counsel defense, should Defendants raise one following an informed review of the privileged documents that would be placed at issue.

To be clear, Defendants are not proposing at this time that they should provide notice only weeks before trial. Defendants simply want enough time to resolve the ongoing privilege disputes with JPMC so that they can access and review the communications necessary to evaluate whether to raise an advice-of-counsel defense. Therefore, Defendants respectfully request a 120-day adjournment (*i.e.*, after the Court has ruled on JPMC's claims of privilege) of the February 12 deadline for providing notice of an advice-of-counsel defense.

**Government's Position**

The Government opposes the request for a four-month adjournment of the deadline for providing notice of any advice-of-counsel defense. The information necessary to provide notice is known to the defendants. In addition, given that JPMC is the privilege-holder—not the defendants—there are a number of complex and preliminary issues that must be resolved before discovery can even begin. Retaining the current deadline would

Hon. Alvin K. Hellerstein, S.D.N.Y.
February 10, 2024
Page 4

allow the necessary time for the parties and the Court to resolve those issues and to allow the Government to fairly respond to any such defense.

First, the information needed to determine whether either defendant will pursue an advice of counsel defense is known by the defendants now. In order to justify an advice-of-counsel instruction at trial, there must be evidence such that a reasonable juror could find that the defendant "honestly and in good faith sought the advice of counsel," "fully and honestly laid all the facts before his counsel," and "in good faith and honestly followed counsel's advice." *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012) (brackets and internal quotation marks omitted). The defendants are currently in possession of the information needed to give notice of that defense—that is, they know whether they sought the advice of counsel, disclosed the relevant facts to counsel, and honestly followed any legal advice.

Second, the defendants claim that they need to see the documents withheld by JPMC in order to decide whether to waive the privilege over documents held by JPMC. This claim is illogical on its face. JPMC has withheld the documents precisely because *it* holds the privilege, not the defendants. One reason it is important to have disclosure of any advice of counsel defense is that where the attorney-client privilege is controlled by a corporation, the Court will likely need to first resolve whether the defendants can rely on evidence that is protected by a company's privilege. *See United States v. Milton*, 626 F. Supp. 3d 694, 702-03 (S.D.N.Y. 2022) (denying the defendant's constitutional claim that "privileged communications become discoverable simply because a defendant wishes to use those communications in his defense").

Adding additional complication is the fact that neither JPMC nor the defendants hold the privilege as to legal advice given to the defendants by deal counsel (*i.e.*, the law firm that represented Frank in the acquisition process). Pursuant to the merger agreement between JPMC and Frank, that privilege is held by a shareholder representative on behalf of the individuals or entities who sold their equity in Frank to JPMC. Whether and how to waive privilege held by that entity is another question that the Court may need to decide before the Government can begin to conduct discovery on the defense.

It is therefore likely that any claim of advice of counsel will require multiple rounds of litigation on complicated questions of law and that discovery and litigation will depend upon which counsel purportedly provided advice (*i.e.*, Frank's in-house counsel, deal counsel, or some other counsel). In order to avoid unnecessary delay, and to allow the Court the time needed to consider and rule on these issues, the defendants should provide notice as currently required by the Court.

Nor is it necessary to await this Court's rulings on any privilege decisions made by JPMC. By definition, any documents that the Court decides have been improperly withheld by JPMC are non-privileged and therefore do not constitute legal advice that could provide the basis for an advice of counsel defense.

Hon. Alvin K. Hellerstein, S.D.N.Y.
February 10, 2024
Page 5

      The Court should reject the defendants' unfounded request for a four-month delay in the deadline to provide notice of any advice of counsel defense. The current deadline will allow all parties (and privilege-holders) and the Court the necessary time to consider, brief, and decide these complex issues and to conduct the discovery necessary to allow the Government to fairly respond to any such defense.

      Respectfully submitted,

/s/ *Sean S. Buckley*
Sean S. Buckley
Steven G. Kobre
Alexandria E. Swette
Sydney Sgambato Johnson (pro hac vice)
Ana Frischtak
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
Sean.Buckley@kobrekim.com
Steve.Kobre@kobrekim.com
Alexandria.Swette@kobrekim.com
Sydney.Johnson@kobrekim.com
Ana.Frischtak@kobrekim.com

*Counsel for Defendant Olivier Amar*

/s/ *Alex Spiro*
Alex Spiro
Samuel Nitze
Erica Perdomo
Sara Clark
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10038
(202) 538-8122
alexspiro@quinnemanuel.com
samuelnitze@quinnemanuel.com
ericaperdomo@quinnemanuel.com
saraclark@quinnemanuel.com

*Counsel for Defendant Charlie Javice*

cc:    AUSAs Dina McLeod and Micah Fergenson
       *Attorneys for the Government*