UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
:
UNITED STATES OF AMERICA, :
: **ORDER DENYING**
-against- : **DEFENDANT AMAR'S**
: **MOTION FOR EXCHANGE OF**
CHARLIE JAVICE and OLIVIER AMAR, : **PROPERTY**
:
Defendants. : 23 Cr. 251 (AKH)
:
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Olivier Amar seeks to modify the conditions of the forfeiture of his bank account, restrained post-indictment by the government for allegedly containing illegally-obtained money. He asks to substitute a $250,000 equity interest in his home on Long Island, for $250,000 of the funds restrained by the government pursuant to the Superseding Indictment filed on July 17, 2023, so that he can satisfy outstanding obligations and care for his family. He states that he has been unable to secure steady employment or a home equity line of credit because of his pending criminal charges.

      The government opposes on two grounds, the absence of statutory jurisdiction of the court, and prejudice to the government from an unequal exchange, exchanging a property encumbered by a mortgage, a contractor's lien, a bailbondsman's security, and his wife's joint interest, for cash.

      Unlike the statute governing pre-indictment property preservation, the applicable statute does not authorize me to reevaluate a post-indictment restraint because of a defendant's need. *Compare* 21 U.S.C. 853(e)(1)(B) (court has post-indictment authority to order the restraint of assets if the property "would, in the event of conviction, be subject to forfeiture under

1

this section"); *with* 21 U.S.C. § 853(e)(1)(A) (court has pre-indictment authority to order the restraint of assets where "the need to preserve the availability of the property . . . outweighs the hardship on any party against whom the order is to be entered"). There is one exception to preserve a defendant's Sixth Amendment right to be defended by counsel; where a defendant seeks restrained assets in order to pay the counsel of his choice. *See United States v. Bonventre*, 720 F.3d 126, 130–32 (2d Cir. 2013).

Even if I had discretion and authority, I would decline to grant defendant's motion. As the government persuasively demonstrates, the risks inherent in the realization of the $250,000 interest in Defendant's illiquid and encumbered property prejudices the interest of the government.

Defendant Amar's motion is denied. The Clerk is instructed to terminate the open motion at ECF No. 100.

SO ORDERED.

Dated: April 4, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge