

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 16, 2024

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: United States v. Charlie Javice and Olivier Amar, S1 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

  The Government respectfully submits this joint letter to set forth the parties' proposal for a date by which the defendants should provide notice regarding any advice-of-counsel defense.[1]

**The Government's Position**

  At the August 6, 2024 hearing, the Court addressed the status of categories of privileged documents identified by the defendants and J.P. Morgan Chase ("JPMC"), and set a pre-trial schedule for the identification, review, and production of the disputed privileged materials. Prior to the entry of the Court's forthcoming scheduling order, the Court also directed the parties to confer regarding the date by which the defendants should provide notice regarding any advice-of-counsel defense. For the reasons set forth below, and given the likelihood that additional briefing will be necessary to address aspects of an advice-of-counsel defense in advance of the forthcoming trial, the Government respectfully submits that the Court should require the defendants to provide written notice of their intention to pursue such a defense, as well as certain specifics, bases, and scope of that defense, no later than September 6, 2024.

  "In a fraud case . . . the advice-of-counsel defense is not an affirmative defense that defeats liability even if the jury accepts the government's allegations as true," but rather "is evidence that, if believed, can raise a reasonable doubt in the minds of the jurors about whether the government has proved the required element of the offense that the defendant had an 'unlawful intent.'" *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017). "That said, defendants are entitled to an advice-of-counsel instruction only if there are sufficient facts in the record to support the defense." *Scully*,

---

[1] The parties conferred by telephone at 6:00 p.m. on August 15, 2024. The conferral lasted approximately five minutes. Representing the Government on the phone call were the undersigned Assistant United States Attorneys. Representing defendant Javice on the phone call were Sarah Heaton Concannon, Erica Perdomo, and Nicole Arata of Quinn Emanuel Urquhart & Sullivan LLP. Representing defendant Amar on the phone call were Sean Buckley, Victoria Fordin, and Antonio Ramos of Kobre & Kim LLP. *See* Individual Rules of Hon. Alvin K. Hellerstein, Rule 2.E.

877 F.3d at 476 (citing *United States v. Evangelista*, 122 F.3d 112, 117 (2d Cir. 1997)). Specifically, "[t]here must be evidence such that a reasonable juror could find that the defendant 'honestly and in good faith sought the advice of counsel,' 'fully and honestly laid all the facts before his counsel,' and 'in good faith and honestly followed counsel's advice.'" *Id.* (quoting *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012)).

Thus, where a defendant seeks to admit evidence regarding an attorney's involvement, either as a formal advice of counsel defense, or to show good faith, he must provide the Government with sufficient notice and disclosures ahead of trial. *See, e.g.*, *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (requiring advanced advice of counsel disclosure); *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (defendant should have made pertinent disclosures in advance of trial); *United States v. Rubin/Chambers, Dunhill*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (requiring notification to the Government of advice-of-counsel defense sufficiently before pre-trial conference to permit litigation over disputes). As these cases demonstrate, the Government's request here is neither "broad" nor "unusual," as the defendants claim.

Advance notice and discovery are necessary because, by invoking an advice of counsel and/or good faith defense, the defendant typically impliedly waives the privilege. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Given that trial in this matter is now scheduled to proceed in ten weeks, the "basic" notice the defendants propose is insufficient. Any pretrial notice must be sufficient to facilitate any pre-trial briefing regarding the anticipated defense, as well as threshold discovery into potentially privileged areas. A defendant's "conversations with counsel regarding the legality of his schemes" are "directly relevant in determining the extent of his knowledge and, as a result, his intent." *Id.* Because conversations with counsel can reveal an absence of good faith or advice of counsel, "the attorney-client privilege cannot at once be used as a shield and a sword." *Id.* Put differently, to assess whether a defendant truly acted in good faith, it becomes necessary to understand his communications with his attorney: i.e., whether the defendant fully and honestly laid out all the facts, whether his attorney provided him information that would leave him to believe he was not acting lawfully, and whether the defendant followed counsel's advice honestly and in good faith.

For that reason, once a defendant raises a good faith or advice of counsel defense, "any communications or evidence defendants intend to use to establish the defense are subject to disclosure" as are "otherwise-privileged communications that defendants do not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018). Where the attorney-client privilege is controlled (or likely controlled) by a corporation, the Court may also need to resolve additional questions regarding whether the defendant can, in fact, rely on evidence that is protected by a company's privilege. *See United States v. Milton*, 626 F. Supp. 3d 694, 702-03 (S.D.N.Y. 2022) (denying the defendant's constitutional claim that "privileged communications become discoverable simply because a defendant wishes to use those communications in his defense").

In light of the above, as the Court considers the schedule for resolution of any outstanding privilege disputes, the Government respectfully submits that the Court should also require the defendants to inform the Government of their intention to pursue such a defense no later than September 6, 2024. If either defendant does intend to pursue such a defense, the Government also

respectfully requests that the defendants identify the specifics, bases, and scope of any advice-of-counsel defense or good faith defense based on the involvement of attorneys that Javice and/or Amar will raise at trial, including:

(a) which attorneys, if any, the defendants purportedly relied on;

(b) the timing and substance of the alleged advice upon which the defendants relied; and

(c) all documents (including attorney-client and attorney work product documents) currently in the defendants' possession, custody, or control that support or might impeach or undermine any such defense.

In their position, the defendants argue that a more limited notice is appropriate because of the possibility that they might, in the future, obtain additional communications or documents supporting an advice of counsel defense. However, as set forth above, the Government's proposed notice is explicitly limited to information currently known to the defendants, and materials in the defendants' possession, custody, or control. Given the fast-approaching trial date, the defendants should be required to identify the scope and bases for any advice of counsel defense they currently intend to pursue.

## The Defendants' Position

Defendants will provide notice of their intention, if any, to raise an advice of counsel defense by the Court's September 6, 2024 deadline, Dkt. No. 145, notwithstanding that advice of counsel is not an affirmative defense generally requiring advance notice, *see United States v. Ray*, No. 20-cr-110 (LJL), 2021 WL 5493839, *4 (S.D.N.Y. Nov. 22, 2021). The law does not, however, require the level of disclosure requested by the Government, nor are Defendants able to comply with the full scope of the Government's broad and unusual disclosure demand at this time, as the Government is aware. Defendants might, for example, notice an intent to raise a defense that they acted on the advice of Frank counsel Matt Glazer or in good faith on communications with Mr. Glazer. But, to date, JPMC has denied Defendants access to many of their own communications with Mr. Glazer on the grounds that JPMC alone holds the privilege—and even though the Government has indicated that it will rely at trial on the partially-produced communications with Mr. Glazer. *See* Dkt. No. 140, at 4 (citing USAO_Rel_000611276-79) (1/19/21 exchange between Defendants and Mr. Glazer regarding representations on Frank's website)). The Court recognized the prejudice that precisely this situation might impose on Defendants in the August 6, 2024 hearing. *See* Aug. 6, 2024 Hr'g Tr. at 44:6-13 ("If any of the documents I reviewed are material or relevant to any defense in this action, I would consider it very seriously and probably not apply Judge Furman's ruling [in *United States v. Wells Fargo*].").

In sum, Defendants object to providing more than basic notice of an advice of counsel defense, and will support their position, as necessary, in connection with any notice they give.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:

Georgia V. Kostopoulos
Dina McLeod
Rushmi Bhaskaram
Nicholas Chiuchiolo
Assistant United States Attorneys
(212) 637-2212 / -1040 / -2439 / -1247

cc: Counsel of record (by email and ECF)