### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 23-cr-00251-AKH |
| CHARLIE JAVICE and OLIVIER AMAR, | |
| Defendants. | |

### DEFENDANTS' MOTION TO COMPEL PRODUCTION OF
### NON-PRIVILEGED INFORMATION FROM J.P. MORGAN CHASE BANK, N.A.

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**

Samuel P. Nitze
Alex Spiro
Sarah Heaton Concannon
Erica Perdomo
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
samuelnitze@quinnemanuel.com
alexspiro@quinnemanuel.com
sarahconcannon@quinnemanuel.com
ericaperdomo@quinnemanuel.com

*Attorneys for Defendant Charlie Javice*

**KOBRE & KIM LLP**

Sean S. Buckley
Steven G. Kobre
Alexandria E. Swette
Victoria Fordin (*pro hac vice* forthcoming)
Jake Rush (*pro hac vice* forthcoming)
800 Third Avenue
New York, New York 10022
(212) 488-1200
Sean.Buckley@kobrekim.com
Steve.Kobre@kobrekim.com
Alexandria.Swette@kobrekim.com
Victoria.Fordin@kobrekim.com
Jake.Rush@kobrekim.com

*Attorneys for Defendant Olivier Amar*

Defendants Charlie Javice and Olivier Amar (collectively, "Defendants") move for an order compelling third-party subpoena recipient JPMorgan Chase Bank, N.A. ("JPMC" or the "Bank") to "apply the rulings in the transcript" of the August 6, 2024 hearing in this case, Dkt. 150–1, pursuant to the Court's Order of August 8, Dkt. 145, to all documents remaining on JPMC's privilege log, or, in the alternative, to find global waiver and order JPMC to produce all documents withheld or redacted on the basis of attorney-client privilege. JPMC last produced a privilege log to Defendants in May 2024 and has not yet produced an amended privilege log reflecting all changes in privilege designations since that date, including changes in privilege status of the documents produced in whole or part by JPMC on August 16, 23, and 30, 2024. Accordingly, Defendants also move to compel the production of a new privilege log. Defendants bring this motion because JPMC's review and production of a sample of 2,246 documents previously withheld and redacted by JPMC on grounds of privilege makes clear that significant percentages of relevant, responsive, non-privileged documents have impermissibly been withheld by JPMC in whole or part on grounds of privilege, necessitating a full re-review of JPMC's privilege log applying the rulings set forth by this Court during the August 6 hearing, or, in the alternative, global waiver of privilege and full production. Because trial is scheduled to begin in just seven weeks, Defendants ask this Court to order JPMC to produce an amended privilege log by September 13, 2024, and to make any productions on or before September 20, 2024.

## BACKGROUND

Defendants' prior submission to this Court details Defendants' year-long effort to obtain from JPMC non-privileged information that is relevant to their defenses. Dkt. 143 at 1–17. On August 6, the Court heard oral argument regarding JPMC's withholding of non-privileged information, reviewed documents submitted for *in camera* review, and articulated clear rulings to

apply against documents remaining on JPMC's privilege log to determine whether documents or portions thereof contain privileged information. *See* Dkt. 150–1 at 24:13–18 ("Request for legal advice, imparting information in order to allow the lawyer to understand the question is privileged. And the legal advice rendered thereon is privileged. But business negotiations, negotiation strategy, whether conducted by lawyers or anyone else, is not privileged."). At the conclusion of the hearing and as set forth in the Court's August 8 order, the Court instructed Defendants to identify a sample set of approximately ten percent of the documents on JPMCs privilege log (2,300 documents in total) for further review by JPMC and ordered JPMC to produce any information that, upon closer inspection, it determined was not privileged. *See* Dkt. 145, 150-1 at 66:3–7 ("By August 9 defendants will identify 2,300 documents to J.P. Morgan Chase, which will be the subject of application of the rulings made today. By August 30, J.P. Morgan Chase will complete its production of documents that should be produced in response to the implementation of my rulings."). In compliance with that Order, Defendants identified a sample of 2,246 documents for further review by JPMC. On August 16, 23, and 30, 2024, based on its re-review of the sample of documents identified by Defendants, and applying "the rulings in the transcript," Dkt. 145, JPMC changed its privilege claims, reducing or lifting its claims of privilege as to more than 1,000 of 2,246 documents—roughly 50 percent of the sample. This includes hundreds of documents, which JPMC now has produced in whole or with redactions, that JPMC previously withheld in full.

