# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

September 6, 2024

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Charlie Javice and Olivier Amar,*
23 Cr. 251 (AKH)

Dear Judge Hellerstein:

We respectfully write in connection with the Court's Order, dated August 20, 2024, directing that: "Defendants, if they intend to present advice-of-counsel evidence or arguments at trial, shall identify the attorney or attorneys who gave the advice, when they gave the advice, and if oral, the substance of the advice, or, if written, the documents upon which defendants relied." ECF No. 149 at 1-2. Defendant Charlie Javice joins this letter.

Defendants hereby provide notice that they may present advice-of-counsel or presence-of-counsel evidence or arguments at trial based on legal advice rendered by ▌▌▌▌▌, ▌▌▌▌▌ of Frank, between December 2020 and his departure from Frank in September 2021. ▌▌▌▌'s legal advice related to marketing of Frank's products, as well as strategic decisions during negotiations related to Bank-1's and JPMC's potential acquisition of Frank, including but not limited to the decision to revise the Frank website to reference "4.25 million" students and the subsequent decision to use that number in pitches, due diligence documents, and other materials provided to Bank-1 and JPMC, among other potential buyers. ▌▌▌▌ was also present on many communications with Bank-1, JPMC, and Frank's investment advisor during acquisition discussions, and as the Government itself has noted, was involved in the "day to day" of the same. ECF No. 140 at 4.

On August 16, August 23, and August 30, in response to the Court's Order, JPMC downgraded or otherwise produced documents previously withheld as privileged that support Defendants' defense. For example:

AMERICAS (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
APAC (HONG KONG, SEOUL, SHANGHAI), CARIBBEAN (BVI, CAYMAN ISLANDS), EMEA (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

Hon. Alvin K. Hellerstein, U.S.D.J.
September 6, 2024
Page 2

- **JPMC_01191251** (Jan. 21, 2021);
- **JPMC_01190919** (March 9, 2021);
- **JPMC_01191285** (April 26, 2021); and
- **JPMC_01190550** (July 9, 2021).

In addition to the above documents, other documents produced in this matter further support this defense. For example:

- **USAO_Rel_000147368** (January 8, 2021);
- **USAO_Rel_000006459** (January 8, 2021);
- **USAO_Rel_000611276** (January 19, 2021);
- **USAO_Rel_000152573** (February 1, 2021);
- **SEC-SDNY-EPROD-000119649** (February 2, 2021);
- **USAO_Rel_000011137** & **SEC-SDNY-EPROD-000119654** (February 3, 2021);
- **USAO_Rel_000380488** (February 19, 2021) and **USAO_Rel_000380491** & **USAO_Rel_000380495**;
- **USAO_Rel_000699330** (February 25, 2021) and **USAO_Rel_000699339**;
- **USAO_Rel_000010657** (March 4, 2021) and **USAO_Rel_000010660**;
- **USAO_Rel_000005253** (April 28, 2021);
- **FRANK1SDNY00006352** (April 30, 2021);
- **JPMC_01237567** (July 13, 2021); and
- **JPMC_01237591** (July 13, 2021).

JPMC's improper assertion of attorney-client privilege to shield documents from disclosure to Defendants, however, continues to inhibit Defendants' ability to evaluate the scope and contours of an advice-of-counsel or presence-of-counsel defense; Defendants' ability to identify and provide documents in support of the same; and Defendants' evaluation of whether the benefit of asserting such a defense outweighs the potential harm that could result from a subject-

Hon. Alvin K. Hellerstein, U.S.D.J.
September 6, 2024
Page 3

matter waiver.[1] JPMC continues to withhold hundreds of communications involving ▇▇▇▇, including communications to which Mr. Amar and Ms. Javice were parties. JPMC's recent wave of critical revisions to its privilege assertions indicates that the Bank misapprehends ▇▇▇▇'s multifaceted role, the nature of his blended business-legal advice, and the significance of his communications to the defense. As a result, Defendants still do not have access to all of *their own* communications with ▇▇▇▇. Access to these documents is necessary to show that ▇▇▇▇ endorsed many of the very representations that the Government now alleges to be false.

Defendants respectfully urge the Court to order JPMC to disclose to Defendants (and not necessarily the Government) the entirety of their own pre-merger communications with ▇▇▇▇, as the Court respectfully has expressed the potential of doing so precisely in these circumstances. *See* Aug. 6, 2024, Hr'g Tr. at 44:6-9 ("If any of the documents I reviewed are material or relevant to any defense in this action, I would consider it very seriously and probably not apply Judge Furman's ruling [in *United States v. Wells Fargo*]."). To facilitate disclosure, Defendants again propose a stipulation and order to protect JPMC's privilege under Federal Rule of Evidence 502(d), which would protect JPMC from waiving its privilege claims over the produced documents in this or any other matter by the mere fact of their disclosure to Defendants.[2] *See* Aug. 6, 2024 Hr'g Tr. at 42:4-9 ("[W]e had drafted one and provided it to the Bank in advance of this hearing, but the idea would be to protect the privilege, so there would be no waiver insofar as [the produced documents]."); *id.* at 45:4-6 ("[T]hese documents wouldn't go to the Government under a 502(d) stipulation or order. They would just come to us and we could look at them and make that assessment."). Defendants will promptly review those communications (all of which

---

[1] Notwithstanding the limitations on Defendants' ability to conduct this cost/benefit calculus by virtue of JPMC's improper and unconstitutional continued assertion of privilege over communications involving ▇▇▇▇ and the Defendants themselves, consistent with the Court's Order, Defendants hereby provide notice to the Government and the Court. If, however, the Government seeks to argue that a waiver broader than the documents and communications enumerated above is effected as a consequence of this notice—despite the Court's explicit ruling that Defendants were not entitled to review or access documents over which JPMC has asserted privilege and therefore are unable to waive privilege even through the assertion of such a defense—Defendants respectfully reserve the right to seek a protective order preventing the Government from accessing documents that Defendants themselves have been prohibited from reviewing.

[2] As Defendants have noted, *see* ECF No. 143 at 17, "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d); *In re General Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 526 (S.D.N.Y. 2015) ("Rule 502(d) provides that this Court's ruling on the question of waiver is binding on other courts throughout the country.").

Hon. Alvin K. Hellerstein, U.S.D.J.
September 6, 2024
Page 4

have been collected by JPMC already) and notify the Court within two weeks whether they intend to proceed with the defense and seek a broader waiver.

                Respectfully submitted,

                */s/ Sean S. Buckley*
                Sean S. Buckley
                Steven G. Kobre
                Alexandria E. Swette
                KOBRE & KIM LLP
                800 Third Avenue
                New York, New York 10022
                (212) 488-1200
                Sean.Buckley@kobrekim.com
                Steven.Kobre@kobrekim.com
                Alexandria.Swette@kobrekim.com

                *Counsel for Olivier Amar*