**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S EMAIL ADDRESS
samuelnitze@quinnemanuel.com

> *[Handwritten annotation by Judge:]* Trial is adjourned, and time is extended, to Feb. 10, 2025, 10:00 a.m. The Final Pre-Trial Conf will be held Feb. 4, 2025, 10:00 a.m.
>
> 9.23.24
> /s/ AKH

September 13, 2024

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   U.S. v. Charlie Javice, No. 23-cr-00251

Dear Judge Hellerstein:

We write on behalf of Defendant Charlie Javice ("Ms. Javice") to respectfully request an adjournment of the scheduled trial in this matter to February 3, 2025, for the reasons set forth below.

Defendant Olivier Amar ("Mr. Amar") joins in this request[1] and also seeks an adjournment based on an extraordinary circumstance involving a sensitive, personal issue of Mr. Amar's counsel that just arose this week.

This is Defendants' first request for an adjournment of the trial date.

We have consulted with the Government. As set forth below, the Government takes no position on Mr. Amar's request for an adjournment on the basis of the sensitive personal issue that counsel for Mr. Amar has discussed with it and therefore does not oppose the request for an adjournment on that basis. Separately, however, the Government would oppose any adjournment on the basis of the arguments proffered by Ms. Javice.

Because trial is currently scheduled to commence in just six weeks, Defendants respectfully request that the Court expedite a decision on this motion.

---

[1] Mr. Amar is prepared to go to trial in January 2025, should the Court have availability then, or should January availability arise in the interim.

### I.      Mr. Amar's Position

Mr. Amar, joined by Ms. Javice, seeks an adjournment of trial to February 3, 2025 (or January 2025, should the Court have availability) based on an extraordinary circumstance involving a sensitive, personal issue of Mr. Amar's counsel that just arose this week.

Counsel for Mr. Amar have discussed this basis for adjournment with the Government and understand that the Government takes no position and, therefore, does not oppose the requested adjournment based on the foregoing.

Mr. Amar also joins in the bases for an adjournment provided in Sections II.B.

### II.     Ms. Javice's Position[2]

#### A. Lead Trial Counsel

In late August, Ms. Javice retained Jose Baez of The Baez Law Firm and Ronald S. Sullivan Jr. of Ronald Sullivan Law PLLC, and earlier this month, she determined that they would serve as lead trial counsel in this matter. Messrs. Baez and Sullivan, with the assistance of Quinn Emanuel Urquhart & Sullivan LLP, have been working diligently to familiarize themselves with this action and the voluminous discovery record but require additional time to prepare for trial. Accordingly, Ms. Javice seeks an adjournment, first and foremost, so that her lead trial counsel can fully prepare for trial and to avoid prejudice to her defense.

#### B. Other Factors

Ms. Javice also makes this request based on a number of additional factors that collectively weigh strongly in favor of a brief adjournment of this matter: (i) complications posed by the fact that hundreds of communications potentially central to Defendants' advice-of-counsel defense remain withheld or heavily redacted, and the related need to move to compel production of the same; (ii) access to documents withheld by JPMorgan Chase, N.A. ("JPMC") on the basis of privilege and Defendants' pending motion to compel; (iii) ongoing concerns relating to compliance with Rule 17 subpoenas issued to JPMC; and (iv) the recent production by the Government of voluminous and highly relevant Google Analytics data.

Ms. Javice recognizes that pre-trial litigation over issues of the sort referenced above is hardly unusual, but, here, the number of complex issues at play and the importance (and volume) of the materials in dispute, taken together, warrant an adjournment of the trial date to permit Ms. Javice sufficient time to prepare her defense.

---

[2] Defendants consent to the government request's request to defer the deadlines set forth in Par. 6 of the Court's Order at Dkt. 87 until September 18 or after the Court's decision on adjournment, whichever is sooner.

2

### III. Government's Position

The Government opposes the defendants' request for a three-month adjournment of the trial in this matter on all the bases set forth above, except for the basis related to a sensitive, personal issue of Mr. Amar's counsel that just arose this week, on which it takes no position.

Trial is scheduled to begin on October 28, 2024. The new additions to Javice's legal team, and the defendants' various complaints about pretrial litigation and discovery—whether considered individually or in combination—do not warrant an adjournment.

As to newly added trial counsel, Javice asserts that a multi-month adjournment is needed "to avoid prejudice to her defense," but identifies no specific prejudice to her defense. Javice merely seeks to add two additional lawyers to her defense team. Both attorneys are experienced trial attorneys who Javice retained over two months before trial. Both will also be representing Javice alongside her team of attorneys at Quinn Emanuel, who have represented Javice since her arrest.

Moreover, the Government disputes Javice's contention that an adjournment is necessitated by the production of Google Analytics material. First, the vast majority of the Google Analytics material—which the Government produced a month ago—is irrelevant to the case, and the defendants have, and have had, sufficient time to review the material in advance of trial. Nor is an adjournment warranted based on issues "relating to compliance with Rule 17 subpoenas issued to JPMC." Based on discussions with counsel for JPMC, the Government understands there to be no significant issues with JPMC's compliance with the defendants' Rule 17 subpoenas and certainly none that would warrant a multi-month adjournment.

The trial is still six weeks from now. There is more than sufficient time for the defendants' large and highly-resourced legal teams—now augmented with two experienced trial attorneys—to not only prepare for trial, but to address the pretrial issues raised by the defendants, none of which are extraordinary and many of which are entirely routine.

### IV. The Government's Deadline to Produce Its Exhibits, 3500 Material, and Witness List

In light of the defendants' request to adjourn the forthcoming trial date, the Government respectfully requests that the Court adjourn its deadline—of today, September 13, 2024—to produce preliminary Government exhibits, 3500 material, and its witness list, pending resolution of this motion. Both defendants consent to this request.

\*   \*   \*

For the foregoing reasons, Defendants respectfully request that the Court adjourn the scheduled start of trial to February 3, 2025.

Respectfully submitted,

*/s/ Samuel P. Nitze*

Samuel P. Nitze

SPN

cc: All Counsel of Record