UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
      :
UNITED STATES OF AMERICA,      :
      :  **ORDER REGULATING**
     Plaintiff,    :  **PROCEEDINGS**
  -against-      :
      :  23 Crim. 251 (AKH)
CHARLIE JAVICE and OLIVIER AMAR,  :
      :
     Defendants.  :
      :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On September 6, 2024, Defendants filed a motion to compel production of the remaining documents on the privilege log supplied by JPMorgan Chase Bank, N.A. The motion rested on the grounds that my rulings on privilege in an August 6, 2024 hearing and subsequent August 8, 2024 Order should be applied not only to the subset sample of 2,300 documents that I ordered at that time, but to all remaining documents listed on the privilege log, and alleged that JPMorgan Chase had improperly withheld non-privileged documents. In the alternative, the motion rested on the grounds that JPMorgan Chase had waived privilege as to all documents. Except as granted below, Defendants' motion to compel is denied.

      I hold that the privilege log was made in good faith, the revisions to the log were made pursuant to court order without indication of bad faith, and JPMorgan Chase has not waived its privilege.

      Of the remaining unproduced approximately 20,000 documents, about 5,000 relate to the Rule 17 subpoenas by Defendants, and about 15,000 relate to grand jury subpoenas. The Court does not enforce grand jury subpoenas in the context of a Rule 17 motion to quash.

*See In re Grand Jury Subpoena Dated Feb. 23, 2024*, No. 24-MC-104, 2024 WL 1363711, at *4 (S.D.N.Y. Mar. 29, 2024); *In re Grand Jury Proceedings*, 486 F.2d 85, 89-90 (3d Cir. 1973).

Pursuant to the parties' conferral and agreement, I hold that JPMorgan Chase is to re-review the approximately 5,000 documents on the privilege log that are responsive to Defendants' Rule 17 subpoena, and produce all relevant, non-privileged documents, with certain exceptions: 1. Documents that are duplicative, as established by a protocol to be agreed upon by the parties, will not be re-reviewed; 2. Attachments that are not relevant to this matter will not be produced; and 3. Portions of email threads that are not relevant to this matter or that are duplicative will not be produced. Rolling production is to be made over the course of seven weeks, with 14+% to be produced each week. Production is to begin on October 2, 2024 and end on November 20, 2024.

The schedule leading to trial is as follows: Defendants are to identify the documents to be used in support of an advice of counsel defense by December 7, 2024. The Government is to provide its preliminary exhibit list, witness list, and Jencks Act material by December 16, 2024. Defendants are to provide their preliminary exhibit list, witness list, and Rule 26.2 material by January 6, 2025. Motions in limine, requests to charge, and proposed voir dire are due by January 13, 2025. Oppositions to motions in limine are due by January 27, 2025.

The Clerk shall terminate the motion, ECF No. 152.

SO ORDERED.

Dated:   September 24, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge