UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>CHARLIE JAVICE and OLIVIER AMAR,<br><br>Defendants. | Case No.: 1:23-cr-00251-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
CHARLIE JAVICE'S MOTION TO SEVER HER TRIAL
FROM CO-DEFENDANT OLIVIER AMAR**

## TABLE OF CONTENTS

**Page**

BACKGROUND ...................................................................................................................1

ARGUMENT .......................................................................................................................2

I. THE COURT SHOULD SEVER MS. JAVICE'S TRIAL ......................................2

   A. Applicable Law ..........................................................................................2

   B. Severance Is Required Because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ..........................................................................3

   C. A Joint Trial Will Present Extensive Evidentiary Obstacles, Including ▮▮▮▮▮▮▮▮▮▮▮▮▮ Problems .................................................................6

      1. General Evidentiary Problems ........................................................6

      2. Lack of Disclosure ..........................................................................7

      3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ .............................................................................8

      4. Limiting Instructions Will Not Adequately Protect Ms. Javice Against Prejudice ..........................................................................9

II. JUDICIAL ECONOMY AND EFFICIENCY ARE BEST SERVED BY SEVERANCE ............................................................................................................10

CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

███████████████████
  ████████████ .................................................................................... 10, 11

*Cotto v. Herbert*,
  316 F.3d 198 (2d Cir. 2003) ..................................................................................... 8

███████████████████
  ██████████ ............................................................................................................ 10

████████████
  ██████████ ............................................................................................................ 10

███████████████████
  ██████████ ............................................................................................................ 11

██████████
  ██████████ ............................................................................................................ 10

████████
  ████████████████ ................................................................................................ 10

*United States v. Gallo*,
  668 F. Supp. 736 (E.D.N.Y. 1987) ........................................................................... 3

███████████████
  ████████████████████████████ .............................................................. 5

███████████████
  ██████████████████████████████ .......................................................... 5

███████████████
  █████████████████ ............................................................................................ 11

████████████████
  ███████████████ ................................................................................................. 5

████████████████
  ████████████████ ................................................................................................ 5

████████████████████

████████████████████████ ............................................................................................ 7

██████████
   ██████████████ .................................................................................... 10

██████████████
   ██████████████ .................................................................................... 11

██████████████
   ████████████████████████████████████ ............................ passim

██████████████
   ██████████████ .................................................................................... 3, 7

██████████████
   ████████████████████████ ............................................ passim

██████████████
   ████████████████████████████████ ................................ 7

██████████████
   ██████████████ .................................................................................... 4

Zafiro v. United States,
   506 U.S. 534 (1993) ................................................................................. passim

## Other Authorities

U.S. Const. amend. VI ............................................................................................ 9

## Rules

Fed. R. Crim. P. 14(a) ....................................................................................... 1, 2, 3

Defendant Charlie Javice respectfully submits this memorandum of law in support of her motion to sever her trial from that of her co-defendant Olivier Amar under Rule 14(a) of the Federal Rules of Criminal Procedure. Ms. Javice's counsel has conferred with Mr. Amar's counsel who does not oppose this motion. The government opposes this motion, and has stated it will request a briefing schedule after reviewing the motion.

## BACKGROUND

Defendant Ms. Javice was charged by criminal complaint on March 31, 2023. ECF No. 1. The superseding indictment in this case, charging Ms. Javice and Mr. Amar, was filed on July 12, 2023. ECF No. 27. Ms. Javice has diligently pursued her defense since that time, alongside Mr. Amar and his team, ███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████
███████████████████████████████████████
███████████████████████████████████.[1] ███████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████ Decl. of D. Siegal at ¶4. ███████████
███████████████████████████████

---

[1] Ms. Javice submits herewith the Declaration of David M. Siegal. Information contained in that declaration (and referenced in this Motion) that would reveal defense strategy is redacted in this submission, and Ms. Javice requests that the Court consider them *ex parte* in connection with this request. Counsel for Ms. Javice is willing to provide a further proffer of her defense to the Court *ex parte in camera* at the Court's request.

██████████████████████████████████████████████

██████████████████ Decl. of D. Siegal at ¶5. ██████████████████

██████████████████████████████████████.[2] Decl. of D. Siegal at ¶5.

██████████████████████████████████████

██████████████████████████████████████

███ ██████████████████████████

████████████ Accordingly, given this new development, Ms. Javice is compelled to move the Court to sever her trial from Mr. Amar's, to preserve her right to a fair trial.

## ARGUMENT

### I.  THE COURT SHOULD SEVER MS. JAVICE'S TRIAL

#### A.  Applicable Law

Rule 14(a) of the Federal Rules of Criminal Procedure (the "Federal Rules") requires severance where, as here, there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *see* Fed. R. Crim. P. 14(a). Even when charges are properly joined under Rule 8 of the Federal Rules, the Court must exercise its discretion to sever them under Rule 14(a) when a defendant shows "substantial prejudice" that

---

[2] ██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

overcomes the baseline interest in the "economy and efficiency" of joint trials. *Zafiro*, 506 U.S. at 540.

In assessing prejudice to a defendant, courts must consider, among other factors, ███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ *See United States v. Gallo*, 668 F. Supp. 736, 749 (E.D.N.Y. 1987) (granting severance). The crux of the decision to sever is "whether the jury would be 'reasonably able' to consider the evidence as to each defendant separately, independent of the evidence against his or her coconspirators." *Id.* (quotations in original). ████

███████████████████████████████████████████████████████████████████████

████████████████ Accordingly, and as set forth below, *all* of the relevant considerations support severance under Rule 14.

