

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 13, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Defendants shall respond to the Government's letter of January 13 by noon on January 16, 2025. The Court will hear the issues on January 21, 2025 at 2:15 p.m.
SO ORDERED.
1.13.25 /s/ Alvin K. Hellerstein

Re:   *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

The Government respectfully writes requesting an order that the defendants produce all Rule 17 subpoena returns to the Government and comply with the Court's previous order to disclose Rule 26.2 materials.

*First*, in accordance with this Court's pretrial disclosure order, the Government provided to the defense voluminous and wide-ranging disclosures of statements by its witnesses and potential witnesses on December 16, 2024. The Court set a deadline for the defense to do the same by January 6, 2025. Yet, to date, the Government has received not a single piece of 26.2 material from either defendant, despite their noticing a collective 27 witnesses (more than the Government's witness list). Neither defendant has disclosed notes or reports from even the *expert witnesses* they have hired. In discussions among the parties, the defendants have refused to say whether such notes or reports even exist. Court intervention is thus, unfortunately, necessary to enforce the Court's pre-existing and mutual disclosure schedule. The Court should direct the defendants to (a) state whether they possess notes, communications, reports (drafts or finals), or similar materials derived from defense witnesses and (b) if so, provide these materials to the Government forthwith.

*Second*, in accordance with Rule 16, the Government has produced to the defendants the subpoena returns and other materials collected in its investigation, which totals over 700,000 documents and nearly three million pages of material. The Government has requested reciprocal Rule 16 disclosures from the defense dozens of times, beginning in June 2023. But to date, the Government has received no Rule 16 productions from the defense.[1] That is so despite the fact that the Government is aware that defendant Amar has sent, and presumably received, Rule 17

---

[1] Amar recently produced, as apparent Rule 16 material, excerpts from a WhatsApp chat between the defendants, taken from Amar's phone that was seized by the Government, and which had already been produced in the Government's own Rule 16 productions to the defense.

subpoenas for documents. For example, based on the docketing of a protective order between defendant Amar and the videoconferencing company Zoom, the Government is aware that Amar has served a Rule 17 subpoena on Zoom. (*See* Dkt. 172). However, Amar has produced none of the documents to the Government that Amar has presumably collected from Zoom.

Defendant Amar has refused to confirm to the Government whether he is in possession of Rule 17 subpoena returns, and likewise refused to confirm that he does not intend to use any Rule 17 subpoena returns in his possession at trial. Amar instead stated that if he decides to use such materials in his case-in-chief, he will provide them. Such a procedure, considering the defense exhibit deadline has already passed, would render Rule 16's reciprocal discovery commands a dead letter. Rule 16 contemplates broad disclosure, of which a subset may be marked as trial exhibits. This problem is compounded by defendant Amar's apparent misuse of Rule 17 subpoenas to obtain purely impeachment material, in contravention of settled law, as described more fully below. The Court should exercise its discretion to order a simple, fair, and unobjectionable resolution of these issues: order Amar to produce any Rule 17 subpoena returns in his possession to the Government by the end of this week, in accordance with Rule 16, just as the Government has produced all of its subpoena returns (and other materials) to the defendants in accordance with Rule 16.

## I. The Court Should Direct the Defendants to Comply with Its Prior Order Regarding Rule 26.2 Materials

The Court previously ordered the defendants to produce Rule 26.2 materials by January 6, 2025. (Dkt. 163). To date, the Government has received no Rule 26.2 disclosures from either defendant, even though, collectively, the defendants have noticed five proposed expert witnesses and 22 lay witnesses.[2] On January 8, 2025, the Government asked defense counsel whether they possess notes of meetings or conversations with their proposed expert witnesses. Counsel for both defendants declined to respond, suggesting that they do in fact possess such materials, but have withheld those materials from the Government. Given that these materials would ordinarily be subject to disclosure under Rule 26.2, the Government respectfully requests that the defendants be ordered to comply with the Court's previous disclosure order forthwith or, in the alternative, that the Court review *in camera* all notes or memorandum reflecting conversations or meetings with potential defense witnesses.

