UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                             :

UNITED STATES OF AMERICA          :

                                          :

          - v. -                  :                 S1 23 Cr. 251 (AKH)

                                          :

CHARLIE JAVICE and                    :
OLIVIER AMAR,                          :

                                          :

                   Defendants.        :

                                          :

------------------------------------------------------- x

 

**THE GOVERNMENT'S REQUESTS TO CHARGE**

 

 

                                     MATTHEW PODOLSKY
                                     Chief Counsel to the Acting United States Attorney
                                     Attorney for the United States, Acting under
                                     Authority Conferred by 28 U.S.C. § 515

Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia Kostopoulos
Assistant United States Attorneys

       *-Of Counsel-*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                         :

UNITED STATES OF AMERICA       :

                                         :

        - v. -             :                    S1 23 Cr. 251 (AKH)

                                         :

CHARLIE JAVICE and          :
OLIVIER AMAR,              :

                                         :

                    Defendants.     :

------------------------------------------------------x

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## TABLE OF CONTENTS

REQUEST NO. 1:    General Requests .................................................................................1

REQUEST NO. 2:    Summary of the Indictment ...................................................................2

REQUEST NO. 3:    Multiple Counts ...................................................................................4

REQUEST NO. 4:    Conspiracy and Substantive Crimes Explained.......................................5

REQUEST NO. 5:    Count Two:  Wire Fraud—Elements......................................................7

REQUEST NO. 6:    Count Two:  Wire Fraud—First Element—Existence of a Scheme ................8

REQUEST NO. 7:    Count Two:  Wire Fraud—Second Element—Intent ...............................11

REQUEST NO. 8:    Count Two—Wire Fraud—Third Element—Interstate Wire .........................15

REQUEST NO. 9:    Counts Two Through Four—Willful Causation .............................................17

REQUEST NO. 10:   Counts Two through Four—Aiding and Abetting ...........................................19

REQUEST NO. 11:   Count Three:  Bank Fraud—General Instructions ..........................................22

REQUEST NO. 12:   Count Three:  Bank Fraud—Scheme to Defraud  Bank—General Instructions .. ............................................................................................................ 23

REQUEST NO. 13:   Count Three:  Bank Fraud— Scheme to Defraud a Bank—First Element— Scheme or Artifice..............................................................................24

REQUEST NO. 14:   Count Three: Bank Fraud—Scheme to Defraud a Bank— Second Element— Knowledge........................................................................................26

REQUEST NO. 15:   Count Three: Bank Fraud—Scheme to Defraud a Bank— Third Element — Financial Institution.............................................................................27

REQUEST NO. 16:   Count Three:  Bank Fraud—Scheme to Obtain Property................................28

REQUEST NO. 17:   Count Four:  Securities Fraud—Statutory Purpose and Indictment................30

REQUEST NO. 18:   Count Four:  Elements of Securities Fraud ....................................................32

REQUEST NO. 19:   Count Four:  Securities Fraud—First Element—Fraudulent Act....................33

REQUEST NO. 20:   Count Four:  Securities Fraud—First Element—Fraudulent Act—In Connection With.................................................................................34

REQUEST NO. 21:   Count Four:  Securities Fraud—Second Element—Knowledge, Intent, and Willfulness.........................................................................................36

REQUEST NO. 22:   Count Four:  Securities Fraud—Third Element – Instrumentality of Interstate Commerce........................................................................................39

REQUEST NO. 23:   Count One:  Conspiracy to Commit Wire Fraud and Bank Fraud .................41

REQUEST NO. 24:   Count One:  Conspiracy to Commit Wire Fraud and Bank Fraud—Elements 42

REQUEST NO. 25:   Count One :  Conspiracy to Commit Wire Fraud and Bank Fraud – First Element – Agreement ..........................................................................43

REQUEST NO. 26:   Count One:  Conspiracy to Commit Wire Fraud and Bank Fraud— Membership .......................................................................................46

i

REQUEST NO. 27:    Co-Conspirator Statements..................................................................49

REQUEST NO. 28:    Presence of Counsel ...........................................................................50

REQUEST NO. 29:    Conscious Avoidance .........................................................................51

REQUEST NO. 30:    Venue..................................................................................................54

REQUEST NO. 31:    False Exculpatory Statements ............................................................56

REQUEST NO. 32:    Other Acts Evidence...........................................................................57

REQUEST NO. 33:    Variance in Dates ...............................................................................58

REQUEST NO. 34:    Expert Witnesses ................................................................................59

REQUEST NO. 35:    Law Enforcement Witnesses ..............................................................60

REQUEST NO. 36:    Preparation of Witnesses ....................................................................61

REQUEST NO. 37:    Uncalled Witnesses – Equally Available To Both Sides ................62

REQUEST NO. 38:    Other Individuals Not on Trial ...........................................................63

REQUEST NO. 39:    Defendant's Testimony .......................................................................64

REQUEST NO. 40:    Defendant's Right Not To Testify.......................................................65

REQUEST NO. 41:    Particular Investigative Techniques Not Required..............................66

REQUEST NO. 42:    Use of Evidence Obtained Pursuant to Searches................................67

REQUEST NO. 43:    Use of Charts and Summaries ............................................................68

REQUEST NO. 44:    Stipulations.........................................................................................69

REQUEST NO. 45:    Recordings and Transcripts ................................................................70

REQUEST NO. 46:    Redactions ..........................................................................................71

REQUEST NO. 47:    Concluding Remarks ..........................................................................72

**REQUEST NO. 1:      General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Rulings on Evidence and Objections.

e.   Burden of Proof and Presumption of Innocence.

f.   Reasonable Doubt.

g.   Government Treated Like Any Other Party.

h.   Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i.   Inferences.

j.   Credibility of Witnesses.

k.   Jury's Recollection Controls.

l.   Right To See Exhibits and Have Testimony Read During Deliberations.

m.   Sympathy: Oath of Jurors.

n.   Punishment Is Not To Be Considered by the Jury.

o.   Verdict of Guilt or Innocence Must Be Unanimous.

**REQUEST NO. 2:**     **Summary of the Indictment**

The defendants, Charlie Javice and Olivier Amar, have been charged in what is called an Indictment. An Indictment is simply an accusation. It is not evidence. The Indictment contains four counts, or charges. In a few moments, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that in your deliberations and in reaching your verdict, you must consider each count separately. You must return a separate verdict as to each count and as to each defendant.

The charges in the Indictment relate to allegations that Javice and Amar engaged in a scheme to defraud J.P. Morgan Chase ("JPMC") and other potential acquirors by submitting false and fraudulent information about Frank's users in connection with their efforts to sell Frank.

Count One charges Javice and Amar with conspiring to commit wire fraud and bank fraud on JPMC and other potential acquirors by submitting false and fraudulent information concerning Frank's users to JPMC and other potential acquirors in connection with their efforts to sell Frank.

Count Two charges Javice and Amar with committing wire fraud on JPMC and potential acquirors of Frank by submitting false and fraudulent information concerning Frank's users to JPMC and other potential acquirors in connection with their efforts to obtain money from the sale of Frank.

