## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLIE JAVICE and OLIVIER AMAR,<br><br>Defendants. | Case No. 1:23-CR-251 (AKH)<br><br>**MOTION TO COMPEL PRODUCTION OF RECORDS** |

### INTRODUCTION

Defendant CHARLIE JAVICE, by and through her undersigned counsel, respectfully petitions this Court for an Order compelling the Government to produce true and accurate archived copies of the Frank Website as it existed (1) during the period that JP Morgan Chase Bank, N.A. ("JPMC" or the "Bank") was conducting due diligence related to its acquisition of Frank, and (2) after JPMC acquired Frank, immediately prior to JPMC taking the Frank Website offline. These records are of vital importance to the defense, as they are expected to contain exculpatory and impeachment evidence directly relevant to refuting the charges against Ms. Javice, to undermine the credibility of key Government witnesses, and to illuminate the context surrounding the Bank's acquisition of Frank. The Government's failure to produce these records is not only unjustified but directly contravenes well-established principles under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1964), *Giglio v. United States,* 405 U.S. 150 (1972), and their progeny, all of which mandate the disclosure of evidence favorable to the

accused.  In order to protect Ms. Javice's due process rights and ensure a fair trial, this Court should order the Government to produce the requested materials immediately.[1]

## BACKGROUND

TAPD, Inc., d/b/a Frank ("Frank") was a financial aid platform founded by Ms. Javice in 2017, aiming to simplify the Free Application for Federal Student Aid ("FAFSA") process for students, among other services, all of which were accessible through the Frank Website: https://withfrank.org/ (the "Website").  In 2021, JPMC acquired Frank, after which time the Bank assumed ownership and control of the website.  JPMC shut down the Website in January 2023, months after it became aware of the government's investigation in October 2022, and months before Ms. Javice was arrested and indicted in this case.  As a result, it is no longer accessible to Ms. Javice.

Now, the Government made the Website and representations allegedly made therein, a key part of its case against Ms. Javice.  Indeed, the Government's own Complaint against Ms. Javice quotes from and includes a screenshot of the Website as it existed in or about July 2021.  Dkt. No. 1 at 4-5.  The Government's June 24, 2024 Bill of Particulars expressly alleged that Ms. Javice and her co-defendant Olivier Amar made "false and misleading statements . . . on Frank's website," and highlighted alleged changes to the website as evidence of Ms. Javice's misrepresentations.  Dkt. No. 140 at 3-4.

The Government has not produced the Website to Defendants or included it on its exhibit list, despite its own recognition of the Website's relevance and its reliance on the Website as a key

---

[1]  On Wednesday, January 8, 2025, in a good-faith attempt to resolve this issue without motion practice, counsel for Ms. Javice requested that the Government inform Defendants whether it has obtained a copy of the Website and, if it has, whether it intends to add it to the Government's exhibit list. The Government indicated that it would provide a response by the end of last week, but did not.

piece of evidence. The Government's omission is particularly significant as its case is predicated on allegations of misrepresentations and omissions of information. JPMC acquired the Website in its purchase of Frank and moved it from a third-party hosting service to JPMC's own website. The very essence of Frank and the interface by which the public would access and interact with Frank's products is integral to evaluating Defendants' representations; thus, the Website's content is indispensable to understanding the context and circumstances surrounding the alleged misconduct.

## ARGUMENT

The Government's failure to produce the Website that is the very crux of its claims against Defendants severely prejudices the defense and casts serious doubts regarding whether the Government has satisfied its disclosure obligations under Rule 16, *Brady*, and *Giglio*.

## I.    Federal Rule of Criminal Procedure 16 Mandates Production of the Frank Website

Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure requires the Government to disclose documents "within the government's possession, custody, or control" if those documents are "material to preparing the defense." Pursuant to Rule 16, materiality is not construed as a high bar; the Second Circuit has found documents material so long as they "could be used to counter the government's case or to bolster a defense." *United States v. Clarke*, 979 F.3d 82, 97 (2d Cir. 2020) (quoting *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993)). That includes evidence that could assist the defense in "uncovering admissible evidence, aiding witness preparation, corroborating  testimony, or assisting impeachment or rebuttal." *United States v. Stein*, 488 F. Supp. 2d 350, 356-57 (S.D.N.Y. 2007) (citing *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)).

