UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>CHARLIE JAVICE and OLIVIER AMAR,<br><br>Defendants. | Case No.: 1:23-cr-00251-AKH |

**CHARLIE JAVICE'S REPLY IN SUPPORT OF HER
MOTION TO SEVER HER TRIAL FROM CO-DEFENDANT OLIVIER AMAR**

Eighteen months after the Superseding Indictment in this case was filed, and just weeks before trial is scheduled to begin, Ms. Javice learned that her co-defendant Olivier Amar intends to present an antagonistic defense, ██████████████████████████████████████ ████████████████████████████████████████ Immediately after learning that Mr. Amar would definitively pursue that defense, Ms. Javice moved for severance. Ms. Javice joins in the government's frustration that it would have been far more convenient if Mr. Amar had disclosed his intended defense much earlier in the case. However, with less than 20 days before trial, Ms. Javice is now in the untenable position of preparing for a trial ████████████ ████████████████████████████ Trying Ms. Javice together with Mr. Amar would be unconstitutional. Severance is warranted.

The government strains to distinguish Ms. Javice and Mr. Amar's defenses so that they are not mutually exclusive, but it can only do so by mischaracterizing them. Ms. Javice's defense is simple: she did not commit fraud of any kind, in any transaction in which she was involved. ████ ████████████████████████████████████████ ██████████████████████████████████ *See* ECF No. 186 ¶ 5. There is no way to construe these defenses to be in harmony: accepting Mr. Amar's defense would preclude acquitting Ms. Javice. Nor do the government's hypothetical jury outcomes demonstrate lack of antagonism. A range of outcomes is present in every case, and the Second Circuit rejected this very argument in *United States v. Serpoosh*, 919 F.2d 835, 838 (2d Cir. 1990) (granting severance) ("[T]he government's summation contrasted the 'theoretical[]' possibility that neither of the defendants knew of the drug transaction (i.e., both stories were true) with the 'realistic world' in which neither story could be true"). The fact that the jury could reject both the government's and Mr. Amar's allegations and acquit Ms. Javice, or convict both Ms. Javice and

Mr. Amar, does not make their defenses sufficiently compatible to deny severance. *United States v. Nordlicht*, No. 16 Cr. 640 (BMC), 2018 WL 1796542, at * 4 (E.D.N.Y. Apr. 16, 2018). Severance is required in these circumstances. *Serpoosh*, 919 F.2d at 838 (reversing convictions for failure to sever where one defendant's testimony "contradicted [his codefendant]'s story in all significant respects" and his summation argued that the codefendant was only using him as an unwitting "buffer" to facilitate a drug purchase); *Nordlicht*, 2018 WL 1796542, at *4 (severing trial where one defendant intended to argue that his codefendants committed fraud but kept it hidden from him); *United States v. Copeland*, 336 F. Supp. 2d 223, 224 (E.D.N.Y. Sept. 20, 2004) (severing where "Copeland's theory of defense (i.e., he was not involved in the bank robbery) is mutually antagonistic to Vasquez's theory (i.e., Copeland—not Vasquez—entered the bank to commit the robbery).").

Whether or not Ms. Javice's and Mr. Amar's defenses are directly contradictory (and they are), Ms. Javice will still be prejudiced by a trial in which she faces "double prosecution" by the government and Mr. Amar. *United States v. Shkreli*, 260 F. Supp. 3d 247, 256–57 (E.D.N.Y. Apr. 19, 2017) (granting severance even though defendants did not establish mutually antagonistic defenses because "double prosecution" would not allow Mr. Shkreli to enjoy a fair trial). Ms. Javice's concerns are not merely academic. In order to zealously represent their client, Mr. Amar's counsel have decided to assert that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—a job normally reserved for the government prosecutor. "The existence of this extra prosecutor is particularly troublesome because the defense counsel are not always held to the limitations and standards imposed on the government prosecutor." *United States v. Tootick*, 952 F.2d 1078, 1082 (9th Cir. 1991); *see* ECF No. 185 at 7–8 (describing the problems implicated by a co-defendant's lack of reciprocal discovery obligations and ability to introduce evidence likely unavailable to the government).

