UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
UNITED STATES OF AMERICA,                              :
                                                       :     **PRODUCTION ORDER**
       -against-                                       :
                                                       :     23 Cr. 251 (AKH)
CHARLIE JAVICE and OLIVIER AMAR,                       :
                                                       :
                              Defendants.              :
                                                       :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Currently before the Court are motions to compel production brought by the Government and Defendant Charlie Javice respectively. The Government requests an Order compelling Defendants to produce Rule 16(b) and Rule 17 materials, as well as Rule 26.2 materials. Defendant Charlie Javice requests an Order compelling the Government to produce a copy of the Frank website as it existed during the period immediately before and immediately after JP Morgan Chase Bank, N.A. ("JPMC") acquired Frank. I will address each in turn.

**I.**  **Production of Rule 16(b) and Rule 17 Materials**

   Pursuant to Rule 16(b), if a defendant requests disclosure from the government of Rule 16 material and the government complies, the defendant must make reciprocal disclosures. Fed. R. Crim. P. 16(b); *see also United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853 (2d Cir. 1978). The Government represents that it has made Rule 16 productions to the defense, but that it has not received Rule 16 productions from the defense. The Defendants shall produce any Rule 16(b) materials in their possession, including Rule 17 subpoena return materials once received from the SEC, the FDIC, and J.P. Morgan Chase Bank.

1

## II. Production of Rule 26.2 Materials

In my Order of September 24, 2024, I set a schedule ordering the Government to produce 18 U.S.C. § 3500 Jencks Act material by December 16, 2024, and Defendants to produce Rule 26.2 material by January 6, 2025. ECF No. 163. Rule 26.2 contemplates the production of "any statement of the witness that is in [the defendant's] possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a). As defined in Fed. R. Crim. P. 26.2(f), a witness's statement includes written statements made and signed, or otherwise adopted or approved, by the witness; contemporaneously recorded and substantially verbatim recitals of the witness's oral statements; and the witness's statements to a grand jury, as either recorded or transcribed. The rule, in parallel to 18 U.S.C. § 3500, encompasses notes made by a witness's interviewer, as well as any materials shown to and adopted or approved by the witness. *See* Fed. R. Crim. P. 26.2 Advisory Committee Note-1979. It does not, however, encompass legal memoranda or documents produced by an attorney beyond those interview notes or statements adopted by the witness.

"[I]t is the usual practice in this district, notwithstanding the procedure set forth in Rule 26.2(a) and § 3500, for the Government to voluntarily produce witness statements at some point prior to trial." *Guerrero v. United States*, 2017 WL 1435743, at *8 (S.D.N.Y. April 20, 2017). The Government represents that although it has produced Jencks Act material to the defense, it has not received Rule 26.2 materials from the defense. The same reciprocal discovery principle that underlies Rule 16 production underlies Rule 26.2 and Jencks Act production. *See* Fed. R. Crim. P. 26.2 Advisory Committee Note-1979; *see also United States v. Sanchez*, 2023 WL 5944123, at *10 (W.D.N.Y. May 5, 2023) (noting, in addition to the reciprocal discovery interest, an interest in a timely and efficient trial). To the extent that Defendants have in their

2

possession any witness statements that fall within the scope of Rule 26.2, including notes taken by a witness's interviewer or materials shown to and adopted or approved by the witness, but excluding other attorney work product, Defendants are instructed to comply with my Order of September 24, 2024 and produce them to the Government no later than Friday, January 31, 2025.

### III.  Production of the Frank Website

Defendant Charlie Javice requests that this Court order the Government to produce archived copies of the Frank website as it existed during the period leading up to and immediately after JPMC's acquisition of Frank in 2021. Fed. R. Crim. P. 16 requires the Government to disclose documents within its "possession, custody, or control" if those documents are "material to preparing the defense." The Government also has an obligation to disclose evidence within its possession that is favorable to the accused when it is material to guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83 (1963); *see also Giglio v. United States*, 405 U.S. 150 (1972). The Government represents that it does not possess the specific copies of the Frank website that Defendant Javice requests, and that it has already produced the copy of the Frank webpage that is within its possession. Defendant's motion to compel production of the website is denied as moot.

The Clerk is directed to terminate the motions, ECF Nos. 190 and 200.

SO ORDERED.

Dated:    January 23, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3