UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :   **SUMMARY ORDER**
    -against-                                                :
                                                              :   23 Cr. 251 (AKH)
CHARLIE JAVICE and OLIVIER AMAR,                              :
                                                              :
                              Defendants.           :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        At the final pretrial conference on February 4, 2025, I heard oral arguments and issued rulings as to Defendants' motion to compel production from JPMorgan Chase Bank, N.A. ("JPMC"), Defendants' motion to suppress Google Drive materials, Defendants' motion to compel compliance with Rule 16, *Brady*, and *Giglio*, and JPMC's motion to quash Defendants' Rule 17(c) subpoenas. This is a summary order of my rulings.

        Defendants Javice and Amar filed a joint motion to compel production by JPMC of (1) the identities of 145 current and former employees who certified they did not have relevant text messages, and (2) the certifications by the eight employees who are potential Government witnesses that they did not use text messages for business purposes. At the pretrial conference, Defendants represented that they were dropping the first request, and their motion as to that request is therefore denied as moot. The motion is granted as to the second request. JPMC is to produce, in excerpted part, the certifications as to their text messages of the eight potential witnesses.

        Defendant Amar, joined by Defendant Javice, moves to suppress Google Drive materials obtained by the Government pursuant to a search warrant. The search warrant was

1

properly issued, and the Government may continue to review documents obtained pursuant to that search warrant. The motion to suppress is denied.

Defendant Amar, joined by Defendant Javice, moves to compel compliance with Rule 16, *Brady*, and *Giglio*, namely by requesting that the Government obtain from JPMC and produce to Defendants notes taken by JPMC in conducting interviews with employees who are potential witnesses in this case, as well as the contents of the email inboxes of certain JPMC employees who are potential witnesses. Defendants argue that although these documents are in the possession of JPMC, the Government has control over them given the relationship between the Government and JPMC in prosecuting this case. The Government is not required to produce materials not in its possession, and its coordination with JPMC in this case does not cause JPMC's documents to be within its control. Consistent with my prior ruling on a similar motion to compel, *see* ECF No. 61, Defendants' motion to compel production of these materials is denied. Defendants also move to compel production by the Government of documents from the Federal Deposit Insurance Corporation ("FDIC"), arguing that the Government coordinated with the FDIC in prosecuting this case. The Government represents that only a select number of FDIC special agents were on its prosecution team, and that all documents from that joint investigation with the FDIC special agents have been produced. The Government is under no obligation to produce any further documents from the FDIC, and Defendants' motion to compel as to those documents is also denied.

JPMC moves to quash two subpoenas issued by Defendant Amar, one on January 13, 2025 and one on January 29, 2025, insofar as they seek documents from the personnel files of certain employees and other potential witnesses. The subpoenas at issue are overbroad and fall outside the scope of Fed. R. Crim. P. 17(c). *See United States v. Bergstein*, 788 F. App'x

2

742, 746 (2d Cir. 2019). JPMC's motion to quash is granted. To the extent the subpoenas also request production of copies of the Frank website, which JPMC does not oppose, JPMC shall produce any copies within its possession no later than Friday, February 7, 2025. JPMC's motion to seal the identifying information of these individuals, as contained in its motion to quash materials, is granted. JPMC shall file under seal unredacted copies of the motion to quash and accompanying materials.

## CONCLUSION

Defendants' motion to compel production by JPMC, ECF No. 237, is denied in part and granted in part, as detailed above. Defendants' motion to suppress, ECF No. 225, is denied. Defendants' motion to compel compliance with Rule 16, *Brady*, and *Giglio*, ECF No. 231, is denied. JPMC's motion to quash Defendants' Rule 17(c) subpoenas, ECF No. 255, is granted. JPMC's motion to seal portions of their motion to quash, ECF No. 259, is granted. The Clerk is directed to terminate the open motions, ECF Nos. 225, 231, 237, 255, and 259.

SO ORDERED.

Dated:   February __, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge