# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

February 7, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> This motion implicates competing interests. There is an interest in evaluating this narrow set of potential impeachment evidence before trial begins. There is also a privacy interest in the personnel files requested. Accordingly, JPMC will produce, no later than Thursday, February 13, 2025, the requested documents for examination by the Court and subject to further orders of the Court.
> SO ORDERED.  2-11-25
> [signature]

Re:   *United States v. Charlie Javice and Olivier Amar,*
      **23 Cr. 251 (AKH)**

Dear Judge Hellerstein:

We write respectfully on behalf of Defendant Olivier Amar to request partial reconsideration of the Court's February 4, 2025 order granting JPMC's motion to quash a subpoena seeking personnel files in JPMC's possession, custody, and control that relate to two anticipated Government witnesses (the "Subpoena"). *See* ECF Nos. 255, 260.[1] Through this motion, Mr. Amar seeks only those specific files—which JPMC admittedly possesses and has identified—for ███████, a key Government witness.[2] As detailed below, ███████ personnel files contain documents that are relevant to showing bias, as well as critical

---

[1] JPMC filed its motion a few minutes before midnight on the eve of the final pretrial conference in this action. Defendants did not have the opportunity to submit an opposition brief, necessitating the instant letter motion.

[2] The full language of the relevant request is as follows:

> Documents contained within the personnel file(s) of ███████ . . . that pertain to his employment at Frank and JPMC, including documents that reflect his responsibilities, reviews of his performance, and complaints or disciplinary actions initiated by or made against him or that otherwise relate to him (whether made formally or informally).

ECF No. 257, Ex. A at 3.

AMERICAS (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
APAC (HONG KONG, SEOUL, SHANGHAI), CARIBBEAN (BVI, CAYMAN ISLANDS), EMEA (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

Hon. Alvin K. Hellerstein, U.S.D.J.
February 7, 2025
Page 2

impeachment material. We respectfully submit that the below points merit the Court's consideration.[3]

First, ▮ is a key witness in the Government's case against Mr. Amar, and the discovery, along with the limited production made by JPMC in response to the Subpoena, confirms that ▮ JPMC personnel file contains evidence of bias. Based on the Government's disclosures, we expect ▮ to claim that Mr. Amar asked ▮ to create fake user data. Part of Mr. Amar's defense is that ▮ is fabricating that story because of personal animus towards Mr. Amar. That personal animus stemmed from the fact that Mr. Amar had delivered a negative performance review for ▮, among other reasons. We expect that ▮ JPMC personnel file will contain further evidence on these points that would inform Mr. Amar's ability to confront and cross examine ▮.

In fact, one of the seven documents that JPMC already produced in response to the Subpoena reflects the negative performance ratings ▮ received at JPMC after the acquisition, indicating that he received the lowest possible ratings in two out of three areas for the period immediately following the acquisition. Despite producing a single document indicating ▮ performance rating, JPMC did not produce the accompanying substance or source of the review (or any subsequent reviews) that would be contained in ▮ personnel files, which would constitute evidence of bias. Relatedly, the extent to which ▮ has since received any incentives (financial or otherwise) during his tenure at the Bank is critical to demonstrating ▮ bias. While the defense may seek to elicit this testimony from ▮ at trial, absent JPMC's compliance with the request at issue, the defense will be unable to test the veracity of ▮ responses or impeach him with evidence to the contrary.

Second, the Government's disclosures indicate that ▮ Frank and JPMC personnel files likely contain critical impeachment material. Based on the Government's disclosures, we expect ▮ to claim that he complained of or reported various issues with Mr. Amar relating to users or the sale of Frank. Defendants have seen no evidence of these complaints in the Bank's productions to date. Any record of ▮ raising such concerns, or reporting any purported misconduct by Mr. Amar, would be reflected in ▮ personnel files.

Finally, as previewed above, JPMC has already produced some documents from ▮ JPMC personnel file in response to the Subpoena, thereby conceding that the JPMC files exist, that they are readily accessible (indeed, JPMC already located them), and that they contain relevant information. On January 27, 2025, JPMC partially complied with the Subpoena, producing a smattering of seven documents, including ▮ JPMC offer letters, employment history, performance rating, and base salary information. The production, however, failed to include certain other materials that were called for under the Subpoena—documents that would presumably be located in the same file from which JPMC obtained the materials it produced. Most significantly, the production did not include: (1) any performance reviews; or (2) information

---

[3] The Subpoena sought files for another Government witness, ▮. Cognizant of Your Honor's reasons for granting the motion more broadly, we do not ask for reconsideration of that request at this time. We also do not ask the Court to reconsider its ruling regarding a separate subpoena, dated January 29, 2025.

Hon. Alvin K. Hellerstein, U.S.D.J.
February 7, 2025
Page 3

related to incentive compensation (even though, as noted, JPMC *did* produce base compensation information).[4] Nor did the production contain any of the requested impeachment material (as is detailed above).

For these reasons, as well as those raised during the final pretrial conference, Defendants respectfully request that the Court reconsider its decision and order the production of ▇▇▇▇▇ personnel files.[5]

Respectfully submitted,

*/s/ Alexandria E. Swette*
Alexandria E. Swette
Sean S. Buckley
Jonathan D. Cogan
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel: (212) 488-1200
Alexandria.Swette@kobrekim.com
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com

Matthew I. Menchel
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Tel: (305) 967-6100
Matthew.Menchel@kobrekim.com

Erika L. Berman (admitted *pro hac vice*)
1919 M Street, NW
Washington, DC 20036
Tel: (202) 664-1900
Erika.Berman@kobrekim.com

*Counsel for Defendant Olivier Amar*

---

[4] Mr. Amar raised these deficiencies with counsel for JPMC by email on January 28, 2025, and again on January 31, 2025, requesting to meet and confer in advance of the pretrial conference. On February 3, 2025, counsel for JPMC responded to those requests by stating that they were "continuing to evaluate your remaining questions," and shortly thereafter filed a motion to quash without any conferral.

[5] The redactions in this filing are intended to correspond to materials designated under the Protective Orders entered in this action. *See* ECF Nos. 37 & 108.

Hon. Alvin K. Hellerstein, U.S.D.J.
February 7, 2025
Page 4

cc: Greg D. Andres, Sidney Bashago
*Counsel for Non-Party JPMorgan Chase Bank, N.A.*