

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 18, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

The Government respectfully writes with respect to comments made by defendant Charlie Javice's counsel to the media on the eve of trial. In an article published yesterday—the day before jury selection begins today—Javice's lead trial counsel made the following statements to the Financial Times:

> Do a Google search and focus on the July 2021 timeframe and I think you'll find about two dozen articles of all kinds about Frank and Charlie talking about her signed-up users in the several hundred of thousands. It was out there in public.

Ex A. This statement was improper and in violation of S.D.N.Y. Local Criminal Rule 23.1 (Free Press-Fair Trial Directives).[1] Counsel for defendant Olivier Amar properly did not comment to the Financial Times.

Counsel for Javice's comments improperly invite potential jurors to conduct their own inquiry into factual matters well beyond the scope of admissible evidence. Defense counsel even instructs potential jurors as to how exactly they should do so ("Do a Google search"). Defense counsel's comments also suggest that JPMC was negligent in failing to uncover the true number

---

[1] The Rule provides that "[d]uring a jury trial of any criminal matter, including the period of selection of the jury, no lawyer or law firm associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview relating to the trial, the parties, or issues in the trial that a reasonable person would expect to be disseminated by means of public communication if there is a substantial likelihood that the dissemination will interfere with a fair trial; but the lawyer or the law firm may quote from or refer without comment to public records of the court in the case."

of Frank users ("It was out there in public."). The purported negligence of a victim is irrelevant and should certainly not be the subject of public comment by counsel on the eve of jury selection.[2]

Accordingly, the Government respectfully requests that the Court (1) bar defense counsel from making statements in their opening statements of the type that Javice's counsel made to the media yesterday, and (2) direct Javice's counsel to abide by S.D.N.Y. Local Criminal Rule 23.1.

                              Respectfully submitted,

                              MATTHEW PODOLSKY
                              Acting United States Attorney

By:     /s/
                              Rushmi Bhaskaran
                              Nicholas W. Chiuchiolo
                              Micah F. Fergenson
                              Georgia Kostopoulos
                              Assistant United States Attorneys
                              212-637-2439 / -1247 / -2190 / -2212

---

[2] It is irrelevant "if the person to whom a false material representation should have known better or was negligent in believing what was said or not discovering what was said." *United States v. Hwang*, 22 Cr. 240 (AKH), Trial Tr. 5375 (Jury Charge) (S.D.N.Y. July 9, 2024).