

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 20, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    The Government respectfully writes to move to preclude counsel for both defendants from relying on a series of highly improper demonstrative aids proffered by both defendants for opening statements. *See* Ex. A (Javice opening demonstratives ("Javice Slides")); Ex. B (Amar opening demonstratives ("Amar Slides")).[1] The proposed demonstrative aids may, at the conclusion of this trial, be appropriate material for closing argument: they are wholly unsuitable for opening statements. The vast majority feature inadmissible evidence, are highly argumentative, or otherwise invite the jury to draw improper (and in some cases, prohibited) inferences about that evidence.[2]

    First, the proposed demonstrative aids—particularly those offered by Javice—feature dozens of documents that are hearsay, irrelevant, or are otherwise inadmissible. To name just a few of the inadmissible materials Javice intends to show the jury during opening statements, the defendant's proposed demonstrative aids feature:

- internal emails and other prior statements of JP Morgan Chase witnesses who have yet to testify (*see, e.g.*, Javice Slides at 2, 9-11, 15);
- language from JP Morgan Chase's website, including its website "terms of use," and its artificial intelligence initiatives (*id.* at 18, 20);

---

[1] Defense counsel provided copies of both proposed demonstratives on the evening of February 19, 2025. The Government consented to a subset of Amar's proposed demonstrative aids; the enclosed Exhibit B contains the remaining proposed slides, to which the Government objects.

[2] Because the opening slides contain evidence that has not yet been made part of the public record, including the names of certain witnesses, the Government respectfully requests that both exhibits be filed under seal.

- an email sent by in-house counsel at JP Morgan Chase to an unnamed attorney who appears to have been representing Javice when she was placed in administrative leave; and
- news articles praising the defendant's start-up three years before the alleged fraud (*id.* at 29), or commenting on past (and unauthenticated) representations in the media regarding the number of students for whom Frank had obtained financial aid.

These documents have not yet been authenticated, let alone offered into the evidence.[3] Indeed, even assuming *arguendo* their relevance, the majority appear to have significant (and likely insurmountable) challenges to their admissibility. Equally egregious are Javice's efforts to offer textbook hearsay in the form of her own out-of-court hearsay statements. (*See id.* at 21-23.) Worse, Javice apparently intends to present this rank self-serving hearsay to the jury in opening statements, knowing that the documents are not in evidence (and appear highly unlikely to be admitted at all). The Court should not only prohibit the defendants from relying on these demonstrative aids, but preclude remarks during opening statement intended to elicit the inadmissible evidence on which these demonstratives rely.

Second, the proposed slides fundamentally violate the "narrow purpose and scope" of opening statements, which are "generally confined to expectations as to what the evidence will show," *United States v. Yakobowicz*, 427 F.3d 144, 150 (2d Cir. 2005), and are "not an occasion for argument." *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring). Both sets of demonstratives are replete with improper, irrelevant, and highly argumentative content, including the definition of an arm's length transaction (Javice Slides at 16), irrelevant argument about JP Morgan Chase's terms of use on its own website (*id*. at 18), images that appear to illustrate concepts or events about which witnesses have not yet testified (*id.* at 1, 7), inaccurate illustrations of how certain data techniques are generally used that diverge significantly from how the defendants used them in connection with the alleged fraud (Amar Slides at 6-7), and inaccurate and misleading timelines designed to suggest that the due diligence process was somehow rushed or abbreviated (*id.* at 14). Amar also relies on slides that showcase lawyers or legal advisers who represented or assisted Frank as part of the acquisition, despite both defendants' decision not to mount an advice of counsel defense. *See* Amar Slides at 3 (listing law firms that represented Frank and the defendants during the acquisition). Nor can the defendants profess to be ignorant of the patently argumentative nature of these demonstrative aids, which include titles like, "Materiality,"

---

[3] In addition to being highly improper, Javice's proposed slides leave no doubt that the defendant is in violation of her reciprocal discovery obligations. Javice's slides contain numerous documents that have never been produced to the Government, and were instead first marked as defense exhibits shortly before defense counsel circulated the proposed slides. Indeed, despite representing in open court weeks ago that she had no Rule 16 material to provide, on the eve of trial, Javice has now marked *over fifty* exhibits, the majority over the past week, that feature documents that have never previously been produced or disclosed to the Government. *See United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (district court did not abuse its discretion in precluding evidence during trial because "[d]efense counsel planned to use the documents in their case-in-chief and was obliged to disclose the documents under Rule 16(b) . . . [p]ermitting the defense to use the documents, particularly without the prosecution ever having seen them and despite the earlier government requests for those documents, would have given the defense an unfair advantage.")

"Chase Fired Charlie Hours Before They Were Due To Pay Her Millions," and "Frank's Site Announced the Number of Filers." (*See generally* Javice Slides.)

      In short, the proposed demonstratives are replete with improper argument and evidence. Permitting the defendants to rely on these materials before the evidence is presented and witnesses testify risks tainting the jury with documents and materials the jury may never see, in addition to inviting improper argument during the parties' opening statements. The Government therefore respectfully requests that the Court preclude the defendants from relying on the enclosed demonstratives in opening statements.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: _____
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah Fergenson
Georgia V. Kostopoulos
Assistant United States Attorneys
212-637-2439 / -1247 / -2190 / -2212