quinn emanuel    trial lawyers | miami

2601 S. Bayshore Dr., Suite 1500, Miami, Fl 33133| TEL (305) 402-4880

WRITER'S EMAIL ADDRESS
Kirstennelson@quinnemanuel.com

February 21, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>U.S. v. Charlie Javice, No. 23-cr-00251</u>

Dear Judge Hellerstein:

    Defendant Charlie Javice ("Ms. Javice") writes to renew her motion *in limine* to exclude evidence and arguments regarding now-invalid theories of fraud. ECF Nos. 196, 206. Specifically, Ms. Javice anticipates the government will introduce evidence of alleged misrepresentations to Bank-1, a mere *potential* acquirer of Frank through the government's anticipated first witness. Because the alleged misrepresentation to Bank-1 is predicated on invalidated fraud theories, evidence and argument regarding Bank-1 should be excluded.

    The government may not prosecute Ms. Javice for allegedly defrauding Bank-1 without showing she contemplated depriving Bank-1 of the benefit of the bargain, specifically a deprivation of money or property. *See, e.g.*, *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) ("[D]eceit must be *coupled* with a contemplated harm to the victim," which itself "affect[s] the very nature of the bargain itself" (emphasis added)). Thus, any evidence or argument that Ms. Javice allegedly withheld economic information or induced Bank-1 to consider purchasing Frank, absent evidence that she intended to deprive Bank-1 of the benefit of the bargain is irrelevant, unduly prejudicial, and risks confusing and misleading the jury. Fed. R. Evid. 401, 402; ECF No. 206 at 3-9.

    Neither Supreme Court nor Second Circuit precedent permit federal fraud convictions to be based solely on the fact that inaccurate information was shared with another in the course of a transaction, let alone an unconsummated one. ECF No. 206 at 5-8. Indeed, "schemes that do no

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH
11703-00001E/15638486.2

more than cause their victims to enter into transactions they would otherwise avoid . . . do *not* violate the . . . wire fraud statute[]." *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) (emphasis added). Property fraud requires a scheme both "to deceive . . . *and* deprive [the victim] of something of value." *Shaw v. United States*, 580 U.S. 63, 72 (2016) (emphasis added). Here, by contrast, the government's fraud theory regarding Bank-1 is nothing more than a thinly veiled attempt to improperly "make a federal crime of an almost limitless variety of deceptive actions traditionally left to state contract and tort law." *Cimineli v. United States*, 598 U.S. 306, 310 (2023).

These back-door attempts at federal criminalization of what amounts to, at most, a *putative* contract dispute, defy binding precedent and must be precluded. *See Cimineli*, 598 U.S. at 310 (rejecting the "right to control" theory of wire fraud, whereby a defendant schemes to "deprive a victim of potentially valuable economic information necessary to make discretionary decisions"); *United States v. Novak*, 443 F.3d 150, 156 (2d Cir. 2006) ("[T]he government must, at a minimum, prove that defendants contemplated some actual harm or injury to their victims. . . . An intent to harm a party to a transaction cannot be found where the evidence merely indicates that the services contracted for were dishonestly completed.").

Indeed, the Supreme Court has recently "cast doubt . . . on the proposition that mere deception without harm to property rights is sufficient to state a federal fraud claim." *SEC v. Govil*, 86 F.4th 89, 105 (2d Cir. 2023). However, that is precisely what the government's theory regarding Bank-1. Because the government has not (and cannot) show any harm to Bank-1's property rights, let alone that Ms. Javice's alleged misrepresentations were aimed at causing a property deprivation, the government's evidence falls squarely within the prohibited theories and must be excluded.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

\* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record