quinn emanuel trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

February 21, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

Defendant Charlie Javice's ("Ms. Javice") right to a fair trial has been irreparably compromised by the curtailing of her defense counsel's opening statement less than an hour before his presentation. This violated her Sixth Amendment right to effective assistance of counsel and the Fifth Amendment right to a fair trial. Alone, this is a sufficient basis for a mistrial. However, there is a second and compounding basis demanding a mistrial. During Ms. Javice's counsel's opening presentation the Court provided a curative instruction that misstated binding Second Circuit law on the elements of wire fraud. This same misstatement of law was previously provided to the jurors amplifying the prejudice to Ms. Javice. The error is twofold. First, the Court impermissibly eroded the government's burden to prove guilt beyond a reasonable doubt in violation of the Due Process Clause of the Fifth Amendment. Secondly, the Court invited constructive amendment of the indictment in violation of the Grand Jury Clause of the Fifth Amendment. This is a per se violation of Ms. Javice's Fifth Amendment rights. *United States v. LaSpina*, 299 F.3d 165, 181 (2d Cir. 2002). Justice demands a mistrial.

The ability of defense counsel to present an opening statement is paramount to ensuring a criminal defendant's right to a fair trial. *See, e.g.*, Criminal Justice Standards for the Defense Function, Standard 4-7.5(a) (Am. Bar Assoc. 2017 4th ed.) (cautioning criminal defense attorneys to "be aware of the importance of an opening statement" to frame the defense's theory of the case "before the presentation of evidence"). Opening statement was Ms. Javice's only opportunity to preview her theory of defense and to contextualize the allegations against her before the

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

government commences its lengthy and complicated presentation of evidence. *United States v. Grayson*, 1:23-CR-00614 (JLR), at *10 (S.D.N.Y. Sep. 24, 2024). The opening statement's importance to a criminal defendant is not merely academic. "[T]he impression a juror has after opening statements usually carries with him or her to become the verdict in the case." *Rudin v. Myles*, 2022 WL 1556168, at *31 n.53 (D. Nev. May 15, 2022) (cleaned up, quoting another source). This is particularly so where, as here, the government's case-in-chief is anticipated to last weeks.

Further, a criminal defense attorney's inability to present a meaningful opening statement endangers his client's Sixth Amendment right to effective assistance of counsel. 02/20/2025 Trial Tr. 31:5-33:23; *see, e.g.*, *Garcia v. Burton*, 536 F. Supp. 3d 560, 598 (N.D. Cal. 2021), *aff'd sub nom. Garcia v. Cisneros*, 2022 WL 2593517 (9th Cir. July 8, 2022) (finding defense counsel's decision to waive opening statement constitutionally deficient but denying request for habeas relief after finding petitioner failed to satisfy the prejudice prong of *Strickland*); *Rudin*, 2022 WL 1556168, at *34 (granting habeas relief, in part, due to defense counsel's deficient opening statement). The Court adding fifteen minutes back to defense counsel's allotted time after slashing it in half just 90 minutes earlier did not restore Ms. Javice's constitutionally protected rights. To the contrary, it prevented Ms. Javice from presenting a cogent presentation of her theory of defense, because rather than being able to focus on his presentation of Ms. Javice's theory of defense, defense counsel was left with mere moments to reorganize and recalibrate his opening remarks on which he had been working for months. 02/20/2025 Trial Tr. 32:5-14. This "functionally denie[d Ms. Javice] the right to do an opening" statement in violation of her Sixth Amendment and due process rights. 02/20/2025 Trial Tr. 33:13-19. For these reasons and those stated on the record, Ms. Javice respectfully renews her request for a mistrial. 02/20/2025 Trial Tr. 31:5-12.

### *The Court's Repeated Misstatements of the Legal Requirements of Wire and Bank Fraud Violated Ms. Javice's Fifth Amendment Rights*

During voir dire, the Court instructed the jury panel "[t]he government has to prove that there was intentional false and misleading statements with the intention to deceive. That is the issue of the case. The government has the burden to prove that beyond a reasonable doubt." 02/19/2025 Trial Tr. 315:4-7, 314:15 (statement made in open court to full venire). This is an incorrect statement of law. Magnifying the error, the Court then repeated this misstatement of law. In response to an objection during Ms. Javice's counsel's opening statement, the Court gave the following curative instruction, "the issue [in the case] is whether the statements made by defendants were false and misleading and intended to be so to deceive. That's where the focus is." 02/21/2025 Trial Tr. 64:4-6.

The "wire and bank fraud statutes do not criminalize every deceitful act. . . . [Rather], to sustain a conviction under these statutes, the Government must prove that the defendant in question engaged in a deceptive course of conduct by making *material* misrepresentations." *United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019) (emphasis in original, citing another source). The Court's instructions to the jury, however, erased the government's burden to prove materiality, an essential element of the charges. In so doing, the Court "so altered an essential element of the charge[s]" such that if the jury should convict Ms. Javice it will be "uncertain whether [she] was convicted of conduct that was the subject of the grand jury's indictment." *United States v. LaSpina*,

299 F.3d 165, 181 (2d Cir. 2002) (quoting *United States v. Frank,* 156 F.3d 332, 337 (2d Cir.1998) (*per curiam* )). This is a per se violation of her Fifth Amendment rights, requiring a mistrial. *Id.* As juries are presumed to "remain true to their oath and conscientiously observe the instructions and admonitions of the court," the Court's repeated misinstruction on the legal requirements of both the bank and wire fraud statutes cannot be cured by an additional curative instruction. *United States v. Rosario,* 111 F.3d 293, 300 (2d Cir.1997) (internal quotation marks omitted). To guarantee Ms. Javice's Fifth Amendment rights, a mistrial is the only appropriate remedy.

For these reasons, Ms. Javice respectfully renews her motion for a mistrial.

Respectfully submitted,

/s/ Kirsten R. Nelson.
Kirsten R. Nelson* (pro hac vice)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:    All Counsel of Record

3