

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 24, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

The Government respectfully writes to request that the Court: (1) preclude, pursuant to Federal Rule of Evidence 403, the defense from eliciting testimony that JPMorgan Chase ("JPMC") is paying for certain witnesses' legal fees; or (2) permit the Government to elicit that JPMC is paying the defendants' legal fees.

The Government understands that defense counsel may elicit that JPMC is paying the legal fees for certain government witness. Such evidence is of minimal probative value, as it is routine for employers, such as JPMC, to pay the legal fees and/or provide counsel for its employees and former employees in matters arising from their employment. But jurors may not know that. Evidence that JPMC has paid legal fees or provided counsel for certain witnesses will only serve to confuse jurors or, worse yet, mislead them into believing that JPMC has acted improperly to influence witness testimony.

Such evidence would also be incomplete and misleading. JPMC is paying for the defendants' legal fees, too. If the defendants are permitted to elicit testimony that JPMC is paying for some witnesses' legal fees, the jury should be able to assess the import of such testimony with knowledge that JPMC is also paying the defense fees. Providing jurors with incomplete information would be highly prejudicial and could lead to improper and inaccurate conclusions. Evidence of JPMC's payment of defense fees would be necessary to rebut the false impression that JPMC is attempting to improperly influence a witness's testimony or the outcome of this case or that the witnesses with lawyers paid by JPMC have been improperly influenced by counsel paid for JPMC. *Cf. U.S. v. Vasquez*, 267 F.3d 79, 85 (2d Cir. 2001) ("The weighing of relevance under Rule 403 may be altered when a false impression is created by earlier testimony. That is, evidence whose probative value might not ordinarily outweigh its prejudicial effect if offered on direct

examination is admissible to rebut testimony elicited on cross examination that created a false impression." (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1296 (2d Cir. 1991)).

        Respectfully submitted,

        MATTHEW PODOLSKY
        Acting United States Attorney

By:    /s/_____
        Rushmi Bhaskaran
        Nicholas W. Chiuchiolo
        Micah F. Fergenson
        Georgia V. Kostopoulos
        Assistant United States Attorneys
        212-637-2439 / -1247 / -2190 / -2212