**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

February 26, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Charlie Javice respectfully requests that the Court reconsider its denial of her request to re-cross Houston Cowan. After counsel for Ms. Javice concluded his cross-examination of Mr. Cowan, Olivier Amar's counsel cross-examined Mr. Cowan. Ms. Javice's concern that Mr. Amar would present an antagonistic defense was immediately confirmed. From the outset of his cross-examination, Mr. Amar's counsel made clear that his client "ha[s] an antagonistic defense in this case[,]" elaborating that his "theory of defense . . . is that while Ms. Javice had full knowledge of what was going on[, . . . Mr. Amar] was intentionally siloed. . . ." 02/25/2025 Trial Tr. at 347:20-23.

Several points raised during both Mr. Amar's cross-examination and the government's redirect of Mr. Cowan were wholly new areas of inquiry and aimed antagonistically at Ms. Javice. Ms. Javice is entitled to meaningfully challenge these assertions on recross-examination. *Maryland v. Craig*, 497 U.S. 836, 845 (1990). Indeed, recross-examination is routinely granted in this Circuit when a criminal defendant faces a second prosecutor posing as a co-defendant. *See, e.g., United States v. Dupigny*, (S.D.N.Y. Furman, J.) No. 18-cr-528, ECF No. 262 at 103 (after denying defendants' motion to sever, permitting recross after government's redirect); *see also* Motion to Reconsider, ECF No. 284 at 1 (collecting cases).

Ms. Javice does not seek an unlimited recross-examination of Mr. Cowan. Instead, she seeks permission to conduct a narrow examination limited only to those subjects that the government did not elicit on direct examination, and which she was thus not afforded a meaningful

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

opportunity to challenge. Specifically, Ms. Javice respectfully requests that she be allowed to recross Mr. Cowan on the following:

1. During Mr. Amar's cross-examination of Mr. Cowan, counsel displayed an email not previously shown to the witness on direct examination. In his questioning of the witness on the document, Mr. Amar's counsel highlighted a statement in a manner clearly antagonistic to Ms. Javice. 02/25/25 Trial Tr. at 366:10-367:18.

2. During the government's redirect of Mr. Cowan, the government elicited testimony on a new line of inquiry, not previously addressed in Mr. Cowan's testimony or his prior interviews, that related to Mr. Cowan's understanding of the percentage of FAFSA applicants who obtain financial aid. Absent recross-examination, Ms. Javice had no opportunity to test Mr. Cowan's basis for his testimony, which will go unchallenged. 02/25/25 Trial Tr. at 398:9-18.

3. Also during the government's redirect of Mr. Cowan, the government displayed a presentation slide not previously presented during either direct or cross-examination of Mr. Cowan that related to comparisons over time of FAFSA filings during a given period of each year. Again, absent recross-examination, Ms. Javice had no opportunity to inquire into Mr. Cowan's understanding of this data or of FAFSA-specific seasonality. 02/25/25 Trial Tr. at 414:4-415:15.

4. Finally, Mr. Amar's counsel displayed a series of Zoom invitations during cross-examination on the theory that Mr. Amar's exclusion from the invitation meant he was necessarily not in attendance at the meeting. Ms. Javice was not afforded an opportunity to challenge that erroneous implication. 02/25/25 Trial Tr. at 363:20-364:12.

This is the very type of testimony that requires being "test[ed] in the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, 61 (2004); ECF No. 284 at 2. Allowing the testimony to go untested and unchallenged violates Ms. Javice's Sixth Amendment right to confront the witness against her. *Craig*, 497 U.S. at 845. For these reasons, Ms. Javice respectfully renews her request to be permitted to recall Mr. Cowan to conduct a limited recross-examination of Mr. Cowan.

[*Intentionally left blank.*]

>  Respectfully submitted,
>
> /s/ *Kirsten R. Nelson*
> Kirsten R. Nelson* (*pro hac vice*)
> 2601 South Bayshore Drive, Suite 1550
> Miami, FL 33133
> Telephone: (305) 402-4880
> kirstennelson@quinnemanuel.com
>
> * Not admitted in Florida.  A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record