**quinn emanuel** trial lawyers | houston

700 Louisiana Street, Suite 3900, Houston, Texas 77002-2841 | TEL (713) 221-7000 FAX (713) 221-7100

WRITER'S DIRECT DIAL NO.
**(713) 221-7010**

WRITER'S EMAIL ADDRESS
**saraclark@quinnemanuel.com**

February 27, 2025

<u>VIA ECF</u>

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

Defendant Charlie Javice writes to request the Court reconsider its rulings regarding the admissibility of GX 1585 and GX 1526A, as well as to request that the Court preclude improper opinion testimony the government is likely to elicit from Leslie Wims Morris.

**GX 1585 lacks foundation and was improperly admitted hearsay**. Ms. Wims Morris testified that she did not create GX 1585. She stated instead that the document was cobbled together by an amorphous "corporate development team as a summation" of JPMC's diligence questions. Tr. at 563:3-9. Ms. Wims Morris never testified who summarized what part of GX 1585, nor is it clear when or how it was compiled. She accordingly did not, and cannot, lay an appropriate foundation. Further compounding the error, the government offered GX 1585 for the truth of what questions Ms. Javice answered at a meeting—an impermissible hearsay purpose—to elicit the witness's testimony summarizing Ms. Javice's alleged responses. Fed. R. of Evid. 801. Ms. Javice respectfully requests the Court reconsider its decision overruling her objection to GX 1585 and strike any corresponding testimony from the record

**GX 1526A lacks foundation and was improperly admitted hearsay**. Ms. Wims Morris admitted that she could not say with "specificity" whether Ms. Javice "signed off on every single answer personally" in GX 1526A. Trial Tr. 576:17-21. Ms. Wims Morris cannot just speculate that Ms. Javice authored or endorsed every statement in GX 1526A, a spreadsheet so long that the government could not print out a physical copy. Trial Tr. 574:9-10. Her testimony "must be grounded in observation or other first-hand knowledge"; otherwise, it is inadmissible. *United States v. Graham*, No. 16 CR. 786-2 (NSR), 2019 WL 2366724, at *8 (S.D.N.Y. May 31, 2019),

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

*aff'd on other grounds,,* 51 F.4th 67 (2d Cir. 2022).  The government also offered GX 1526A for the truth of what responses Ms. Javice allegedly provided.  Ms. Wims Morris' testimony, however, was not limited to Ms. Javice's responses.  She also testified about LionTree's statements that she "assumed" based on "common practice" came from Ms. Javice and summaries JPMC's corporate development team allegedly compiled from Ms. Javice's responses.  Trial Tr. 579:16-580:10 (LionTree); 581:21-582:4 (JPMC summaries).  Neither are admissible.  LionTree is Frank's agent, not Ms. Javice's.  *See* Fed. R. Evid. 801(d)(2)(D).  A third-party's summaries of a declarant's statements are the third parties' statements, not the declarant's.  *See United States v. Otufale*, 740 F. Supp. 3d 233, 248 (E.D.N.Y. 2024) (rejecting that agent summary of witness's statements constituted the witness's own prior statements under Fed. R. Evid. 613).  Ms. Javice respectfully requests the Court reconsider its decision to overrule her objection to GX 1526A and strike any corresponding testimony from the record.

**Any testimony about Ms. Wims Morris's understanding of Frank's privacy policy is improper lay opinion testimony**.  Ms. Javice anticipates that the government will elicit testimony from Ms. Wims Morris about her understanding of Frank's privacy policy.  This testimony is inadmissible for two reasons.  It is either an improper lay opinion testimony or hearsay.  In either event, it should be precluded.  *See* Fed. R. Evid. 701, 801.  As a non-attorney, Ms. Wims Morris's testimony necessarily will not be "rationally based on [her] perception," Fed. R. Evid. 701(a), but rather "on [the] technical[] or other specialized knowledge" of JPMC counsel.  Fed. R. Evid. 701(c); *see United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) ("If the opinion rests *in any way* upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." (emphasis added and cleaned up)).  Ms. Wims Morris may not "testify as to a legal conclusion, such as the correct interpretation of a contract," including Frank's privacy policy.  *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001).  Further, her understanding of the agreement and its meaning comes from JPMC's counsel, an out-of-court, non-testifying declarant.  This is hearsay.  Fed. R. Evid. 801.  Testimony on Frank's privacy policy is also unnecessary because the privacy policy speaks for itself.

Ms. Javice respectfully requests that the Court exclude Ms. Wims Morris's testimony under Federal Rules of Evidence 701 and 801.  To the extent Ms. Wims Morris's testimony is admitted, Ms. Javice requests the opportunity to rebut Ms. Wims Morris's testimony as to the meaning of the privacy policy with an expert witness who has relevant experience in privacy and contract law.  *See* Fed. R. Evid. 702.

\*     \*     \*

Ms. Javice requests the Court address these exhibits outside the presence of the jury to avoid needless delay.

                                                          Respectfully submitted,

                                                          */s/ Sara C. Clark*
                                                          Sara C. Clark

CC: All Counsel of Record