**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 2, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

      This evening Ms. Javice's counsel learned the government intends to call Tani Ochs to testify tomorrow. Ms. Ochs worked at Exact Data in August 2021 during which time Charlie Javice and co-defendant Olivier Amar allegedly contacted her to purchase data. No sale took place, however. Ms. Ochs's testimony is neither direct evidence of the charged crimes, nor is it proper Rule 404(b) evidence. It is inadmissible.

- **Evidence of and testimony about an unconsummated data purchase is not direct evidence of the charged crimes**. Meaning that the data was never provided to CapitalOne, JP Morgan Chase. Courts in this District employ a narrow construction in determining whether uncharged conduct is direct evidence of charged offenses. *See, e.g.*, *United States v. Johnson*, 469 F.Supp. 3d 193, 204 (S.D.N.Y. 2019) (explaining the same and collecting cases). Ms. Javice and Mr. Amar's unsuccessful attempt to purchase data from Exact Data is not inextricably intertwined with the charged conduct. *Id.* Nor does it provide context to the charged conduct since the purchase did not go through. Thus, it should not be admissible as direct evidence.

- **Nor does this evidence meet the requirements of Rule 404(b), as the government failed to provide the requisite notice**. Prior to offering evidence covered by the Rule, the government must provide "reasonable notice" of its

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

intent to use the evidence and articulate the permitted purpose for which the evidence is being offered. Fed. R. Evid. 404(b)(3). The government has done neither. Nor is there good cause to excuse the government's lack of pretrial notice. Fed. R. Evid. 404(b)(3)(c). For this reason alone, Ms. Ochs's testimony should be excluded. Moreover, this evidence is being offered as impermissible propensity evidence of a prior attempt to purchase data with or without the proper Rule 404(b) notice. Fed. R. Evid. 404(b)(1).

Finally, the government's late disclosure of Ms. Ochs and its intended direct-examination exhibits the night before was in contravention of the parties' agreement and practice, precipitating this letter motion. Ms. Javice respectfully requests the Court take up this motion prior to Ms. Ochs testifying on Monday.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:   All Counsel of Record