

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 3, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

  The Government respectfully writes in opposition to the defendants' motion to preclude testimony by Tani Ochs, a data sales representative whom both defendants contacted in early August 2021 in order to purchase student data that they intended to falsely represent as their own user data to JPMorgan Chase ("JPMC"). (Dkts. 303, 304.) In addition to being meritless, the defendants provide no explanation for their eleventh-hour motion to preclude a witness that has been on the Government's witness list since January 22, 2025, which was the day the Government first spoke to Ms. Ochs.[1] The Court should deny the defendants' motion in its entirety.

  As the Government has alleged, and as the jury has now heard, the defendants' efforts to buy student data on the open market in August 2021 are direct evidence of the charged scheme. In early August 2021, JPMC told Javice that it would only move forward with purchasing the defendants' company after validating that Frank had 4.25 million customers. Within hours of being delivered this ultimatum, both defendants began contacting data vendors in an attempt to purchase a student customer list to cover up their lies about the number of customers Frank actually had. The Government expects Ms. Ochs to testify that both defendants contacted her in early August 2021 and asked to buy large quantities of student data. Contrary to defendant Amar's efforts to distance himself from the scheme, Ms. Ochs will testify that both defendants were involved in discussions about the purchase, and that Amar explicitly instructed Ms. Ochs to modify an invoice to remove the number of customers for whom the defendants were purchasing data. Additionally—and contrary to the claims made by both defendants during their opening statements—Ms. Ochs is expected to testify that, while her company offers data appending services, neither defendant expressed interest in those services, but instead emphasized that they were only seeking to buy the largest quantity of student data possible at the lowest price possible.

---

[1] The Government provided notice of Ms. Ochs's testimony yesterday afternoon. That notice followed extensive negotiations over the weekend with counsel for both defendants about the timing for disclosure of any future witnesses by the Government.

The defendants ultimately purchased off-the-shelf data from another vendor during this exact time period, and referenced that purchase to Ms. Ochs in declining to move forward with her proposal. That the defendants ultimately purchased the data from a different vendor does not change that analysis.[2]

For the reasons set forth above, the Court should deny the defendants' motion in its entirety.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: _____
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia V. Kostopoulos
Assistant United States Attorneys
212-637-2439 / -1247 / -2190 / -2212

---

[2] Nor does *Johnson*, on which the defendants rely and which concerns the admissibility of uncharged crimes in a racketeering conspiracy, compel a different conclusion. Indeed, the district court in *Johnson* concluded that it was "manifestly clear" that conduct which "took place within the time period of the charged . . . conspiracy" or "constitute[d] conduct in furtherance of the charged racketeering conspiracy" was direct evidence and therefore admissible. *United States v. Johnson*, 469 F. Supp. 3d 193, 205-208 (S.D.N.Y. 2019).