## quinn emanuel trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 4, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

The government's letter motion purports to clarify its understanding of the Court's ruling with respect to Engineer-1's testimony. ECF No. 309. Far from clarifying the record, the government misconstrues it. In its letter, the government seeks reconsideration of the Court's prior ruling precluding Engineer-1 from testifying that he asked Ms. Javice and Mr. Amar "whether the fake data request was illegal." *See, e.g.*, 03/03/2025 Trial Tr. 1017:2-4, 1017:5-8, 1017:22-23, 1018:23-24. In its filing, the government contends that the Court reversed course, ruling today that "there are no restrictions" on Engineer-1's testimony. ECF No. 309 (citing 03/04/2025 Trial Tr. 1027).

- ***The Court's comment that "there are no restrictions on how the answer[s] will be given" was in reference to Ms. Jennifer Wong's testimony, not that of Engineer-1***. 03/04/2025 Trial Tr. 1026:6-1027:6. Referring to Ms. Wong, the Court stated:

```
3         THE COURT:  We'll take the testimony outside the
4    presence of the jury, and if it becomes relevant, we'll
5    introduce it at the appropriate time.  But meanwhile there are
6    no restrictions on how the answer will be given.
```

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH
11703-00001E/15666678.1

03/04/2025 Trial Tr. 1027:3-6.  Consistent with its ruling, the Court permitted examination of Ms. Wong outside the presence of the jury on the purported prior consistent statement.  03/04/2025 Trial Tr. 1061:14-1075:10.  There were no restrictions on Ms. Wong's responses, during which she could not recall Engineer-1 telling her that he asked Ms. Javice and Mr. Amar whether what they had requested of him was illegal.  *Id.*

- ***The Court was correct to preclude Engineer-1's testimony on this topic as its probative value is substantially outweighed by the danger of unfair prejudice.***  Yesterday, the Court limited Engineer-1's proposed testimony finding that "the prejudicial element outweighs the relevance."  03/03/2025 Trial Tr. 1017:22-23.  Ms. Javice agrees.  For the reasons stated yesterday and today, the testimony should be excluded.

For these reasons and those raised stated during argument, Ms. Javice respectfully requests the Court maintain its prior ruling precluding Engineer-1's unfairly prejudicial proposed testimony.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida.  A member in good standing in Maryland and the District of Columbia.

cc:   All Counsel of Record

11703-00001E/15666678.1