# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 5, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Charlie Javice and Olivier Amar*,
      **23 Cr. 251 (AKH)**

Dear Judge Hellerstein:

Defendant Olivier Amar respectfully submits this letter regarding DX OA 103, a screenshot of a March 2021 Google Analytics report enlarged from DX CJ 48. On the current record, sufficient evidence has been proffered to establish that the document is both authentic and relevant.

DX CJ 48 shows that, on March 26, 2021, at 7:03 PM GMT (3:03 PM EDT), Tif Wong, a former Frank employee who worked on the Growth team with Mr. Amar, sent a Slack message to Travis Collins, another former Frank employee, containing a screenshot of a Google Analytics report (the "GA Report Screenshot"). The GA Report Screenshot is DX OA 103. It is a report that Tif Wong generated on Google Analytics showing Frank's "All Web Site Data" from March 1, 2017, to March 25, 2021. *See* DX CJ 48 at Bates -9314 (6:59 PM message). The Government's witness, Jennifer Wong, was shown DX OA 103 during her testimony outside the presence of the jury. She testified that she used Google Analytics when she worked at Frank and that she recognized the screenshot of the report in DX OA 103 to be a fair and accurate representation of a Google Analytics report from 2021. *See* Tr. at 1134:9-1135:12.

The Court should find that DX OA 103 is authentic. To demonstrate authenticity, the party offering the evidence must provide "a rational basis for concluding that an exhibit is what it is claimed to be." *Jay Dees Inc. v. Def. Tech. Sys., Inc.*, No. 05-cv6954 (SAS), 2008 WL 4501652, at *6 (S.D.N.Y. Sept. 30, 2008) (quoting *United States v. Almonte*, 956 F.2d 27, 30 (2d Cir. 1992), *aff'd sub nom. Scotto v. Brady*, 410 F. App'x 355 (2d Cir. 2010)). Documents can be authenticated through direct or circumstantial evidence. *United States v. Gasperini*, No. 16-cr-441 (NGG), 2017

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 5, 2025
Page 2

WL 3140366, at *4–5 (E.D.N.Y. July 21, 2017), *aff'd*, 729 F. App'x 112 (2d Cir. 2018). Once the low bar of "rational basis" has been met, "the problem is no longer one of admissibility to be determined by a judge, but one of credibility to be measured by a jury." *United States v. Bin Laden*, No. 98-cr-1023 (LBS), 2001 WL 276714, at *1 (S.D.N.Y. Mar. 20, 2001).

Authenticity may be established through a variety of means, including the testimony of a witness with knowledge of the document's authenticity, *see* Fed. R. Evid. 901(b)(1), or based on "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," Fed. R. Evid. 901(b)(4).[1] Like other questions related to admissibility, authenticity is a "preliminary question" of law to be determined in the first instance by the Court pursuant to Federal Rule of Evidence 104. *United States v. Bello*, No. 90-cr-501 (CSH), 1991 WL 45046, at *2 (S.D.N.Y. Mar. 28, 1991) ("The Federal Rules of Evidence require that the district court determine preliminary questions of admissibility.").

Notably, under Rule 104(a), "the Court may make preliminary determinations concerning the admissibility of evidence ***and is not bound by the Rules of Evidence except those with respect to privilege***." *United States v. Ruiz*, No. 09-cr-719 (DAB), 2010 WL 4840055, at *5 (S.D.N.Y. Nov. 19, 2010) (emphasis added). Because the Rules of Evidence do not apply to threshold admissibility determinations, the Court should find that DX CJ 48 is sufficient to authenticate DX OA 103 without requiring Tif Wong to testify. In fact, DX CJ 48 explains exactly what DX OA 103 is: a screenshot of a Google Analytics report that Tif Wong generated on March 26, 2021, showing Frank's "All Web Site Data" from March 1, 2017, to March 25, 2021. DX CJ 48 at Bates -9314 (6:59 PM message).

Because the document is both authentic and relevant, Mr. Amar respectfully seeks permission to move the document into evidence through Jennifer Wong during cross examination. *See* Tr. at 1144:10-11 (The Court: "OK. I think that clarifies what we have here and it is a jury question. Objection is overruled.").

---

[1] "One method of authenticating a document is showing that it was produced pursuant to a subpoena. 'A person complying with a . . . subpoena in a criminal case implicitly avers that the matter produced is the evidence requested.'" *United States v. King*, No. 19-cr-287 (JNP), 2023 WL 571508, at *2 (D. Utah Jan. 27, 2023) (quoting 5 Weinstein & Berger, Weinstein's Federal Evidence § 900.07[2][a])). Here, DX CJ 48, the source document for DX OA 103, was produced pursuant to a subpoena to JP Morgan.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 5, 2025
Page 3

Respectfully submitted,

/s/ *Jonathan D. Cogan*
Jonathan D. Cogan
Sean S. Buckley
Alexandria E. Swette
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel: (212) 488-1200
Jonathan.Cogan@kobrekim.com
Sean.Buckley@kobrekim.com
Alexandria.Swette@kobrekim.com

Matthew I. Menchel
201 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
Tel: (305) 967-6100
Matthew.Menchel@kobrekim.com

Erika L. Berman (admitted pro hac vice)
Jake Rush (admitted pro hac vice)
1919 M Street, NW
Washington, DC 20036
Tel: (202) 664-1900
Erika.Berman@kobrekim.com
Jake.Rush@kobrekim.com

*Counsel for Defendant Olivier Amar*