# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 6, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Charlie Javice and Olivier Amar*,
               23 Cr. 251 (AKH)

Dear Judge Hellerstein:

      Defendant Olivier Amar respectfully submits this letter in support of his motion to admit evidence relevant to Mr. Amar's defense during the cross examination of Alex Sweeney. On February 27, the Court deferred its ruling on the admissibility of this evidence pertaining to the alleged misrepresentations about Frank's users shared with JPMC during diligence. *See* Feb. 27, 2025 Tr. at 758:17-24; *id.* at 776:8-13. That evidence is probative and relevant to Mr. Amar's lack of participation, knowledge, and intent with respect to the alleged scheme to defraud and to lack of agreement with respect to the alleged conspiracy. The Court should admit these documents and permit Mr. Amar to elicit relevant testimony related to same.

      The Government has charged Mr. Amar with being in a conspiracy with Ms. Javice. According to the Government, the heart of that conspiracy is misrepresentations that Ms. Javice made to JPMC. Mr. Amar and the Growth Team always provided accurate data. The evidence has shown, and will continue to show, that Ms. Javice alters information provided by Mr. Amar prior to sending it to JPMC. Evidence of Mr. Amar's transmission of accurate information and Ms. Javice's subsequent alteration of that information is necessary to establish not only Mr. Amar's lack of intent and unwitting participation in a conspiracy, but also to undercut any claim by the Government that Mr. Amar willfully blinded himself to relevant facts.[1] The jury must see and

---

[1] If the Government agrees not to argue or suggest that Mr. Amar willfully blinded himself as to the object of the conspiracy such that a conscious avoidance charge neither is necessary nor will be given to the jury, Mr. Amar will forgo such evidence.

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 6, 2025
Page 2

understand evidence showing that Ms. Javice received accurate information from Mr. Amar and, without consulting Mr. Amar, changed the information before transmitting it to the bank.

DX OA 238 and DX OA 238-A relate to JPMC's July 2021 diligence request for information about the age distribution of Frank's customers who filled out the FAFSA application. The exhibits show the correspondence sent to JPMC's deal team, including Mr. Sweeney, in response to JPMC's request, as well as the attachment containing the percentage breakdown of Frank's FAFSA users by age.

This evidence is relevant and admissible. During its opening, the Government argued that Mr. Amar and Ms. Javice "knew that potential buyers would pay top dollar for access to [] personal information about millions of young adults" who were identified as Frank's "users." Feb. 20, 2025, Tr. at 36:24-37:2. The Government's own witness, Ms. Leslie Wims Morris, testified on direct that it was important to the Bank that during diligence it learned that a significant percentage of Frank's customers were young adults, because JPMC "was squarely focused on a student segment which we defined as 18 to 24-year-olds." Feb. 26, 2025 Tr. at 565:11-21. Ms. Wims Morris further testified on cross-examination that the age distribution of Frank's customers was "important [for JPMC] to understand who . . . [the] customers actually were." *See* Feb. 27, 2025 Tr. at 756:20-757:6.

When the Court initially deferred its ruling on the admissibility of the evidence, the Court remarked that such evidence would have "no value" and would not be "relevant" to Mr. Amar's case, but that it would prejudice Ms. Javice. *See* Feb. 27, 2025 Tr. at 758:17-24. The Court, however, did not have at that time the benefit of considering the relevance and value of such evidence in view of Mr. Amar's complete defense. *See id.* at 768:19-20 ("Your defense is that [Mr. Amar] was not involved.").

The age distribution data provided to JPMC is one critical example (though there are others). This is one of the only data pulls that Mr. Amar assisted with during JPMC's diligence of Frank—he was otherwise largely cut out of that process. Mr. Amar downloaded from a reliable source accurate data reflecting the age of Frank's FAFSA users—specifically, showing the accurate raw data and percentages of those FAFSA users—in connection with the Bank's diligence request. DX OA 238 and DX OA 238-A are necessary to show that, unbeknownst to Mr. Amar, the accurate information he shared internally at Frank was subsequently made inaccurate and presented to JPMC as information related to millions of Frank's customers with accounts.

The Court therefore should allow Mr. Amar to introduce DX OA 238 and DX 238-A to secure Mr. Amar's constitutional right to present a defense. *See United States v. Mi Sun Cho*, 713 F.3d 716, 721 (2d Cir. 2013) ("A defendant has a fundamental due process right to present a defense." (citing *Washington v. Texas*, 388 U.S. 14, 19 (1967)); *Grotto v. Herbert*, 316 F.3d 198, 205–06 (2d Cir. 2003) ("It is, of course, well established as a fundamental matter of due process that the defendant in a criminal case has the right to present a defense, that is, to present to the jury admissible evidence that might influence the determination of guilt." (citing *Taylor v. Illinois*, 484 U.S. 400, 409 (1988); *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987))). To rule otherwise would deprive Mr. Amar from a "meaningful opportunity to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quotation marks omitted).

Hon. Alvin K. Hellerstein, U.S.D.J.
March 6, 2025
Page 3

Respectfully submitted,

/s/ *Alexandria E. Swette*
Alexandria E. Swette
Sean S. Buckley
Jonathan D. Cogan
Daisy Joo
Michael Cinnamon
KOBRE & KIM LLP
800 Third Ave.
New York, NY 10022
Tel: (212) 488-1200
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com
Alexandria.Swette@kobrekim.com
Daisy.Joo@kobrekim.com
Michael.Cinnamon@kobrekim.com

Matthew I. Menchel
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Tel: (305) 967 6100
Matthew.Menchel@kobrekim.com

*Counsel for Defendant Olivier Amar*