# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 7, 2025

**BY ECF**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*,
                23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    We write respectfully on behalf of Defendant Olivier Amar to move for a mistrial based on the Government's gratuitous and unfairly prejudicial comments regarding Mr. Amar's right to remain silent before the jury. The Government's improper speaking objection suggested to the jury that it should not be permitted to see relevant evidence because the Government is not able to cross-examine Mr. Amar. Such a statement was designed not only to prevent Mr. Amar from offering relevant and exculpatory evidence, but also to suggest to the jury that Mr. Amar must testify in order to present a defense.

    On March 5, 2025, in a speaking objection regarding an exhibit that Mr. Amar sought to offer, the Government stated the following:

> Q. **[By Mr. Cogan]**: This is a discussion, a Slack between you and Mr. Amar from—do you see—the same day, June 24, 2021?
>
> A. Yes. . . .
>
> Mr. Cogan: Okay. I'd offer this, your Honor.
>
> Mr. Fergenson: Judge, we [the Government] object on hearsay **because we can't cross the other declarant [Mr. Amar]**. . . .

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 7, 2025
Page 2

> The Court: What about this document do you contend is relevant? Show it to me.
>
> Mr. Cogan: Broadly speaking, just what Mr. Amar's instructions were as it related to the request that Ms. Javice had made. . . .
>
> Mr. Fergenson: And **we [the Government] can't cross him [Mr. Amar]**.

Tr. at 1228:13-1229:11 (emphasis added). The bolded statements are improper and violate the Fifth Amendment, as they are tantamount to the Government arguing to the jury that the defendant must testify in order to rebut the Government's allegations. *United States v. Shoreline Motors*, 413 F. App'x 322, 324–25 (2d Cir. 2011) ("An accused has a Fifth Amendment right to remain silent during his criminal trial, and the prosecution cannot comment on that silence" (citing *Griffin v. California,* 380 U.S. 609, 615 (1965)). The law is clear that the Government cannot suggest to the jury that it is entitled to cross-examine the defendant in order for the jury to hear and understand exculpatory evidence. The fact that such a statement was made in connection with an objection to an exhibit offered by Mr. Amar, which objection was sustained by the Court, *see* Tr. at 1233:11-14, further underscores the unfair prejudice caused by the Government's unnecessary comments in support of its hearsay objection.

For these reasons, we respectfully request that the Court grant Mr. Amar's motion for a mistrial. In the alternative, the Court should admit the challenged exhibit (Government Exhibit 802-5) pursuant to Rule 807.

Respectfully submitted,

**KOBRE & KIM LLP**

*/s/ Jonathan D. Cogan*
Jonathan D. Cogan
Sean S. Buckley
Alexandria E. Swette
Michael Cinnamon
800 Third Avenue
New York, NY 10022
Tel: (212) 488-1200
Jonathan.Cogan@kobrekim.com
Sean.Buckley@kobrekim.com
Alexandria.Swette@kobrekim.com
Michael.Cinnamon@kobrekim.com

Matthew I. Menchel
201 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
Tel: (305) 967-6100

Hon. Alvin K. Hellerstein, U.S.D.J.
March 7, 2025
Page 3

                        Matthew.Menchel@kobrekim.com

                        Erika L. Berman (admitted *pro hac vice*)
                        1919 M Street, NW
                        Washington, DC 20036
                        Tel: (202) 664-1900
                        Erika.Berman@kobrekim.com

                        *Counsel for Defendant Olivier Amar*