**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 9, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

In curtailing defense counsel's cross examination of Jennifer Wong, the Court ruled that information post-dating JP Morgan Chase's acquisition of Frank has "no relevance to the defense perspective. It doesn't counter anything. If it is relevant at all it is relevant for the government, not relevant to the defense." 03/05/2025 Trial Tr. 1284:10-14. This ruling deprives Ms. Javice of the opportunity to defend herself directly against the charges in the Superseding Indictment and to develop evidence to counter the suggestion that "account sign-ups for FAFSA" was a material basis for JPMC's acquisition. This is reversible error. Ms. Javice respectfully requests that she be permitted to recall Ms. Wong and cross-examine her about the post-acquisition period.

*Defending Against Charges in the Indictment Is*
*Constitutionally Guaranteed Under the Fifth and Sixth Amendments*

Ms. Javice has a fundamental right to defend against the charges in the Superseding Indictment. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); U.S. Const. amend. V. Here, that includes alleged post-acquisition conduct. Indeed, the first sentence of the first charge, and of every one thereafter, alleges Ms. Javice violated federal law from "June 2021 through at least in or about November 2022."[1] ECF No. 27 ¶¶ 1, 4, 5, 6.

---

[1] The deal closed in September 2021. 02/27/2025 Trial Tr. 733:20-22 (testimony of Leslie Wims Morris).

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

> **COUNT ONE**
> **(Conspiracy to Commit Wire Fraud and Bank Fraud)**
>
> The Grand Jury charges:
>
> 1. ==From at least in or about June 2021 through at least in or about November 2022,== in the Southern District of New York and elsewhere, CHARLIE JAVICE and OLIVIER AMAR, the

The Superseding Indictment also charges that Ms. Javice defrauded JPMC out of "millions of dollars—consisting of the acquisition price, *as well as salary, bonus and other compensation paid to [Ms. Javice] as [a] retained employee[] at the eventual acquiring company, JPMC.*" *Id.* ¶¶ 2, 3, 4, 5 (emphasis added). These payments were made to Ms. Javice throughout her JPMC employment, and the government has contended that she engaged in a cover-up after the acquisition precisely to continue to obtain these additional payments.

Ms. Javice's right to defend against the charges against her includes the "right to present a defense, that is, to present to the jury admissible evidence that might influence the determination of guilt." *Grotto v. Herbert*, 316 F.3d 198, 205–06 (2d Cir. 2003). In holding otherwise, the Court prevented Ms. Javice from defending against the charges in the Superseding Indictment. This ruling is contrary to the Fifth and Sixth Amendments and is reversible error. *Chambers*, 410 U.S..

### *Cross-Examination on Post-Acquisition Conduct Is Proper Under the Federal Rules of Evidence*

At a minimum, a defendant is entitled to explore the same topics as those covered during the witness's direct examination. Fed. R. Evid. 611(b); § 21. Scope of cross-examination: Restriction to matters opened up on direct: the various rules, 1 McCormick On Evid. § 21 (9th ed.); § 6165 Subdivision (b)—Scope of Cross-Examination, 28 Fed. Prac. & Proc. Evid. § 6165 (2d ed.). That is precisely what the Court prevented.

During Ms. Wong's direct examination, the government elicited testimony about the post-acquisition period. For example:

> Q. All right. Ms. Wong, I want to change topics again. And I want to focus you on the, you know, *the next few weeks or the next month after the JPMorgan acquisition closed*. Do you recall which month the acquisition actually closed?
>
> A. September 2021.

03/04/2025 Trial Tr. 1112:1-1112:5 (emphasis added).

> Q. I want to jump ahead *after the acquisition*, Ms. Wong, and I want to focus you around *February of 2022*. Did there come a time when you were asked to update numbers similar to the ones in the spreadsheet we just looked at?

A. Yes.

03/04/2025 Trial Tr. 1082:15-1082:19 (emphasis added).

The government proceeded to admit multiple exhibits from February 2022 and question Ms. Wong about the same. GX 802-70; GX 802-71; 03/04/2025 Trial Tr. 1082:15-1094:17. However, when defense counsel attempted to elicit testimony about the same time period, the Court sustained the government's objections and ruled the questioning irrelevant. *See, e.g.*, 03/04/2025 Trial Tr. 1163:25-1164:8 (sustaining government objection to questioning related to post-acquisition period); 03/05/2025 Trial Tr. 1284:10-14.

Defense counsel's line of questioning is relevant and admissible. Fed. R. Evid. 401, 611(b). Not only is it relevant to defend against the charged conduct, the anticipated testimony is directly relevant to negating materiality and intent to defraud. For example, Ms. Javice's counsel attempted to cross-examine Ms. Wong about Frank's November 2021 Search Engine Optimization presentation given to JPMC employees, including government witness Sarah Youngwood. 03/04/2025 Trial Tr. 1184:3-1187:18. If the testimony had been permitted, Ms. Wong would have confirmed that during the November presentation, Frank presented user metrics as website traffic. After hearing that Frank's user data was based on website traffic—*not* FAFSA sign-ups—none of the JPMC dealmakers asked for additional information or to otherwise clarify the definition of users. JPMC's lack of reaction is circumstantial evidence that the definition of "users" as those who had created FAFSA sign-up accounts was not material to the deal. *See, e.g.*, *Neder v. United States*, 527 U.S. 1, 22 n.5 (1999) (a matter is material if "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question"). Preventing the defense from introducing evidence negating materiality is improper. *United States v. Litvak*, 808 F.3d 160, 183–85 (2d Cir. 2015) (reversing and remanding where district court prevented defense from examining witness on materiality).

The Sallie Mae claims substantiation process provides another example. 03/04/2025 Trial Tr. 1163:19-1165:6 (sustaining objections preventing cross-examination). Sallie Mae, another bank, undertook a claims substantiation process whereby Frank provided support for the representations on its website, including those related to user metrics. After that process, Sallie Mae moved forward with its partnership with Frank based on the same data Frank also provided to JPMC in its claims review process. This evidence demonstrates that Ms. Javice did not intend to deceive JPMC. Based on her experience with Sallie Mae approving the partnership, Ms. Javice had a good faith basis to believe that her user data was not materially misleading when she provided it to JPMC. Sand, Instr. 57-24 (Securities Fraud, Second Element—Knowledge, Intent and Willfulness) ("A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.").

Indeed, defense counsel proffered Ms. Wong would have testified that JPMC—in undertaking its own claims review process—approved of the same website representations as Sallie Mae regarding "users" and the number of students "helped by Frank." 03/05/2025 Trial Tr.

1202:16-1203:14. This is even more directly relevant. It is probative of two matters critical to Ms. Javice's theory of defense. First, it is evidence that while JPMC knew that "FAFSA sign ups" were in the hundreds of thousands, the total number of website visitors was over 4 million. Further, it evinces that what truly mattered to JPMC when it acquired Frank was the prospect of growing the number of website visitors who might open their first bank accounts with JPMC. This is directly relevant to negating materiality and is admissible.

*   *   *

Where, as here, the defense is precluded from eliciting testimony that goes "to the core of the prosecution's case," it is reversible error. *United States v. Blum*, 62 F.3d 63, 69 (2d Cir. 1995). Ms. Javice respectfully requests the Court permit her to recall Ms. Wong and elicit testimony regarding the post-acquisition period, which is integral to her right to defend against the charges against her.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson\* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

\* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record

4