**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 9, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

During government witness Patrick Vovor's direct examination, the Court reversed its prior rulings precluding the government from eliciting highly prejudicial testimony from Mr. Vovor. 03/03/2025 Trial Tr. 1017:5-8, 1017:22-23, 1018:23-24. Specifically, the Court permitted the government to elicit that Mr. Amar allegedly requested that Mr. Vovor create synthetic data to which Mr. Vovor asked if the request "was even legal." 03/06/2025 Trial Tr. 1575:12-14. Over defense counsel's objections, Mr. Vovor was permitted to testify that Ms. Javice purportedly responded that she did not want to "end up in an orange jumpsuit." 03/06/2025 Trial Tr. 1576:2-9. Mr. Vovor testified he then said he would not "do anything illegal," and refused to complete the data request. 03/06/2025 Trial Tr. 1576:10-18.

Allowing Mr. Vovor to opine on the legality of the creation of synthetic data and then conjure up images of Ms. Javice being imprisoned as a result of the same introduced an insurmountable magnitude of prejudice. Justice requires a mistrial.

***The Probative Portion of This Testimony Could Have Been Presented
While Excluding the Portion That Caused Undue Prejudice to Ms. Javice***

The unfair prejudice of this evidence far outweighs its probative value. Fed. R. Evid. 403. The purported probative value of this evidence was to show falsity and intent. *See, e.g.*, ECF No. 198 at Request No. 5 (government's jury instructions listing the elements of wire fraud). As the

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Court correctly pointed out, these purposes could have been served without introducing the highly inflammatory and prejudicial portion of the testimony described above. 03/03/2025 Trial Tr. 1017:2-8 (ruling that Mr. Vovor could only testify that he refused to produce synthetic data, without commenting on what was "legal and . . . illegal"). For example, the Court could have stuck by its original ruling and permitted Mr. Vovor to testify that Ms. Javice and Mr. Amar requested production of synthetic data. He told them he was uncomfortable with the request and refused. 03/03/2025 Trial Tr. 1017:2-8. This would have struck the right balance. It would have permitted the government to introduce circumstantial evidence it claims supports falsity and intent, on the one hand. And it would not have run afoul of Rule 403 and Ms. Javice's constitutional rights, on the other. Instead, the Court permitted the government to introduce evidence that invites the jury to convict on an uncharged theory of prosecution in violation of Ms. Javice's Fifth and Sixth Amendment rights. This is reversible error. *See, e.g.*, *Stirone v. United States*, 361 U.S. 212 (1960) (reversing a conviction where the proof at trial established a basis for conviction that was broader than that in the indictment).

### *This Testimony Usurped the Role of the Jury and Introduced an Uncharged Theory of Prosecution in Violation of the Fifth Amendment*

The prejudicial impact of this testimony assumes a constitutional dimension. The solicitation or creation of synthetic data is *not* illegal. Nor is it charged as such in the Superseding Indictment. ECF No. 27. Rather, the government alleges what Ms. Javice and Mr. Amar *did* with the data was illegal. ECF No. 140 at 11–12. However, through Mr. Vovor's testimony the jury was left with the misimpression that the solicitation, procurement, or creation of synthetic data is illegal. And that Ms. Javice and Mr. Amar are guilty. This is problematic for two reasons. First, Mr. Vovor's opinion on the purported illegality of Ms. Javice's actions was an impermissible lay opinion. It usurped the role of the jury as the ultimate arbiter of fact and guilt in violation of Ms. Javice's right to a fair trial. *United States v. Josephberg*, 562 F.3d 478, 495 (2d Cir. 2009). Further, Mr. Vovor's testimony impermissibly "broaden[s] the possible bases for conviction from that which appeared in the indictment." *United States v. Banki,* 685 F.3d 99, 118 (2d Cir. 2011), *as amended* (Feb. 22, 2012) (internal quotation marks omitted). Constructive amendment of the Superseding Indictment—such as what occurred through Mr. Vovor's testimony—is a *per se* violation of the Grand Jury Clause of the Fifth Amendment and is reversible error. *United States v. Frank,* 156 F.3d 332, 338 n. 5 (2d Cir. 1998); *see also United States v. Zingaro*, 858 F.2d 94, 98 (2d Cir. 1988).

### *Justice Demands a Mistrial or, at a Minimum, a Curative Instruction*

The appropriate remedy for the admission of this highly prejudicial evidence is a mistrial. Should the Court deny Ms. Javice's requested relief, she respectfully requests the Court provide the following curative instruction at the end of Mr. Vovor's testimony. Fed. R. Evid. 105.

- You heard testimony earlier from government witness Mr. Patrick Vovor. Mr. Vovor testified about a conversation between himself, Mr. Amar, and Ms. Javice regarding the creation of synthetic data. The government has not alleged that the solicitation, procurement, or creation of synthetic data is unlawful.

- I instruct you now, and will remind you later, that I alone will instruct you on the law to apply in this case, after all the evidence has been presented.

- The defendants began trial presumed to be innocent. Each defendant is presumed to be innocent throughout your deliberations even into the jury room. You can find a defendant guilty only if you find that the government has proved beyond a reasonable doubt each and all of the elements charge by charge, defendant by defendant. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of that defendant's guilt charge by charge after you carefully and impartially consider all the evidence in the case.

- As I instructed you, it becomes more and more tempting to start making up your minds and starting to discuss the case. Resist it. It is important that you keep an open mind.*

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:    All Counsel of Record

---

* The proposed instruction is adapted from this Court's instructions to the jury on March 6, 2025, Trial Tr. 1581:1-1581:6; 1 L. Sand, *et al*., Modern Federal Jury Instructions (Criminal), Instr. 7-1 (Witness Credibility); Jury Charge at 5330–31, 5400–03, *United States v. Hwang*, No. 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.