

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 11, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Streets
New York, New York 10007

  Re: *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

  The Government respectfully writes to request that the Court reconsider its rulings precluding the Government from offering non-hearsay statements of defendant Javice—GX 803-5, a three-page text message chain between Javice and Patrick Vovor, and GX 1762, a single page calendar invite from Javice to Vovor and Amar. Both exhibits are admissible and important evidence to rebut specific arguments advanced by defendant Amar through cross-examination. While the defendants have no burden at all, the Government bears the burden of proof beyond a reasonable doubt, and preclusion of these admissible exhibits needlessly prejudices the Government's ability to meet its burden and risks leaving the jury with a misleading and inaccurate portrayal of events.

  Amar has made clear that part of his defense will be to argue that, even if Javice engaged in fraudulent conduct, she did so behind Amar's back and without Amar's knowledge. Amar has repeatedly tried to use examples of his purported absence from conversations or events to claim that Amar had no knowledge of the fraudulent scheme, that he was at times excluded by Javice, and therefore did not join the charged conspiracy. GX 803-5 and 1762 directly contradict that defense and therefore are plainly relevant.

  Both GX 803-5 and 1762 relate to key events on August 1 through August 2, 2021. On direct examination, former Frank employee Vovor described how the defendants asked him to aid in their fraud on those dates. Vovor testified that he first had a conversation with Javice on August 1, 2021, in which Javice asked Vovor if he could "take [Frank's] user base of about 300k users and grow it to 4 million users . . . ." (Tr. 1529). Vovor also testified that Javice and Amar contacted him by video call together the following day, on August 2, 2021, during which Amar made a similar request to create fake data. (Tr. 1530).

  During cross-examination, counsel for Amar suggested that Vovor was lying about (or misremembered) Amar's involvement in the request to create fake student data. Specifically,

counsel for Amar suggested that the request to create fake data occurred on August 1, 2021 (not August 2), and that Javice excluded Amar from that conversation. When asked by the Court about this line of questioning, counsel for Amar explained the following:

> Mr. Menchel: The government elicited in their case, when they were direct-examining [Vovor], that these documents were discussed on August 2nd, and in fact the witness even said the first time he saw some of these documents was on August 2nd. What this evidence will show is that in fact Ms. Javice provided these documents to [Vovor] on August 1st, and the metadata will show he opened those documents August 1st. I'm impeaching this witness's testimony that what he said happened on August 2nd actually happened on August 1st.
>
> The Court: Does it make a difference?
>
> Mr. Menchel: Yes, because Mr. Amar was not there. ***It makes a huge difference***. He was not involved in these discussions at all.

(Tr. 1699 (emphasis added)).

The Court permitted counsel for Amar to question Vovor about this, and Vovor testified that, to the best of his recollection, only Javice was involved in the August 1, 2021 conversation. While Vovor recalled only speaking to Javice on August 1, 2021, GX 803-5 and GX 1762 show that, at the very least, Javice had attempted to include Amar in the August 1, 2021 conversation, and certainly made no effort to exclude him as Amar's counsel implied. GX 803-5 includes an August 1, 2021 text message from Javice to Vovor in which Javice writes, "Hey! Do u have time today to connect on a diligence item with me ***and Olivier***? ***We*** need help." (GX 803-5 (emphases added)).



GX 1762 is the calendar invite for the August 1, 2021 call referenced in Javice's text message. GX 1762 shows that the calendar invite for the August 1, 2021 call was sent by Javice to both Vovor ***and Amar***.

Javice's statements, which are not hearsay, *see* Federal Rule of Evidence 801(d)(2), are proof of the charged conspiracy and squarely contradict Amar's defense that Javice purposely excluded Amar from a key conversation. This is true even if Amar did not actually participate in the call. That Javice included Amar on the calendar invite shows that she did not purposely exclude him. In other words, Javice's calendar invite—irrespective of Amar's actual participation in the call—is salient evidence of the charged conspiracy at the critical time period, shows Amar's knowledge of Javice's outreach to Vovor on August 1, 2021, and directly responds to the defense's arguments that Amar was excluded from the August 1 call (which is simply false). Javice's express reference in GX 803-5 to a "diligence item" also affirms that Javice knew and intended for the fake data to be sent to JPMC.

In the moment, the Court ruled that GX 803-5, the text message, appeared "extraneous" and "adds nothing to what's already in the record." (Tr. 1855).[1] Likewise, the Court ruled that GX 1762 "does nothing" and that Vovor "covered it in testimony." (Tr. 1860-61). The Government respectfully submits that these rulings overlooked the key point contained in these exhibits, specifically, Javice's inclusion of Amar. There is currently nothing in the record that shows Javice attempted to include Amar in the August 1, 2021 conversation with Vovor. Far from extraneous or cumulative, the proposed exhibits would be the only evidence in the record on this point. The Government should not be precluded from offering critical, admissible, non-hearsay evidence of the charged conspiracy that directly responds to defense arguments about key dates and conversations.

---

[1] Notably, when the Government initially sought to offer GX 803-5 during Vovor's direction examination, neither Javice nor Amar objected to its admission. *See* Tr. 1545-46. In addition, Amar's counsel selectively used portions of GX 1762 to refresh Mr. Vovor's memory on whether the call was a video call, but did not direct Vovor's attention to the fact that Amar was a recipient of the calendar invite. *See* Tr. 1756-57. In light of their approach to these exhibits, defense counsel cannot credibly argue that they have serious Rule 403 or relevance objections to these exhibits, which are plainly non-hearsay.

The Court should permit the Government to admit GX 803-5 and GX 1762.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:    /s/_____
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia V. Kostopoulos
Assistant United States Attorneys
212-637-2439 / -1247 / -2190 / -2212