quinn emanuel trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 12, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Defendant Charlie Javice respectfully moves to preclude the government from admitting a series of meeting notes compiled by an unspecified amount of unknown authors memorialized in GX 1396-R.[*] The Court has already ruled that the government must elicit the information contained in the notes through live testimony, and the document may only be admitted if the witness's credibility is challenged. *See* Transcript of February 4, 2025 Conference, at 39:6–8 ("That's where you will do it, in testimony. Then if there is a challenge to credibility this can be corroboration."). Alternatively, if GX 1396-R is admitted, it should be admitted unredacted.

Despite the Court's pretrial ruling, the government seeks to offer GX 1396-R, a series of notes compiled from multiple unknown authors after a two-day meeting attended by over 40 JPMC, LionTree and Frank employees. *See* ECF No. 323. Ms. Javice moved *in limine* to exclude these notes as inadmissible hearsay. ECF No. 196 at 8. As Ms. Javice stated in her motion *in limine*, GX 1396-R constitutes hearsay and should be excluded on that basis alone. Fed. R. Evid. 801, 802; *Braunstein v. Sahara Plaza, LLC*, 2021 WL 2650369, at *9–10 (S.D.N.Y. June 28, 2021) (finding "purported notes from meetings with Plaintiff and other employees that . . . do not state who authored them" are inadmissible hearsay), *aff'd*, 2022 WL 17480962 (2d Cir. 2022).

The government's proposed redactions are also objectionable. To the extent GX 1396 is admitted (and it should not be), it should be admitted unredacted for context. Fed. R. Evid. 106,

---

[*] The government's letter refers to GX 1391-R. Ms. Javice understands that the government seeks to admit GX 1396-R, not GX 1391-R.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

401, 403. The government's proposed redactions isolate the short portions of the document relevant to *its* case-in-chief by excluding the full context of what was discussed during JPMC's due diligence meetings. However, the proposed redactions do not include portions of the notes relevant to *Defendant's* defense, and in particular her ability to challenge the materiality of any alleged misstatements. *See United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849 ("Furthermore, a false statement cannot be material if it constitutes mere puffing or sales talk that would not in the view of a reasonable investor significantly alter the total mix of information available in making an investment decision."); *see also Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 47 (2011) (materiality requires that it be "substantially likely that a reasonable investor would have viewed this information 'as having significantly altered the "total mix" of information made available'" (citing *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)); *In re ProShares Tr. Sec. Litig.*, 728 F.3d 96, 102 (2d Cir. 2013) (to establish materiality, government must present evidence of "a substantial likelihood that the disclosure of the [truth] would have been viewed by the reasonable investor as having significantly altered the total mix of information [already] made available") (quoting *DeMaria v. Andersen*, 318 F.3d 170, 180 (2d Cir. 2003)). Moreover, if left in their redacted form, the government's proposed redactions would impermissibly mislead the jury about the weight of the unredacted statements.

Ms. Javice respectfully requests that the Court exclude GX 1396-R.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:     All Counsel of Record