# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 13, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*,
                23 Cr. 251 (AKH)

Dear Judge Hellerstein:

      We write respectfully on behalf of Olivier Amar to oppose the Government's renewed motion to reconsider the Court's exclusion of GX 803-5 and GX 1762. The Court twice already has rejected the Government's attempt to offer such exhibits—including hearing re-argument outside the presence of the jury—and the Government's latest attempt to introduce irrelevant exhibits adduces no new facts or relevant law that should alter those rulings. Accordingly, for the reasons set forth below, the Court should again deny the Government's motion to reconsider.

      Dissatisfied with Mr. Vovor's testimony that his conversation on August 1, 2021 at 12:30pm Eastern was with Ms. Javice only, the Government seeks again to admit GX 803-5, a text message chain between Ms. Javice and Mr. Vovor, and GX 1762, a calendar invite from Ms. Javice to Mr. Vovor and Mr. Amar. The Court properly ruled these two exhibits inadmissible multiple times during Mr. Vovor's testimony. Nothing has changed since the Court's rulings, and the Court should deny the Government's motion. We address each exhibit in turn.

**The Court Properly Excluded GX 803-5**

      With respect to GX 803-5, after hearing additional argument regarding this exhibit, the Court rejected the Government's request to admit the exhibit for the third time. As the Court is aware, Mr. Vovor repeatedly testified that he spoke only with Ms. Javice on August 1, 2021. *See, eg.*, Tr. at 1528:20–25, 1545:5–14, 1689:5–6, 1689:21–24, 1702:17–18, 1702:21–22, 1722:25–1723:1, 1723:17–23, 1744:23–24, 1762:16–19, 1846:14–17. On redirect, the Government showed

Americas (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
APAC (Hong Kong, Seoul, Shanghai), Caribbean (BVI, Cayman Islands), EMEA (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 13, 2025
Page 2

Mr. Vovor GX 803-5, a text message from Ms. Javice to Mr. Vovor on August 1, 2021, in an attempt to elicit testimony from Mr. Vovor that Mr. Amar was expected to join a call on August 1, 2021 with Ms. Javice and Mr. Vovor. Tr. at 1846:4–21, 1848:2–16. Mr. Vovor testified that GX 803-5 did not refresh his recollection and that he could not recall if he expected to see Mr. Amar on the call. Tr. at 1846:22–1847:3, 1847:17–1848:1. The Court concluded that GX 803-5 is not relevant and would be cumulative:

> [THE GOVERNMENT]: So first, your Honor, I'm directing your attention to the text message from Ms. Javice that says, "Hey, do you have time today to connect on a diligence item with me and Olivier? We need help."
>
> THE COURT: And you asked about that, and he said that the call was with Javice and him.
>
> [THE GOVERNMENT]: Yes, your Honor.  The point that I wanted to elicit—and this is a statement of a party opponent—is that she had asked him, at 10:36 a.m., "to connect on a diligence item with me and Olivier." So it's the Olivier piece of this that's important.  Mr. Menchel—
>
> THE COURT: But he didn't put Olivier in the call.
>
> [THE GOVERNMENT]: He did not, your Honor, but these are Ms. Javice's own words, and that's what I wanted to elicit. They are strenuously arguing that Mr. Amar had nothing to do with August 1st and he was out of it.
>
> THE COURT: The document, I rule, is inadmissible, that it has been covered in many ways by testimony and will not add anything.

Tr. 1859:8–1860:1.

**The Court Properly Excluded GX 1762**

The Court similarly permitted the Government multiple chances to argue for the admissibility of GX 1762, and after careful consideration of those arguments and the testimony of Mr. Vovor, excluded the exhibit:

> THE COURT: What is this going to show?
>
> [THE GOVERNMENT]: It shows, your Honor, that there was a Google call at 12:30 Eastern on August 1st, and the invitation is to Mr. Vovor and to Mr. Amar, and there's been argument here—
>
> THE COURT: And what's it about? A data question?
>
> [THE GOVERNMENT]: The invitation says Data Question.
>
> THE COURT: This doesn't do anything.

[THE GOVERNMENT]: Your Honor, look, I'm loath to push back, but they are strenuously objecting to Mr. Amar's involvement with this, and this shows that Mr. Amar was invited to this 12:30 call that they had—they tried to establish occurred—

THE COURT: It doesn't show that he was in on any call on August 1.

[THE GOVERNMENT]: The last thing I'll say, your Honor, is, again, this is a conspiracy charge. It's a scheme charge. It's about the defendants working together. And here, Ms. Javice is inviting not just Mr. Vovor but Mr. Amar to this call about a data question. They are trying to argue that whatever—

THE COURT: There's too much ambiguity in the document, and he's covered it in testimony. You may not use it.

[THE GOVERNMENT]: Okay. We believe that both sides could argue what they will about this, but—

THE COURT: I have your argument.

Tr. 1860:9–1861:10.

