

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

---

*The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278*

March 17, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Streets
New York, New York 10007

      Re:    *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

      The Government respectfully writes regarding the parties' remaining disputes to the admissibility of certain WhatsApp messages between defendants Charlie Javice and Olivier Amar. While the parties have largely reached agreement as to the admissibility of WhatsApp messages between the defendants, there remains a dispute as to four such messages. Accordingly, the Government seeks rulings from the Court.

**I.   The Disputed Messages**

    **A.  Messages To Which Both Defendants Object**

| Exhibit Number | Summary | Government's Position | Amar's Position | Javice's Position |
|---|---|---|---|---|
| 801-35 | Amar comments on his JPMC employment self-evaluation to Javice. Javice remarks that the review is "fake" as the "comp is already set," and remarks that Amar is "the best partner in crime." | View as relevant and admissible. | Object under Rule 403. | Object under Rule 403. |

| 801-51 | In February 2022, Javice and Amar discuss providing "shit show" spreadsheets, and Javice says "we are fucked." | Relevant and admissible. Relates to defendants' delivery of customer lists in January and February 2022. | Object to lines yellow highlighted lines under FRE 401/403. | Object under Rule 403. |
|---|---|---|---|---|
| 801-56 | Discussions between the defendants regarding deletion of work-related messages from the defendant's phone. | View as relevant and admissible. Defendants have crossed several government witnesses on those grounds. | Not relevant. | Not relevant. |

### B. Messages To Which Amar Objects

| Exhibit Number | Summary | Government's Position | Amar's Position |
|---|---|---|---|
| 801-23 | Several days after JPMC merger agreement is signed, Amar discusses purchasing a black Land Rover and hoping to use JPMC benefits to finance the purchase. | View as relevant and admissible. | Object under Rule 401/403. |

### II. Discussion

**GX 801-35** is relevant and admissible. Just one month after the defendants pulled off a $175 million fraud against JPMorgan Chase ("JPMC"), Javice joked with Amar about disclosing to JPMC in a performance review that Amar and Javice are "partner[s] in crime." Amar responded with a smiley face emoji. This exchange between the two co-conspirators is plainly relevant; it goes to what the Government has the burden to prove as to Count One, the conspiracy count. This exchange reflects a nonchalant consciousness of guilt, and further reflects the type of closely intimate relationship that Javice and Amar shared. Moreover, the two defendants' text exchange

is no more inflammatory than the charges against them and thus do not run afoul of Rule 403. Indeed, the defendants are charged with conspiring to commit crimes together, *i.e.*, being partners in crime. In short, the defendants' own words on this point are relevant and not unfairly prejudicial, and all parties can make their arguments about the import of the messages and the jury will decide. GX 801-35 should be admitted.

**GX 801-51** is relevant and admissible. The jury has heard evidence (through Ryan Macdonald), and will hear further evidence (through Keona Drakeford), that Frank began transferring spreadsheets containing purported Frank user data to JPMC beginning in January 2022. *See* GX-1765. These file transfers continued from January into early February. GX 801-51 is a WhatsApp chat between Javice and Amar in which Javice references the spreadsheets and exclaims, "ah we are fucked." Javice's message to Amar reflects her consciousness of guilt, *i.e.*, JPMC may detect the fraud, and is evidence of the charged two-person conspiracy, *i.e.*, Javice confiding in her lone co-conspirator. The prejudice of Javice's use of profanity comes nowhere close to substantially outweighing the highly probative value of this document.

**GX 801-56** is relevant and admissible. In this June 2022 WhatsApp exchange between Javice and Amar, Javice states that she has a new work phone, and Amar tells Javice to "[w]ipe everything Chase off your personal phone." Amar's directive to delete Chase-related communications is plainly probative of Amar's consciousness of guilt and the existence of the conspiracy. Moreover, the Court has allowed the defense to question Government witnesses about deletion of records. The Government should not be blocked from introducing similar evidence about the defendants.

**GX 801-23** is relevant and admissible. Several days after the signing of the JPMC merger agreement and Amar's employment agreement (in which he was promised millions of dollars), Amar discussed with Javice purchasing a Land Rover. The Second Circuit has routinely upheld the admission of evidence concerning a fraud defendant's lavish spending. *United States v. Weiss*, 914 F.2d 1514, 1523-24 (2d Cir. 1990) (affirming Rule 403 analysis admitting evidence of defendant's wealth as probative of motive to commit fraud); *United States v. Hoey*, 725 F. App'x 58, 60-61 (2d Cir. 2018) (affirming Rule 403 analysis admitting evidence of "lavish spending habits" as probative of motive and knowledge of illegality).

                                              Respectfully submitted,

                                              MATTHEW PODOLSKY
                                              Acting United States Attorney

By:    /s/_____
        Rushmi Bhaskaran
        Nicholas W. Chiuchiolo
        Micah F. Fergenson
        Georgia V. Kostopoulos
        Assistant United States Attorneys
        212-637-2439 / -1247 / -2190 / -2212