**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 18, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

Charlie Javice has been denied the ability to cross-examine 12 of the government's 17 fact witnesses on a matter that strikes at the heart of credibility and bias: JP Morgan Chase's payment of government witnesses' legal fees.  The "Confrontation Clause requires that a criminal defendant be afforded a meaningful opportunity to cross-examine witnesses against him in order to show bias or improper motive for their testimony."  *Brinson v. Walker*, 547 F.3d 387, 392 (2d Cir. 2008).  The receipt of significant monetary benefits *from the alleged victim* is a prototypical form of bias and a constitutionally-guaranteed subject for cross-examination.  *Henry v. Speckard*, 22 F.3d 1209, 1214 (2d Cir. 1994); *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

This is precisely what the Court has denied Ms. Javice, however.  The Court has thwarted Ms. Javice's attempts to cross-examine the government's witnesses about JP Morgan Chase's procurement of and payment for government witnesses' counsel.  02/24/2025 Trial Tr. 244:17–246:20; 02/26/2025 Trial Tr. 523:20–527:3; ECF No. 288 (motion for reconsideration to permit cross-examination on witness bias and credibility).  Had the Court permitted cross-examination on bias and credibility, Ms. Javice would have elicited testimony from the following witnesses on this topic:

- Houston Cowan;
- Behram Panthaki;
- Leslie Wims Morris;

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

- Jennifer Wong;
- Sarah Youngwood;
- Alex Sweeney;
- Patrick Vovor;
- Mason Young;
- Ryan MacDonald;
- Sindhu Subramaniam;
- Keona Drakeford; and
- Manole Pelarinos.

In any criminal case, the alleged victim's payment of significant funds to a witness would go directly to that witness's trustworthiness and credibility. Ms. Javice has been denied the opportunity to cross examine over 70% of the government's fact witnesses on their bias whittles away at the heart of the truth-seeking function of a trial and due process. Ms. Javice had constitutionally enshrined right to subject these witnesses' credibility to "the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, 61 (2004). The prejudice she has suffered as a result of this denial is immeasurable.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

\* Not admitted in New York. A member in good standing in Maryland and the District of Columbia.

cc:   All Counsel of Record