**quinn emanuel** trial lawyers | miami
2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 19, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

Government witness Dr. Michael Salve, Ph.D., an undisclosed expert witness, offered expert opinions about spreadsheets containing millions of rows of data based not on his own analysis alone. Rather, his untested opinions were based on testimonial hearsay from unnamed, non-testifying declarants. The Confrontation Clause demands more.

### *Dr. Salve's Testimony Violates the Sixth Amendment's Confrontation Clause*

Admitting Dr. Salve's testimony over defense counsel's objections violated Ms. Javice's Confrontation Clause rights. The Sixth Amendment "bars the admission at trial of 'testimonial statements' of an absent witness unless she is 'unavailable to testify, and the defendant ha[s] had a prior opportunity' to cross-examine her." *Smith v. Arizona*, 602 U.S. 779, 783 (2024) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). This "prohibition applies in full to forensic evidence" such that "a prosecutor cannot introduce an absent laboratory analyst's testimonial out-of-court statements to prove the results of forensic testing." *Id.* (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 307 (2009)). None of these safeguards were respected here.

Dr. Salve's testimony was predicated on testimonial hearsay. Dr. Salve admitted his opinions were based on analysis performed by three non-testifying members of his team. *See* 03/18/2025 Trial Tr. 2712:23-2713:4, 2716:13-2717:8. None of whom were named—let alone subject to cross examination. For example, Dr. Salve conceded that he did not manually compare

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

the millions of excel rows at issue, but instead did a "casual inspection" to ensure "what was happening was consistent with what the results were from *our* programming results." *Id.* at 2740:24-2741:3(emphasis added). "Our programming results" speaks for itself. Nevertheless, Dr. Salve elaborated that the absent analysts performed the relevant analysis upon which he based his in-court testimony. *Id.* 2741:7-22 (testifying "one of [his] team members use[d] a program called Microsoft SQL server" to validate the comparisons, while "another person on [his] team program[med] in a language called Python, and that person went through the spreadsheets and compared line by line, row by row, value by value, to see which ones were identical and which ones were not"), 2755:12-23, 2756:21-25. Indeed, Dr. Salve admitted his role was merely supervisory, at best. *Id.* 2741:20-22 (testifying he "casually inspected [the results] . . . to see that in fact they were the same").

The non-testifying declarants' analyses are testimonial hearsay. They were offered to prove the truth of what they asserted: that the performed analyses were accurate and valid. This purpose is "identical to the one served had the analysts given live, in-court testimony," and thus testimonial. *Smith*, 602 U.S. at 785 (quotation marks omitted); *see also Bullcoming v. New Mexico*, 564 U.S. 647, 651-52 (2011) (state could not, within the bounds of the Confrontation Clause, introduce one lab analyst's written findings through the testimony of a substitute analysts, even when the analyst had similar qualifications, and knew about the type of test performed). Ms. Javice has a Sixth Amendment right to cross-examine the analysts to "expose any lapses or lies on the [] analyst[s'] part" or inquire into any potential misconduct that may have occurred in the validation. *Bullcoming*, 564 U.S. at 661-62. Denial of confrontation requires, at minimum, striking Dr. Salve's testimony.

### *Dr. Salve's Testimony Was Improperly Admitted Unduly Prejudicial Expert Testimony*

Ms. Javice also respectfully renews her motion to preclude Dr. Salve's testimony or, alternatively, to strike his testimony and any accompanying exhibits. Admission of an undisclosed expert with no Rule 16 disclosures, no expert report, and no opportunity to meaningfully adjust defense strategy is precisely the type of trial-by-ambush prejudice Federal Rule of Criminal Procedure 16 is intended to prevent. And the type of prejudice that offends due process.

Indeed, the Court "agree[d] with [defense counsel] that [Dr. Salve] is an expert witness" and "agree[d] with [defense counsel] that there should have been disclosure of [Dr. Salve's] opinions before" his testimony. 03/18/2025 Trial Tr. 2721:1-5; *see also* ECF No. 163 (ordering, in line with Rule 16, that all witnesses and Jencks Act material be disclosed by December 16, 2024); ECF No. 87 (setting deadline for expert disclosures in June and July 2024). Yet the Court allowed Dr. Salve to testify on the grounds that his testimony *was not* based on specialized knowledge and *was* disclosed. *Id.* 2724:20-2725:9 (concluding that the use of computer programs Python, UltraEdit, and Microsoft SQL are "mechanical aids in the human ability to display, observe, and compare" and that "[w]hatever the means used by the witness to compare, the comparisons, according to [the government] were disclosed several months ago"). The Court's about-face at the close of the government's case in chief is highly prejudicial and manifestly unjust. Fed. R. Evid. 403.

Even assuming Dr. Salve's testimony was properly offered under Rule 1006—it was not—the Court should not have admitted it. "A party offering summary evidence must . . . establish that the summary is accurate and nonprejudicial[.]" *UPS Store, Inc. v. Hagan*, No. 14-cv-1210 (WHP), 2017 WL 3309721, at *5 (S.D.N.Y. Aug. 2, 2017) (citation omitted). Indeed, "[t]he government cannot sidestep Rule 1006 merely by smuggling an argumentative summary of voluminous records into a hybrid exhibit. . . ." *United States v. Hawkins*, 796 F.3d 843, 866 (8th Cir. 2015); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 630 (S.D.N.Y. 2018) (excluding summaries under Rule 1006 that were "impermissibly based on defense counsel's own interpretation of the underlying spreadsheet" and omitted key context for the underlying data). The Court must take "great care" "to ensure that the proposed summary contains no annotation or suggestion, even inferential, that may be considered argumentative." *UPS Store*, 2017 WL 3309721, at *5 (citation omitted). Dr. Salve's testimony was nothing more than another one of the government's recurring attempts to have an opportunity to test-drive its closing argument under the guise of Rule 1006. Dr. Salve's testimony and exhibits should be stricken from the record.

\*   \*   \*

For the reasons outlined above, Ms. Javice respectfully requests that the Court grant a mistrial. Alternatively, she requests that the Court strike Dr. Salve's testimony and any accompanying exhibits and instruct the jury accordingly.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc:   All Counsel of Record

3