# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 23, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*,
            23 Cr. 251 (AKH)

Dear Judge Hellerstein:

      Defendant Olivier Amar respectfully submits this letter requesting that the Court take judicial notice of JPMC's civil lawsuit against Defendants Mr. Amar and Ms. Javice. *See JPMorgan Chase Bank, N.A., v. Charlie Javice and Olivier Amar,* No. 22 Cv. 1621 (D. Del. Dec. 22, 2022). Multiple witnesses employed by JPMC, the alleged victim, have testified in this case as Government witnesses against Mr. Amar. Meanwhile, JPMC is suing the Defendants seeking to recover $175 million. Despite the clear probative value of this fact on the question of witness bias, Mr. Amar's counsel has been repeatedly prevented from putting this evidence in front of the jury. *See Caroll v. Trump*, 124 F. 4th 140, 173 (2d Cir. 2024) ("Extrinsic evidence may be introduced to prove a witness's bias"); *see also United States v. Harvey*, 547 F.2d 720, 722 (2d Cir. 1976) ("The law is well settled in this Circuit, as in others, that bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely."). The Court should take judicial notice of this fact pursuant to Federal Rule of Evidence 401 and *United States v. Giglio*, 405 U.S. 150 (1972).

      Mr. Amar's counsel attempted to cross-examine JPMC witnesses on their knowledge of JPMC's internal investigation and subsequent lawsuit against Defendants, which upon objection by the Government, the Court did not allow:

> MR. MENCHEL: You're aware, are you not, that your employer JPMorgan Chase conducted its own investigation into this matter, correct?

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim LLP, a New York Limited Liability Partnership.

   MS. BHASKARAN: Objection.

   THE COURT: Sustained.

Mar. 11 Tr. at 1769:16–20.

   MR. MANDEL: Do you know that JPMorgan has a civil suit against Mr. —

   MS. KOSTOPOULOS: Objection.

   THE COURT: Mr. Mandel, stop that now. There's no relevance to this case.

Mar. 17 Tr. at 2546:16–19.

   The testimony that Mr. Amar has attempted to elicit from JPMC witnesses regarding their knowledge of JPMC's lawsuit against Defendants is highly probative of witness bias and should have been admitted. *See United States v. Krug*, 2019 WL 336568, at *8 (W.D.N.Y. Jan. 28, 2019) (holding that evidence of civil lawsuits filed by witnesses against defendants is admissible as relevant to show bias); *see also Thurber Corp. v. Fairchild Motor Corp.,* 269 F.2d 841, 845 (5th Cir. 1959) ("It is axiomatic that [witnesses'] employment by someone with such a direct [financial] interest in the outcome of the case is a fact that the jury should know in weighing their testimony."); *United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."). Mr. Amar's inability to cross-examine JPMC witnesses on this fact infringes his constitutional right to confrontation. *See United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999) ("A defendant has a constitutional right under the Confrontation Clause to cross examine prosecution witnesses for bias . . . Pecuniary interest may be shown to prove bias. A defendant may ordinarily cross examine a prosecution witness to prove bias by proving that the witness is suing him.").

   Further, evidence of witness bias is squarely *Giglio* material and must be disclosed. *See Giglio*, 405 U.S. at 154-55 (holding "credibility as a witness was therefore an important issue in the case" and "the jury was entitled to know of" evidence that "would be relevant to his credibility"); *see also U.S. v. Block*, 2019 WL 1254762, at *6-7, *9 (S.D.N.Y. Mar. 19, 2019), *aff'd*, 797 Fed. App'x. 668 (2d Cir. 2020) (finding "the prospect of . . . a financial award" was "impeachment material under Giglio" where it "could have suggested to the jury that . . . [the witness] had a motive to shade his testimony in favor of making [the defendant] appear more culpable"). "[T]he jury is entitled to make its own assessment of the witness with all the cards on the table." *Annunziato v. Manson*, 566 F.2d 410, 414 (2d Cir. 1977) (affirming writ of habeas corpus under *Giglio*). Here, those cards include the fact of JPMC's lawsuit against Defendants, which goes to the credibility of the JPMC witnesses and therefore should be put before the jury.

   For these reasons, we respectfully request that the Court take judicial notice of *JPMorgan Chase Bank, N.A., v. Charlie Javice and Olivier Amar,* No. 22 Cv. 1621 (D. Del. Dec. 22, 2022).

Respectfully yours,

*/s/ Sean S. Buckley*
Sean S. Buckley
Jonathan D. Cogan
Alexandria E. Swette
Ana Frischtak
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel: (212) 488-1200
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com
Alexandria.Swette@kobrekim.com
Ana.Frischtak@kobrekim.com

*Counsel for Defendant Olivier Amar*