# quinn emanuel trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
ericaperdomo@quinnemanuel.com

March 23, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

On Friday, March 21, 2025, the Supreme Court issued its opinion in *Thompson v. United States*, 604 U.S. __ (2025) (attached hereto). The Court's unanimous opinion in *Thompson*—holding that as a matter of statutory interpretation "false and misleading are two different things" and the latter may not be read into the former—has direct implications for this case.[*] *Id.* at 4. Specifically, the government alleges Ms. Javice and Mr. Amar committed fraud, specifically by making false statements or representations, so the Court's directives in *Thompson* are squarely on point.

Among other implications, *Thompson* requires a careful review of the jury charge. The government's proposed instructions use "false" and "misleading" interchangeably, a use prohibited post-*Thompson*. *See, e.g.,* ECF No. 198 at 12 ("A statement may also be false if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive"); *id.* at 37 ("I have already instructed you on what constitutes a device, scheme, or artifice to defraud, and what constitutes false and misleading statements, and you should apply those same instructions here"). The Court has likewise used these terms interchangeably in past jury charges. *See* Tr. of Jury Instructions, *United States v. Bill Hwang et al.*, No 22 Cr. 240 (AKH) (S.D.N.Y. Jul. 9, 2024), ECF No. 313. Last week, the Court instructed the parties that they would have two hours to review the Court's proposed jury charge. *See* Tr. at 3134:14-23.

---

[*]   In *Thompson*, the defendant was charged under 18 U.S.C. § 1014, which prohibits "knowingly mak[ing] any false statement" to influence the FDIC's action on any loan.

## quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

To ensure compliance with *Thompson*, Ms. Javice and Mr. Amar respectfully and jointly request an opportunity to meaningfully review the jury instructions in this case and to supplement the instructions if appropriate. We therefore request that the Court disclose its proposed jury instructions to the parties at least one full day in advance of argument.

                                                          Respectfully submitted,

                                                          /s/ *Erica L. Perdomo*

cc:     All Counsel of Record