**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
kirstennelson@quinnemanuel.com

March 23, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)</u>

Dear Judge Hellerstein:

Counsel for Ms. Javice's co-defendant, Olivier Amar, promised the Court nearly a month before trial began that they would elicit evidence that "Ms. Javice misled not only the alleged victims in this case, the two banks, but also Mr. Amar . . . and [argue that] for the same reason the government is saying that [the jury] should convict [Ms. Javice] for having deceived all of those people, [the jury] should find that she deceived [Mr. Amar] as well. . . ." 01/23/2025 Tr. 27:10-12, 28:1-5. The pitch of Mr. Amar's antagonism has reached an untenable decibel. Yet, he continues to turn up the volume.

During his case-in-chief, Mr. Amar is sure to fully step into his role as a second prosecutor. Indeed, before Ms. Javice has even rested her case-in-chief, Mr. Amar's counsel has shown their hand. ECF No. 349. In his March 23, 2025 letter, Mr. Amar seeks admission of documents he acknowledges are antagonistic, through which he seeks to show that he is yet another victim of Ms. Javice's purported fraud. ECF No. 349. Mr. Amar's antagonist attack is no longer flanking Ms. Javice. It is now a frontal assault on Ms. Javice's constitutional right to a fair trial. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Court should deny Mr. Amar's motion to admit purely antagonistic evidence against Ms. Javice.

Relatedly, should Mr. Amar testify in his own defense, that testimony would occur *after* Ms. Javice has rested her own defense case. Given Mr. Amar's professed defense, his testimony, should he decide to testify, would be antagonistic. Should Ms. Javice choose not to testify, but

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

then have Mr. Amar testify against her, Ms. Javice respectfully requests that she be permitted to move to re-open her defense case to testify on her own behalf.

Further, Mr. Amar's closing argument is sure to be his antagonistic pièce de résistance. Ms. Javice requests two forms of relief: (1) that the Court preclude Mr. Amar's counsel from arguing that he is "another victim" of her alleged fraud; and (2) leave to present a surrebuttal closing argument after Mr. Amar's closing and the government's rebuttal arguments to respond to any antagonistic arguments presented by Mr. Amar's counsel.

This Court has the discretion to permit "surrebuttal" evidence and argument. *United States v. Murray*, 736 F.3d 652, 656–57 (2d Cir. 2013) (decision to permit surrebuttal reviewed for abuse of discretion). Surrebuttal by a defendant is merited where: (1) evidence or argument presented after a defendant has rested raises a new issue, which broadens the scope of the case against the defendant, and (2) the defense's proffered surrebuttal testimony is not tangential, but capable of discrediting the essence of the newly presented evidence/argument. *Id.* at 657; *see also United States v. Moody*, 903 F.2d 321, 331 (5th Cir. 1990) (violation of defendant's confrontation rights by refusal to allow fraud defendant to present surrebuttal testimony). This is precisely the case here.

Alternatively, Ms. Javice respectfully renews her motion for a mistrial and severance.

Respectfully submitted,

/s/ *Kirsten R. Nelson*
Kirsten R. Nelson* (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
kirstennelson@quinnemanuel.com

* Not admitted in Florida. A member in good standing in Maryland and the District of Columbia.

cc: All Counsel of Record