Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>CHARLIE JAVICE and OLIVIER AMAR,<br><br>Defendants. | Case No.: 1:23-cr-00251-AKH |

**~~DEFENDANTS' JOINT~~DEFENDANT JAVICE'S AMENDED PROPOSED REQUESTS TO CHARGE**

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**

Sara Clark (*pro hac vice*)
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7100
saraclark@quinnemanuel.com

Erica Perdomo (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
ericaperdomo@quinnemanuel.com

**BAEZ LAW FIRM**

Jose Baez (*pro hac vice*)
Rosemarie E.W. Peoples (*pro hac vice*)
1200 Brickell Avenue
Miami, FL 33131
Telephone: (305)-999-5100
jose@baezlawfirm.com
rosemarie@baezlawfirm.com

**RONALD SULLIVAN PLLC**

Ronald Sullivan (*pro hac vice*)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 313-8313
rsullivan@ronaldsullivanlaw.com

~~**KOBRE & KIM LLP**~~

~~Sean S. Buckley~~
~~Jonathan D. Cogan~~
~~Alexandria E. Swette~~
~~Daisy Joo~~
~~800 Third Avenue~~
~~New York, NY 10022~~
~~Tel: (212) 488-1200~~
~~Sean.Buckley@kobrekim.com~~
~~Jonathan.Cogan@kobrekim.com~~
~~Alexandria.Swette@kobrekim.com~~
~~Daisy.Joo@kobrekim.com~~

*~~Counsel for Defendant Olivier Amar~~*

**MINTZ, LEVIN, COHN, FERRIS,**
**GLOVSKY & POPEO, P.C.**

David Siegal
Ellen Shapiro
919 Third Avenue
Telephone: (212) 935-3000
dmsiegal@mintz.com
eshapiro@mintz.com

Eóin P. Beirne (*pro hac vice*)
Boston, MA 02111
Telephone: (617) 542-6000
epbeirne@mintz.com

*Counsel for Defendant Charlie Javice*

# INTRODUCTION

~~Defendants~~Defendant Charlie Javice ~~and Olivier Amar, through their undersigned attorneys,~~ respectfully ~~request~~ requests, in light of the evidence introduced at trial and the Supreme Court's recent decision in *Thompson v. United States*, 604 U.S. ____ (2025), that the Court adopt ~~the following charges as its instructions~~modifications to the ~~jury, which are jointly~~ proposed ~~with the exception of Proposed Instruction Nos. 5 (Separate Consideration), 12 (Materiality), and 24 (Count One—Wire and Bank Fraud Conspiracy—Second Element), for which each Defendant has included separate proposals.~~joint charges the Defendants submitted on January 13, 2025. ECF No. 203. Attached to this request is a redline reflecting changes to the prior joint submission.

Defendants respectfully reserve their respective rights to modify these proposed instructions or to submit additional requested instructions as appropriate or necessary to address evidence and testimony adduced at trial or arguments advanced by the government. Defendants further respectfully reserve their respective rights to offer additional instructions or modifications to these proposed instructions as they become necessary or appropriate after the Court rules on pending or anticipated motions, if there are developments in the law, and/or during the course of the trial. Defendants respectfully request the opportunity to make specific objections or request modifications to the Court's proposed charge.

## TABLE OF CONTENTS

I.    INTRODUCTORY INSTRUCTIONS ................................................................ 1

PROPOSED INSTRUCTION NO. 1 ............................................................... 1

General Requests ............................................................................... 1

PROPOSED INSTRUCTION NO. 2 ............................................................... 2

Credibility of Witnesses ................................................................... 2

PROPOSED INSTRUCTION NO. 3 ............................................................... 6

Cooperating Witness (If Applicable) ................................................. 6

PROPOSED INSTRUCTION NO. 4 ............................................................... 8

Expert Witnesses .............................................................................. 8

PROPOSED INSTRUCTION NO. 5 ............................................................... 9

Separate Consideration ..................................................................... 9

PROPOSED INSTRUCTION NO. 6 ............................................................. 12

Investigative Methods ..................................................................... 12

II.   SUBSTANTIVE INSTRUCTIONS ............................................................... 13

PROPOSED INSTRUCTION NO. 7 ............................................................. 13

Summary of the Charges ................................................................ 13

PROPOSED INSTRUCTION NO. 8 ............................................................. 16

Definitions: Knowingly, Intentionally, Willfully ........................... 16

PROPOSED INSTRUCTION NO. 9 ............................................................. 18

Definitions: Intent to Defraud, Good Faith .................................... 18

PROPOSED INSTRUCTION NO. 10 ........................................................... 22

Definition: Scheme to Defraud ...................................................... 22

PROPOSED INSTRUCTION NO. 11 ........................................................... 25

Definitions: False Statements or Representations ........................... 25

PROPOSED INSTRUCTION NO. 12 ........................................................... 28

Definition: Materiality ................................................................... 28

PROPOSED INSTRUCTION NO. 13 ........................................................... 38

Count Two: Wire Fraud – Statute ................................................... 38

PROPOSED INSTRUCTION NO. 14 ........................................................... 39

Count Two: Wire Fraud – Elements ................................................ 39

PROPOSED INSTRUCTION NO. 15 .................................................................. 40

    Count Two: Wire Fraud – First Element ........................................................ 40

PROPOSED INSTRUCTION NO. 16 .................................................................. 43

    Count Two: Wire Fraud – Second Element ................................................... 43

PROPOSED INSTRUCTION NO. 17 .................................................................. 44

    Count Two: Wire Fraud – Third Element ..................................................... 44

PROPOSED INSTRUCTION NO. 18 .................................................................. 45

    Count Three: Bank Fraud – Statute .............................................................. 45

PROPOSED INSTRUCTION NO. 19 .................................................................. 46

    Count Three: Bank Fraud – Elements – Financial Institution .............................. 46

PROPOSED INSTRUCTION NO. 20 .................................................................. 47

    Count Three: Bank Fraud – Elements – Scheme to Defraud a Financial Institution
    ................................................................................................................. 47

PROPOSED INSTRUCTION NO. 21 .................................................................. 50

    Count One: Conspiracy to Commit Wire Fraud and Bank Fraud – Statute.......... 50

PROPOSED INSTRUCTION NO. 22 .................................................................. 51

    Count One: Conspiracy to Commit Wire Fraud and Bank Fraud – Elements...... 51

PROPOSED INSTRUCTION NO. 23 .................................................................. 52

    Count One: Conspiracy to Commit Wire Fraud and Bank Fraud – First Element 52

PROPOSED INSTRUCTION NO. 24 .................................................................. 54

    Count One: Conspiracy to Commit Wire Fraud and Bank Fraud – Second Element
    ................................................................................................................. 54

PROPOSED INSTRUCTION NO. 25 .................................................................. 58

    Count Four: Securities Fraud – Statute and Rule........................................... 58

PROPOSED INSTRUCTION NO. 26 .................................................................. 60

    Count Four: Securities Fraud – Elements ..................................................... 60

PROPOSED INSTRUCTION NO. 27 .................................................................. 61

    Count Four: Securities Fraud – First Element ............................................... 61

PROPOSED INSTRUCTION NO. 28 .................................................................. 65

    Count Four: Securities Fraud – Second Element ........................................... 65

PROPOSED INSTRUCTION NO. 29 .................................................................. 66

    Count Four: Securities Fraud – Third Element .............................................. 66

PROPOSED INSTRUCTION NO. 30 .................................................................. 67

Count Four: Securities Fraud – Fourth Element ...................................................... 67

PROPOSED INSTRUCTION NO. 31 .................................................................... 68

Counts Two, Three, and Four: Aiding and Abetting Liability ............................ 68

## I.    INTRODUCTORY INSTRUCTIONS

### PROPOSED INSTRUCTION NO. 1

### General Requests

Defendants respectfully request that the Court charge the jury in its usual manner on the following matters.

      a.  Introductory Remarks and Role of the Court
      b.  Role of the Jury
      c.  Role of Counsel
      d.  Jury Communications with Lawyers and the Court
      e.  What Is and Is Not Evidence
      f.  Presumption of Innocence
      g.  Burden of Proof and Reasonable Doubt
      h.  All Parties Are Equal Before the Law / The Government as a Party
      i.  Rulings on Evidence and Objections
      j.  Do Not Be Swayed by Sympathy or Prejudice
      k.  Direct and Circumstantial Evidence
      l.  Defendant's Testimony (If Applicable)
      m.  Defendants' Right Not to Testify (If Applicable)
      n.  Law Enforcement Witnesses (If Applicable)
      o.  Audio Recordings and Transcripts (If Applicable)
      p.  Meaning of the Indictment
      q.  Crimes Defined by Statute Only
      r.  Limited Admissibility (If Applicable)
      s.  Number of Witnesses and Uncontradicted Testimony
      t.  Stipulations
      u.  Charts and Summaries
      v.  Duty to Deliberate and Reach a Unanimous Verdict
      w.  Right to See Exhibits and Hear Testimony; Communications with Court
      x.  Notes
      y.  Variance - Dates Approximate
      z.  Venue
      aa. Verdict Form
      bb. Duties of Foreperson
      cc. Punishment Not the Province of the Jury
      dd. Return of Verdict
      ee. Jury Oath

## PROPOSED INSTRUCTION NO. 2

### Credibility of Witnesses[1]

Counsel in their openings and in their summations discussed with you if particular witnesses should be believed. You are being called upon to resolve various factual issues in the face of different and irreconcilable pictures painted by the government and each defendant.

You will now have to decide if the government has proved guilt beyond a reasonable doubt. An important part of this decision will involve making judgments about the testimony of the witnesses you have listened to and observed. You are the sole judges of the credibility of the witnesses and of the weight to be assigned to their testimony.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and any other matters in evidence that tend to indicate whether a witness's testimony is worthy of belief. Consider each witness's intelligence, motive, state of mind, interest in the prosecution or defense of the case, and demeanor while on the stand.

Your decision on whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, and forthright? Did the witness seem as if she or he was hiding something, being evasive or suspect in some way? How did the way in which the witness testified on direct examination compare with the way in which the witness testified on cross-examination? Was the witness's testimony consistent or contradictory? Did the witness appear to know what the witness was talking about, and did the witness strike you as someone who was trying to report her or his knowledge accurately?

---

[1] Adapted from 1 L. Sand, *et al.*, Modern Federal Jury Instructions (Criminal) (hereinafter, "Sand"), Instrs. 7-1 (Witness Credibility), 7-3 (Interest in Outcome); Jury Charge at 5400–03, *United States v. Hwang*, No. 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with their own lawyers or with government lawyers before they appeared in court. Although you may consider these facts when you are evaluating a witness's credibility, there is nothing either unusual or inherently improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation, which may involve a number of meetings, helps to conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation. As always, the weight you give to the fact or the nature of these issues and what inferences you draw from them are matters completely within your discretion.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit their testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other. You may also consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

In determining the weight to be accorded a witness's testimony, you may consider any demonstrated bias, prejudice, or hostility of that witness. For example, does the witness have a relationship with the government that may affect how that witness testified? Does the witness have some bias, prejudice, or hostility that may have caused the witness, consciously or not, to

give you something other than a completely accurate account of the facts the witness testified about?

You may also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case or has some incentive or loyalty that may cause the witness to shape the truth. For example, as you have heard, while this case was brought by the government, Ms. Javice and Mr. Amar were also sued civilly by J.P. Morgan Chase, and some of the witnesses in this case are current or former employees of J.P. Morgan Chase. While you may not draw any inference from the fact of the separate civil suit as to whether either of the defendants committed the crimes with which they are charged, a witness's interest in the outcome of this case creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.

Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If a witness is shown knowingly to have testified falsely concerning any important matter, you have a right to discredit that witness's testimony in other particulars, and you may reject all the testimony of that witness, or you may assign it such weight as you think it deserves.

In essence, what you must try to do in deciding credibility is to analyze a person in light of her or his demeanor, the explanations given, and all the other evidence in the case, just as you would do in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in that person's recollection.

You are not required to accept the testimony of a witness that is not contradicted or to credit a witness who was not impeached. You may decide not to credit the testimony of a witness based simply on your evaluation of their testimony. In deciding the question of credibility, use your common sense, your good judgment, and your experience.

## PROPOSED INSTRUCTION NO. 3

### Cooperating Witness (If Applicable)[2]

You also heard from witnesses who testified that they were themselves involved in one or more of the charged crimes with one or more of the defendants. The government sometimes must rely on the testimony of witnesses who admit participating in criminal activity. The law allows the use of such testimony. It is the law in the federal courts that such testimony may be enough, standing alone, for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, because of the interest cooperating witnesses may have in testifying, the testimony should be scrutinized with special care and caution. The fact that the witness may benefit from cooperation may be considered by you as bearing upon the witness's credibility.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness has an interest in the outcome of the case and, if so, whether that interest has affected the witness's testimony. You should ask yourselves whether the witness would benefit more by lying or by telling the truth, and you should consider who makes that determination. You should ask yourselves whether the witness would benefit more by testifying in a manner to please the government and whether such a benefit makes the witness's testimony unreliable or not credible. You should consider whether any aspect of such

---

[2] Adapted from Sand, Instr. 7-5 (Accomplices Called by the Government); Jury Charge at 7120–22, *United States v. Nordlicht*, No. 16-cr-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

witness's testimony was made up in any way because the witness believed or hoped that she or he would somehow receive favorable treatment by testifying falsely, or did the witness believe that her or his interest would be best served by testifying truthfully?

If you believe that the witness was motivated by hopes of personal gain, such as avoiding prison, was the motivation one that would cause the witness to lie or was it one that would cause the witness to tell the truth? Did this motivation color the witness's testimony?

If you think the witness's testimony was false, you should reject it. However, if after a cautious and careful examination of the cooperating witness's testimony you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any other witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept the witness's testimony in other parts, or you may disregard all the testimony. That's a determination entirely for you, the jury.

You heard evidence that a government witness pleaded guilty to charges arising out of some of the same facts that are at issue in this case. That evidence is before you solely to assist you in evaluating the credibility of that witness. You are instructed that you are to draw no conclusions or inferences of any kind about the alleged guilt of either defendant on trial before you from the fact that a prosecution witness pled guilty to related or similar charges. The decision of that witness to plead guilty was a personal decision that witness made about her or his own guilt. It may not be used by you in any way as evidence against or unfavorable to either defendant.

**PROPOSED INSTRUCTION NO. 4**

**Expert Witnesses[3]**

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue. A witness may be permitted to provide expert testimony to an opinion on those matters about which she or he has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this expert testimony, you may consider the witness's qualifications, her or his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

---

[3] Adapted from Sand, Instr. 7-21 (Expert Witness); Jury Charge at 5406–07, *United States v. Hwang*, No. 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

## PROPOSED INSTRUCTION NO. 5

### Separate Consideration

***Defendant Javice's Proposed Instruction:***[4]

Each defendant in this case has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is not guilty or guilty, should not determine your decision on any other charge.

As you know, two defendants are on trial in this case. Even though the defendants are being tried together, you must, as a matter of law, consider each count of the indictment and each defendant's alleged involvement in that count separately, and you must return a separate verdict on each defendant for each count in which she or he is charged.

You must therefore consider the evidence relevant and admitted against the defendant you are considering, separately, as if she or he were being tried alone. In doing so, you must follow the Court's instructions in determining which evidence in the case applies to the defendant you are considering, disregarding any evidence admitted solely against the other defendant. You must then separately determine for each defendant whether or not the government has met its burden of establishing the guilt of that defendant beyond a reasonable doubt with respect to each element of each offense charged as to that defendant.