## **ARGUMENT**

That JPMC reviewed 2,246 documents at this late date and determined that more than 1,000 of them had been improperly withheld or redacted strongly suggests that roughly *half* of the documents remaining on the log likewise have improperly been withheld and redacted. *E.g.,* *Shipyard Assocs., L.P. v. City of Hoboken*, 2015 WL 4623470, at *2 (D.N.J. Aug. 3, 2015)

(endorsing the practice of sampling in privilege fights over large documents sets, where court "the Court would review the samples and make 'representative' rulings, which could then be applied to any similar documents being withheld" as "a technique that this and other courts have used when there are large numbers of privileged documents in dispute").

The sheer volume of changes that JPMC has now made to its prior privilege assertions—at this late date, after multiple revisions to prior logs, in the face of repeated objection from the Defendants—strongly suggests that JPMC continues to improperly and impermissibly withhold responsive non-privileged information from production. This is the *third* time that JPMC has withdrawn its privilege claims as to documents specifically identified by Defendants notwithstanding previous representations that the log was complete and final. *See* Dkt. 143 at 3–4 (describing JPMC's May and July 2024 productions). In total, JPMC has now produced more than 16,000 previously withheld and redacted documents, calling into question the thoroughness and integrity of its prior reviews. This Court should order JPMC to conduct a re-review of each of the documents remaining on JPMC's log,[1] or, in the alternative, find global waiver and order JPMC to produce all documents remaining on its privilege log to Defendants. As the court held in *BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-09367, 2018 WL 3584020 (S.D.N.Y. July 23, 2018), it is time to require JPMC, for once and for all, to comply with its production obligations:

> The Court has given Deutsche Bank multiple opportunities to correct these deficiencies and it has failed to do so. Instead, Deutsche Bank waits until a document is challenged to review whether its privilege designation is correct. And as discussed earlier, when challenged, Deutsche Bank frequently realizes that the privilege was improperly asserted. This stance inappropriately

---

[1] Defendants are unable to ascertain the precise number of documents remaining on JPMC's privilege log, since Defendants have not yet received an amended log reflecting recent productions, but estimate that it is approximately 20,000 documents.

> shifts the burden to BlackRock to challenge a privilege assertion when Deutsche Bank should have established why a document was protected in the first place. ***A privilege log is not an iterative process and the Court will not offer Deutsche Bank another opportunity to follow the rules established in this Circuit.***

*Id.* at 5.

A review of JPMC's August 16, 23, and 30 productions underscores these points. Until this Court's August 8 order, for example, JPMC withheld *in full* the following relevant, responsive, non-privileged documents, compiled as Appendix A.[2] JPMC has now produced these documents in whole or part, implicitly acknowledging that its prior assertions of privilege are not consistent with the rulings articulated by this Court on the record on August 6:

- JPMC_01237565 – 2021.07.13 – Email from the JPMC Vice President who ran diligence on the Frank deal to the JPMC Frank diligence team sending links to online video "demos" provided by Frank to show how Frank website worked. No legal advice is sought or provided.

- JPMC_01239498 – 7.14.2021 – JPMC "Indication of Interest" Letter to Frank, providing formal notice to Frank and Charlie Javice of JPMC's interest in acquiring Frank. No legal advice is sought or provided.

- JPMC_01237938 – 2021.07.20 – Email between members of the JPMC due diligence team concerning Frank diligence; in-house lawyer asks for a copy of a document referenced in a diligence meeting. No legal advice is sought or provided.

- JPMC_01238219 – 2021.07.27 – Email among members of JPMC due diligence team, including in-house counsel, regarding timing of a call with an insurance provider for Frank deal. No legal advice is sought or provided.

- JPMC_01237959 – 2021.07.28 – Email among members of the JPMC due diligence team regarding updates to the JPMC deal review slide deck; the team asks an in-house lawyer to provide an insert to the slide deck.

- JPMC_01238057 – 2021.07.28 – Further communications among the JPMC due diligence team regarding the deal review slide deck. No legal advice is sought or provided.

---

[2] Defendants have redacted Appendix A, a collection of materials JPMC has designated as "sealed material," from the public filing and will share the Appendix directly with the Court, counsel of record, and JPMC.

- JPMC_01239391 – August 2021 – Internal JPMC Slide Deck with title "Frank Business Update," including JPMC's "acquisition rationale," "key assumption(s)," and "recommendations" for a "path forward." Does not contain attorney-client privileged information or communications.

- JPMC_01239179 – NO DATE – Internal JPMC Slide Deck with title "Frank University Relationship Next Steps" detailing Frank's "partnerships and endorsements." Does not contain attorney-client privileged information or communications.

- JPMC_01238359 – 2021.08.02 – Email communication between JPMC due diligence team and outside insurance advisors regarding underwriting for Frank purchase. No legal advice is sought or provided.