    **B.**    <u>Severance Is Required Because</u> ████████████████████████████
████████████████████

Ms. Javice denies that she made any material, intentional misrepresentations to JPMC (or anyone else), and will so argue at trial. *See* Decl. of D. Siegal at ¶4. ████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████ *See* Decl. of D. Siegal at ¶5. The circumstances here are not solely ███████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

3

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ (granting severance).

The reason for severance ████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████ ██████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████ ████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████

████████████████████████████████████████ (granting defendants' severance motions two months before the start of trial) (emphasis added).

Here, Ms. Javice's defense ████████████████████████████████████

██████████████████ ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

4

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

████████████████████████

         █████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████   ██████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

Absent severance, Ms. Javice would be placed in the impossible position ████████

██████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████ This concern is far from theoretical. ████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████████████████████

███████████        *See* Decl. of D. Siegal at ¶5. ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████   *See* Decl. of

D. Siegal at ¶6.  Ms. Javice now occupies the untenable position of █████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████        Such a ███████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████   The prejudice against

Ms. Javice in this circumstance is particularly acute because ██ █████████████

████████████████████████████████████████████████████████████████

███████

        Moreover, the prejudice extends beyond Ms. Javice to Mr. Amar. ██████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████   ██████████████████████████

████████████████████████████████████████████████████████████████

6

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬

C. **A Joint Trial Will Present Extensive Evidentiary Obstacles, Including ▬▬▬▬▬▬▬▬▬▬ Problems**

1. *General Evidentiary Problems*

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬

▬▬ *See* Decl. of D. Siegal at ¶6. ▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ "It is, of course, well established as a fundamental matter of due process that the defendant in a criminal case has the right to present a defense, that is, to present to the jury admissible evidence that might influence the determination of guilt." *Cotto v. Herbert*, 316 F.3d 198, 205–06 (2d Cir. 2003). ▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬

7

███████████████████████████████████████████████████████████
███████████████████████████████████

  **2.**  *Lack of Disclosure*

Should Ms. Javice be forced to proceed to trial alongside Mr. Amar ████████
███████████████████████████████████████████
████████████████ ████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████ █████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████ *See*
Decl. of D. Siegal at ¶6. ██████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████

  **3.** ████████████████

As an additional concern, the Government's §3500 material revealed █████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ *See* Decl. of D. Siegal at ¶5.[3] ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[3] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

9

▇▇▇

▇▇▇

▇▇▇ This provides yet another reason why severance is the only solution now.

    4.    ***Limiting Instructions Will Not Adequately Protect Ms. Javice's Rights***

Limiting instructions will not adequately protect Ms. Javice against unconstitutional prejudice. *See Bruton*, 391 U.S. at 137. ▇▇▇

▇▇▇

▇▇▇

▇▇▇

In addition, ▇▇▇

▇▇▇

10

II. **JUDICIAL ECONOMY PRINCIPLES DO NOT JUSTIFY DENIAL OF SEVERANCE**

While the prospect of two trials might raise a concern of a lack of judicial economy and efficiency in the administration of justice, in this particular case, that concern is outweighed by the additional burdens on the same principles. Indeed, the government's own exhibit and witness lists suggest that ███████████████████████████████████████████████████████████████ ███████████████████████████████████ And two separate trials might actually take less time to litigate than one joint trial here, ███████████████████████████████████████ ███████████████████████████████████████.

In a joint trial, Ms. Javice would need to ███████████████████████████████████ ████████████, which would both slow the proceedings and unfairly prejudice her in the eyes of the jury. ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

In short, ██████████████████████████████████████████████████████████, and separate trials may require less in the way of Court resources, when tallied together, than one trial of the complexity ████████████████████████████████.

### REQUEST FOR EXPEDITED CONSIDERATION

Ms. Javice is filing this Motion within days of learning of ████████████████████ ████████████████████. Ms. Javice respectfully requests that the Court expedite its consideration of and ruling on this Motion, given the pending pre-trial deadlines in this case and that trial is set

11

for February 10, 2025, one month from today. Ms. Javice respectfully requests an expedited briefing schedule that allows for argument on the Motion no later than January 17, 2025.

## CONCLUSION

For all these reasons, the Court should sever Ms. Javice's and Mr. Amar's trials.

[*Remainder of page intentionally blank.*]

Respectfully submitted,

DATED: January 10, 2024

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **BAEZ LAW FIRM** |
| By: */s/ Sara Clark* | Jose Baez (*pro hac vice*) |
| | Rosemarie E.W. Peoples (*pro hac vice*) |
| Sara Clark (*pro hac vice*) | 1200 Brickell Avenue |
| 700 Louisiana Street, Suite 3900 | Miami, FL 33131 |
| Houston, TX 77002 | Telephone: (305)-999-5100 |
| Telephone: (713) 221-7100 | jose@baezlawfirm.com |
| saraclark@quinnemanuel.com | rosemarie@baezlawfirm.com |
| | |
| Erica Perdomo (*pro hac vice*) | |
| 2601 South Bayshore Drive, Suite 1550 | **RONALD SULLIVAN PLLC** |
| Miami, FL 33133 | |
| Telephone: (305) 402-4880 | Ronald Sullivan (*pro hac vice*) |
| ericaperdomo@quinnemanuel.com | 1300 I Street NW, Suite 400E |
| | Washington, DC 20005 |
| | Telephone: (202) 313-8313 |
| **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.** | rsullivan@ronaldsullivanlaw.com |
| | |
| David Siegal | |
| Ellen Shapiro | |
| 919 Third Avenue | |
| Telephone: (212) 935-3000 | |
| dmsiegal@mintz.com | |
| eshapiro@mintz.com | |
| | |
| Eóin P. Beirne (*pro hac vice*) | |
| Boston, MA 02111 | |
| Telephone: (617) 542-6000 | |
| epbeirne@mintz.com | |
| | *Counsel for Defendant Charlie Javice* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

By: */s/ Sara C. Clark*