## II. The Court Should Order Compliance with Rules 16 and 17

### A. Rule 16(b)(1)

When a defendant "avail[s] himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *United States v. Ryan*, 448 F. Supp. 810, 810-11 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853, 811 (2d Cir.); *see* Fed. R. Crim. P. 16 Advisory Committee Note—1974 Amend. ("The majority of the Advisory Committee is of the

---

[2] By contrast, the Government's Section 3500 disclosures have been robust and even beyond what the law requires. So far, the Government has disclosed approximately 174 sets of notes, for 51 individuals (many of whom the Government does not intend to call as witnesses).

view that . . . the giving a broader right of discovery to the defense is dependent upon giving also a broader right of discovery to the prosecution.").

Courts in this District and elsewhere routinely require defendants to produce Rule 16(b) materials before defendants have made decisions about the scope of any defense case, let alone whether a particular piece of evidence will be offered at trial. Although "[a] defendant would always like more information about the government's case before revealing anything about his or her own," Rule 16 "conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction." *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011).

While defendants may "delay the decision as to whether or not to testify until the end of the presentation of the Government's case, 'the trial strategy determination is not so protected.'" *United States v. Shea*, No. 20 Cr. 412 (AT), Doc. 206, at 1 (quoting *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853, 811 (2d Cir. 1978)); *see also, e.g.*, *United States v. Ortega*, No. 22 Cr. 91 (RA), Doc. 93, at 2 ("Should Defendant fail to produce material subject to his disclosure obligations under Rule 16, he will be precluded from using such evidence during his case-in-chief."); *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Dkt. 213 (S.D.N.Y. Jan. 7, 2022) (requiring defense production under Rule 16 to begin approximately two weeks before trial, over the defendant's objection); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. 297 (S.D.N.Y. June 2, 2021) (setting a defense Rule 16 deadline of three weeks before trial, over the defendant's objection); *United States v. Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 223212, at *4 (S.D.N.Y. Jan. 21, 2003) (explaining that "[a]llowing [the] defendant to defer the provision of such discovery until a final determination regarding whether or not [to] put an expert witness on the stand would seem to frustrate" the goal of allowing the government a fair opportunity to prepare); *see generally United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce and explaining that permitting defendant to use documents the prosecution had not timely seen "would have given the defense an unfair advantage").

### B. Rule 17

A pretrial subpoena under Federal Rule of Criminal Procedure 17(c) may only be issued to obtain relevant *and* admissible evidence. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220-21 (1951); *United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962) (observing that subpoenaed materials must themselves be admissible). Thus, Rule 17(c) differs from the civil rules of procedure, which permit the issuance of subpoenas to seek production of documents or materials which, although themselves not admissible, may lead to admissible evidence. *See United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States v. Gross*, 24 F.R.D. 138, 141 (S.D.N.Y. 1959) (Rule 17(c) cannot be used "to obtain leads as to the existence of additional documentary evidence or to seek information relating to the defendant's case. This type of discovery . . . has not been authorized for criminal trials.").

Likewise, Rule 17 subpoenas cannot be used to obtain impeachment materials. *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 701 (1974) ("Generally the need for evidence to impeach

witnesses is insufficient to require its production in advance of trial") (citations omitted); *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States v. Iozia*, 13 F.R.D. 335, 340 (S.D.N.Y. 1952) (Rule 17(c) cannot be used "to require in advance of trial, and in preparation for trial, a disclosure to the defendant of information which may tend to impeach persons the Government may or may not call as witnesses").