Count Three charges Javice and Amar with committing bank fraud on JPMC and other potential acquirors of Frank by submitting false and fraudulent information concerning Frank's users to JPMC and at least one other potential acquiring bank in connection with their efforts to sell Frank.

Count Four charges Javice and Amar with committing securities fraud by submitting false and fraudulent information concerning Frank's users to JPMC and other potential acquirors in connection with their efforts to sell equity in Frank.

**REQUEST NO. 3:      Multiple Counts**

Each count charges a different crime. You must consider each count of the Indictment separately, and you must return a separate verdict as to each count. The case on each count stands or falls upon the proof or lack of proof with respect to that count. Your verdict on one count should not control your decision as to any other count. I am now going to discuss the counts of the Indictment.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-8.

**REQUEST NO. 4:     Conspiracy and Substantive Crimes Explained**

As I have told you, Count One charges the defendants with the crime of conspiracy, and the other Counts—Counts Two through Four—charge what we call substantive crimes.

The crime of conspiracy is different from substantive crimes. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish some unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. A substantive count, on the other hand, charges a defendant with the actual commission or attempted commission, or with causing someone else to engage in certain actions necessary for the actual commission, of an offense. A substantive offense therefore can be committed by a single person. It need not involve any agreement with anyone else.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an objective of a conspiracy. And since the essence of the crime of conspiracy is an agreement or an understanding to commit a crime, it does not matter if the crime that was the objective of the conspiracy was ever actually committed. In other words, if a conspiracy exists and certain other requirements are met, the conspiracy is punishable as a crime even if its purpose is not established or accomplished. Consequently, in a conspiracy charge, there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed. By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but it does not require proof of an agreement.

With respect to the substantive counts, you should be aware also that there are three alternative theories on the basis on which you may find a defendant guilty. While I am going to explain these three theories in more detail, I want to take a very brief moment to outline them. The first theory is that the defendants committed a substantive crime charged in the Indictment. The second theory is that the defendants, with criminal intent, willfully caused someone else to engage in certain actions that resulted in the commission of a substantive crime charged in the Indictment. I am going to refer to both of those two theories that I just outlined for you as involving a claim that a defendant is guilty of a crime as a principal. The third theory is that someone committed the crime charged in the indictment and the defendants aided and abetted the commission of that crimes. I will refer to that theory as a claim that the defendants are guilty of a crime as an aider and abettor.

Now, for the sake of convenience, in organizing my instructions to you, I'm going to instruct you first with respect to the three counts that charge substantive crimes, Counts Two through Four. I will instruct you initially on the first two theories of liability, namely, that the defendants are guilty as a principal of the substantive crimes charged in the Indictment either because they committed the substantive crimes or because they, with criminal intent, caused someone else to commit the substantive crimes. I then will instruct you on the third theory of liability—that is, the alternative theory that the defendants are guilty as an aider and abettor. Finally, I will instruct you on the conspiracy count.

Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman* Fried, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2022).

**REQUEST NO. 5:**      **Count Two:  Wire Fraud—Elements**

Let us turn now to Count Two, wire fraud.

To sustain its burden of proof with respect to the offense charged in Count Two, the Government must prove beyond a doubt the following three elements:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

*Second*, that the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, that in execution of that scheme, the defendant used or caused the use of interstate wires.

I will discuss each in turn.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 44-3.

**REQUEST NO. 6:  Count Two:  Wire Fraud—First Element—Existence of a Scheme**

The first element the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the victims of money or property by false or fraudulent pretenses, representations, or promises.

A scheme or artifice to defraud is a plan, device, or course of action to obtain money or property by means of false or fraudulent statements, representations, promises, or pretenses.

A statement or representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A statement may also be false if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive. The deception need not be based upon spoken or written words alone. The arrangement of the words, the circumstances in which they are used, or the defendant's conduct may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

Statements, representations, promises, or pretenses are fraudulent if they were made falsely and with intent to deceive.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

The false or fraudulent statement, representation, promise, or pretense must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person.

It is not necessary for the Government to prove that a false or fraudulent representation or statement was made prior to a counterparty's decision to part with money or property. Rather, if

after having obtained money or property, the defendant you are considering devises or participates in a fraudulent scheme to deprive the alleged victim of that money or property by keeping the money or property through making a subsequent false or fraudulent representation as to a material fact, that is sufficient to establish the existence of a scheme to defraud.

It is not necessary for the Government to prove that the scheme to defraud actually succeeded, that any particular person actually relied upon a statement or representation, or that any victim actually suffered damages as a consequence of any false or fraudulent representations, promises, or pretenses. A fraudulent scheme that deprives a victim of property temporarily, rather than permanently, also constitutes a scheme to defraud. Nor do you need to find that the defendants profited from the fraud or realized any gain. You must concentrate on whether there was such a scheme, not the consequences of the scheme, although proof concerning accomplishment of the goals of the scheme may be persuasive evidence of the existence of the scheme itself. In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if he, she, or it had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to wire fraud.

If you find the Government has sustained its burden of proof that a scheme to defraud, as charged, existed, you should next consider the second element.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022); *see also Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to

which it was addressed." (internal quotation marks, brackets, and citations omitted)); *id.* 24-25 (the "common-law requirements of 'justifiable reliance' and 'damages' . . . plainly have no place in the federal fraud statutes"); *United States v. Males*, 459 F.3d 154, 158-59 (2d Cir. 2006) ("[W]here a defendant fraudulent obtains the *use* of another's money or property for a period of time, using it for his own personal profit, and depriving the owner of the ability to do so," that constitutes a scheme to defraud, and "it makes no difference" whether the defendant obtains the use of the property "temporarily . . . or permanently.").

**REQUEST NO. 7:      Count Two:  Wire Fraud—Second Element—Intent**

The second element that the Government must prove beyond a reasonable doubt is that the defendants participated in the scheme to defraud knowingly and with specific intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

For purposes of wire fraud and as I will soon explain, bank fraud—and thus not for the securities fraud count—"intent to defraud" means to act knowingly with the specific intent to deceive, for the purpose of causing some financial or property loss to another. To prove that the defendant acted with specific intent to defraud, the government must prove that the defendant acted with intent to deceive for the purpose of depriving the relevant victim of money or property.  The government need not prove that any intended victim actually was harmed, only that the defendant contemplated some actual harm or injury to the victim in question.  Where some financial loss is contemplated, even temporarily, by the defendant, the fact that the defendant believes the victim will ultimately suffer no loss is no excuse to the crime. Additionally, the Government need not prove that the intent to defraud was the only intent or even the primary intent of the defendant. A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well.

To participate in a scheme means to engage in it by taking some affirmative step to help it succeed. Merely associating with people who are participating in a scheme is not participation. It is not necessary that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if someone else originated it, and that the defendant, while aware of the scheme's existence, knowingly participated in it with intent to defraud. Nor is it required

that the defendant participated in or had knowledge of all of the operations of the scheme. The responsibility of the defendant is not governed by the extent of his or her participation. It is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and who knowingly acts in a way to further its goals, becomes a participant in the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done subsequently. Even if the defendant participated in the scheme to a degree less than others, he or she nevertheless is equally guilty as long as the defendant knowingly participated in the scheme to defraud with knowledge of its general scope and purpose and with specific intent to defraud.