Here, copies of the Frank Website are plainly in the Government's possession, custody, or control.  The Government relied on an archived copy of the Website in its Complaint.  *See, e.g.,* Dkt. No. 1 at 4 ("Based on my review of an archived snapshot of Frank's website in or about July 2021 . . . .").  The Government's own 3500 materials indicate that it is capable of preserving a website; and, it has in fact done so in this case.  *See, e.g.,* Gov't Doc. 3520-001 (████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████).[2]  Meanwhile, Ms. Javice has not been able to access the Website since 2022, well before she was indicted and began preparing her defense.

Rule 16's materiality prong is easily satisfied: the Government, in its Complaint and Bill of Particulars, has relied on cherry-picked excerpts that the Government alleges were pulled from the Website to bolster its allegations that Ms. Javice misrepresented information about Frank during acquisition negotiations with JPMC.  Access to complete and accurate archived versions of the Website, including its myriad of sub-pages, as the Website existed (1) during due diligence and (2) after JPMC acquired Frank would allow Ms. Javice to, at minimum, counter those allegations.  It would also allow her to prepare to impeach any witnesses who might testify as to information they allegedly gleaned from the Website and to uncover evidence that would likely assist in her preparation of a defense.

---

[2]  Redactions correspond to materials the Government has designated under the protective order in this case.  Ms. Javice has no objection to the publication of any of this information and is available to confer with the Government regarding confidentiality of this information.  In an abundance of caution, this information is currently redacted from this public filing.

In addition to directly rebutting certain claims of the Government, the Website would bolster Ms. Javice's defense by demonstrating the extensive range of functions that Frank provided. The range of functions extended far beyond simply assisting users in filing a FAFSA, and by way of a non-exhaustive list included features that provided students with resources for financial aid comparison, personalized guidance on scholarship opportunities, college cost calculations, and support for managing overall student financial planning. The Government attempts to create a misleadingly narrow understanding of Frank's purpose and operations, by focusing solely on Frank's FAFSA-related services while omitting the broader context of the Website. A complete and accurate version of the Website is crucial for the defense to demonstrate the full scope of the platform's offerings. Moreover, the Website offered information regarding Frank's users, a central issue of the Government's case.

These records are material not only to challenging the Government's case but also to establishing the defense's theory of the case.

## II. The Government Has an Obligation to Disclose Exculpatory and Impeachment Evidence Under *Brady* and *Giglio*

Under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the Government is required to disclose evidence favorable to the accused when it is material to guilt or punishment. This duty encompasses not only exculpatory evidence but also information that could impeach the credibility of government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667, 676 (1985) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule."). When the credibility of witnesses is a central issue in a case, any information that could potentially undermine the reliability or truthfulness of those witnesses must be disclosed to the defense.

As described above, the Frank Website *is* Frank—the company at the center of this case. The Website will demonstrate the statements and information that JPMC and other potential acquirers encountered when they initially considered purchasing a web-based company; changes to those statements over time; Frank's products at the time of the acquisition; and JPMC's understanding of the company it acquired and the webpages JPMC itself hosted, among other items at issue. In addition to offering various products, the Website included information regarding Frank, Frequently Asked Questions, and blog posts. This explanatory information may include details regarding Frank's users that run contrary to the Government's allegations that Ms. Javice materially misrepresented certain metrics. As such, the contents of the Frank Website, which JPMC hosted for nine months before shutting it down, certainly include exculpatory information and impeachment material that will contradict the Government's version of events.

The Government's failure to disclose these records violates its obligations under *Brady* and *Giglio*, depriving Ms. Javice of evidence essential to her defense.

## CONCLUSION

For the foregoing reasons, Defendant CHARLIE JAVICE respectfully requests that this Court issue an Order compelling the Government to produce archived copies of Frank's Website (https://withfrank.org/), including all constituent pages associated with the Frank URL, for the time periods (1) during which JPMC was conducting due diligence related to its acquisition of Frank and (2) after JPMC acquired Frank, immediately prior to the time that JPMC shut down the Website.

Ms. Javice further requests that the production of these materials be expedited to ensure adequate time for review and integration into the defense strategy, as is her right under *Brady* and the Fifth and Sixth Amendments to the Constitution. The disclosure is necessary for the defense

to conduct a complete and effective cross-examination of Government witnesses and to present a fully informed case at trial.

Dated: January 13, 2025                    Respectfully submitted,

                                           /s/ Ronald Sullivan_____

                                           Ronald Sullivan
                                           Ronald Sullivan Law PLLC
                                           1300 I Street NW
                                           Suite 400E
                                           Washington, DC 20005
                                           rsullivan@ronaldsullivanlaw.com
                                           (202) 313-8313

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 13, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

By: *<u>/s/ Ronald Sullivan</u>*