2

Indeed, Ms. Javice finds ███████████████████████ ███████████ which threatens her right to a fair trial. ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████ Further, ████

████ Ms. Javice has presented a sworn affidavit to the Court regarding Mr. Amar's intent to pursue an antagonistic defense.[1] ECF Nos. 186, 187. Mr. Amar has declined to provide Ms. Javice with further information about his trial defense, the details of which the government is not entitled prior to trial,[2] but has stated a willingness to provide such detail to the Court. Unless Mr. Amar

---

[1] Mr. Amar has indicated that he is willing to make an *ex parte in camera* proffer to the Court regarding his defense at the January 23, 2025 hearing, or at the Court's convenience.

[2] The government requested that Ms. Javice provide authority to support her non-disclosure of Mr. Amar's defense and request for an *ex parte in camera* proffer regarding that defense. Counsel for Ms. Javice supplied that authority and requested any contrary authority. The government did not respond, presumably because it has no authority to support its position. *See United States v. Daughtry*, 2011 WL 724668, at *4 (S.D.N.Y. Feb. 25, 2011) (Court considered *ex parte* letters from defense counsel in connection with an assertion of an antagonistic defense); *United States v. Jones*, 1986 WL 7787, at *1 (S.D.N.Y. July 10, 1986) (defense counsel permitted to submit an *ex parte* affirmation for consideration *in camera* that detailed the expected contentions that would give rise to the antagonistic defenses); *United States v. Morales-Guanill*, 2014 WL 4983857, at *1, n. 2 (D.P.R. Oct. 6, 2014) (recognizing, in connection with a request for severance, the "legitimate need to keep *ex parte* some of the discussions, as well as the motions, because they reveal defense strategy" and noting that "courts considering motions to sever seem to consider such *ex parte* materials as a matter of course."); *United States v. Gomez*, 2018 WL 501607, at *3 n. 2 (S.D.N.Y. Jan. 19, 2018) (granting defendants leave to file an affirmation "*ex parte* and under seal because it disclose[d] confidential and privileged possible defenses and strategies") (cleaned up).

3

represents to the Court that he *does not* intend to argue ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[3]

The government's other arguments are equally unavailing. Ms. Javice agrees with the truism that severance is granted only when the defendant's right to a fair trial is imperiled. ECF No. 216 at 11–12 (listing cases denying severance). The government, however, fails to grapple with the fact that this is the exact position in which Ms. Javice finds herself. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Indeed, no limiting instruction can protect Ms. Javice's constitutional right to a fair trial while she is waging war on two fronts. Severance is the only appropriate remedy.

---

[3] Ms. Javice reserves the right to adjust her arguments based on Mr. Amar's representations to the Court.

4

## **CONCLUSION**

For all these reasons, the Court should sever Ms. Javice's and Mr. Amar's trials.

[*Remainder of page intentionally blank.*]

Respectfully submitted,

DATED: January 21, 2024

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By: /s/ Sara C. Clark<br><br>Sara Clark (*pro hac vice*)<br>700 Louisiana Street, Suite 3900<br>Houston, TX 77002<br>Telephone: (713) 221-7100<br>saraclark@quinnemanuel.com<br><br>Erica Perdomo (*pro hac vice*)<br>2601 South Bayshore Drive, Suite 1550<br>Miami, FL 33133<br>Telephone: (305) 402-4880<br>ericaperdomo@quinnemanuel.com<br><br>**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**<br><br>David Siegal<br>Ellen Shapiro<br>919 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 935-3000<br>dmsiegal@mintz.com<br>eshapiro@mintz.com<br><br>Eóin P. Beirne (*pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>Telephone: (617) 542-6000<br>epbeirne@mintz.com | **BAEZ LAW FIRM**<br><br>Jose Baez (*pro hac vice*)<br>Rosemarie E.W. Peoples (*pro hac vice*)<br>1200 Brickell Avenue<br>Miami, FL 33131<br>Telephone: (305)-999-5100<br>jose@baezlawfirm.com<br>rosemarie@baezlawfirm.com<br><br>**RONALD SULLIVAN PLLC**<br><br>Ronald Sullivan (*pro hac vice*)<br>1300 I Street NW, Suite 400E<br>Washington, DC 20005<br>Telephone: (202) 313-8313<br>rsullivan@ronaldsullivanlaw.com<br><br><br><br><br><br><br><br><br><br><br>*Counsel for Defendant Charlie Javice* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

By: */s/ Sara C. Clark*