As with GX 803-5, Mr. Vovor's clear and repeated testimony directly contradicts the inference the Government seeks to ask the jury to draw from GX 1762, such that admission of the exhibit (particularly outside of Mr. Vovor's testimony) would serve only to confuse the jury in violation of 403. Moreover, as the Court correctly noted, GX 1762 is not relevant because given Mr. Vovor's consistent and uncontradicted testimony on this point, the exhibit has no "tendency to make a fact more or less probable than it would be without the evidence" and therefore is inadmissible pursuant to Rules 401 and 402. A calendar invite establishes nothing about whether the meeting occurred, who attended the meeting contemplated by the calendar invite, or whether the subject matter of the calendar invite actually was discussed if the meeting did in fact occur. The Court properly excluded the document on these bases, *see* Tr. 1848:15–19, and denied reconsideration for substantially the same reasons. The Court therefore should decline the Government's request to yet again reconsider its ruling excluding GX 1762.

The Court properly excluded both documents. Tr. at 1847:4–5, 1848:15–19.

**The Government's Renewed Reconsideration Motion Should be Denied**

Tacitly recognizing the propriety of the Court's rulings during the testimony of the relevant government witnesses, the Government now mischaracterizes Mr. Amar's defense in an attempt to shoehorn these two exhibits into evidence. Mr. Amar's defense on this issue, as explicitly stated in court and quoted by the Government in its motion, is that Mr. Amar was not on any calls (including the call in question in GX 803-5 and GX 1762) with Mr. Vovor and Ms. Javice on August 1, 2021. Tr. at 1699:21–23 (Mr. Menchel: "Mr. Amar was not there. It makes a huge

Hon. Alvin K. Hellerstein, U.S.D.J.
March 13, 2025
Page 4

difference. He was not involved in these discussions at all."). The Government's attempt to paint this as an argument that Mr. Amar was *excluded* from the August 1 call is unfounded.[1]

Mr. Vovor testified to Mr. Amar's absence on August 1, 2021 repeatedly, including after being shown GX 803-5 and GX 1762. *See, e.g.*, Tr. at 1528:20–25, 1545:5–14, 1689:5–6, 1689:21–24, 1702:17–18, 1702:21–22, 1722:25–1723:1, 1723:17–23, 1744:23–24, 1762:16–19, 1846:14–17. This testimony squarely addressed Mr. Amar's actual defense, that he was not present on the call. Given the lack of argument that Mr. Amar was excluded, documents reflecting that Ms. Javice referred to him or invited him to the call are not probative of anything at issue, as the Court repeatedly recognized. Tr. at 1859:12–19 (observing that Mr. Vovor had been asked about the call and "he said that the call was with Javice and him…he didn't put Olivier in the call"); Tr. at 1859:24–1860:1 (holding that the topic "has been covered in many ways by testimony and [the document] will not add anything"); *see* Fed. R. Evid. 401.[2] And admission of these exhibits, particularly now that Mr. Vovor has been dismissed and cannot be cross-examined on them, would only serve to confuse the jury—as the Court noted "[t]here's too much ambiguity in the document," Tr. at 1861:5-7; *see* Fed. R. Evid. 403.

This renewed request to reconsider the Court's exclusion of GX 803-5 and GX 1762 without Mr. Vovor suggests that the Government's actual intent is to imply that Mr. Amar must have attended the August 1, 2021 call despite Mr. Vovor's testimony to the contrary. *See* Tr. at 1860:17–21. But as the Court accurately observed, these documents do not "show that [Mr. Amar] was in any call on August 1." Tr. at 1860:22–23. And Mr. Vovor repeatedly testified that he was not.

Mr. Vovor's testimony was clear on the relevant issue: Mr. Amar was not present on a call on August 1, 2021 with Mr. Vovor and Ms. Javice. The Government's motion should be denied.

---

[1] That the thrust of Mr. Amar's defense regarding the August 1, 2021 12:30pm call was not that Mr. Amar was excluded is illustrated by Mr. Amar's introduction and use of emails from August 1, 2021 that *did* include Mr. Amar. *See, e.g.*, GX 1684, GX 1145.

[2] The Government claims that because Mr. Amar used GX 1762 in an attempt to refresh Mr. Vovor's recollection that the call was a video call, Mr. Amar cannot have serious objections to the document. This document was only used to refresh the witness's recollection and ultimately did not refresh his recollection—a fact the Government selectively omits. Tr. at 1756:17–1757:2. Nor is Mr. Amar's initial lack of objection to GX 803-5 determinative; the Government initially sought to introduce the document for one purpose, while its later attempts were purely to demonstrate Mr. Amar's involvement. As the Government is well aware, the admissibility of a document depends on how the document is to be used.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 13, 2025
Page 5

                                      Respectfully submitted,

<u>*/s/ Sean S. Buckley*</u>
Sean S. Buckley
Jonathan D. Cogan
Alexandria E. Swette
Daisy Joo
KOBRE & KIM LLP
800 Third Ave.
New York, NY 10022
Tel: (212) 488-1200
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com
Alexandria.Swette@kobrekim.com
Daisy.Joo@kobrekim.com

Matthew I. Menchel
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Tel: (305) 967 6100
Matthew.Menchel@kobrekim.com

Erika L. Berman (admitted pro hac vice)
1919 M Street, NW
Washington, DC 20036
Tel: (202) 664-1900
Erika.Berman@kobrekim.com

*Counsel for Defendant Olivier Amar*