---

[4] Adapted from Sand, Instrs. 3-5 (Consider Each Defendant Separately), 3-8 (Multiple Counts–Multiple Defendants); Jury Charge at 5348, *United States v. Hwang*, No. 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313; Ninth Circuit Model Criminal Jury Instruction 1.14; Seventh Circuit Pattern Criminal Jury Instruction 4.05. *See also, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 541 (1993) ("Each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence [that] may be applicable to him or to her[.]"); *United States v. DiLapi*, 651 F.2d 140, 146 (2d Cir. 1981) ("[T]he fundamental precept that guilt is individual must be observed in the deliberative process. For this reason, juries in multi-defendant trials are instructed . . . to give separate and individual consideration to the case against each defendant."); *United States v. Sanzo*, 673 F.2d 64, 69 (2d Cir. 1982) ("[Y]ou must as a matter of law consider each count of the indictment and the individual defendant's involvement in that count separately.").

**Defendant Amar's Proposed Instruction:**[5]

Each defendant in this case has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is not guilty or guilty, should not determine your decision on any other charge.

As you know, two defendants are on trial in this case. Even though the defendants are being tried together, you must, as a matter of law, consider each count of the indictment and each defendant's alleged involvement in that count separately, and you must return a separate verdict on each defendant for each count in which she or he is charged. It is your duty to give separate individualized consideration to the case of each defendant, and without regard to the guilt or innocence of the other. In other words, you must consider the case against each defendant separately, as if two separate trials for each defendant have taken place before you.

You must therefore consider the evidence relevant and admitted against the defendant you are considering, separately, as if she or he were being tried alone. In doing so, you must follow the Court's instructions in determining which evidence in the case applies to the defendant you are considering, disregarding any evidence admitted solely against the other defendant. You must then separately determine for each defendant whether or not the government has met its burden of

---

[5] Adapted from Sand, Instrs. 3-5 (Consider Each Defendant Separately), 3-8 (Multiple Counts–Multiple Defendants); Jury Charge at 5348, *United States v. Hwang*, No. 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313; Ninth Circuit Model Criminal Jury Instruction 1.13; Seventh Circuit Pattern Criminal Jury Instructions 4.06, 4.07; *see also, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 541 (1993) ("Each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence [that] may be applicable to him or to her"); *United States v. DiLapi*, 651 F.2d 140, 146 (2d Cir. 1981) ("[T]he fundamental precept that guilt is individual must be observed in the deliberative process. For this reason, juries in multi-defendant trials are instructed . . . to give separate and individual consideration to the case against each defendant."); *United States v. Sanzo*, 673 F.2d 64, 69 (2d Cir. 1982) ("[Y]ou must as a matter of law consider each count of the indictment and the individual defendant's involvement in that count separately."); *United States v. Spinelli*, 352 F.3d 48, 55 n.3 (2d Cir. 2003) (spillover prejudice remedied in part by instructions requiring separate individualized consideration, as if "two separate trials have taken place," and adding that mere association with criminal does not automatically make a defendant a criminal).

establishing the guilt of that defendant beyond a reasonable doubt with respect to each element of each offense charged as to that defendant.

In reaching your verdict on each defendant for each count in which she or he is charged, bear in mind that guilt is personal and individual. A person may know or be friendly with a criminal without being a criminal himself. The case against each defendant, on each count, must stand or fall upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

## PROPOSED INSTRUCTION NO. 6

### Investigative Methods[6]

During this trial, you have heard testimony of witnesses and argument by counsel relating to the government's investigative process and methods of evidence collection that were or were not used by the government.  You may consider these facts in the context of evaluating the evidence and absence of evidence to decide whether the government has met its burden to prove the guilt of the defendant you are considering beyond a reasonable doubt.  There is no legal requirement that law enforcement officials use any specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.  Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

---

[6] Adapted from Sand, Instr. 4-4 (Specific Investigation Techniques Not Required); Jury Charge at 5405-06, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024)*,* ECF No. 313.

## II.    SUBSTANTIVE INSTRUCTIONS

### PROPOSED INSTRUCTION NO. 7

### Summary of the Charges

With these preliminary instructions in mind, let us turn to the specific charges, or "counts" as they are sometimes called.  There are four counts in the indictment.

As I instructed you at the outset of this case, the indictment is not evidence, and no weight or significance is to be given to the fact that an indictment has been brought against a defendant.[7] These are the accusations against each defendant that the government must prove beyond a reasonable doubt.[8]  Ms. Javice and Mr. Amar have denied that they are guilty of these charges and, therefore, are presumed innocent.[9]

I will now review the indictment with you.  Each count alleges a different crime.  I will, at times, refer to each count by the number assigned to it in the indictment. You should know that there is no significance to the order of these numbers or the specific number of charges or counts.[10] I remind you that you must consider each count of the indictment and each defendant's alleged involvement in that count separately, and you must return a unanimous verdict on each count for each defendant that has been charged.  Your verdict as to one count, or one defendant, should not control your decision as to the other counts or the other defendant.[11]  The case against each defendant, on each count, stands or falls upon the proof or lack of proof regarding that defendant

---

[7] Adapted from Jury Charge at 5335, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

[8] Adapted from Jury Charge at 793, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[9] Adapted from Sand, Instr. 3-3 (Consider Only the Charges); Jury Charge at 797, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 5335, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

[10] Adapted from Jury Charge at 21-22, *United States v. Parnas*, 1:19-cr-00725 (JPO) (S.D.N.Y. Oct. 22, 2021), ECF No. 245.

[11] Adapted from Jury Charge at 2007–08, *United States v. Seabrook*, 16-cr-00467 (LJL) (S.D.N.Y. Dec. 6, 2017), ECF No. 166.

alone, and your verdict as to either defendant on any count should not control your decision as to the other defendant or any other count.  No other considerations are proper.  To help you, we prepared a verdict form, which will give you the format to record your unanimous vote on each of the particular counts that are involved here.[12]

Count One charges Ms. Javice and Mr. Amar with participating in an alleged conspiracy to commit wire and bank fraud, in violation of Title 18, United States Code, Section 1349.

Count Two charges Ms. Javice and Mr. Amar with committing the offense of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

Count Three charges Ms. Javice and Mr. Amar with committing the offense of bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2.

Count Four charges Ms. Javice and Mr. Amar with committing the offense of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

*If applicable:* Note that at certain times, I instructed you that particular evidence in this case was limited to only one of the defendants.  Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on the other defendant.[13]

I may refer to these laws, collectively, as the "federal fraud statutes."  In the federal courts, we only have crimes that are defined by statute.  The fact that something may be objectionable or repugnant to you or may be something that you believe to be morally wrong is of no interest

---

[12] Adapted from Jury Charge at 821, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.
[13] Adapted from Sand, Instr. 3-5 (Consider Each Defendant Separately).

whatsoever. I instruct you that the federal fraud statutes are not catch-all laws designed to punish all acts of wrongdoing or dishonorable practices.[14]

In the world of business, a practice may be deceitful, even repugnant to standards of business morality, and nevertheless fall short of fraud. A sharp business practice may be unethical or dishonest, but that does not make it fraudulent.[15] Nor is the mere failure to comply with the terms of a contract sufficient to establish criminal liability under any statute that applies here.[16] Any vague feeling by you that something wrong has been done by a defendant is insufficient to convict.

I will now explain to you the law that applies to each of the counts in the indictment.

---

[14] *See United States v. Connolly*, 24 F.4th 821, 834 (2d Cir. 2022) ("[T]hese federal fraud statutes are not catch-all laws designed to punish all acts of wrongdoing or dishonorable practices. … [A] mail fraud prosecution is not warranted by the mere fact that the defendant's conduct was improper, objectionable, or even despicable.").

[15] *See United States ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 662 (2d Cir. 2016); *United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a scheme or artifice to defraud.") (internal citations omitted).

[16] Adapted from Jury Charge at 7144, *United States v. Nordlicht*, No. 16-CR-640 (BMC), ECF No. 849 (addressing in part federal securities and wire fraud charges).

## PROPOSED INSTRUCTION NO. 8

### Definitions: Knowingly, Intentionally, Willfully

Each one of the four counts requires a finding as to the state of mind of each defendant. As a general rule, the law holds individuals accountable only for conduct in which they intentionally engaged, and, during these instructions, you will hear me use the terms "knowingly," "intentionally," and "willfully." Therefore, I will define these terms for you.

#### A. Knowingly

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, negligence, or carelessness. The government must prove that the defendant acted knowingly by her or his conduct and by all of the facts and circumstances surrounding the case.[17]

#### B. Intentionally

To act "intentionally" means to act deliberately and purposefully. That is, an individual defendant's acts must have been the product of her or his conscious objective decision rather than the product of a mistake or accident.[18]

#### C. Willfully

To act "willfully" means to act both with the knowledge that one's own conduct is unlawful and also with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.[19] A defendant's conduct cannot have been "willful" if it was due to negligence, inadvertence, or mistake, or done in good faith.

---

[17] Adapted from Sand, Instr. 3A-1 (Knowingly).

[18] Adapted from Jury Charge at 2027, *United States v. Seabrook*, 16-cr-00467 (LJL) (S.D.N.Y. Dec. 6, 2017), ECF No. 166

[19] Adapted from Sand, Instrs. 3A-3 (Willfully), 57-24 (Securities Fraud, Second Element—Knowledge, Intent and Willfulness); *United States v. Kukushkin*, 61 F.4th 327, 329–32 (2d Cir. 2023) ([T]o establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful," and

Whether a person acted knowingly, intentionally, or willfully, is a question of fact for you to determine, like any other fact question. In deciding whether the government has proven knowledge and willful criminal intent beyond a reasonable doubt, you may consider circumstantial evidence, such as a person's outward manifestations, words, conduct, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

I remind you that a defendant's state of mind is only one required finding for each count. I will later instruct you on each of the elements of the crimes charged, each of which you must decide whether the government has proven beyond a reasonable doubt.

---

"standard jury instruction on willfulness" includes requirement of "bad purpose to disobey or disregard the law") (internal quotation marks and citation omitted); Jury Charge at 2015, *United States v. Seabrook*, 16-cr-00467 (LJL) (S.D.N.Y. Dec. 6, 2017), ECF No. 166.

## PROPOSED INSTRUCTION NO. 9

### Definitions: Intent to Defraud, Good Faith

Each one of the four counts requires a finding that the defendant you are considering acted

with "intent to defraud" and that the defendant did not act in "good faith." Therefore, I will define

these terms for you.

#### A. Intent to Defraud

"[I]ntent to defraud" means to act knowingly and with specific intent to deceive another,

for the purpose of depriving them of money or property that is of value.[20] The question of whether

a person acted with intent to defraud is a question of fact for you to determine. A defendant does

not possess the requisite intent to defraud if he merely intended to deceive a counterparty into

entering a financial transaction, even if money is obtained.[21] Rather, a defendant must intend to

deceive the alleged victim for the purpose of causing the victim economic harm by depriving the

victim of its benefit of the bargain.[22] Accordingly, while the government need not prove that J.P.

---

[20] Adapted from Sand, Instr. 44-5 (Wire Fraud, Second Element—Participation in Scheme with Intent).

[21] *See Ciminelli v. United States*, 598 U.S. 306, 309, 316 (2023) (holding that the "federal fraud statutes criminalize only schemes to deprive people of traditional property interests," and, thus, a fraudulent act that deprives a victim of "the right to valuable economic information needed to make discretionary economic decisions . . . cannot form the basis for a conviction under the federal fraud statutes"); *Kelly v. United States*, 590 U.S. 391, 402 n.2 (2020) ("[V]ictim's loss must be an objective of the deceitful scheme.") (quotations and alterations omitted); *Shaw v. United States*, 580 U.S. 63, 66–67, 72 (2016) (property fraud requires a scheme both "to deceive . . . *and* deprive [the victim] of something of value" and scheme to deprive bank its "property rights" as bailee of customer's property sufficient); *S.E.C. v. Govil*, 86 F.4th 89, 105 (2d Cir. 2023) (applying *Ciminelli* to a securities fraud claim); *United States v. Constantinescu*, No. 22-CR-612, 2024 WL 1221579, at *4 (S.D. Tex. Mar. 20, 2024) (applying *Ciminelli* to dismiss securities fraud charge); *United States v. An*, 733 F. Supp. 3d 77, 91 (E.D.N.Y. 2024) (construing *Ciminelli* as applicable to all "federal fraud statutes," including bank fraud). The Supreme Court recently heard oral argument in *Kousisis v. United States*, 82 F.4th 230 (3d Cir. 2023), *cert. granted*, 144 S. Ct. 2655 (2024), in which petitioner argues that deception to induce a commercial exchange cannot constitute mail or wire fraud, if inflicting economic harm on the alleged victim was not the object of the scheme. In support of its argument, the petitioner relies on *Ciminelli* and other precedent, including Second Circuit law cited in this instruction.

[22] *See, e.g., United States v. Novak*, 443 F.3d 150, 156, 159 (2d Cir. 2006) ("While this language does not require the government to prove that the victims of the fraud were *actually* injured, the government must, at a minimum, prove that defendants *contemplated* some actual harm or injury to their victims. . . . An intent to harm a party to a transaction cannot be found where the evidence merely indicates that the services contracted for were dishonestly completed.") (internal quotation marks and citations omitted); *United States v. Binday*, 804 F.3d 558, 569–70 (2d Cir. 2015) ("[T]he government must, at a minimum, prove that defendants contemplated some actual harm or injury to their victims. . . . It is not sufficient, however, to show merely that the victim would not have entered into a discretionary economic

Morgan Chase was *actually* harmed, it must prove beyond a reasonable doubt that the defendant you are considering intended to deprive J.P. Morgan Chase of what it paid for.  The government must also prove beyond a reasonable doubt that the defendant you are considering agreed to engage in the alleged conduct with the sole intent to commit fraud.[23]

In considering whether a defendant had the requisite intent to defraud, you must consider only evidence of a defendant's intent at the time the alleged deprivation of money or property occurred.  A defendant's conduct after the alleged fraud is complete does not necessarily establish the defendant's intent at the time of the alleged fraud.[24]  In this case, the alleged fraud was completed when J.P. Morgan Chase acquired Frank and hired the defendants.  In order to convict either defendant, you much be convinced beyond a reasonable doubt of each defendant's intent to defraud J.P. Morgan Chase before it acquired Frank.  Therefore, evidence of the defendants' conduct occurring after the acquisition of Frank, and once the defendants were employees of J.P. Morgan Chase, can demonstrate intent to defraud only if you find that this evidence reflects a defendant's intent prior to the acquisition.  Indeed, proof of conduct after the acquisition of Frank cannot be enough to prove a defendant had fraudulent intent, if that is the only evidence showing

---

transaction but for the defendant's misrepresentations.") (citation omitted), *abrogated on other grounds by Ciminelli v. United States*, 598 U.S. 306 (2023); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) ("Only a showing of intended harm will satisfy the element of fraudulent intent.") (citation omitted); *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 96 (2d Cir. 2018) ("A claim fails where the plaintiff does 'not allege that [a defendant] misled him concerning the value of the securities he sold or the consideration he received in return,'" and plaintiff "received exactly what it expected" in disputed securities transactions.) (citation omitted, alternation in original).

[23] Adapted from Jury Charge at 7210, *United States v Tuzman*, No. 15-CR-536 (PGG) (S.D.N.Y. Dec. 22, 2017), ECF No. 706 ("Accordingly, the government must prove beyond a reasonable doubt that each defendant agreed to engage in conduct with the sole intent to (1) create a false impression of market activity regarding KITDigital stock, and (2) artificially distort the price of KITDigital stock, rather than for legitimate investment purposes.").