- JPMC_01237879 – 2021.09.13 – Skype chat between two members of the JPMC due diligence team (one of whom is an in-house lawyer), regarding diligence team staffing. No legal advice is sought or provided.

- JPMC_01239177 – 2022.01.13 – January 2022 Skype Chat from JPMC Legal to Charlie Javice asking Javice to "put up the dashboard page," potentially sent during a meeting or presentation. No legal advice is sought or provided.

- JPMC_01239160 – 2022.02.22 – Skype chat between member of JPMC due diligence team and JPMC Legal scheduling a call to discuss the Frank deal. No legal advice is sought or provided.

*See* Appendix A. These examples clearly demonstrate that, despite Defendants' repeated efforts to obtain relevant, responsive, non-privileged information from JPMC, JPMC continues to shift the burden to Defendants to challenge its assertions of privilege, rather than affirmatively undertaking to ensure that its assertions are correct. Under these circumstances, this Court should exercise its discretion to order JPMC to undertake a full re-review, or, in the alternative, find waiver. *See Aurora Loan Servs., Inc. v. Posner, Posner &Assocs., P.C.*, 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007) (affirming order requiring plaintiff to produce all documents listed on its original, deficient privilege log on the basis of waiver); *Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80, 93 (S.D.N.Y. 2019) (finding waiver where the producing party had "not met its burden to demonstrate that the communications at issue are subject to the attorney-client privilege").

In sum, JPMC's recent productions following a review of a 2,246-document sample evidence that JPMC continues to improperly withhold hundreds or even thousands of relevant, responsive, non-privileged documents on grounds of attorney-client privilege. A review of JPMC's August 16, 23, and 30 productions calls into question all of JPMC's assertions of privilege. JPMC has asserted privilege over many documents simply because an in-house lawyer is copied, even where the substance of the document makes clear that no attorney advice was sought or provided. Dkt. 150–1 at 12:12–15 ("MR ANDRES: For your Honor's information, there are lawyers on those pages. THE COURT: Doesn't make a difference. There's no advice that's being discussed."). Similarly, JPMC has asserted privilege over pleasantries, matters of scheduling, and general business communications. Dkt. 150–1 at 18:1–5 (distinguishing legal advice from "pleasantries or report on stages on negotiations or other matters like that"). This Court should ensure that JPMC does not continue to improperly withhold non-privileged, responsive, and relevant documents by: (1) ordering a full re-review of the remaining documents on JPMC's privilege log, applying the rulings articulated by this Court on August 6 and in its August 8 order; or, in the alternative, (2) finding waiver and instructing JPMC to produce all previously withheld and redacted documents. This Court has afforded JPMC countless opportunities to correct its legally deficient and overbroad assertions of privilege, but serious problems persist. This Court should put these issues to rest now.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' prior submission to this Court, Defendants move this Court for an order directing JPMC to: (1) produce an amended privilege log on or before September 13, 2024; and (2) re-review the remaining documents on its privilege log— applying the rulings set forth by this Court during the August 6 hearing and in the August 8 order—

and to produce, in whole or part, any improperly withheld non-privileged documents to Defendants on or before September 20, 2024. *See* Dkts. 145; 150–1. In the alternative, because JPMC's productions make clear that JPMC has improperly asserted privilege as to an overwhelming percentage of documents on its privilege log, this Court should find waiver, and order JPMC to produce in full all previously withheld and redacted documents.

Dated: September 6, 2024

/s/ *Samuel P. Nitze*
Samuel P. Nitze

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Samuel P. Nitze
Alex Spiro
Sarah Heaton Concannon
Erica Perdomo
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
samuelnitze@quinnemanuel.com
alexspiro@quinnemanuel.com
sarahconcannon@quinnemanuel.com
ericaperdomo@quinnemanuel.com

*Attorneys for Defendant Charlie Javice*

KOBRE & KIM LLP
Sean S. Buckley
Steven G. Kobre
Alexandria E. Swette
Victoria Fordin (*pro hac vice* forthcoming)
Jake Rush (*pro hac vice* forthcoming)
800 Third Avenue
New York, New York 10022
(212) 488-1200
Sean.Buckley@kobrekim.com
Steve.Kobre@kobrekim.com
Alexandria.Swette@kobrekim.com
Victoria.Fordin@kobrekim.com
Jake.Rush@kobrekim.com

*Attorneys for Defendant Olivier Amar*

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on September 6, 2024, I caused a copy of the foregoing document to be served via ECF on all counsel of record.


                           */s/ Samuel P. Nitze*
                           Samuel P. Nitze

**<u>Appendix A</u>**

[REDACTED]