### C. Amar Has Obtained But Not Disclosed Subpoena Returns and the Court Should Order Their Production to the Government

Defendant Amar has issued an unspecified number of Rule 17 subpoenas but has disclosed none of the returns to the Government pursuant to his obligations under Rule 16(b)(1). The scope of the materials produced in response to the defendant's subpoenas—and, more broadly, the scope of the potential Rule 16 material in the possession of the defendants in general—is unknown to the Government. It may be that the defendant is in possession of a considerable volume of material that he is withholding, despite the Government having repeatedly requested such materials over the past seventeen months. On January 8, 2025, the Government asked defense counsel specifically whether they possess Rule 17 subpoena returns that have not been disclosed to the Government as part of Rule 16 discovery. Counsel for Amar declined to respond.[3] The Government then asked counsel for Amar to represent that Amar will not use materials obtained from Rule 17 subpoenas at trial. Counsel said they would not agree. Accordingly, it appears that Amar has obtained materials form Rule 17 subpoenas that he may use during trial and has failed to disclose to the Government. This raises the prospect of either (a) a Rule 16 violation, in that Amar has failed to disclose records he intends to use at trial, or (b) the misuse of Rule 17 subpoenas, in that Amar is not using Rule 17 subpoenas to obtain admissible records but for some other, improper purpose, such as the collection of potential impeachment materials.

Indeed, the latter concerns were confirmed when the Government obtained a copy of a Rule 17 subpoena that Amar recently served on the Securities and Exchange Commission ("SEC"), attached hereto as Exhibit A. Amar's subpoena requests, among other things, "written notes, memoranda, summaries, outlines . . . created by the SEC . . . that reflect statements or the substance of statements" of 13 individuals whom the Government and the SEC jointly interviewed. Each of the 13 individuals who are the subject of the subpoena are on the Government's witness list. Amar's subpoena to the SEC is improper on multiple grounds—it seeks inadmissible hearsay and is plainly designed to obtain impeachment material. *See United States v. Kaufman*, No. 13 CR 411-02 JMF, 2014 WL 2048198, at *10 (S.D.N.Y. May 19, 2014) ("It is well established, however, that Rule 17(c) does not provide a basis for pre-trial production of materials whose evidentiary use is limited to impeachment"); *United States v. Boyle*, 08 C. 523 (CM), 2009 WL 484436, at *2 (S.D.N.Y. Feb. 24, 2009) (quashing Rule 17 subpoena seeking, among other things, witness statements); *cf. United States v. Shulaya et al.*, 17 Cr. 350, Dkt. 819 at 2 (KBF) ("Rarely does a 302 come into evidence.").

In light of Amar's failure to provide reciprocal discovery pursuant to Rule 16(b)(1) and apparent misuse of pretrial subpoenas pursuant to Rule 17, the Court should order Amar to disclose

---

[3] Counsel for Javice confirmed that Javice has issued one Rule 17 subpoena, to JPMC, and that the Government is in possession of the materials obtained from that subpoena.

to the Government all materials that he has obtained pursuant to pretrial subpoenas, in accordance with the Federal Rules of Criminal Procedure and in order to prevent the defendant from reaping unfair tactical advantage by violating the Rules. *See* Fed. R. Crim P. 16(d)(2) (granting district courts broad discretion to fashion remedies if the defendant fails to comply with Rule 16); Fed. R. Crim. P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding" and "to secure simplicity in procedure and fairness in administration"). Such an order would also allow the trial to proceed more efficiently, as the Government will not have to seek time in the court day to review materials which should already have been produced to it by the defendants. Should Amar not comply with the deadline set by the Court, the Court should bar the defendants from using at trial any materials not produced.

\* \* \*

The Government has in good faith attempted to resolve these issues with the defense, but those efforts have proven unfruitful. The Court's intervention is necessary in order to ensure compliance with applicable rules and a fair trial to all parties. Accordingly, the Court should:

(1) direct the defendants to (a) state whether they possess notes, communications, reports (drafts or finals), or similar materials derived from defense witnesses, and (b) if so, provide these materials to the Government forthwith;

(2) order Amar to produce any Rule 17 subpoena returns in his possession to the Government, in accordance with Rule 16; and

(3) order the defendants to produce any other Rule 16(b) materials in their possession by January 17, 2025.

Very truly yours,

MATTHEW PODOLSKY
Chief Counsel to the Acting United States Attorney
Acting under Authority Conferred by
28 U.S.C. § 515

By: _____
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia Kostopoulos
Assistant United States Attorneys
212-637-2439 / -1247 / -2190 / -2212