A defendant's good faith is an absolute defense to a charge of wire fraud. This is because good faith is inconsistent with the intent to defraud, which is an essential part of the wire fraud charge. Under the wire fraud statute, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there is no crime. Yet, if the defendant knew that his representations were false and material, it is not a defense that he believed that the victim would recognize their falsity and decide not to rely on those statements.

Likewise, a venture commenced in good faith may become fraudulent if it is continued after a fraudulent intent has been formed. Therefore, good faith is no defense when the defendant first made representations in good faith but later, during the time charged in the indictment, the

defendant realized that the representations were false and nevertheless deliberately continued to make them. You must review and put together all the circumstances in deciding whether it has been established beyond a reasonable doubt that the defendant devised or participated in a scheme to defraud knowingly and with the intent to defraud, or whether he acted in good faith.

Furthermore, if the defendant participated in the scheme to defraud, then the defendant's belief, if such a belief existed, that ultimately everything would work out okay such that no one would lose any money does not require a finding by you that he acted in good faith. If the defendant participated in the scheme for the purpose of causing financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme will eventually cause a profit or cause no harm will excuse fraudulent actions or false representations by him. The burden of establishing a defendant's lack of good faith and criminal intent rests upon the government. Stated another way, a defendant is under no burden to prove his good faith. Rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he or she committed an act with fraudulent intent. Such direct proof is not required. Instead, the ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. You may also infer, but are not required to infer, that people intend the natural and probable consequences of their actions. Accordingly, when the necessary result of a scheme is to injure others, fraudulent intent may be

inferred from the scheme itself. As I instructed you earlier, circumstantial evidence, if believed, is

of no less value than direct evidence.

> Adapted from the charges of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), the Honorable Paul E. Engelmayer in *United States v. Gillier*, 11 Cr. 409 (S.D.N.Y. Sep. 27, 2022); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (S.D.N.Y. Feb. 1, 2022); *see also United States v. Jabar*, 19 F.4th 66, 77 (2d Cir. 2021) ("Proof of actual injury to the victim is not required . . . ."); *United States v. Calderon*, 944 F.3d 72, 90 (2d Cir. 2019) ("A 'no ultimate harm' instruction advises the jury that where some immediate loss to the victim is contemplated by a defendant, the fact that the defendant believes (rightly or wrongly) that he will ultimately be able to work things out so that the victim suffers no loss is no excuse for the real and immediate loss contemplated to result from defendant's fraudulent conduct."); *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

> The applicable *mens rea* for wire fraud is "specific intent to harm or defraud the victims of the scheme." *United States v. Rybicki*, 354 F.3d 124, 150 (2d Cir. 2003).

**REQUEST NO. 8:      Count Two—Wire Fraud—Third Element—Interstate Wire**

The third and final element that the Government must establish beyond a reasonable doubt is that one or more interstate or foreign wires were used in furtherance of the scheme to defraud. An "interstate wire" means a wire that passes between two or more states. A "foreign" wire means a wire that travels internationally. Examples of wires include telephone calls and messages, communications over the internet (including emails), commercials on television, and financial wires between bank accounts.

A wire communication need not itself be fraudulent. Indeed, it may be completely innocent, as long as it was made in furtherance of the fraudulent scheme. To be in furtherance of the scheme, the wire communication must further or assist in some way in carrying out the scheme to defraud. A wire communication can also include a communication made after a victim's funds were obtained if the communication was designed to lull the victim into a false sense of security, to postpone his or her complaint to the authorities, or to keep the money obtained from the scheme.

It is not necessary for the defendant to have been directly or personally involved in a wire communication, as long as the wire was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. The wire communication requirement can be satisfied even if the wire communication was done by the person being defrauded or some other innocent party. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires reasonably can be foreseen, even though not actually

intended, then he or she causes the wires to be used. Thus, there is no requirement that the defendant specifically authorize others to make a communication by wire.

Finally, if you find that a wire communication was reasonably foreseeable and that the interstate or foreign wire communication charged in the indictment took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state lines.

> Adapted from the charges of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022), the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (S.D.N.Y. Feb. 1, 2022), and the Honorable Judge John G. Koeltl in *United States v. Dunseath*, No. 98 Cr. 493 (S.D.N.Y. Apr. 14, 1999); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 44-5; *United States v. Jergensen*, 797 F. App'x 4, 6 (2d Cir. 2019).

**REQUEST NO. 9:     Counts Two Through Four—Willful Causation**

Before I turn to Count Three, I shall give you some additional instructions applicable to all of the substantive counts, that is, Counts Two through Four. The first theory on which a defendant can be guilty of the substantive offenses is by committing them directly. As I noted earlier, there are also two theories on which a defendant can be guilty of the substantive offense indirectly—by willfully causing another to commit the offense or by aiding and abetting the commission of the offense. I will explain those concepts in more detail now.

A defendant can be guilty of the substantive crimes charged in those counts as a principal when he or she possessed the requisite criminal intent and willfully caused someone else to engage in actions necessary to commit the crimes. So I am now going to take a minute to discuss what it means for a defendant to be guilty as a principal through willful causation in the context of this case.

It is the law of the United States "that whoever willfully causes an act to be done which, if directly performed by that person, would be an offense against the United States, is punishable as a principal." So what does the term "willfully caused" mean? It does not mean that the defendant must physically have committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty as a principal. Accordingly, one who intentionally causes someone else to make false or fraudulent statements or representations is guilty as a principal if the Government proves that the person who causes the making of that false or fraudulent representation, or who causes the fraudulent misappropriation, acted knowingly, willfully, and with the specific intent to defraud and satisfies

17

the other elements of the substantive fraud counts that I have described to you. This is so even if the individual that was caused to make the false statement had no criminal intent.

> Adapted from the charges of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (S.D.N.Y. Oct. 1, 2018).

**REQUEST NO. 10:     Counts Two through Four—Aiding and Abetting**

The final way in which a defendant can be guilty of a substantive offense is by aiding and abetting the offense. It is unlawful for a person to aid, abet, counsel, command, induce, or procure someone else to commit an offense. A person who does that is just as guilty of the offense as someone who actually commits it. Accordingly, for any substantive count in the Indictment, you may find the defendant guilty on that count if you find that the Government has proved beyond a reasonable doubt that another person actually committed the crime and that the defendant aided, abetted, counseled, commanded, induced, or procured the commission of that crime.

In order to convict the defendant as an aider and abettor, the Government must prove beyond a reasonable doubt two elements. *First*, it must prove that a person other than the defendant, and other than a person the defendant willfully caused to take actions necessary for the commission of the crime, as I have described that concept to you previously, committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of someone else if no crime was committed by the other person in the first place. Accordingly, if the Government has not proved beyond a reasonable doubt that a person other than the defendant committed the substantive crime charged in the Indictment, then you need not consider the second element under this theory of aiding and abetting. But if you do find that a crime was committed by someone other than the defendant, or someone he or she willfully caused to take actions necessary for the commission of the crime, then you must consider whether the defendant aided or abetted the commission of that crime.