[24] *See, e.g.*, *United States v. Carter*, No. 08-cr-51 (SSB), 2013 WL 12213387, at *4 (S.D. Ohio Sept. 30, 2013) (intent to defraud must be determined "at the time the defendant obtained the money from the victim," not later); *United States v. Jowers*, 125 F.3d 856, at *4 (6th Cir. 1997) (unpublished) (government presented insufficient evidence that brothers had an agreement to commit mail fraud where evidence, at best, allowed inference that one learned of the fraud after the fact, because "knowledge of the [scheme] and [an] after-the-fact attempt to conceal" is insufficient); *United States v. Guadagna*, 183 F. 3d 122, 132 (2d Cir. 1999) (affirming district court's grant of judgment of acquittal where jury could not have concluded beyond a reasonable doubt that fraudulent phone call in question occurred at time when defendant "had knowledge of the falsity of his statements and the requisite intent to defraud").

fraudulent intent.  You must also find some evidence at or before the time of the acquisition of Frank for proof of conduct to be used by you to find that defendant guilty.[25]

B.  Good Faith

Because the government must prove beyond a reasonable doubt that a defendant acted willfully and with intent to defraud to establish a defendant's guilt on any count in the indictment, the "good faith" of a defendant is a complete defense to each count in the indictment because good faith is, simply, inconsistent with the intent to defraud alleged in the indictment.  I say it is a defense, but I want to make it clear that the defendants have no burden to prove good faith.  Rather, the burden is on the government to prove a defendant's intent to defraud, or lack of good faith, beyond a reasonable doubt.[26]

"Good faith" is an honest belief by a defendant that his conduct was not unlawful.  However misleading or deceptive an act may be, it is not fraudulent if it was carried out in good faith.  An honest mistake in judgment or an honest error in management or paperwork, or even carelessness or negligence does not rise to the level of intent to defraud.[27] A person who acts, or causes another to act, on an honestly held belief or opinion is not punishable under the fraud statutes merely

---

[25] *See United States v. Cassese*, 290 F. Supp. 2d 443, 454 (S.D.N.Y. 2003) ("After the fact 'consciousness of guilt evidence' is insufficient as matter of law to sustain a conviction.") (citing *United States v. Johnson,* 513 F.2d 819, 824 (2d Cir. 1975) (evidence of consciousness of guilt is "insufficient proof on which to convict where other evidence of guilt is weak and evidence before the court is as hospitable to an interpretation consistent with the defendant's innocence as it is to the Government's theory of guilt.")).

[26] Adapted from Sand, Instr. 57-24 (Securities Fraud, Second Element—Knowledge, Intent and Willfulness) ("A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt."); Jury Charge at 5370–71, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024)*,* ECF No. 313; *see also United States v. Graham*, No. 16-cr-786 (NSR), 2019 WL 2366724, at *3 (S.D.N.Y. May 31, 2019) (holding that the "good faith defense[, which is] premised on the precept that a defendant charged with fraud acted in good faith and did not have the requisite inten[t] to defraud the victim" is "a complete defense to a fraud charge").

[27] Adapted from Sand, Instr. 57-24 (Securities Fraud, Second Element—Knowledge, Intent and Willfulness); *see United States v. Ferguson,* 676 F.3d 260, 280 (2d Cir. 2011) ("[H]owever misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.") (internal citation omitted); *United States v. Afriyie,* 929 F.3d 63, 68 (2d Cir. 2019) ("[T]he law is not violated if the defendant held an honest belief that his acts were proper and not in furtherance of any unlawful scheme.") (internal citation omitted); Jury Charge at 7174–75, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

because the belief turns out to be inaccurate, incorrect, or wrong.  If the defendant you are considering believed in good faith that she or he was acting lawfully, even if mistaken in that belief, and even if others were injured by her or his conduct, that defendant cannot be found guilty. For example, if Ms. Javice or Mr. Amar honestly believed that her or his respective conduct was permissible, that would be a complete defense to the charges, even if that belief ultimately proved to be inaccurate.[28]

However ~~misleading or~~ deceptive an act may be, it is not fraudulent if it was devised or carried out in good faith.  If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted in bad faith, or with an intent to defraud, then you must find her or him not guilty.[29]

In evaluating whether a defendant acted in good faith, you may consider whether she or he had any discussions with counsel, or understood that counsel had been consulted, concerning the propriety or legality of conduct that the government claims was allegedly fraudulent.  Again, the burden of proving good faith does not rest with a defendant because a defendant does not have an obligation to prove anything in this case—that burden always remains with the government.  If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted in bad faith, or with an intent to defraud, then you must find her or him not guilty

---

[28]*See United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991) ("If an individual believes that the information set forth . . . is true, it follows that he cannot have the requisite intent to defraud. The government must prove lack of good faith beyond a reasonable doubt. . . . An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statement may turn out to be.") (internal citation omitted); Jury Charge at 5371, *United States v. Hwang*, No. 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

[29] Adapted from Sand, Instr. 57-24 (Securities Fraud, Second Element—Knowledge, Intent and Willfulness); Jury Charge at 7175, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

## PROPOSED INSTRUCTION NO. 10

### Definition: Scheme to Defraud

During the instructions for each of the four counts, you will hear me use the term "scheme to defraud." Therefore, I will define this term for you.

A "scheme to defraud" is any plan or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.[30] The scheme to defraud in this case is alleged to have been carried out by making material false statements or representations. A representation is false if it is untrue when made and was known at the time to be untrue by the person making it or causing it to be made.[31] A representation is "fraudulent" if it is made with an intent to deceive regarding a "material" fact. In a commercial exchange, the fraudulent representation must go to the very essence of the bargain.[32] I will separately instruct you on the law applicable to "false statements or representations" and "materiality."

    A. <u>Deprivation of Money or Property</u>

Not every fraudulent act or scheme is criminal. The government must prove, beyond a reasonable doubt, that the purpose of the scheme was to deprive a victim of money or property.[33] You must therefore determine what property, if any, the scheme was allegedly designed to obtain. The term "property" refers to traditional property interests. "Property" does not include intangible

---

[30] Adapted from Sand, Instr. 44-4 (Wire Fraud, First Element—Existence of a Scheme or Artifice to Defraud). The Supreme Court has repeatedly held that the wire fraud statute, including its "scheme or artifice to defraud" language, criminalizes only fraudulent schemes to obtain money or property. *See, e.g.*, *Kelly v. United States*, 590 U.S. 391, 402 (2020); *Neder v. United States*, 527 U.S. 1, 20-25 (1999); *S.E.C. v. Govil*, 86 F.4th 89, 105 (2d Cir. 2023) (applying *Ciminelli* to a securities fraud claim); *United States v. Constantinescu*, No. 22-CR-612, 2024 WL 1221579, at *4 (S.D. Tex. Mar. 20, 2024) (applying *Ciminelli* to dismiss securities fraud charges).

[31] Adapted from Jury Charge at 7222, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[32] *See* Tr. of Oral Argument, *Kousisis v. United States*, No. 23-909 2024 WL 5055868, at *77 (Dec. 9, 2024).

[33] *See Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924) (fraud requires the "wrongful purpose of injuring one in his property rights").

interests such as potentially valuable economic information that a person might consider valuable in deciding how to use his or her assets, including whether to purchase a product or enter into transaction.[34]

The use of deception to cause an alleged victim to enter into a financial transaction it otherwise would avoid is not a scheme to defraud under the federal fraud statutes, without contemplated economic harm.[35]  In other words, even if an alleged victim is deceived into purchasing a product, a defendant cannot be criminally liable under the federal fraud statutes, if the victim receives what it paid for or if it paid fair value.  In that scenario, a victim is deprived only of economic information or the chance to bargain based on accurate economic information. Similarly, it does not matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or received any benefit as a result of the alleged scheme. Success is not an element of any of the offenses.

For each of the crimes charged, you must carefully determine the duration of the alleged scheme to defraud when considering whether the government has met its burden of proof as to each defendant you are considering.  I instruct you that a scheme to defraud is considered complete when the wrongful objective is achieved.[36]  Any conduct occurring after the fraud is completed,

---

[34] *See Ciminelli v. United States*, 598 U.S. 306, 309, 316 (2023) (holding that the "federal fraud statutes criminalize only schemes to deprive people of traditional property interests," and, thus, a fraudulent act that deprives a victim of "the right to valuable economic information needed to make discretionary economic decisions . . . cannot form the basis for a conviction under the federal fraud statutes"); *Kelly v. United States*, 590 U.S. 391, 402 n.2 (2020) ("[V]ictim's loss must be an objective of the deceitful scheme.") (quotations and alterations omitted); *Shaw v. United States*, 580 U.S. 63, 66-67, 72 (2016) (property fraud requires a scheme both "to deceive . . . *and* deprive [the victim] of something of value"; scheme to deprive bank its "property rights" as bailee of customer's property sufficient); *SEC v. Govil*, 86 F.4th 89, 105 (2d Cir. 2023) (applying *Ciminelli* to a securities fraud claim); *United States v. Constantinescu*, No. 22-CR-612, 2024 WL 1221579, at *4 (S.D. Tex. Mar. 20, 2024) (applying *Ciminelli* to dismiss securities fraud charges).

[35] *See, e.g.*, *United States v. Starr*, 816 F.2d 94, 108 (2d Cir. 1987) ("misrepresentations amounting only to deceit are insufficient to maintain a mail or wire fraud prosecution" where the alleged victims "received exactly what they paid for.") (quotation marks and alteration omitted); *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014) ("[P]aying the going rate for a product does not square with the conventional understanding of 'deprive.'") (citation omitted).

[36] *See Krulewitch v. United States*, 336 U.S. 440, 442–44 (1949) (out-of-court statements by alleged co-conspirator

including any alleged actions to conceal or cover up the fraud, cannot by itself demonstrate participation in or facilitation of a scheme to defraud.[37]  To find that a defendant participated in or facilitated a scheme to defraud, you must find that the defendant participated in or facilitated the scheme prior to the completion of the fraud.

---

were not admissible when made subsequent to the completion of the conspiracy "in furtherance of an alleged implied but uncharged conspiracy aimed at preventing detection and punishment"); *Lutwak v. United States*, 344 U.S. 604, 616–18 (1953) (same); *see also Grunewald v. United States*, 353 U.S. 391, 401–02 (1957) ("The crucial teaching of Krulewitch and Lutwak is that after the central purposes of a conspiracy have been attained, a subsidiary conspiracy to conceal may not be implied from circumstantial evidence showing merely that the conspiracy was kept a secret and that the conspirators took care to cover up their crime in order to escape detection and punishment."); *United States v. Roshko*, 969 F.2d 1, 7 (2d Cir. 1992) ("Once we have ascertained the scope of the conspiracy, we must then determine when it terminated, keeping in mind that a conspiracy continues 'until its aim has been achieved, it has been abandoned, or otherwise terminated.'") (citing *United States v. Rucker*, 586 F.2d 899, 906 (2d Cir. 1978).

[37] *See S.E.C. v. Papa*, 555 F.3d 31, 38 (1st Cir. 2009) (finding defendants who merely concealed a completed fraud are not responsible for it); *S.E.C. v. Narayan*, No. 16-cv-1417 (BML), 2017 WL 4652063, at \*10 (N.D. Tex. Aug. 28, 2017) (finding defendants did not participate in scheme because their only actions were "covering up" fraudulent actions of another defendant, which is "not independently actionable activity outside of the context of [other defendant's] misrepresentations and omissions").

## PROPOSED INSTRUCTION NO. 11

### Definitions: False Statements or Representations

For each of the four counts, the government alleges a scheme to defraud carried out by making material "false statements" or "representations" about Frank.

A representation is false if it is untrue when made and was known at the time to be untrue by the person making it or causing it to be made.[38] The federal fraud statutes do not create an affirmative duty to disclose any and all information.  A mere failure to discover and disclose material facts that were omitted or distorted does not constitute a fraudulent act and is insufficient to support conviction.  If the defendant learned about material facts only after the fraudulent act was already completed, then the  defendant did not have any duty to disclose them.[39] The failure to disclose information may constitute a fraudulent representation only if a defendant was under a legal, professional or contractual duty to make such a disclosure, actually knew such disclosure was required to be made, and failed to make such disclosure with the intent to defraud.[40] Thus, there is no general "duty to correct" errors of others.[41]

The government need not prove that the defendant you are considering personally made the misrepresentation.  It is sufficient if the government establishes beyond a reasonable doubt that the defendant you are considering caused the statement to be made.

---

[38] Adapted from Jury Charge at 7205, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[39] *See United States v. Jowers*, 125 F.3d 856, at *4 (6th Cir. 1997) (unpublished) (government presented insufficient evidence that brothers had an agreement to commit mail fraud where evidence, at best, allowed inference that one learned of the fraud after the fact, because "knowledge of the [scheme] and [an] after-the-fact attempt to conceal" is insufficient).

[40] Adapted from Sand, Instr. 44-4; *see also United States v. Skelly,* 442 F.3d 94, 97-98 (2d Cir. 2006) (recognizing the propriety of jury instruction that made "clear to the jury that it could only convict a defendant on a 'failure to disclose' theory if the broker had assumed a 'fiduciary duty' to disclose such information").

[41] *See Fulton Cnty. Emps. Ret. Sys. v. MGIC Inv. Corp.*, 675 F.3d 1047, 1051–52 (7th Cir. 2012) (rejecting claim that defendant had a duty to correct errors in statements by others); *see also In re Kirkland Lake Gold Ltd. Sec. Litig.*, 2021 WL 4482151, at *6 (S.D.N.Y. Sept. 30, 2021) ("Mere silence falls short of the inherently deceptive act that scheme liability requires[.]"); *Borteanu v. Nikola Corp.*, 2023 WL 1472852, at *24 (D. Ariz. Feb. 2, 2023) (noting "duty to correct does not exist").

There are two additional concepts related to falsity about which I will instruct you now. The jury must be unanimous as to the nature of the representation when considering whether the representation was false.

### A. Falsity Under All Objectively Reasonable Interpretations

A false statement is a false assertion of fact capable of confirmation or contradiction. Since "users" does not have an established definition, and there is more than one method to calculate "users," for the government to prove that a statement about "users" is false, it has the burden beyond a reasonable doubt to negate any reasonable interpretation of "users" that would make a particular statement about "users" true.

In other words, for the government to prove that a statement about "users" is false, the government must prove either: (a) that its interpretation of "users" is the only objectively reasonable interpretation and that, under this interpretation, the statement at issue was false, or (b) that the statement was false under each alternative, objectively reasonable interpretation of "users." If you find that the government has not proven beyond a reasonable doubt that a particular statement about "users" was false under each objectively reasonable interpretation of "users," it has not proven the element of falsity as to the particular statement.[42]

---

[42] Adapted from *United States v. Connolly*, 24 F.4th 821, 834 (2d Cir. 2022) ("As the trial judge instructed the jury, 'where, as here a[n alleged] scheme to defraud is premised on an instruction--in this case from the BBA to the submitting bank--the government has the burden to negate any reasonable interpretation of the instruction that would make Deutsche Bank's submission responsive.'") (emphasis omitted); *United States v. Harra*, 985 F.3d 196, 213, 215 (3d Cir. 2021) ("[F]air warning demands that the Government prove a defendant's statement false under each objectively reasonable interpretation of the relevant requirements. . . . In sum, an ambiguous reporting requirement is not necessarily fatal to a false statement conviction. But to prove a statement in response to that requirement false, the Government must prove either (a) that its interpretation is the only objectively reasonable interpretation and that, under this interpretation, the defendant's statement was false, or (b) that the defendant's statement was false under each alternative, objectively reasonable interpretation. Put another way, if the Government cannot prove beyond a reasonable doubt that a defendant's statement was false under each objectively reasonable interpretation of an ambiguous reporting requirement, it cannot prove the element of falsity."); *United States v. Medeiros*, 647 F. Supp. 3d 1130, 1150 (D.N.M. 2022), *aff'd*, 2023 WL 8752921 (10th Cir. Dec. 19, 2023) ("When an answer would be true on one interpretation of an arguably ambiguous question but false on another, the jury decides whether the Government satisfied its burden to prove that its interpretation was the only reasonable interpretation.").