*Second*, in order to convict on an aiding and abetting theory, the Government must prove that the defendant willfully and knowingly associated himself or herself in some way with the

crime, and that he or she willfully and knowingly engaged in some affirmative conduct or some overt act for the specific purpose of bringing about that crime. Participation in a crime is willful if done voluntarily and with a wrongful purpose. The mere presence of a defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make the defendant an aider and abettor. Similarly, a defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture. To determine whether the defendant aided and abetted the commission of the crime, ask yourself these questions:

Did the defendant participate in the crime charged as something that the defendant wished to bring about?

Did he or she knowingly associate himself or herself with the criminal venture?

Did he or she seek by his or her actions to make the criminal venture succeed?

If he or she did, then the defendant is an aider and abettor. If, on the other hand, your answer to any of these questions is no, then the defendant is not an aider and abettor.

There is a subtle difference between a defendant willfully causing someone else to take actions necessary for the commission of a crime and a defendant aiding and abetting someone else to commit a crime. If this question comes up in your deliberations, you should think of it in terms of the difference between causing someone to do something versus facilitating or helping someone to do it. If you are persuaded beyond a reasonable doubt that the defendant you are considering willfully caused someone else to take actions necessary for the commission of any of the substantive counts charged in the Indictment, you should convict him as a principal on that count.

If, on the other hand, you are persuaded beyond a reasonable doubt that the defendant you are considering, with the knowledge and intent that I described, sought by his or her actions to facilitate or assist that other person in committing the crime, then he or she is guilty as an aider and abettor. One important difference between willfully causing and aiding and abetting another person to commit a crime, as I instructed you earlier, is that with respect to willful causation, the Government need not prove that the defendant acted through a guilty person. With respect to aiding and abetting, however, the Government must prove beyond a reasonable doubt that someone else committed the crime charged with the requisite intent. If you find beyond a reasonable doubt that the Government has proved that another person actually committed one or more of the substantive crimes charged in Counts Two through Four and that the defendant you are considering aided or abetted that person in the commission of that offense, you should find that defendant guilty of that substantive crime on an aiding and abetting theory. If, however, you do not so find, you may not convict the defendant of that crime on the basis of an aiding and abetting theory.

> Adapted from the charges of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023); and the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (S.D.N.Y. Oct. 1, 2018).

**REQUEST NO. 11:     Count Three:  Bank Fraud—General Instructions**

Count Three charges the defendants with bank fraud.

There are two distinct ways of committing bank fraud.  To sustain its burden of proof on this charge, the Government needs to prove either that there was a scheme to defraud a financial institution or that there was a scheme to obtain the money or property of a financial institution by means of false and fraudulent pretenses, representations, or promises.

> Adapted from the jury charges given by the Honorable Valerie E. Caproni in *United States v. Christopher Campos*, 16 Cr. 396 (VEC) (S.D.N.Y. June 22, 2017).

**REQUEST NO. 12:**       **Count Three:  Bank Fraud—Scheme to Defraud  Bank—General Instructions**

The  first  way  to  commit  bank  fraud  is  to  engage  in  a  scheme  to  defraud  a  financial institution.  In order to sustain its burden of proof on this type of bank fraud, the Government must prove beyond a reasonable doubt the following three elements:

*First*, that there was a scheme to defraud a financial institution as alleged in the Indictment.

*Second*,  the  defendant  knowingly  participated  in  the  scheme  with  knowledge  of  its fraudulent nature and with a specific intent to defraud; and

*Third*,  the  deposits  of  the  financial  institution  that  was  the  target  of  the  scheme  were federally insured.

> Adapted from the jury charges given by the Honorable Valerie E. Caproni in *United States v. Christopher Campos*, 16 Cr. 396 (VEC) (S.D.N.Y. June 22, 2017).

**REQUEST NO. 13:      Count Three:  Bank Fraud— Scheme to Defraud a Bank—First Element—Scheme or Artifice**

The first element requires that the Government prove that there was a scheme to defraud a financial institution.

A "scheme or artifice" is simply a plan for the accomplishment of an object.  Fraud is a general term.  It includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

A representation is false if it was untrue when made and was known to be untrue by the person making the representation or causing it to be made at the time it was made.  A fact is material if the fact is one that a reasonable person would expect to be of concern to a reasonable and prudent person making a decision based on the representation.  Deceitful statements of half truths or the concealment of material facts may also constitute false representations under the statute.

This element does not require that any particular person actually relied on, or actually suffered damages, as a consequence of any fraudulent representation or concealment of facts.  Nor need you find that the defendant profited from the fraud.  It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be relied on.  You must concentrate on whether there was such a scheme, not on the consequences of the scheme.  Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

> Adapted from the jury charges given by the Honorable Valerie E. Caproni in *United States v. Christopher Campos*, 16 Cr. 396 (VEC) (S.D.N.Y. June 22, 2017) and from Sand, Modern Federal Jury Instructions, Instr. 44-3, 44-4, 44-13, 44-14, 44-15, 44-16.

**REQUEST NO. 14:     Count Three: Bank Fraud—Scheme to Defraud a Bank— Second Element—Knowledge**

The second element that the Government must prove beyond a reasonable doubt is that the defendant participated in the scheme, knowingly and with specific intent to defraud.  I have already explained those terms to you, and those definitions apply here.

**REQUEST NO. 15:     Count Three: Bank Fraud—Scheme to Defraud a Bank— Third Element — Financial Institution**

The third element of the crime of bank fraud is that the deposits of the bank that was the target of the scheme were federally insured.  I instruct you, as a matter of law, that banks insured by the Federal Deposit Insurance Corporation, or "FDIC," are federally insured.

It is not necessary for the Government to prove that the defendant knew the identity of the particular financial institution or that the defendant knew that the deposits of the institution were federally insured.

Adapted from the jury charges given by the Honorable Valerie E. Caproni in *United States v. Christopher Campos*, 16 Cr. 396 (VEC) (S.D.N.Y. June 22, 2017) and Sand, Modern Federal Jury Instructions, Instr. 44-11.

**REQUEST NO. 16:      Count Three:  Bank Fraud—Scheme to Obtain Property**

The second way to commit bank fraud is to engage in a scheme to obtain money or property of a financial institution by means of false or fraudulent representations or promises.  As to this type of bank fraud, the Government most prove beyond a reasonable doubt the following three elements:

*First*, that there was a scheme to obtain money or property owned by a financial institution by means of materially false or fraudulent representations or promises as alleged in the Indictment;

*Second*, the defendant knowingly participated in the scheme with knowledge of its fraudulent nature and with a specific intent to defraud; and

*Third*, the deposits of the financial institution whose property was the target of the scheme were federally insured.

For this type of bank fraud, it is not necessary that the goal of the scheme be to defraud a financial institution.  Instead, the goal of the scheme must be to obtain money or property belonging to a financial institution by means of materially false or fraudulent representations.  I have previously instructed you on all those terms and those definitions apply here as well.

The second element that the Government must prove beyond a reasonable doubt is that the defendant participated in this scheme knowingly and with an intent to obtain money or property that belonged to a financial institution.

I have previously instructed you on what it means to act knowingly and those definitions apply here as well.  A person acts intentionally if he or she acts deliberately and purposefully.  That is, the defendant's actions must have been his or her conscious objective rather than the product of mistake or accident, mere negligence or some other innocent reason.