B. <u>Puffery and Optimistic Subjective Statements of Opinion and Reasonable Disputes Over Interpretation of Data</u>

A statement is not false and is therefore not a false statement under the charged statutes if it is mere puffery, consists of optimistic opinions, or otherwise consists of statements whose objective factual truth or falsity cannot be ascertained with certainty. Statements that are considered "puffery" are immaterial as a matter of law. "Puffery," or sales talk, is a statement of corporate optimism that is too general to cause a reasonable purchaser to rely on it.[43]

Nor is a statement of opinion false merely because the speaker failed to mention the possibility of contrary opinions.

Similarly, a dispute about the proper interpretation of data cannot form the basis for fraud under the charged statutes. That is, where the government, purchasers, or others take issue with a defendant's view regarding past results, but the defendant's competing analysis or interpretation of the data is itself reasonable, you cannot find that the statement is false beyond a reasonable doubt.

Thus, if you find that the government has not proven beyond a reasonable doubt that a defendant's statement about "users" was objectively false, or if you find that such a statement consisted of puffery or optimistic opinion, or if you find that such a statement was consistent with a defendant's reasonable analysis or interpretation of data, you cannot find that the statement was false under the charged statutes and must enter a verdict of not guilty.[44]

---

[43] Adapted from Jury Charge at 5369, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313 ("[P]uffery or sales talk that is too general for a reasonable investor to consider significant is not actionable under the fraud laws."); Jury Charge at 7146–47, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849 ("Furthermore, a false statement cannot be material if it constitutes mere puffing or sales talk that would not in the view of a reasonable investor significantly alter the total mix of information available in making an investment decision."); *see also Rombach v. Chang*, 355 F.3d 164, 173–74 (2d Cir. 2004); *Halperin v. eBanker USA.com, Inc.*, 295 F.3d 352, 357 (2d Cir. 2002); *S.E.C. v. Meltzer*, 440 F. Supp. 2d 179, 191 (E.D.N.Y. 2006); *In re Lululemon Secs. Litig.*, 14 F. Supp. 3d 553, 572–73 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015).

[44] *See In Re: Philip Morris Int'l Inc. Sec. Litig.*, 89 F.4th 408, 417–20 (2d Cir. 2023) ("We have rejected the proposition

## PROPOSED INSTRUCTION NO. 12

### Definition: Materiality

***Defendant Javice's Proposed Instruction:***

Under the federal fraud statutes, a false or fraudulent representation must relate to a "material" fact.[45]  A false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed. Applied to this case, a false statement is material when there is a substantial likelihood the statement would have been significant to a reasonable purchaser's decision to acquire the company.  The materiality requirement is especially rigorous in the contracting context, requiring a statement that goes to the very essence or nature of the bargain.[46]  Statements go to the nature of the bargain if they go to price or quality, or otherwise to essential aspects of the transaction. Statements that do not go to the nature of the bargain are not material, even if they cause another person to enter into a transaction that they would otherwise avoid.[47]

---

that a mere dispute about the proper interpretation of data can form a basis for liability under section 10(b) and Rule 10b-5.") (internal citation and quotation marks omitted); *see also United States v. Pearlstein*, 576 F.2d 531, 540 (3d Cir. 1978) (puffery is not cognizable under federal fraud statute) (citing *United States v. New South Farm & Home Co.*, 241 U.S. 64, 70–71 (1916).

[45] Adapted from Jury Charge at 7145 (securities fraud), 7157–58 (applying same to wire fraud), *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; Jury Charge at 5368–69 (securities fraud), 5390 (applying same to wire fraud), *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.  *See United States v. Klein*, 476 F.3d 111, 113 (2d Cir. 2007) (explaining that the Supreme Court in *Neder v. United States*, 527 U.S. 1 (1999), "held that materiality was an element of bank fraud because the word fraud incorporated fraud's 'well-settled meaning at common law' — a 'misrepresentation or concealment of material fact'").

[46] *See* United States Br., *Ciminelli* at 18, 30, 43 (internal quotation marks and citation omitted); *United States v. Milheiser*, 98 F.4th 935, 944–45 (9th Cir. 2024) (reversing conviction where district court failed to instruct the jury that any "false statement must directly or indirectly deceive the victim about the nature of the bargain," and scolding the Government for arguing that "when you lie to somebody on an important fact that causes them to give you money, you have defrauded them."); *see also United States v. Takhalov*, 827 F.3d 1307, 1314 (11th Cir. 2016) (misrepresentations that merely induce a transaction are not property fraud if the person received the benefit of the bargain: "even if a defendant lies, and even if the victim made a purchase because of that lie, a wire-fraud case must end in an acquittal if…the alleged victims 'received exactly what they paid for.'").

[47] Adapted from Jury Charge at 20, *United States v. Lynch*, No. 18-cr-00577 (N.D. Cal. June 2, 2024), ECF No. 545; *see also United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) ("Our cases draw a fine line between schemes that do no more than cause their victims to enter into transactions they would otherwise avoid—which do not violate the mail or wire fraud statutes—and schemes that depend for their completion on a misrepresentation of an essential element of the bargain—which do violate the mail and wire fraud statutes.").

For you to find that a misrepresentation was material, the government must prove beyond a reasonable doubt that there was a substantial likelihood that the misstated fact would have been viewed by a reasonable investor as having significantly altered the total mix of information available.[48]  To significantly alter the total mix of information available means to meaningfully affect a reasonable investor's investment decisions.[49]  A finding that a reasonable investor intentionally turned a blind eye to certain types of representations when making decisions about the reasonable investor's money or property may be relevant to the materiality of the representation.[50]

To be material, the government must also prove beyond a reasonable doubt a substantial likelihood that the disclosure of the truth would have assumed actual significance in the deliberations of the reasonable investor.  In other words, the false statement must have been of such importance that it could reasonably be expected to cause or induce a reasonable purchaser to act or not act with respect to the transaction at issue.[51]

The fact that the information matters to a specific purchaser is not sufficient for it to be material.  To be material, there must be a substantial likelihood that a reasonable purchaser would find the misrepresentation significant in making a decision to purchase.[52]

---

[48] *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (to find materiality, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."); *In re ProShares Tr. Sec. Litig.,* 728 F.3d 96, 102 (2d Cir. 2013) (to establish materiality, government must present evidence of "a substantial likelihood that the disclosure of the [truth] would have been viewed by the reasonable investor as having significantly altered the total mix of information [already] made available") (quoting *DeMaria v. Andersen,* 318 F.3d 170, 180 (2d Cir. 2003).
[49] Adapted from Jury Charge at 7145, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.
[50] Adapted from Jury Charge at 3156, *United States v. Samuel Bankman-Fried*, No. 22-cr-673 (LAK), (S.D.N.Y. Nov. 2, 2023), ECF No. 384.
[51] Adapted from Jury Charge at 7146, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.
[52] Adapted from Jury Charge at 7146, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

The standard of a "reasonable purchaser" may vary with the nature and level of sophistication of the participants involved in a particular market or purchase. In determining whether the stated fact is material, you may consider the nature of the discussions in which the representation was made, and whether a purchaser in that context would consider the representation to be material.[53] You must also consider the sophistication of the purchaser. You may consider all the evidence about what such a sophisticated, reasonable purchaser would consider important when making an investment decision and approach the question of materiality objectively and decide for yourself whether the government has proven materiality beyond a reasonable doubt.[54]

The standard of a "reasonable purchaser" focuses on the reasonable purchaser in a particular market or investment, not the perspective of individuals who may possess information and perspectives different than a reasonable purchaser. Any testimony that you may have heard with respect to whether a particular fact would or would not have been important to that witness or to purchasers in general reflects that witness's individual views. Although you may consider such testimony, it is not controlling. In evaluating whether information is material from the perspective of a reasonable purchaser, you may also consider evidence and testimony regarding the course of dealings between Frank and J.P. Morgan Chase although such evidence and testimony is not controlling.[55] It is for you to determine whether a particular fact would have been significant to a reasonable purchaser in making an investment decision.[56]

---

[53] *See United States v. Gramins*, 939 F.3d 429, 446 (2d Cir. 2019) (holding that whether "misrepresentations were material under the reasonable investor standard was for the jury to decide in light of the opposing theories advanced by the two sides").

[54] Adapted from Jury Charge at 7147, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[55] *See United States v. Kurland*, No. 20-cr-306 (S-1) (NGG), 2022 WL 2669897, at *12 (E.D.N.Y. July 11, 2022) ("[E]vidence of their course of dealing . . . is relevant.").

[56] Adapted from Jury Charge at 7208, *United States v. Tuzman*, No. 15-cr-536 (PGG) (S.D.N.Y. Dec. 22, 2017), ECF

You must assess whether the alleged false statement of fact was material based on all the facts available to a reasonable purchaser as of the time of the transaction and not upon a hindsight view.[57]

Certain statements, as a matter of law, are not "material."

Statements that are considered "puffery," as I previously mentioned, are immaterial as a matter of law. "Puffery," or sales talk, is a statement of corporate optimism that is too general to cause a reasonable purchaser to rely on it.[58]

A "forward looking statement" is also immaterial as a matter of law if it cannot be said that any reasonable purchaser could consider it important in light of the cautionary language set out in the same document.[59] A "forward-looking statement" is defined as a projection of future earnings, losses, or other financial items; a statement of the plans and objectives of management for the future operation of the company; or a statement of future economic performance of the company.[60] If you find that the allegedly false or fraudulent statement that you are considering meets this definition of a forward-looking statement, then you must determine whether the statement was

---

No. 706; *see also United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) ("Determination of materiality under the securities laws is a mixed question of law and fact that the Supreme Court has identified as especially 'well suited for jury determination.'") (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1298 (2d Cir. 1991)).

[57] Adapted from Jury Charge at 7147, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; *see also United States v. Martoma*, 993 F. Supp. 2d 452, 457 (S.D.N.Y. 2014) ("The determination of materiality is to be made upon all the facts as of the time of the transaction and not upon a 20-20 hindsight view long after the event.") (quoting *Spielman v. Gen. Host Corp.*, 402 F. Supp. 190, 192–94) (S.D.N.Y. 1975)).

[58] Adapted from Jury Charge at 5369, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313 ("[P]uffery or sales talk that is too general for a reasonable investor to consider significant is not actionable under the fraud laws."); Jury Charge at 7146–47, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849 ("Furthermore, a false statement cannot be material if it constitutes mere puffing or sales talk that would not in the view of a reasonable investor significantly alter the total mix of information available in making an investment decision."); *see also Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004); *S.E.C. v. Meltzer*, 440 F. Supp. 2d 179, 191 (E.D.N.Y. 2006); *In re Lululemon Secs. Litig.*, 14 F. Supp. 3d 553, 572-73 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015).

[59] *United States v. Velissaris*, No. 23-6379-CR, 2024 WL 4502001, at *2 (2d Cir. Oct. 16, 2024) ("[T]he 'bespeaks caution' doctrine . . . provides that a 'forward-looking statement accompanied by sufficient cautionary language is not actionable because no reasonable investor could have found the statement materially misleading.'") (quoting *Iowa Pub. Emps' Ret. Sys. v. MF Glob. Ltd.*, 620 F.3d 137, 141 (2d Cir. 2010)).

[60] 15 U.S.C.S. § 77z-2(i)(1).

accompanied by meaningful cautionary language. In so doing, you must consider the allegedly fraudulent materials in their entirety to determine whether a reasonable purchaser would have been misled.  The question is not whether the statements were true, but whether the representations considered together and with the cautionary language, would affect the total mix of information and thereby mislead a reasonable purchaser regarding the nature of the security at issue.  If you find the statement did include such meaningful cautionary language, then it cannot be fraudulent, even if it turns out that the projections or forecasts were not correct, and your inquiry should end as to that statement.  A defendant has no obligation to update forward-looking statements once they are made.[61]

If the purchaser received exactly what it bargained for, the defendants cannot be guilty of fraud.[62] A false statement made in the context of a business transaction that does not deprive the recipient of the benefit of what they purchased is not a material misstatement.  That is, a deceit regarding something that is not material is not a fraud.[63]

### *Defendant Amar's Proposed Instruction:*

Under the federal fraud statutes, a false or fraudulent representation must relate to a "material" fact.[64]  A false statement is material if it has a natural tendency to influence, or is

---

[61] *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 650 (S.D.N.Y. 2015) (quoting *In re Duane Reade Inc. Sec. Litig.*, 2003 U.S. Dist. LEXIS 21319, at *24 (S.D.N.Y. Nov. 24, 2003)).

[62] *United States v. Castelle*, 836 F. App'x 43, 48 (2d Cir. 2020) ("[W]e have repeatedly rejected application of the mail and wire fraud statutes where the purported victim received the full economic benefit of its bargain."); *United States v. Vaccarelli*, 2020 WL 1329695, No. 3:18-cr-92 (JBA), at *4 (D. Conn. Mar. 23, 2020) ("a defendant in a wire fraud case is entitled to acquittal where 'the alleged victims received exactly what they paid for'") (citing *United States v. Takhalov*, 827 F.3d 1307, 1314 (11th Cir.), *as revised* (Oct. 3, 2016), *opinion modified on denial of reh'g*, 838 F.3d 1168 (11th Cir. 2016)).

[63] *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) ("[M]isrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution . . . such a charge can not apply to situations where the alleged victims 'received exactly what they paid for' and 'there was no discrepancy between benefits reasonably anticipated and actual benefits received.'") (citing *United States v. Starr*, 816 F.2d 94, 98–99 (2d Cir. 1987).

[64] Adapted from Jury Charge at 7145 (securities fraud), 7157–58 (applying same to wire fraud), *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; Jury Charge at 5368–69 (securities fraud), 5390 (applying same to wire fraud), *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.  *See United States v. Klein*, 476 F.3d 111, 113 (2d Cir. 2007) (explaining that the Supreme Court in *Neder v.*

capable of influencing, the decision of the decision-making body to which it was addressed. Applied to this case, a false statement is material when there is a substantial likelihood the statement would have been significant to a reasonable purchaser's decision to acquire the company. The materiality requirement is especially rigorous in the contracting context, requiring a statement that goes to the very essence or nature of the bargain.[65] Statements go to the nature of the bargain if they go to price or quality, or otherwise to essential aspects of the transaction. Statements that do not go to the nature of the bargain are not material, even if they cause another person to enter into a transaction that they would otherwise avoid.[66]

For you to find that a misrepresentation was material, the government must prove beyond a reasonable doubt that there was a substantial likelihood that the misstated fact would have been viewed by a reasonable investor as having significantly altered the total mix of information available.[67] To significantly alter the total mix of information available means to meaningfully affect a reasonable investor's investment decisions.[68]

---

*United States*, 527 U.S. 1 (1999), "held that materiality was an element of bank fraud because the word fraud incorporated fraud's 'well-settled meaning at common law' — a 'misrepresentation or concealment of material fact'").