The third element that the Government must prove beyond a reasonable doubt is that, at the time of the scheme, the deposits of the financial institution that was the target of the scheme were federally insured. I have already instructed you on this element and my earlier instructions apply here as well.

Adapted from the jury charges given by the Honorable Valerie E. Caproni in *United States v. Christopher Campos*, 16 Cr. 396 (VEC) (S.D.N.Y. June 22, 2017).

**REQUEST NO. 17:     Count Four:  Securities Fraud—Statutory Purpose and Indictment**

I will begin my instructions with some preliminary remarks about Count Four, which charges an offense under the 1934 Securities Exchange Act.

The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed. Among Congress's objectives in passing the Act was to ensure honest securities markets and thereby promote investor confidence after the stock market crash of 1929. Generally, Congress sought to substitute a philosophy of full disclosure for the philosophy of "buyer beware" and thus to achieve a high standard of business ethics in the securities industry. More specifically, the 1934 Act was intended to protect investors against manipulation of stock prices through regulation of transactions upon securities exchanges and in over-the-counter markets, and to impose regular reporting requirements on companies whose stock is listed on national securities exchanges.

Count Four of the Indictment charges both defendants with securities fraud, in violation of 10(b) of the Securities Exchange Act.  Section 10(b) of the Securities Exchange Act makes it "unlawful," in pertinent part, "for any person . . . to use or employ, any security . . . , any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j. Rule 10b-5, which implements this provision, forbids the use, in connection with the purchase or sale of any security, of "any device, scheme, or artifice to defraud" or any other "act, practice, or course of business" that "operates . . . as a fraud or deceit." 17 CFR § 240.10b-5.

> Adopted from the charges of the Honorable Ronnie Abrams in *United States v. Galanis, et al.*, No. 16 Cr. 371 (RA) (S.D.N.Y. June 27, 2018);3 Modern Federal Jury Instructions-Criminal P 57.03 (2023); *United States v. O'Hagan*, 521 U.S. 642, 658 (1997); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 195 (1976); 15 U.S.C.

§ 78j(b); 15 U.S.C. § 78i; *See also* S. Rep. No. 792, 73d Cong., 2d Sess., 1-5 (1934).

**REQUEST NO. 18:     Count Four:  Elements of Securities Fraud**

To prove this allegation of securities fraud, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that in connection with the purchase or sale of shares in Frank, the defendant you are considering did any one or more of the following: (1) employed a device, scheme, or artifice to defraud, or (2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or (3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

*Second*, that the defendant acted knowingly, willfully, and with the intent to defraud; and

*Third*, that, in furtherance of the fraudulent conduct, the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce, or the mails, or any facility of any national securities exchange.

I will discuss each of these elements in greater detail now.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022); Sand, Modern Federal Jury Instructions, Instr. 57-20; *see also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (noting that scienter for securities fraud is "intent to deceive, manipulate or defraud" and does not require an intent to harm); *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979)

**REQUEST NO. 19:      Count Four:  Securities Fraud—First Element—Fraudulent Act**

For the securities fraud count, the first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security, the defendant you are considering did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the Government to prove that the scheme involved all three types of unlawful conduct. Any one will be sufficient to satisfy this element of the offense. You must, however, be unanimous as to which type of unlawful conduct, if any, occurred.

I have already instructed you on what constitutes a device, scheme, or artifice to defraud, and what constitutes false and misleading statements, and you should apply those same instructions here.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022); the Honorable Ronnie Abrams in *United States v. Galantis et al.,* No. 16 Cr. 371 (RA) (S.D.N.Y. June 27, 2018); and the Honorable Paul G. Gardephe in *United States v. Tuzman*, No. 15 Cr. 536 (S.D.N.Y. Dec. 22, 2017); *see also* Sand, Modern Federal Jury Instructions, Instr. 57-21.

**REQUEST NO. 20:     Count Four:  Securities Fraud—First Element—Fraudulent Act—In Connection With**

To establish that the Government has proven the first element of securities fraud beyond a reasonable doubt, you must find that the defendant you are considering agreed to participate in fraudulent conduct that was "in connection with" the purchase or sale of a security.  The term "security" includes any stock, any option or privilege on any stock, and any right to purchase any stock.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of purported securities. It is not necessary that any actual securities be sold or delivered, so long as purported securities were offered as an inducement to transact.

You need not find that the defendant you are considering actually participated in any specific purchase or sale of a purported security if you find that the defendant participated, or agreed to participate, in the fraudulent conduct that was "in connection with" a "purchase or sale" of purported securities. It is not necessary for you to find that the defendant was or would be the actual seller of the purported securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities.

The Government need not prove that the defendant you are considering agreed to personally make a misrepresentation or omit a material fact. It is sufficient if the Government establishes that the defendant intended to cause the statement to be made or the fact to be omitted.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022); and the Honorable Paul G. Gardephe in *United States v. Tuzman*, No. 15 Cr. 536 (S.D.N.Y. Dec. 22, 2017); see also 15 U.S.C. § 78c(a)(10) ("The term 'security' means any . . . stock [and] any put, call, straddle,

option, or privilege on any security . . .[and] any . . . warrant or right to subscribe to or purchase, any of the foregoing."); *SEC v. Lauer*, 52 F.3d 667, 670 (7th Cir. 1995) (Posner, J.) ("[I]t is the representations made by the promoters, not their actual conduct, that determine whether an interest is an investment contract (or other security)."); In re J.P. Jeanneret Assocs., Inc., 769 F. Supp. 2d 340, 362 (S.D.N.Y. 2011) (surveying cases to conclude that the connection requirement is satisfied "where the [victims] part with money intending that it be invested in securities, only to have the person to whom that money is entrusted steal it"); *Pail v. Precise Imports Corp.*, No. 99 Cv. 1624 (DLC), Fed. Sec. L. Rep. P 90,642, 1999 WL 681384, at *3-4 (S.D.N.Y. Aug. 31, 1999) (promise of future stock is sufficient connection to purchase or sale of securities).

**REQUEST NO. 21:     Count Four:  Securities Fraud—Second Element—Knowledge, Intent, and Willfulness**

The second element of securities fraud that the Government must establish is that the defendant acted knowingly, willfully, and with intent to defraud.

I have already defined "knowingly" and you should apply that definition here.

To act "willfully" means to act voluntarily and with a wrongful purpose.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to manipulate or deceive.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

As I described before, direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud,

you do not limit yourself to what the defendant said, but you also look at what he or she did and what others did in relation to the defendant and, in general, everything that occurred.

As I have previously explained, circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

In order for you to find the defendant you are considering guilty of securities fraud, the Government need prove that the defendant acted with an intent only to deceive, manipulate, or defraud. The Government need not show that the defendant acted with an intent to cause harm.

Because an essential element of the crime charged is intent to deceive or intent to manipulate, good faith on the part of the defendant you are considering is a complete defense to the charge of securities fraud. That is, the law is not violated if the defendant held an honest belief that his or her actions were proper and not in furtherance of any unlawful scheme. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to deceive or manipulate.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does *not* necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against the defendants, the Government must establish beyond a reasonable doubt that the defendant you are considering knew that his or her conduct was calculated to deceive and that he or she nevertheless associated himself or herself with the alleged fraudulent scheme.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022); and the Honorable Jed S. Rakoff in *United States v. Petit*, No. 19 Cr. 850; Sand, et al., *Modern Federal Jury Instructions*, Instr. 57-16; *see also United States v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm").