[65] *See* United States Br., *Ciminelli* at 18, 30, 43 (internal quotation marks and citation omitted); *United States v. Milheiser*, 98 F.4th 935, 944–45 (9th Cir. 2024) (reversing conviction where district court failed to instruct the jury that any "false statement must directly or indirectly deceive the victim about the nature of the bargain," and scolding the Government for arguing that "when you lie to somebody on an important fact that causes them to give you money, you have defrauded them."); *see also United States v. Takhalov*, 827 F.3d 1307, 1314 (11th Cir. 2016) (misrepresentations that merely induce a transaction are not property fraud if the person received the benefit of the bargain: "even if a defendant lies, and even if the victim made a purchase because of that lie, a wire-fraud case must end in an acquittal if…the alleged victims 'received exactly what they paid for.'").

[66] Adapted from Jury Charge at 20, *United States v. Lynch*, No. 18-cr-00577 (N.D. Cal. June 2, 2024), ECF No. 545; *see also United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) ("Our cases draw a fine line between schemes that do no more than cause their victims to enter into transactions they would otherwise avoid—which do not violate the mail or wire fraud statutes—and schemes that depend for their completion on a misrepresentation of an essential element of the bargain—which do violate the mail and wire fraud statutes.").

[67] *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (to find materiality, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."); *In re ProShares Tr. Sec. Litig.*, 728 F.3d 96, 102 (2d Cir. 2013) (to establish materiality, government must present evidence of "a substantial likelihood that the disclosure of the [truth] would have been viewed by the reasonable investor as having significantly altered the total mix of information [already] made available") (quoting *DeMaria v. Andersen*, 318 F.3d 170, 180 (2d Cir. 2003).

[68] Adapted from Jury Charge at 7145, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

To be material, the government must also prove beyond a reasonable doubt a substantial likelihood that the disclosure of the truth would have assumed actual significance in the deliberations of the reasonable investor.  In other words, the false statement must have been of such importance that it could reasonably be expected to cause or induce a reasonable purchaser to act or not act with respect to the transaction at issue.[69]

The fact that the information matters to a specific purchaser is not sufficient for it to be material.  To be material, there must be a substantial likelihood that a reasonable purchaser would find the misrepresentation significant in making a decision to purchase.[70]

The standard of a "reasonable purchaser" may vary with the nature and level of sophistication of the participants involved in a particular market or purchase.  In determining whether the stated fact is material, you may consider the nature of the discussions in which the representation was made, and whether a purchaser in that context would consider the representation to be material.[71]  You must also consider the sophistication of the purchaser.  You may consider all the evidence about what such a sophisticated, reasonable purchaser would consider important when making an investment decision and approach the question of materiality objectively and decide for yourself whether the government has proven materiality beyond a reasonable doubt.[72]

The standard of a "reasonable purchaser" focuses on the reasonable purchaser in a particular market or investment, not the perspective of individuals who may possess information

---

[69] Adapted from Jury Charge at 7146, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.
[70] Adapted from Jury Charge at 7146, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.
[71] *See United States v. Gramins*, 939 F.3d 429, 446 (2d Cir. 2019) (holding that whether "misrepresentations were material under the reasonable investor standard was for the jury to decide in light of the opposing theories advanced by the two sides").
[72] Adapted from Jury Charge at 7147, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

and perspectives different than a reasonable purchaser.  Any testimony that you may have heard with respect to whether a particular fact would or would not have been important to that witness or to purchasers in general reflects that witness's individual views.  Although you may consider such testimony, it is not controlling.  In evaluating whether information is material from the perspective of a reasonable purchaser, you may also consider evidence and testimony regarding the course of dealings between Frank and J.P. Morgan Chase although such evidence and testimony is not controlling.[73]  It is for you to determine whether a particular fact would have been significant to a reasonable purchaser in making an investment decision.[74]

You must assess whether the alleged false statement of fact was material based on all the facts available to a reasonable purchaser as of the time of the transaction and not upon a hindsight view.[75]

Certain statements, as a matter of law, are not "material."

Statements that are considered "puffery," as I previously mentioned, are immaterial as a matter of law.  "Puffery," or sales talk, is a statement of corporate optimism that is too general to cause a reasonable purchaser to rely on it.[76]

---

[73] *See United States v. Kurland*, No. 20-cr-306 (S-1) (NGG), 2022 WL 2669897, at *12 (E.D.N.Y. July 11, 2022) ("[E]vidence of their course of dealing . . . is relevant.").

[74] Adapted from Jury Charge at 7208, *United States v. Tuzman*, No. 15-cr-536 (PGG) (S.D.N.Y. Dec. 22, 2017), ECF No. 706; *see also United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) ("Determination of materiality under the securities laws is a mixed question of law and fact that the Supreme Court has identified as especially 'well suited for jury determination.'") (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1298 (2d Cir. 1991)).

[75] Adapted from Jury Charge at 7147, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; *see also United States v. Martoma*, 993 F. Supp. 2d 452, 457 (S.D.N.Y. 2014) ("The determination of materiality is to be made upon all the facts as of the time of the transaction and not upon a 20-20 hindsight view long after the event.") (quoting *Spielman v. Gen. Host Corp.*, 402 F. Supp. 190, 192–94) (S.D.N.Y. 1975)).

[76] Adapted from Jury Charge at 5369, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313 ("[P]uffery or sales talk that is too general for a reasonable investor to consider significant is not actionable under the fraud laws."); Jury Charge at 7146–47, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849 ("Furthermore, a false statement cannot be material if it constitutes mere puffing or sales talk that would not in the view of a reasonable investor significantly alter the total mix of information available in making an investment decision."); *see also Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004); *S.E.C. v. Meltzer*, 440 F. Supp. 2d 179, 191 (E.D.N.Y. 2006); *In re Lululemon Secs. Litig.*, 14 F. Supp. 3d 553, 572-73 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015).

A "forward looking statement" is also immaterial as a matter of law if it cannot be said that any reasonable purchaser could consider it important in light of the cautionary language set out in the same document.[77]  A "forward-looking statement" is defined as a projection of future earnings, losses, or other financial items; a statement of the plans and objectives of management for the future operation of the company; or a statement of future economic performance of the company.[78] If you find that the allegedly false or fraudulent statement that you are considering meets this definition of a forward-looking statement, then you must determine whether the statement was accompanied by meaningful cautionary language. In so doing, you must consider the allegedly fraudulent materials in their entirety to determine whether a reasonable purchaser would have been misled.  The question is not whether the statements were true, but whether the representations considered together and with the cautionary language, would affect the total mix of information and thereby mislead a reasonable purchaser regarding the nature of the security at issue.  If you find the statement did include such meaningful cautionary language, then it cannot be fraudulent, even if it turns out that the projections or forecasts were not correct, and your inquiry should end as to that statement.  A defendant has no obligation to update forward-looking statements once they are made.[79]

If the purchaser received exactly what it bargained for, the defendants cannot be guilty of fraud.[80] A false statement made in the context of a business transaction that does not deprive the

---

[77] *United States v. Velissaris*, No. 23-6379-CR, 2024 WL 4502001, at *2 (2d Cir. Oct. 16, 2024) ("[T]he 'bespeaks caution' doctrine . . . provides that a 'forward-looking statement accompanied by sufficient cautionary language is not actionable because no reasonable investor could have found the statement materially misleading.'") (quoting *Iowa Pub. Emps' Ret. Sys. v. MF Glob. Ltd.*, 620 F.3d 137, 141 (2d Cir. 2010)).

[78] 15 U.S.C.S. § 77z-2(i)(1).

[79] *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 650 (S.D.N.Y. 2015) (quoting *In re Duane Reade Inc. Sec. Litig.*, 2003 U.S. Dist. LEXIS 21319, at *24 (S.D.N.Y. Nov. 24, 2003)).

[80] *United States v. Castelle*, 836 F. App'x 43, 48 (2d Cir. 2020) ("[W]e have repeatedly rejected application of the mail and wire fraud statutes where the purported victim received the full economic benefit of its bargain."); *United States v. Vaccarelli*, 2020 WL 1329695, No. 3:18-cr-92 (JBA), at *4 (D. Conn. Mar. 23, 2020) ("a defendant in a wire

recipient of the benefit of what they purchased is not a material misstatement.  That is, a deceit regarding something that is not material is not a fraud.[81]  For example, a party's deception about his or her negotiating position or preferences, or the value that he or she attributes to a contract is immaterial as a matter of law.[82]  For example, where a buyer or seller claims that a certain price is its final offer, but then the parties ultimately agree on a price in the middle, there is no fraud, even though each side has gained from deliberately false misrepresentations about its negotiating position and has affected the other side's decisions.[83]  Similarly, where a trader is not misled as to the nature of the asset he trades or the amount of money he paid or received, there is no fraud.

---

fraud case is entitled to acquittal where 'the alleged victims received exactly what they paid for'") (citing *United States v. Takhalov*, 827 F.3d 1307, 1314 (11th Cir.), *as revised* (Oct. 3, 2016), *opinion modified on denial of reh'g*, 838 F.3d 1168 (11th Cir. 2016)).

[81] *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) ("[M]isrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution . . . such a charge can not apply to situations where the alleged victims 'received exactly what they paid for' and 'there was no discrepancy between benefits reasonably anticipated and actual benefits received.'") (citing *United States v. Starr*, 816 F.2d 94, 98–99 (2d Cir. 1987).

[82] *See United States v. Weimert*, 819 F.3d 351, 358 (7th Cir. 2016) ("[N]egotiating parties, and certainly the sophisticated businessmen in this case, do not expect complete candor about negotiating positions[.] . . . Deception about negotiating positions—about reserve prices and other terms and their relative importance—should not be considered material for purposes of mail and wire fraud statutes.").

[83] *United States v. Weimert*, 819 F.3d 351, 357-58 (7th Cir. 2016) ("To take a simple example based on price, suppose a seller is willing to accept $28,000 for a new car listed for sale at $32,000. A buyer is actually willing to pay $32,000, but he first offers $28,000. When that offer is rejected and the seller demands $32,000, the buyer responds: 'I won't pay more than $29,000.' The seller replies: 'I'll take $31,000 but not a penny less.' After another round of offers and demands, each one falsely labeled 'my final offer,' the parties ultimately agree on a price of $30,000. Each side has gained from deliberately false misrepresentations about its negotiating position. Each has affected the other side's decisions. If the transaction involves interstate wires, has each committed wire fraud, each defrauding the other of $2,000? Of course not.").

## PROPOSED INSTRUCTION NO. 13

### Count Two: Wire Fraud – Statute

I am going to begin with the law related to the charges of wire fraud (Count Two) and bank fraud (Count Three) before instructing you on the law related to the wire and bank fraud conspiracy charge, which is Count One.

Count Two reads as follows:

From at least in or about June 2021 through at least in or about November 2022, in the Southern District of New York and elsewhere, CHARLIE JAVICE and OLIVIER AMAR, the defendants, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, JAVICE and AMAR engaged in a scheme to defraud by submitting false and fraudulent statements and representations about Frank and its user data, among other things, to potential acquiring companies, including to JPMC and Bank-1, in order to defraud those companies out of millions of dollars--consisting of the acquisition price, as well as salary, bonus and other compensation paid to JAVICE and AMAR as retained employees at the eventual acquiring company, JPMC--and in furtherance of such scheme, JAVICE and AMAR transmitted and caused to be transmitted electronic communications and monetary transfers to and from the Southern District of New York.[84]

The relevant statute is Section 1343 of Title 18 of the United States Code, which states:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

---

[84] Superseding Indictment ¶ 4.

## PROPOSED INSTRUCTION NO. 14

### Count Two: Wire Fraud – Elements[85]

The government must prove each of the following three elements, for the wire fraud count, beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by making materially false and fraudulent pretenses, representations, or promises, and that the defendant you are considering willfully participated in the scheme, having knowledge of its fraudulent objective, and with a specific intent to defraud;

Second, the object of the scheme was to acquire money or property; and

Third, that in execution of that scheme, the defendant you are considering used or caused the use of interstate wires.

I will now explain each of these elements further.

---

[85] Adapted from Jury Charge at 5377–78, 5390–91, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313; Jury Charge at 806, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

## PROPOSED INSTRUCTION NO. 15

### Count Two: Wire Fraud – First Element

The first element that the government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud or to obtain money or property by making materially false and fraudulent pretenses, representations, or promises, and that the defendant willfully participated in the scheme, having knowledge of its fraudulent objective, and with a specific intent to defraud.[86]

As a reminder, the scheme to defraud in this case is alleged to have been carried out by making material false statements or representations. I remind you that misrepresentations amounting only to a deceit are insufficient to maintain a wire fraud prosecution, and instead, the deceit must be coupled with contemplated harm to J.P. Morgan Chase, which must affect the very nature of the bargain itself. I previously instructed on the law applicable to a "scheme to defraud," "false statements or representations," and "materiality," and I refer you to those instructions.

While it is sufficient for the government to prove beyond a reasonable doubt that one or more material misrepresentations alleged in the indictment was made in furtherance of the scheme to defraud, you must all agree on at least one material misrepresentation that is proved to be false beyond a reasonable doubt. You cannot have some of you thinking the government proved beyond a reasonable doubt one statement was false and others of you thinking that the government proved beyond a reasonable doubt that a different statement was false.[87] Again, you cannot find the defendant you are considering guilty if only some of you think that alleged misrepresentation "A" is false while others think that only alleged misrepresentation "B" is false. There must be at least

---

[86] Adapted from Jury Charge at 5377, 5390, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313; Jury Charge at 806, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.
[87] Adapted from Jury Charge at 7158, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

one specific material false statement or representation that all of you find to be false in order to find the defendant guilty.[88]

The government must also establish beyond a reasonable doubt that the defendant you are considering acted deliberately and voluntarily rather than by ignorance, mistake, accident, or carelessness; that she or he acted with a bad purpose, which is to say with the intent, conscious aim, or objective to do something that the law forbids either by disobeying or disregarding the law; that she or he acted with the specific purpose of causing economic harm via the deprivation of money or property; that she or he acted with the intention or purpose to deceive; and that she or he lacked good faith. If the defendant you are considering was not a knowing participant in a scheme to defraud, or if she or he lacked the specific intent to defraud, then she or he is not guilty of wire fraud.[89]

To prove intent to defraud under the wire fraud statute, the government must prove beyond a reasonable doubt that the defendant you are considering agreed to engage in the alleged conduct with the sole intent to commit fraud and contemplated some actual harm or injury to J.P. Morgan Chase. As a reminder, if all the government proves is that under the scheme, it was contemplated that J.P. Morgan Chase acquired Frank when they otherwise would not have done so, without proving that the defendant you are considering contemplated that J.P. Morgan Chase would suffer economic harm, then the government has not met its burden of proof.[90]

---

[88] Adapted from Jury Charge at 7159, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[89] Adapted from Jury Charge at 7160, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[90] Adapted from *United States v. Binday*, 804 F.3d 558, 569–70 (2d Cir. 2015) ("[T]he government must, at a minimum, prove that defendants contemplated some actual harm or injury to their victims. … It is not sufficient, however, to show merely that the victim would not have entered into a discretionary economic transaction but for the defendant's misrepresentations.") (citation omitted), *abrogated on other grounds by Ciminelli v. United States*, 598 U.S. 306 (2023); *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) ("[M]isrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution . . . such a charge can not apply to situations

I remind you that good faith on the part of a defendant is a complete defense to this charge. If the government has not proven beyond a reasonable doubt that the defendant you are considering did not believe in good faith that she or he was acting properly at the time of the events alleged in the indictment, even if she or he was mistaken in that belief and even if others were injured by her or his conduct, that defendant cannot be found guilty. I have already instructed you on the law applicable to the terms "knowingly," "willfully," "intentionally," "intent to defraud," and "good faith," and I refer you to those earlier instructions.