**REQUEST NO. 22:     Count Four:  Securities Fraud—Third Element – Instrumentality of Interstate Commerce**

The third and final element of the Section 10(b) counts is that the Government must prove beyond a reasonable doubt is that the defendant you are considering knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails and an instrumentality of interstate commerce were used in furtherance of the fraudulent scheme. Either one of the above—either the mails *or* an instrumentality of interstate commerce—is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

The use of the term "mails" is self-explanatory, and includes the U.S. Mail and Federal Express. Examples of instrumentalities of interstate commerce include telephone calls, emails, or text messages, or use of a facility of a national securities exchange, such as a stock trade made on the NASDAQ or New York Stock Exchange.

> Adapted from the charge of the Honorable Edgardo Ramos in *United States v. Cole*, 19 Cr. 869, and the Honorable Ronnie Abrams in *United States v. Hild*, 19 Cr. 602, and Sand, et al., *Modern Federal Jury Instructions*, Instrs. 57-20, 57-25. *See also United States v. Giordano*, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

**REQUEST NO. 23:      Count One:  Conspiracy to Commit Wire Fraud and Bank Fraud**


I will now turn to the Count One, the charge of conspiracy to commit wire fraud and bank.

As I told you, a conspiracy is a kind of a criminal partnership—a combination or agreement of two

or more persons to join together to accomplish some unlawful objective.

> Adapted from the charges of the Honorable Lewis A. Kaplan in
> *United States v. Gatto*, 17 Cr. 686 (S.D.N.Y. Oct. 1, 2018).

**REQUEST NO. 24:     Count One:  Conspiracy to Commit Wire Fraud and Bank Fraud—
Elements**

In order to sustain its burden of proof with respect to the conspiracy charged in Count One,

the Government must prove beyond a reasonable doubt each of two elements:

*First*, it must prove the existence of the conspiracy charged in the count of the Indictment.

*Second*, it must prove that the defendant knowingly and willfully became a member of, and

joined in, the conspiracy.

> Adapted from the charges of the Honorable Lewis A. Kaplan in
> *United States v. Gatto*, 17 Cr. 686 (S.D.N.Y. Oct. 1, 2018).

**REQUEST NO. 25:     Count One :  Conspiracy to Commit Wire Fraud and Bank Fraud – First Element – Agreement**

Starting with the first element, a conspiracy is a combination, an agreement or an understanding of two or more people to accomplish by concerted action a criminal or unlawful purpose. Count One charges that the criminal or unlawful purpose was to commit wire fraud and bank fraud.

To establish a conspiracy, the Government is not required to show that two or more persons sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and setting forth the details of the plans and the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Your common sense will tell you that when people, in fact, undertake to enter into a criminal conspiracy, much usually is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them publicly, nor do they broadcast their plans. From its very nature, a conspiracy almost invariably is secret in its origin and in its execution. It is sufficient if two or more persons in some way or manner come to a common understanding to violate the law. Express language or specific words are not required to indicate that someone has joined in a conspiracy.

Because conspiracy by its very nature is characterized by secrecy, it is rare that a conspiracy can be proved by direct evidence of that explicit agreement. You may infer the existence of a conspiracy from the circumstances and the conduct of the persons involved. The adage "actions speak louder than words" may be applicable here. Usually, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken together and considered as a whole, however, such acts may show a

conspiracy or agreement as conclusively as would direct proof. In determining whether a conspiracy actually existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from those matters.

As I instructed you earlier, the essence of the crime of conspiracy is an agreement or an understanding to commit a crime. So it does not matter if the crime, the commission of which was the objective of the conspiracy, ever was committed. A conspiracy to commit a crime is an entirely separate and distinct offense from the actual commission of the illegal act that is the object of the conspiracy. The success or failure of a conspiracy is not material to the question of guilt or innocence of an alleged conspirator.

Now, the conspiracy charged in Count One has two objectives, or two goals: wire fraud and bank fraud. The Government must prove that there was an unlawful agreement to achieve at least one of those goals. It is not necessary, however, for the Government to prove that a defendant agreed to achieve both goals. You must, however, be unanimous as to which goal of the conspiracy you find was proven.

In deciding whether the goal of the conspiracy was to commit wire fraud or bank fraud, you should consider my previous instructions on wire fraud and bank fraud. However, because Count One charges a conspiracy, the Government does not need to prove that anyone committed the substantive crime of wire fraud or bank fraud. It need only prove beyond a reasonable doubt only that there was an agreement to do so.

In sum, in order to find that the conspiracy charged in Count One existed, the Government must prove beyond a reasonable doubt that there was a mutual understanding, either spoken or unspoken, between two or more people to commit wire fraud or bank fraud.

Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (S.D.N.Y. Oct. 1, 2018), and in *United States v. Jones*, 17 Cr. 791 (S.D.N.Y. Dec. 16, 2019); and of the Honorable Valerie E. Caproni in *United States v. William Washington*, 21 Cr. 603 (S.D.N.Y. Jun. 28, 2024).

**REQUEST NO. 26:     Count One:  Conspiracy to Commit Wire Fraud and Bank Fraud—
Membership**

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy charged in Count One existed, you next must determine whether the defendant willfully joined and participated in the conspiracy with knowledge of its wrongful purpose, and with an intent to aid in the accomplishment of its unlawful objective—that is, the commission of wire fraud or bank fraud. The Government must prove beyond a reasonable doubt that the defendant knowingly, willfully, and with specific intent to defraud entered into the conspiracy. "Knowingly" and "willfully" have the same meanings here as I described.

A defendant's participation in the conspiracy may be established by independent evidence of his or her own acts or statements, as well as those of the other alleged conspirators, and the reasonable inferences that may be drawn from it. Now, science has not yet devised a manner of looking into a person's mind and knowing what the person is thinking. To make that determination, you may look to the evidence of certain acts alleged to have taken place by or with the defendant or in his or her presence. As I instructed you earlier with respect to determining a defendant's knowledge and intent, you may consider circumstantial evidence based upon the defendant's outward manifestations, words, conduct, acts, and all of the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

To become a member of the conspiracy, the defendant need not have known the activities of each and every other member. Moreover, the defendant does not need to be fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part.

Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy, or that the defendant have a financial stake in the outcome, so long as he or she, in fact, participated in the manner in which I have described. Although proof of a financial interest in the outcome or another motive is not essential, if you find that the defendant had such an interest or other motive, that's a factor you may consider in determining whether the defendant was a member of the conspiracy. The presence or absence of motive is, however, a circumstance that you may consider as bearing on the intent of the defendant.

The duration and extent of the defendant's participation has no bearing on the issue of a defendant's guilt. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, others play only minor parts in a conspiracy. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of a conspiracy. Moreover, the defendant need not have joined the conspiracy at the outset. He or she may have joined at any time, and if he or she joined, still will be held responsible for the acts done before or after he or she joined.