---

where the alleged victims 'received exactly what they paid for' and 'there was no discrepancy between benefits reasonably anticipated and actual benefits received.'") (citations omitted); *United States v. Novak*, 443 F.3d 150, 156, 159 (2d Cir. 2006) ("While this language does not require the government to prove that the victims of the fraud were *actually* injured, the government must, at a minimum, prove that defendants *contemplated* some actual harm or injury to their victims. . . . An intent to harm a party to a transaction cannot be found where the evidence merely indicates that the services contracted for were dishonestly completed.") (internal quotation marks and citations omitted); *United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994) ("Where the scheme does not cause injury to the alleged victim as its necessary result, the government must produce evidence independent of the alleged scheme to show the defendant's fraudulent intent."); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) ("Although the government is not required to prove actual injury, it must, at a minimum, prove that defendants *contemplated* some actual harm or injury to their victims. Only a showing of intended harm will satisfy the element of fraudulent intent. . . . At most, the evidence had shown an intent to deceive and to induce the customers to enter into the transaction. Absent any evidence of an intent to harm the victims, however, we concluded that the evidence was insufficient to demonstrate a fraudulent intent as required by the mail fraud statute. . . . Misrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution. Instead, the deceit must be coupled with a contemplated harm to the victim. Moreover, the harm contemplated must affect the very nature of the bargain itself.").

## PROPOSED INSTRUCTION NO. 16

### Count Two: Wire Fraud – Second Element

The second element that the government must prove beyond a reasonable doubt, as to the wire fraud count, is that the object of the scheme was to acquire money or property.[91]  All of the instructions I previously gave you regarding the required proof of the existence and deprivation of a property interest, applies here as well.  As I instructed you, property does not include intangible interests such as the right to control the use of one's assets, nor does it include economic information that a person might consider valuable in deciding how to use his or her assets.  A victim is not deprived of a property interest if it received what it paid for, even if money was obtained by the defendants.[92]  If the government has not proven beyond a reasonable doubt that the defendant you are considering specifically intended to harm J.P. Morgan Chase by defrauding it out of a property interest, you must acquit that defendant.

---

[91] *See Ciminelli v. United States*, 598 U.S. 306, 309, 316 (2023); Jury Charge at 5378, 5390–91, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313; Jury Charge at 806, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[92] *See Kelly v. United State*s, 590 U.S. 391, 402 (2020) (explaining that property must be an "object of the fraud" and that "[a] property fraud conviction cannot stand when the loss to the victim is only an incidental byproduct of the scheme").

## PROPOSED INSTRUCTION NO. 17

### Count Two: Wire Fraud – Third Element[93]

The third and final element that the government must establish beyond a reasonable doubt is that the defendant you are considering used or caused the use of an interstate or international wire communication in furtherance of the alleged scheme to defraud.

The wire communication must pass between two or more states, or it must pass between the United States and a foreign country. A wire communication includes a wire transfer of funds across state lines between banks in different states, and telephone calls, e-mails, and facsimiles between two different states. That means, for example, if one person in New York is talking to another person in New York, that is not enough. The wire communication has to go over state lines or over national lines. The use of the wire need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment—electronic communications and monetary transfers—and you must agree that the particular use furthered the scheme to defraud. However, the government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

---

[93] Adapted from Sand, Instr. 44-7 (Wire Fraud, Fourth Element—Scheme Affected Financial Institution); Jury Charge at 7162–63, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

## PROPOSED INSTRUCTION NO. 18

### Count Three: Bank Fraud – Statute

Count Three of the indictment charges Ms. Javice and Mr. Amar with committing bank fraud.  Count Three reads as follows:

> From at least in or about June 2021 through at least in or about November 2022, in the Southern District of New York and elsewhere, CHARLIE JAVICE and OLIVIER AMAR, the defendants, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, JAVICE and AMAR engaged in a scheme to defraud by submitting false and fraudulent statements and representations about Frank and its user data, among other things, to potential acquiring companies, including to JPMC and Bank-I, in order to defraud those companies out of millions of dollars--consisting of the acquisition price, as well as salary, bonus and other compensation paid to JAVICE and AMAR as retained employees at the eventual acquiring company, JPMC.[94]

The statute is Section 1344 of Title 18 of the United States Code, which provides, in relevant part, that:[95]

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
> (1) to defraud a financial institution . . .  shall be [guilty of a crime].

---

[94] Superseding Indictment ¶ 5.

[95] Defendants' proposed instruction omits Section 1344(2), as the Indictment does not differentiate between either subsection (1) or (2). Because the allegations suggest that the government's theory is that defendants engaged in a "scheme to defraud" a financial institution in violation of Section 1344(1), instructing the jury on a separate crime under Section 1344(2) is unnecessary, unfairly prejudicial, and would risk confusing the jury.  *See* Sand, Comment to Instruction 44-10 (Bank Fraud, First Element—Scheme to Defraud) ("Section 1344 defines two offenses: (1) engaging in a scheme to defraud, and (2) engaging in a scheme to obtain money or property by making false statements, promises, or representations. These are separate crimes and both the indictment and the jury charge should carefully delineate which of the two is alleged to have been violated by the defendant.").

## PROPOSED INSTRUCTION NO. 19

### Count Three: Bank Fraud – Elements – Financial Institution[96]

I use the common term "bank" throughout these instructions as a matter of convenience in lieu of repeating the phrase "financial institution."  However, you are instructed that the term financial institution has a very specific meaning in the context of a bank fraud prosecution, like this one.  In this case, you are instructed that the government must prove beyond a reasonable doubt that the object of the alleged scheme was a federally insured depository institution.  It is not necessary for the government to prove that the defendant you are considering knew the identity of a particular financial institution or that she or he knew that the financial institution was federally insured.  However, in considering whether the government has met its burden on this element, I instruct you that if the alleged scheme was directed to a financial institution acting in a capacity unrelated to its status as a federally insured depository institution, then the charged conduct cannot form the basis of a federal bank fraud conviction.  For example, if you determine that the alleged scheme was directed to J.P. Morgan Chase while acting in a business capacity as a commercial party to a transaction, and unrelated to any federally insured depository status, then you cannot find either defendant guilty of bank fraud.[97]

---

[96]  Adapted from Sand, Instr. 44-12 (Bank Fraud, Third Element—Bank Was Federally Insured or Chartered).

[97] *See, e.g., United States v. Bouchard*, 828 F.3d 116, 126 (2d Cir. 2016) (finding that Section 1344 "should not be read to 'federaliz[e] frauds that are only tangentially related to the banking system,' which is § 1344's core concern") (quoting *Loughrin v. United States*, 573 U.S. 351, 362 (2014)); *UMB Bank, N.A. v. Benton*, No. 21-cv-832 (BP), 2022 WL 16753765, at *11 (W.D. Mo. June 29, 2022) (dismissing bank fraud claim and noting that "while UMB is a bank, the alleged fraud had nothing to do with UMB's status *as a bank*—rather, the fraud concerned UMB's position *as a trustee*, a position that could have just as easily been occupied by a non-bank person or entity, and that has nothing to do with the banking system"), *aff'd sub nom. UMB Bank, N.A. v. Guerin*, 89 F.4th 1047 (8th Cir. 2024).

## PROPOSED INSTRUCTION NO. 20

**Count Three: Bank Fraud – Elements – Scheme to Defraud a Financial Institution**

To prove the defendant you are considering guilty of bank fraud via a scheme to defraud a financial institution, the government must prove each of the following elements beyond a reasonable doubt:

First, that the scheme or artifice existed to defraud a bank <u>and</u> that the defendant executed or attempted to execute the scheme through a misrepresentation or concealment of a fact and that misrepresented or concealed fact was material;

Second, that the defendant executed or attempted to execute the scheme knowingly, willfully and with intent to defraud a bank, that is with intent to harm a bank in its property interests; and

Third, that at the time of the execution of the scheme, the bank met the legal requirements to qualify as a financial institution.

The first element the government must prove beyond a reasonable doubt is that there was a scheme to defraud and cause economic harm to a bank and that the defendant you are considering executed the scheme through a misrepresentation or concealment of a fact and that misrepresented or concealed fact was material.[98]  I have previously instructed you on the definitions of a "scheme to defraud," "false statements or representations," as well as "materiality," and I refer you to those instructions.

I remind you that a material fact is one you would reasonably expect to be of concern to a reasonable and prudent bank in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must also

---

[98] *See, e.g.*, *Shaw v. United States*, 580 U.S. 63, 65, 72 (2016).

determine whether that statement was one that a reasonable bank would have considered important in making its purchase decision.  It does not matter whether the bank actually relied on the misrepresentation.  The same requirements apply to fraudulent half-truths or the concealment of material facts where the defendant was under a legal duty to disclose those facts.

The second element the government must prove beyond a reasonable doubt is that the defendant you are considering intended to execute or attempted to execute the scheme knowingly, willfully, and with an intent to defraud.[99]  I have already instructed you on the meaning of the terms "knowingly," "willfully," and "intent to defraud."

This subsection requires that the defendant you are considering intended to deceive and harm the bank specifically in its property interests; deception of a person or entity that is not a bank is not sufficient.[100]  As with the wire fraud charge, it is not sufficient if the deprivation of money or property was an incidental byproduct of the alleged scheme.[101]  The government must specifically prove that a defendant knew the scheme would likely cause the bank economic harm.[102] A defendant who does not intend to harm or injure the alleged victim does not have the requisite intent to defraud under the bank fraud statute.  The question of whether a defendant knew her or his course of conduct would likely harm the bank's property interest is a question of fact for you to determine, like any other fact question.

I remind you that a defendant's good faith is a complete defense to each charge in this case, including bank fraud.  If a defendant believed in good faith that she or he was acting properly, even if mistaken in that belief, there would be no crime of bank fraud by that defendant.  Likewise,

---

[99] *See United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019).
[100] *See Shaw v. United States*, 580 U.S. 63, 72 (2016).
[101] *See Kelly v. United State*s, 590 U.S. 391, 402 (2020) (explaining that property must be an "object of the fraud" and that "a property fraud conviction cannot stand when the loss to the victim is only an incidental byproduct of the scheme").
[102] *See United States v. Novak*, 443 F.3d 150, 156 (2d Cir. 2006).

a genuine belief that the scheme never exposed the victim to loss or risk of loss in the first place would demonstrate a lack of fraudulent intent.

The third element the government must prove beyond a reasonable doubt is that the object of the scheme was a financial institution as that term is defined under the law.  I have defined that term for you previously and you should apply that definition here.  It is the government's burden to prove to you beyond a reasonable doubt that the object of the scheme was a financial institution acting in its capacity as a federally insured depository institution.

## PROPOSED INSTRUCTION NO. 21

### Count One: Conspiracy to Commit Wire Fraud and Bank Fraud – Statute

In addition to the charges of wire fraud and bank fraud in Counts Two and Three, the defendants are charged in Count One of the indictment with participating in a conspiracy to commit wire fraud and bank fraud. Specifically, Count One charges that from at least in or about June 2021 through at least in or about November 2022, the defendants willfully and knowingly agreed with others to defraud J.P. Morgan Chase by allegedly submitting false statements and representations about Frank and its user data, in violation of either the wire or bank fraud laws.[103]

The relevant portion of the conspiracy statute, Title 18, United States Code, Section 1349, provides in relevant part that,

> Any person who ... conspires to commit any offense under this chapter [including wire or bank fraud] shall be [guilty of a crime].

I will now instruct you on the elements of the conspiracy charge.

---

[103] Superseding Indictment ¶¶ 1-3.

## PROPOSED INSTRUCTION NO. 22

**Count One: Conspiracy to Commit Wire Fraud and Bank Fraud – Elements**[104]

To prove the crime of conspiracy to commit wire and bank fraud, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into an agreement to commit wire fraud and bank fraud, as I have defined the crimes of wire and bank fraud already; and

<u>Second</u>, that the defendant you are considering knowingly and willfully became a member of the alleged conspiracy, with knowledge of its unlawful objects, and intending by her or his actions to help it succeed.

---

[104] Adapted from Sand, Instr. 19-3 (Elements of Conspiracy); Jury Charge at 52, *United States v. Shkreli*, No. 15-CR-637 (KAM) (E.D.N.Y July 28, 2017), ECF No. 294; Jury Charge at 13, *United States v. Korchevsky*, No. 15-CR-381 (RJD) (E.D.N.Y. July 6, 2018), ECF No. 337.

## PROPOSED INSTRUCTION NO. 23

### Count One: Conspiracy to Commit Wire Fraud and Bank Fraud – First Element

The first element the government must prove beyond a reasonable doubt for Count One is that two or more persons entered into the agreement to commit wire fraud and bank fraud as charged in the Indictment.[105]  One person cannot commit a conspiracy alone.  Rather, the proof must convince you beyond a reasonable doubt that at least two persons joined together in a common criminal scheme.

The government need not prove that members of the conspiracy met together or entered into any express or formal agreement, but the government must prove beyond a reasonable doubt that there was a mutual understanding between at least two people to commit wire fraud and bank fraud.[106]

A meeting of the minds is required for there to be an agreement.  While the co-conspirators need not agree to every detail, they must agree to the "essential nature" of the plan.[107]  government must therefore prove that the co-conspirators agreed to the same object, or unlawful purpose, of the conspiracy.  In other words, you must find that the defendant you are considering and his co-conspirators agreed to commit the same offense—whether wire fraud or bank fraud.

The jury must be unanimous as to the object or objects that the government proved beyond a reasonable doubt, and of course you must find separately with respect to each defendant. In other words, half the jury cannot find that the object of the conspiracy was wire fraud and the other half of the jury find that the object of the conspiracy was bank fraud.  You must be unanimous.[108]  If

---

[105] Adapted from Sand, Instr. 19-4 (Existence of Agreement).

[106] Adapted from Sand, Instr. 19-4 (Existence of Agreement).

[107] *See United States v. Ulbricht*, 31 F. Supp. 3d 540, 551 (S.D.N.Y. 2014) (citing cases); *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977) (same).

[108] Adapted from Jury Charge at 801, 805, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

the government fails to prove that any of the two objects set forth in the indictment was an object

of the alleged conspiracy, then you must find the defendants not guilty of conspiracy.

## PROPOSED INSTRUCTION NO. 24

**Count One: Conspiracy to Commit Wire Fraud and Bank Fraud – Second Element**

***Defendant Javice's Proposed Instruction:***

If you find that the government has not proven the first element—that the defendant you are considering agreed with another co-conspirator to commit the wire fraud and bank fraud charged in the indictment—then your inquiry ends there and you must find the defendant not guilty for Count One. If you find that the government has proven the first element—that an agreement to commit wire fraud or bank fraud charged in the indictment was reached between a defendant and a co-conspirator—beyond a reasonable doubt, then you must consider the second element of Count One.

The second element that the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly, willfully, voluntarily, and in the absence of good faith became a member in the charged conspiracy. In evaluating this element, my instructions on "knowingly," "willfully," and "good faith" apply.[109] You may not conclude that the defendant you are considering acted willfully to join the conspiracy unless you conclude that he acted with the knowledge and specific intent to defraud and harm the bank in its property interests, as is required to establish a violation of either the wire fraud or bank fraud laws, along with his agreement to the commission of acts by himself or by his coconspirators that would violate either the wire fraud or bank fraud laws.