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Similarly, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not enough. What is necessary is that the defendant participated in the conspiracy with knowledge of the unlawful purpose of the conspiracy, in this case, to commit wire fraud, and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant, with an understanding of the unlawful nature of the alleged conspiracy, must intentionally have engaged, advised or assisted in the conspiracy for the purpose of the illegal undertaking. A defendant thereby becomes a knowing and willing participant in the lawful agreement: in other words, a defendant thereby becomes a conspirator.

A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself or herself from it. You may find that the conspiracy existed even if there were changes in personnel or activities over time, so long as you find that at least two of the conspirators continued to act for the duration of the conspiracy for the purpose charged in the Indictment, that is, committing wire fraud and bank fraud. The Indictment charges that the conspiracy charged in Count One lasted from at least in or about June 2021 through at least in or about November 2022. It is not necessary for the Government to prove that the conspiracy lasted throughout the entire period alleged, but only that it existed for some time within that time frame.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (S.D.N.Y. Oct. 1, 2018) and in *United States v. Jones*, 17 Cr. 791 (S.D.N.Y. Dec. 16, 2019).

**REQUEST NO. 27:    Co-Conspirator Statements**

Certain evidence was admitted during trial concerning acts and statements of others because such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendants. The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent of the other conspirators in carrying out the conspiracy. In determining the factual issues before you, you may consider against the defendants any acts or statements made by any of the people that you find, under the standards I have already described, to have been coconspirators, even though such acts or statements were not made in their presence, or were made without their knowledge.

> Adapted from the charges of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), and the Honorable Lewis L. Liman in *United States v. Ray*, No. 20 Cr. 110 (S.D.N.Y. Apr. 5, 2022).

## REQUEST NO. 28:     Presence of Counsel

### (If Applicable)

You have heard evidence that Frank and the defendants had lawyers. A lawyer's involvement with an individual or entity does not itself constitute a defense to any charge in this case. The defense has not claimed, and cannot claim, that the defendants' conduct was lawful because they acted in good faith on the advice of a lawyer.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023); the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022); and the Honorable Analisa Torres in *United States v. Shea*, No. 20 Cr. 412 (S.D.N.Y. May 23, 2022).

**REQUEST NO. 29:**     **Conscious Avoidance**

(If Applicable)

As I explained with respect to each count charged in the indictment, the Government is required to prove that the defendants acted knowingly. In determining whether the defendant you are considering has knowledge of a fact, you may consider whether that defendant deliberately closed his or her eyes to what otherwise would have been obvious. As you all know, if a person is actually aware of a fact, then he or she knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he or she was aware of a high probability of that fact, but intentionally avoided confirming that fact. We refer to this concept, this notion of blinding yourself to what is staring you in the face, as "conscious avoidance" or "willful blindness."

With respect to the substantive wire fraud, bank fraud, and securities fraud crimes charged in Counts Two through Four of the Indictment, in determining whether the Government has proven beyond a reasonable doubt that the defendant you are considering had knowledge or acted "knowingly" that a certain thing was intended or would occur, you may consider whether the defendant deliberately closed his or her eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his or her conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, he or she did not actually know the incriminating fact.

Accordingly, if you find that the defendant you are considering was aware of a high probability of a fact, and that defendant acted with deliberate disregard of the fact, you may find

51

that the defendant knew that fact. However, if you find that the defendant actually believed that the fact was not true, then you may not find that he or she knew that fact. You must also remember that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.

With respect to the conspiracy charge in Count One, "conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant you are considering knowingly joined the conspiracy. It is logically impossible for a defendant to agree to join the conspiracy unless he or she affirmatively knows that the conspiracy exists. However, if you find that the defendant you are considering entered into such an agreement, in considering whether he or she knew the illegal object of the conspiracy, you may consider whether the defendant was aware of a high probability that facts were so, but took deliberate and conscious action to avoid confirming those facts. In other words, if you find beyond a reasonable doubt that the defendant deliberately avoided learning or confirming the illegal object of the conspiracy, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of learning a fact as the equivalent of knowledge. If, however, the defendant actually believed that he or she was not a party to an illegal agreement, or if the defendant was merely negligent or careless with regard to what knowledge he or she had, he or she lacked the knowledge necessary to become a coconspirator.

> Adapted from the charges of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), the Honorable Paul A. Crotty in *United States v. Campo Flores*, No. 15 Cr. 765 (S.D.N.Y. Nov. 18, 2016) (conscious avoidance instruction affirmed by *United States v. Campo Flores*, 945 F.3d 687, 715 (2d Cir. 2019)), and from Sand, *Modern Federal Jury*

*Instructions*, Instr. 3A, and *United States v. Goffer*, 721 F.3d 113 (2d Cir. 2013). *See also United States v. Ferguson*, 676 F.3d 260, 278 (2d Cir. 2011) (Government "need not choose between an 'actual knowledge' and a 'conscious avoidance' theory"); *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."); *United States v. Reyes*, 302 F.3d 48, 55 (2d Cir. 2002) (discussing conscious avoidance in conspiracy cases and noting that "the jury may use the conscious avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy"); *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) (conscious avoidance instruction should include the "high probability" and actual belief language).

**REQUEST NO. 30:    Venue**

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester. This requirement is called "venue." Venue refers to the fact that the Government must prove that a charge was properly brought in this court as opposed to a different federal court. You'll determine the satisfaction of the venue requirement separately for each count.

For the bank fraud charge in Count Three and the securities charge in Counts Four, it is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself need not be a criminal act, and the act need not have been taken by the defendant you are considering, so long as the act was part of the crime that you find that the defendant committed.

For the wire fraud charge in Count Two, it is sufficient to establish venue if the defendants caused any interstate wire such as an email, phone call, television or internet broadcast, or financial transaction to be transmitted into or out of the District. The wire need not itself be criminal as long as it was transmitted or caused to be transmitted as part of the scheme. The act need not have been taken by the defendant you are considering, so long as the act was part of the crime that you find he or she committed.

With respect to Count One, the conspiracy charge, it is sufficient for the Government to prove that some act in furtherance of the conspiracy occurred within the Southern District of New York. In this regard, the Government does not have to prove that the crime itself was committed in this District or that the defendant you are considering was even present here.

As to the venue requirement alone, the Government's burden is to show that venue is proper by a preponderance of the evidence. That is, the Government must show simply that it is more likely than not that venue is proper here.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), and the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Oct. 14, 2022). *See also United States v. Lange*, 834 F.3d 58, 72 (2d Cir. 2016) (venue proper where fraudulent communications were received).

**REQUEST NO. 31:     False Exculpatory Statements**

(If Applicable)

You have heard statements by a defendant, which are in evidence, in which he or she claimed that their conduct was consistent with innocence and not guilt. The Government claims that those statements in which he or she exonerated or exculpated himself or herself were false. If you find that the defendant gave a false statement in order to divert suspicion from himself or herself, you may infer that the defendant believed that he or she was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he or she is charged. Whether or not the evidence as to a defendant's statements shows that the defendant believed that he or she was guilty, and the significance, if any, to be attached to any such evidence, are matters for you the jury to decide.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), and the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (RJS) (S.D.N.Y. Dec. 6, 2017).