To become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy. On the other hand, a person who the government

---

[109] Adapted from Sand, Instr. 19-6 (Membership in the Conspiracy) (defendant must "knowingly, willfully and voluntarily" become a member of the conspiracy); Jury Charge at 7130–31, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

has failed to prove beyond a reasonable doubt has knowledge of and agreed to join the conspiracy, or who happens to act in a way which furthers some objective or purpose of the conspiracy without having knowledge of the conspiracy, does not thereby become a member.[110]

Mere similarity of conduct between alleged co-conspirators or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.[111]

In considering whether a defendant knowingly and willfully participated in a conspiracy, be advised that a defendant's participation in the conspiracy must be established by independent evidence of her or his own acts or statements.[112]

As I previously instructed you, good faith is a complete defense to this charge, and I refer you to apply that instruction to this count as well. If you find that a defendant you are considering acted in good faith, he cannot be convicted on Count One.

### *Defendant Amar's Proposed Instruction:*

If you find that the government has not proven the first element—that the defendant you are considering agreed with another co-conspirator to commit the wire fraud and bank fraud charged in the indictment—then your inquiry ends there and you must find the defendant not guilty for Count One. If you find that the government has proven the first element—that an agreement to commit wire fraud or bank fraud charged in the indictment was reached between a defendant and a co-conspirator—beyond a reasonable doubt, then you must consider the second element of Count One.

---

[110] Adapted from Sand, Instr. 19-6 (Membership in the Conspiracy); Jury Charge at 7131–32, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[111] Adapted from Sand, Instr. 19-6 (Membership in the Conspiracy).

[112] *See United States v. Tellier*, 83 F.3d 578, 580–81 (2d Cir. 1996) (holding that evidence of a defendant's membership in a conspiracy is "legally insufficient" if it is based solely on an alleged co-conspirator's extrajudicial statements without "independent corroborating evidence of the defendant's participation in the conspiracy").

The second element that the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly, willfully, voluntarily, and in the absence of good faith became a member in the charged conspiracy. In evaluating this element, my instructions on "knowingly," "willfully," and "good faith" apply.[113] You may not conclude that the defendant you are considering acted willfully to join the conspiracy unless you conclude that he acted with the knowledge and specific intent to defraud and harm the bank in its property interests, as is required to establish a violation of either the wire fraud or bank fraud laws, along with his agreement to the commission of acts by himself or by his coconspirators that would violate either the wire fraud or bank fraud laws.

To become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy. On the other hand, a person who the government has failed to prove beyond a reasonable doubt has knowledge of and agreed to join the conspiracy, or who happens to act in a way which furthers some objective or purpose of the conspiracy without having knowledge of the conspiracy, does not thereby become a member.[114] If a defendant believed that he or she was not involved with others in a conspiracy, or if they were merely negligent or careless with regard to what others were doing, they lacked the requisite knowledge to be a conspirator.[115]

I caution you that mere association by a defendant with a conspirator does not make the defendant a member of the conspiracy, even if he knows of the existence of the conspiracy. A person may know, work with, or be friendly with an alleged conspirator without being a

---

[113] Adapted from Sand, Instr. 19-6 (Membership in the Conspiracy) (defendant must "knowingly, willfully and voluntarily" become a member of the conspiracy); Jury Charge at 7130–31, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[114] Adapted from Sand, Instr. 19-6 (Membership in the Conspiracy); Jury Charge at 7131–32, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[115] Adapted from Jury Charge at 804, *United States v. Guldi*, No. 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

conspirator herself or himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.[116] Even helping another member of a conspiracy does not automatically make a defendant a member of a conspiracy.[117]

Someone may know or even be indifferent to or acquiesce in an unlawful plan, but unless he knowingly and intentionally participated in the conspiracy with the purpose of helping to achieve its unlawful object, he is not a conspirator.[118] In other words, knowledge and association are not enough, and more is required under the law.[119]

In considering whether a defendant knowingly and willfully participated in a conspiracy, be advised that a defendant's participation in the conspiracy must be established by independent evidence of her or his own acts or statements.[120]

As I previously instructed you, good faith is a complete defense to this charge, and I refer you to apply that instruction to this count as well. If you find that a defendant you are considering acted in good faith, he cannot be convicted on Count One.

---

[116] Adapted from Sand, Instr. 19-6.
[117] Adapted from Jury Charge at 803, *United States v. Guldi*, No. 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.
[118] Adapted from Sand, Instr. 19-6.
[119] Adapted from Sand, Instr. 19-6.
[120] *See United States v. Tellier*, 83 F.3d 578, 580–81 (2d Cir. 1996) (holding that evidence of a defendant's membership in a conspiracy is "legally insufficient" if it is based solely on an alleged co-conspirator's extrajudicial statements without "independent corroborating evidence of the defendant's participation in the conspiracy").

## PROPOSED INSTRUCTION NO. 25

### Count Four: Securities Fraud – Statute and Rule

Count Four of the indictment charges Ms. Javice and Mr. Amar with committing securities

fraud as follows:

> From at least in or about June 2021 through at least in or about November 2022, in the
> Southern District of New York, and elsewhere, CHARLIE JAVICE and OLIVIER AMAR,
> the defendants, willfully and knowingly, directly and indirectly, by use of a means and
> instrumentality of interstate commerce and of the mails, and of a facility of a national
> securities exchange, used and employed, in connection with the purchase and sale of a
> security registered on a national securities exchange and any security not so registered, a
> manipulative and deceptive device and contrivance, in violation of Title 17, Code of
> Federal Regulations, Section 240.l0b-5, by (a) employing a device, scheme, and artifice to
> defraud; (b) making an untrue statement of material fact and omitting to state a material
> fact necessary in order to make the statement made, in light of the circumstances under
> which it was made, not misleading; and (c) engaging in an act, practice and course of
> business which operated and would operate as a fraud and deceit upon a person, to wit,
> JAVICE and AMAR engaged in a scheme to defraud by submitting false statements and
> representations about Frank and its user data, among other things, to potential acquiring
> companies, including to JPMC and to Bank-1, in connection with the acquisition of the
> equity shares, options, and warrants of Frank.[121]

The relevant statute is Title 15, United States Code Section 78j(b), which provides, in

relevant part, that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or
> instrumentality of interstate commerce or of the mails, or of any facility of any
> national securities exchange—
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on
> a national securities exchange or any security not so registered, … any manipulative or
> deceptive device or contrivance in contravention of such rules and regulations as the
> [Securities and Exchange Commission] may prescribe as necessary or appropriate in the
> public interest or for the protection of investors.

Rule 10b-5 as promulgated by the Securities and Exchange Commission reads as

follows:

---

[121] Superseding Indictment ¶ 6.

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange,

(a)    To employ any device, scheme, or artifice to defraud,

(b)    To make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.[122]

---

[122] Defendants' proposed instruction omits subsection (c) as it is unrelated to the government's theory of the case. As such, instructing the jury on this additional, inapplicable law is unnecessary, unfairly prejudicial, and would risk confusing the jury.

## PROPOSED INSTRUCTION NO. 26

### Count Four: Securities Fraud – Elements[123]

To determine whether the government has proven that the defendant you are considering committed the crime charged in Count Four, the government must establish beyond a reasonable doubt all of the following elements of the crime of securities fraud as to that defendant:

First, that in connection with the purchase or sale of securities, the defendant you are considering did any one or more of the requisite acts that I will specify shortly.[124]

Second, the allegedly untrue or misleading statements made would be material to a reasonable purchaser;[125]

Third, that the defendant you are considering acted willfully, knowingly, and with the intent to defraud and lacked good faith; and

Fourth, that the defendant you are considering knowingly used, or caused to be used, any means or instrumentalities of interstate commerce in furtherance of the alleged fraudulent conduct.

I will now instruct you on each of these elements in more detail.

---

[123] Adapted from Sand, Instr. 57-20 (Securities Fraud, Elements of the Offense); Jury Charge at 7203–04, *United States v. Tuzman*, No. 15-cr-536 (PGG) (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 3950, *United States v. Blaszczak*, No. 1:17-cr-357 (LAK) (S.D.N.Y. Apr. 27, 2018), ECF No. 331.

[124] *See* Sand, Instr. 57-20 (Securities Fraud, Elements of the Offense) (requiring the security at-issue to be identified in the charge); *see also, e.g.*, Jury Charge at 33–34, *United States v. Shkreli*, No. 15-CR-637 (KAM) (E.D.N.Y. July 28, 2017), ECF No. 294.

[125] The defendants submit that "materiality" should be addressed as a separate, requisite element of securities fraud. *See, e.g.,* Jury Charge at 7142, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

**PROPOSED INSTRUCTION NO. 27**

**Count Four: Securities Fraud – First Element[126]**

The first element of securities fraud that the government must prove beyond a reasonable doubt is that, in connection with the sale of securities—here, the equity shares, options, and warrants of Frank—the defendant you are considering did any one or more of the following:[127]

(a) Employed a device, scheme, or artifice to defraud; or

(b) Made an untrue statement of a material fact or omitted to state a material fact

that made what was said, under the circumstances, misleading.

To prove this element, it is not necessary for the government to establish both types of unlawful conduct in connection with the purchase or sale of securities of Frank. Either one would be sufficient, if you so find, to satisfy the first element, so long as you are unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt, and provided further that you find that the misconduct (i) contemplated economic harm by depriving another of money or property[128] and (ii) occurred in connection with the purchase or sale of a security, beyond a reasonable doubt.

I have already instructed you on the definitions of "scheme to defraud" and "false statements or representations," and "materiality," which you should apply to this Count. I remind you that not every instance of financial unfairness constitutes fraudulent activity.[129] The

---

[126] Adapted from Sand, Instr. 57-21 (Securities Fraud, First Element—Fraudulent Act); Jury Charge at 7204–05, *United States v. Tuzman*, No. 15-cr-536 (PGG) (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 7142–43, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.
[127] As explained above, instructing the jury as to subsection (c) is unnecessary and risks confusing the jury.
[128] *See Ciminelli v. United States*, 598 U.S. 306, 309, 316 (2023) (holding that the "federal fraud statutes criminalize only schemes to deprive people of traditional property interests," and, thus, a fraudulent act that deprives a victim of "[t]he right to valuable economic information needed to make discretionary economic decisions . . . cannot form the basis for a conviction under the federal fraud statutes"); *see also, e.g.*, *S.E.C. v. Govil*, 86 F.4th 89, 105 (2d Cir. 2023) (applying *Ciminelli* to a securities fraud claim); *United States v. Constantinescu*, No. 22-CR-612, 2024 WL 1221579, at *4 (S.D. Tex. Mar. 20, 2024) (applying *Ciminelli* to dismiss securities fraud charges).
[129] *See Chiarella v. United States*, 445 U.S. 222, 232 (1980) ("[N]ot every instance of financial unfairness constitutes fraudulent activity.").

misconduct must have contemplated causing economic harm by depriving another of money or property.  If the government has failed to prove that the defendant you are considering engaged in fraudulent conduct, then this element is not satisfied and you would have to find the defendant you are considering not guilty.

I will now explain to you the "in connection with" element.

A.  <u>"In Connection With"</u>

You cannot find that the government has proven the first element of securities fraud unless you find that the defendant you are considering participated, or agreed to participate, in fraudulent conduct that was "in connection with" a sale or purchase of securities.[130]  This element of the offense requires the government to prove a specific link between a defendant's alleged deceptive and fraudulent conduct, on the one hand, and the sale or purchase of securities, on the other hand.  A mere offer, sales pitch, or marketing statement that does not result in the purchase or sale of a security is not made "in connection with" the purchase or sale of a security.

This element is not met simply because an alleged fraud happens to involve securities, or that Frank and J.P. Morgan Chase were counterparties to a securities transaction.[131]  Rather, you must consider two requirements in determining whether the "in connection with" element has been proven beyond a reasonable doubt.[132]

---

[130] Adapted from Jury Charge at 7206, *United States v. Tuzman*, No. 15-cr-536 (PGG) (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[131] *See Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, No. 96-cv-2549, 1997 WL 97837, at *6 (S.D.N.Y. Mar. 6, 1997) (dismissing claim brought by securities clearing broker against bank, where the broker alleged that the bank had misrepresented that funds were available to purchase the securities at issue); *see also Chem. Bank, v. Arthur Andersen & Co.*, 726 F.2d 930, 943 (2d Cir. 1984) (dismissing claim where securities were pledged as collateral in the transaction in which fraud was alleged to have occurred); *Manufacturers Hanover Tr. Co. v. Smith Barney, Harris Upham & Co.*, 770 F. Supp. 176, 181 (S.D.N.Y. 1991) ("[S]omething more than a 'de minimis' relationship between the fraudulent scheme and the purchase or sale of securities is required[.]").

[132] *See Chem. Bank v. Arthur Andersen & Co.*, 726 F.2d 930, 942–43 (2d Cir. 1984) (in cases where "connection" between fraud and securities transaction is "tenuous," courts warn "it is important that the standard be fleshed out," and no securities fraud where buyer "got exactly what it expected") (quotations and alteration omitted); *id.* at 943(purpose of Rule 10b-5 is "to protect persons who are deceived in securities transactions[,]" both to "make sure

<u>First</u>, you may find the "in connection with" requirement has been established only if a defendant's deceptive conduct concerned the value, nature, or investment characteristics of the securities—the equity shares, options, and warrants of Frank.[133]  The government has alleged that the defendants engaged in a scheme to defraud by submitting false statements and representations about Frank.  I instruct you that the alleged false statements or representations involved in the purchase or sale of Frank cannot meet this requirement, even if there is a connection between those alleged misrepresentations and J.P. Morgan Chase's purchase of Frank, unless they related to the equity shares, options, and warrants of Frank.  If the government has failed to prove beyond a reasonable doubt that the alleged false statements did not concern the value, nature, or investment characteristics of Frank's equity shares, options and warrants, then this element is not satisfied, and you would have to find the defendants not guilty of securities fraud.

<u>Second</u>, to establish the specific required link, the government must prove both that the alleged deceptive conduct coincided with J.P. Morgan Chase's purchase of the securities at issue, and that the deceptive conduct was material to the decision of J.P. Morgan Chase's to purchase Frank.  If the alleged deceptive conduct and the purchase of securities were independent events,

---

that buyers of securities get what they think they are getting" and also "that sellers of securities are not tricked into parting with something . . . for a consideration known to the buyer not to be what it purports to be").

[133] *See, e.g.*, *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 96 (2d Cir. 2018) ("A claim fails where the plaintiff does 'not allege that [a defendant] misled him concerning the value of the securities he sold or the consideration he received in return,'" and plaintiff "received exactly what it expected" in disputed securities transactions) (alteration in original) (quoting *Saxe v. E.F. Hutton & Co.*, 789 F.2d 105, 108 (2d Cir. 1986)); *Taylor v. Westor Cap. Grp.*, 943 F. Supp. 2d 397, 403 (S.D.N.Y. 2013) ("[C]ourts have drawn a line separating fraud claims that impact the fundamental valuation of the securities at issue, and the operation of securities markets, as distinguished from those that do not."); *Manufacturers Hanover Tr. Co. v. Smith Barney, Harris Upham & Co.*, 770 F. Supp. 176, 181 (S.D.N.Y. 1991) ("Misrepresentations or omissions involved in a securities transaction but not pertaining to the securities themselves cannot form the basis of a violation of Section 10(b) or Rule 10b–5."); *Prod. Res. Grp., L.L.C. v. Stonebridge Partners Equity Fund, L.P.*, 6 F. Supp. 2d 236, 240 (S.D.N.Y. 1998) (misrepresentations are not made "in connection with the purchase or sale of securities [when they do] not pertain to the value, nature or investment characteristics of the securities at issue") (internal quotations and citations omitted); *Abrash v. Fox*, 805 F. Supp. 206, 208 (S.D.N.Y. 1992) ("[E]ven when there is a clear causal connection between the misrepresentations and the investment decision, there is no securities law violation unless the misrepresentations or omissions involved in a securities transaction pertain to the securities themselves."); *Crummere v. Smith Barney, Harris Upham & Co.*, 624 F. Supp. 751, 755 (S.D.N.Y. 1985) ("The Second Circuit court has stated that the misrepresentation must relate to the securities alleged to satisfy the purchase and sale requirement, and not just to the transaction in its entirety.").

or if the alleged deceptive conduct did not make a significant difference to J.P. Morgan Chase's decision to purchase the securities of Frank, then the "in connection with" requirement is not satisfied.[134]

You have heard evidence relating to the defendants' conduct *after* the sale of Frank and when they were employees of J.P. Morgan Chase. I instruct you that such conduct, including any actions allegedly taken to cover up or conceal the alleged fraud, cannot have coincided with J.P. Morgan Chase's decision to purchase securities that Frank sold,[135] and therefore cannot be considered material to its decision to purchase Frank. You have also heard evidence relating to the defendants' conduct *before* the sale of Frank and the timing of J.P. Morgan Chase's decision to purchase Frank. You should consider whether the timing of such conduct and J.P. Morgan's decision to purchase Frank leads to the conclusion that the alleged fraud "coincided with" and was material to the sale.