## REQUEST NO. 32:     Other Acts Evidence

### (If Applicable)

Now, you also heard evidence that the defendants engaged in misconduct that is not charged in this Indictment including _____. The defendants are not on trial for committing those acts. Accordingly, you may not consider the evidence of other uncharged bad acts as a substitute for proof that the defendant you are considering committed the crimes with which he or she is charged here. Nor may you consider that evidence as proof that the defendant you are considering has a criminal personality or bad character. The evidence was admitted for limited purposes, and you may consider it for those purposes alone.

More specifically, you may consider the evidence you have heard regarding _____ as relevant to _____.

Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023).

**REQUEST NO. 33:     Variance in Dates**

As I have described the Indictment, you may have noticed that it refers to various dates or times. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date, and it is not essential that the Government prove that the charged offenses started and ended on any specific dates. The law requires only a substantial similarity between the dates alleged in the indictment and the dates established by the evidence.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 3-12, and the charge of the Honorable Lewis A. Kaplan in *United States v. Jones*, No. 17 Cr. 791 (S.D.N.Y. Dec. 16, 2019).

**REQUEST NO. 34:    Expert Witnesses**

(If Applicable)

You heard the testimony of certain witnesses described as expert witnesses. An expert is a witness who, by education or experience, has acquired knowledge in a specialized area. Such witnesses are allowed to give their opinions as to relevant matters in which they profess to be an expert, and to give the reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in a field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence before you. You should not, however, accept a witness's testimony merely because he or she is an expert in a field. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you, the jury.

Adapted from the charges of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023); the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (S.D.N.Y. Dec. 6, 2017); and the Honorable J. Paul Oetken in *United States v. Middendorf*, No. 18 Cr. 36 (S.D.N.Y. Feb. 1, 2022).

**REQUEST NO. 35:     Law Enforcement Witnesses**

You have heard the testimony of law enforcement witnesses and other Government employees. The fact that a witness may be employed by the Federal Government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

> Adapted from the charges of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (S.D.N.Y. Feb. 1, 2022), and from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, No. 18 Cr. 124 (S.D.N.Y. Sept. 24, 2018).

**REQUEST NO. 36:    Preparation of Witnesses**

(If Applicable)

You have heard evidence during the trial that some witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court. Although you may consider that fact when you evaluate a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023).

**REQUEST NO. 37:**     **Uncalled Witnesses – Equally Available To Both Sides**

There are people whose names you have heard during the course of trial, but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof remains at all times with the Government.

> Adapted from the charge of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023).

**REQUEST NO. 38:     Other Individuals Not on Trial**


You may not draw any inference, favorable or unfavorable, toward the Government or the

defendant you are considering from the fact that any person was not named as a defendant in this

case, and you may not speculate as to the reasons why other people are not on trial before you

now. Those matters are wholly outside your concern and have no bearing on your function as

jurors in deciding the case before you.

> Adapted from the charge of the Honorable Alvin K. Hellerstein in
> *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y.
> Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v.*
> *Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023).

**REQUEST NO. 39:**     **Defendant's Testimony**

(If Applicable)

In a criminal case, the defendant never has a duty to testify or come forward with any evidence. The reason is that, as I have told you, the defendant is presumed innocent and the government at all times has the burden of proof beyond a reasonable doubt. But, if he or she chooses, the defendant has the right to testify and to take the witness stand on his or her own behalf.

As you saw, the defendant [JAVICE or AMAR] took the witness stand and testified. I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case. You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023); *see also United States v. Gaines*, 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses."). *But see United States v. Solano*, 966 F.3d 184, 197 (2d Cir. 2020) (holding that it was error for the district court to instruct that "any" witness with an interest in the outcome of the case, which included the defendant, necessarily has a "motive to testify falsely").

**REQUEST NO. 40:      Defendant's Right Not To Testify**

(If Requested by the Defense)

The defendants did not testify. Under our Constitution, a defendant never is required to testify or to present any evidence because it is always the Government's burden to prove a defendant guilty beyond a reason doubt. A defendant never is required to prove that he or she is innocent. You may not attach any significance to the fact that the defendants did not testify. You may not draw any adverse inference against the defendants because the defendants did not take the witness stand. You may not consider this in any way in your deliberations.

Adapted from the charge of the Honorable Lewis A. Kaplan in
*United States v. Gatto*, No. 17 Cr. 686 (S.D.N.Y. Oct. 1, 2018).

**REQUEST NO. 41:** **Particular Investigative Techniques Not Required**

(If Applicable)

You have heard reference to certain investigative techniques that were used or not used by the Government in this case. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques.

> Adapted from the charge of the Honorable Alvin K. Hellerstein in *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 7, 2023); the Honorable Lewis A. Kaplan in *United States v. Gatto*, No. 17 Cr. 686 (S.D.N.Y. Oct. 1, 2018).

**REQUEST NO. 42:**     **Use of Evidence Obtained Pursuant to Searches**

(If Applicable)

You have heard testimony about evidence seized, pursuant to search warrants signed by a judge, from email accounts, Google accounts, Dropbox accounts, and electronic devices. Evidence obtained from these searches was properly admitted in this case and may properly be considered by you. Indeed, searches of online accounts and electronic devices are entirely appropriate law enforcement actions. Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023).

**REQUEST NO. 43:     Use of Charts and Summaries**

There is evidence before you in the form of charts and summaries. Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (S.D.N.Y. Feb. 1, 2022).

## REQUEST NO. 44:    Stipulations
### (If Applicable)

You have heard some stipulations in this case. Generally speaking, there are two kinds.

A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true, but it is still for you to determine the weight to be given to that fact.

A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the weight to be given to that testimony.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (S.D.N.Y. Dec. 6, 2017).

**REQUEST NO. 45:    Recordings and Transcripts**

The Government has introduced evidence in the form of audio recordings.

Whether you approve or disapprove of the recording of these conversations may not enter into your deliberations. I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, that the Government's use of this evidence is lawful, and that these recordings were properly admitted into evidence at this trial.  You must, therefore, regardless of any personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the Government has proved a defendant's guilt beyond a reasonable doubt.

Transcripts of English recordings were provided to use as aids.  Transcripts of English recordings, as I instructed you then, and I remind you now, are not evidence.

You were also given a transcript of a recording in [foreign language].  Although some of you may know [foreign language], it is important that all jurors consider the same evidence. Therefore, you must accept the English translations that are in evidence and disregard any different meaning.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (S.D.N.Y. Dec. 6, 2017).

**REQUEST NO. 46:**     **Redactions**

(If Applicable)

There are, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (S.D.N.Y. Nov. 2, 2023), and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (S.D.N.Y. Feb. 1, 2022).

**REQUEST NO. 47:     Concluding Remarks**

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.

Dated: New York, New York
       January 13, 2025

Respectfully submitted,

MATTHEW PODOLSKY

Chief Counsel to the Acting United States Attorney
Attorney for the United States, Acting under
Authority Conferred by 28 U.S.C. § 515

By:     _____
        Rushmi Bhaskaran
        Nicholas W. Chiuchiolo
        Micah F. Fergenson
        Georgia Kostopoulos
        Assistant United States Attorneys
        Telephone: (212) 637-2439 / 1247 / 2190 / 2212