---

[134] *See Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387 (2014) (misrepresentation must be "material to a decision by one or more individuals . . . to buy or to sell[,]" or must "make[] a significant difference to someone's decision to purchase or to sell"); *Bosio v. Norbay Sec., Inc.*, 599 F. Supp. 1563, 1566 (E.D.N.Y. 1985) (stating that it is "well established in this circuit" that, to satisfy the "in connection with" requirement, the "fraud practiced must have been prior to or contemporaneous with the sale of securities") (internal quotation marks and citation omitted); *Wilson v. Dalene*, 699 F. Supp. 2d 534, 556 (E.D.N.Y. 2010) (same); *Connors v. Lexington Ins. Co.*, 666 F. Supp. 434, 443 (E.D.N.Y. 1987).
[135] *See Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 104 (2d Cir. 2021) (holding that plaintiff cannot maintain securities fraud claim based exclusively on statements made after final purchase of securities).

## PROPOSED INSTRUCTION NO. 28

**Count Four: Securities Fraud – Second Element[136]**

If you find that the government has established, beyond a reasonable doubt, that a statement was false, or fraudulently omitted, in connection with the purchase or sale of securities, you must next determine whether the fact misstated or omitted was material under the circumstances. I have already instructed you on the law applicable to "materiality," and I refer you to that instruction.

---

[136] Adapted from Jury Charge at 7145, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

## PROPOSED INSTRUCTION NO. 29

### Count Four: Securities Fraud – Third Element[137]

The third element of securities fraud, as charged in Count Four, that the government must prove beyond a reasonable doubt is that the defendant acted "knowingly," "willfully," with the "intent to defraud," and in the absence of "good faith."

I have already defined "knowingly," "willfully," "intent to defraud," and "good faith" for you, and I refer you to those earlier instructions.

I remind you that even false statements or representations do not amount to fraud unless done with fraudulent intent. If you find that a defendant you are considering was not a knowing participant in a scheme to defraud, or lacked an intent to deceive, you must acquit the defendant. Again, good faith on the part of a defendant is a complete defense to all charges, including this Count. If you find that the defendant you are considering had a good faith belief that her words and actions were truthful and honest even if wrong or mistaken, you must acquit the defendant. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.[138]

---

[137] Adapted from Jury Charge at 7148, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[138] *See, e.g.*, Sand, Instr. 57-24 (Securities Fraud, Second Element—Knowledge, Intent and Willfulness) ("A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.").

## PROPOSED INSTRUCTION NO. 30

### Count Four: Securities Fraud – Fourth Element[139]

The fourth and final element the government must prove beyond a reasonable doubt as to Count Four is that the defendant you are considering knowingly used, or caused to be used, the mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud.  You are instructed that interstate or international travel, or the interstate use of the internet, bank wire transfers, telephone, or emails that traveled across state lines are all "instrumentalities of interstate commerce."

The government need not prove that a defendant was directly or personally involved in the use of an instrumentality of interstate commerce.  If a defendant you are considering was an active and knowing participant in the scheme and took steps or engaged in conduct that she or he knew or could reasonably foresee would naturally and probably result in the use of an instrumentality of interstate commerce, this element would be satisfied.

It is not necessary that the items sent through interstate communications contain the fraudulent material, or anything criminal or objectionable.

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of interstate communications bear some relation to the object of the scheme or fraudulent conduct.

The government need not prove every use of an instrumentality of interstate commerce alleged in the Indictment.  You must, however, be unanimous as to at least one.[140]

---

[139] Adapted from Sand, Instr. 57-25 (Securities Fraud, Third Element—Instrumentality of Interstate Commerce); Jury Charge at 7211–12, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[140] *See* Sand, Instr. 57-25 (Securities Fraud, Third Element—Instrumentality of Interstate Commerce) (explaining that each specific use of an instrumentality of interstate commerce "constitutes a separate and distinct criminal offense").

## PROPOSED INSTRUCTION NO. 31

### Counts Two, Three, and Four: Aiding and Abetting Liability[141]

The indictment also charges each defendant with aiding and abetting the alleged wire fraud crime charged in Count Two, the alleged bank fraud crime charged in Count Three, and the alleged securities fraud crime charged in Count Four.  This means that the government can meet its burden of proof either by proving beyond a reasonable doubt that the defendant you are considering did the acts charged herself or himself, or by proving beyond a reasonable doubt that she or he aided and abetted another person in doing so, with intent that the alleged crime be committed by another person, and with the other person committing the alleged crime.

A.  Aiding and Abetting

In relevant part, the aiding and abetting statute, Section 2(a) of Title 18 of the United States Code provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under this provision, it is not necessary for the government to show that the defendant you are considering physically personally committed the crime with which she or he is charged in order for the government to sustain its burden of proof.  A person who knowingly and intentionally aids or abets another to commit an offense is just as guilty of that offense as if she or he committed it herself or himself.

Accordingly, you may find the defendant you are considering guilty of the offenses charged in Counts Two, Three, and Four if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged,

---

[141] Adapted from Sand, Instr. 11-2 (Aiding and Abetting); Jury Charge at 7174–77, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; Jury Charge at 5393–95, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

and that the defendant you are considering knowingly and intentionally aided or abetted that person in the commission of the particular crime charged.[142]

For a defendant to be found guilty of aiding and abetting a crime, the government must prove each of the following three elements beyond a reasonable doubt:

First, that another person actually committed the crime with which a defendant is charged with aiding and abetting;[143] and

Second, that the defendant you are considering knowingly and willfully associated herself or himself with the alleged offense and aided and abetted that person in the commission of the offense;[144] and

Third, that the defendant you are considering knowingly and willfully participated in the commission of the alleged offense by engaging in some affirmative conduct or overt act with the specific intent, purpose, and effect of bringing about that alleged offense and with the specific intent that the unlawful offense be committed.[145]

Failure to prove *any* of the above three elements beyond a reasonable doubt, even if you find two of the elements were proven beyond all reasonable doubt, must result in a verdict of not guilty for aiding and abetting.[146]  I will now address each of the elements in further detail.

With regard to the first element, the government must prove, beyond a reasonable doubt, that another person has committed the crime charged.  Obviously, no one can be convicted of

---

[142] Adapted from Jury Charge at 7175, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[143] Adapted from Sand, Instr. 11-2 (Aiding and Abetting); Jury Charge at 7175, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; Jury Charge at 5393, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

[144] Adapted from Jury Charge at 7187, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 5393, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

[145] Adapted from Jury Charge at 7187, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 7176, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; Jury Charge at 5393–94, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

[146] Adapted from Sand, Instr. 11-2 (Aiding and Abetting).

aiding and abetting the criminal acts of another if no crime was committed by another person in the first place. But if you do find that a crime was committed, then you must next consider whether the defendant you are considering aided or abetted the commission of that crime.

Second, in order to aid or abet someone to commit a crime, it is necessary that the defendant you are considering willfully and knowingly associate herself or himself in some way with the crime and that she or he participate in it intentionally by doing some act with the desire intent to help the crime succeed. That is, a defendant must have the specific intent of furthering the criminal offense through some action on her or his part. An aider and abettor must have some interest in the criminal venture. That interest need not be a financial one, but you may consider the presence or absence of a financial interest in making your determination. To establish that a defendant knowingly associated herself or himself with the crime of wire fraud or bank fraud charged in Counts Two and Three of the indictment, respectively, the government must establish beyond a reasonable doubt that the defendant you are considering had the mental state required for wire fraud or bank fraud: that she or he knowingly and willfully participated in a scheme to defraud, with the knowledge of its fraudulent nature and with specific intent to defraud.[147]

To establish that a defendant knowingly associated herself or himself with the crime of securities fraud charged in Count Four of the indictment, the government must establish beyond a reasonable doubt that the defendant you are considering had the mental state required for securities fraud: that she or he willfully, knowingly, and with the intent to defraud made an untrue statement of a material fact with connection to the sale of securities.

---

[147] *See Rosemond v. United States*, 572 U.S. 65, 76 (2014); *see also United States v. Wiley*, 846 F.2d 150, 154 (2d Cir. 1988) (noting in context of aiding and abetting wire fraud that "the government in the instant case had the burden of proving that Reynolds . . . acted with the specific intent to defraud potential SCS distributors through the use of the wires").

As to the third element, the government must prove beyond a reasonable doubt that the defendant you are considering intended to facilitate the offense's commission, not just some part of the offense, as the intent must go to the specific and entire crime charged. In other words, the defendant you are considering must participate in the alleged offense as something that she or he wishes to bring about and seek by her or his action to make it succeed.[148]

To establish that a defendant knowingly associated himself with a crime charged in these counts, the government must establish beyond a reasonable doubt that she knew and intended that crime would take place.[149]

To establish that a defendant participated in the commission of the crime, the government must prove beyond a reasonable doubt that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to establish aiding and abetting.[150] One who has no knowledge that a crime is being committed or is about to be committed, acts in good faith, or inadvertently does something that aids in the commission of that crime is not an aider and

---

[148] *See Rosemond v. United States*, 572 U.S. 65, 76 (2014) ("The defendant must not just associate himself with the venture, but also participate in it as something that he wishes to bring about and seek by his actions to make it succeed." (citation omitted)).

[149] Adapted from Jury Charge at 7176, *United States v. Nordlicht*, No. 16-cr-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[150] Adapted from Jury Charge at 7187, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 7176, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; Jury Charge at 5394, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313 ("The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.").

abettor.[151] An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.[152]

To determine whether a defendant aided and abetted the commission of the crimes charged in Counts Two, Three, and Four, ask yourselves these questions:

- Did the defendant you are considering participate in the crime charged as something she or he wished to bring about?

- Did the defendant you are considering associate herself or himself with the criminal venture knowingly and willfully?

- Did the defendant you are considering seek by her or his actions to make the criminal venture succeed, with intent that the alleged crime be committed?[153]

If your answer to any of these questions is "no," then the defendant you are considering is not an aider and abettor of the particular crime charged and you must conclude that she or he is not guilty as such.  If, on the other hand, you are persuaded beyond a reasonable doubt that the answer to *all* of these questions as to the defendant you are considering is "yes," then the defendant you are considering is an aider and abettor and, therefore, responsible for the particular crime charged.[154]

B.  <u>Willfully Causing a Crime</u>

Another way a defendant can be guilty of a crime as an aider or abettor is by willfully causing a crime.  Section 2(b) of Title 18 of the United States Code provides that:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a crime].

---

[151] Adapted from Jury Charge at 7176, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[152] Adapted from Jury Charge at 7176, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849; Jury Charge at 5394, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313.

[153] Adapted from Jury Charge at 7176–77, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

[154] Adapted from Sand, Instr. 11-2 (Aiding and Abetting); Jury Charge at 7177, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

What does the term "willfully caused" mean? It means that a defendant need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the indictment.

For Counts Two and Three, the meaning of the term "willfully caused" can be found in the answers to the following questions:

- Did the defendant you are considering knowingly and willfully intend that J.P. Morgan Chase would be harmed in its property interests and defrauded of money and property by means of one or more materially false and fraudulent pretenses, representations and promises as alleged in the indictment?

- Did the defendant you are considering intentionally cause another person to use interstate or foreign wires in furtherance of a scheme to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises?

If you are persuaded beyond a reasonable doubt that the answer to *both* of these questions is "yes," then the defendant is guilty of the crime charged just as if the defendant herself has actually committed it.[155]

For Count Four, the meaning of the term "willfully caused" can be found in the answers to the following questions:

- Did the defendant you are considering knowingly and willfully intend that J.P. Morgan Chase would be harmed in its property interests and defrauded in connection with the purchase or sale of a security?

- Did the defendant you are considering intentionally cause another person, in connection with the purchase or sale of Frank, either (a) to employ any device, scheme, or artifice to defraud, or (b) to engage in a fraudulent act designed to deprive someone of money or property by making any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading?

- Did the false statement assert a fact that would be material to a reasonable purchaser?

---

[155] Adapted from Sand, Instr. 11-2 (Aiding and Abetting); Jury Charge at 7166–77, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

- Was any means or instrumentalities of interstate commerce used in furtherance of the alleged fraudulent conduct?

If you are persuaded beyond a reasonable doubt that the answer to *all* of these questions is "yes," then the defendant is guilty of the crime charged just as if the defendant herself has actually committed it.[156]

---

[156] Adapted from Sand, Instr. 11-2 (Aiding and Abetting); Jury Charge at 7166–77, *United States v. Nordlicht*, No. 16-CR-640 (BMC) (E.D.N.Y. July 1, 2019), ECF No. 849.

Dated: ~~January 13~~March 25, 2025

~~Respectfully submitted,~~

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

~~**KOBRE & KIM LLP**~~

*/s/ Sara Clark*
Sara Clark (*pro hac vice*)
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7100
saraclark@quinnemanuel.com

~~*/s/ Sean S. Buckley*~~
~~Sean S. Buckley~~
~~Jonathan D. Cogan~~
~~Alexandria E. Swette~~
~~Daisy Joo~~
~~800 Third Avenue~~
~~New York, NY 10022~~
~~Tel: (212) 488-1200~~
~~Sean.Buckley@kobrekim.com~~
~~Jonathan.Cogan@kobrekim.com~~
~~Alexandria.Swette@kobrekim.com~~
~~Daisy.Joo@kobrekim.com~~

Erica Perdomo (*pro hac vice*)
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
Telephone: (305) 402-4880
ericaperdomo@quinnemanuel.com

~~*Counsel for Defendant Olivier Amar*~~

**BAEZ LAW FIRM**

Jose Baez (*pro hac vice*)
Rosemarie E.W. Peoples (*pro hac vice*)
1200 Brickell Avenue
Miami, FL 33131
Telephone: (305)-999-5100
jose@baezlawfirm.com
rosemarie@baezlawfirm.com

**RONALD SULLIVAN PLLC**

Ronald Sullivan (*pro hac vice*)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 313-8313
rsullivan@ronaldsullivanlaw.com

**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO, P.C.**

David Siegal
Ellen Shapiro
919 Third Avenue
Telephone: (212) 935-3000
dmsiegal@mintz.com
eshapiro@mintz.com

Eóin P. Beirne (*pro hac vice*)
Boston, MA 02111
Telephone: (617) 542-6000
epbeirne@mintz.com

*Counsel for Defendant Charlie Javice*