**quinn emanuel** trial lawyers | houston

700 Louisiana Street, Suite 3900, Houston, Texas 77002-2841 | TEL (713) 221-7000 FAX (713) 221-7100

March 25, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Ms. Javice moves to preclude the Government and Mr. Amar from making closing argument about alleged false statements by Ms. Javice that were not included in the Superseding Indictment, ECF No. 27, or Government Letter, ECF No. 140. For example, on March 23, 2024, Mr. Amar articulated *seven* new theories of fraud allegedly perpetrated by Ms. Javice. ECF No. 349. These theories contain a central theme, advanced by Mr. Amar, contending that Mr. Amar provided Ms. Javice with accurate information, and Ms. Javice altered the information she received from Mr. Amar. As Mr. Amar's motion highlights, these theories are not supported by the record in this case. *See id.* at 5 (explaining that the documents necessary to "prove" these theories are not in evidence).

These alternative theories would introduce an impermissible basis upon which the jury could improperly convict Ms. Javice. The scheme alleged by the government involves alleged misrepresentations to potential acquirors to inflate the number of Frank's users—it does not involve alleged intracompany misrepresentations between Frank employees. Ms. Javice was not given notice of these alternative theories and has not been able to meaningfully defend against them. *See United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014) (holding that constructive amendment rises to a constitutional violation if the lack of notice infringes on a defendant's ability to prepare her defense and avoid double jeopardy); *see also United States v. Shkreli*, 260 F. Supp. 3d 247, 256 (E.D.N.Y. 2017) (holding that a co-defendant's antagonistic defense placed "an unfair and heavy burden" on defendant who had to defend himself against both the government and his co-defendant).

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

To be sure, Mr. Amar should be precluded from arguing about actions that Ms. Javice allegedly took that did not involve him. As the Court has explained, "Amar is not more if not less guilty depending on the status of culpability of Javice." 2/27/2025 Tr. 758:17-758:24. And more, the government should be precluded from taking these theories proposed by Mr. Amar, acting in his capacity as a second prosecutor, and incorporating them into their own case-in-chief. Importantly, with the exception of the line of evidence related to mislabeled Google impressions data, the jury has not heard evidence to support these alternative theories to convict Ms. Javice.

The Court should preclude argument on these newly alleged theories of Ms. Javice's guilt—all of which are unsupported and which Ms. Javice denies—including but not limited to:

- During Capital One diligence, Ms. Javice mislabeled data relating to user engagement with Frank's website platform, as representative of Frank's "FAFSA Users," which was shared with Capital One and JPMC in the VDR document 3.1.10.

- Ms. Javice mislabeled accurate data about users of Frank's website platform, which Mr. Amar downloaded from Google Analytics, to be representative of Frank's users who started a FAFSA application (not website visitors).

- Ms. Javice mislabeled data for Frank's website impressions downloaded by Mr. Amar and Ms. Wong, and represented to LionTree that the data showed "unique visitors" for Frank's website.

- In an episode distinct from the one referenced in the body of this letter, Ms. Javice took raw data about Frank's users and skewed the data to shift the age distribution to reflect a more desirable demographic.

- Ms. Javice altered the data Mr. Amar provided to her showing the number of Frank's users who signed up to use the Frank scholarship product, to inflate the number of sign-ups.

- Ms. Javice responded to JPMC's diligence request misrepresenting the actual number of FAFSA applications that Frank's website could handle—the information that was provided to her by Frank's engineer would have been inconsistent with the alleged misrepresentations about the number of Frank's users with FAFSA applications in process.

- Ms. Javice modified a report downloaded by Mr. Amar showing data about how many of Frank's "total users" returned each month, which Ms. Javice then sent to LionTree in response to a diligence request, without Mr. Amar's knowledge.

ECF No. 349 at 8–10.

As the Court was informed nearly a month before trial began, counsel for Mr. Amar intends to argue that he is yet "another victim" of Ms. Javice's fraud: "Ms. Javice misled not only the alleged victims in this case, the two banks, but also Mr. Amar . . . and [argue that] for the same

2

reason the government is saying that [the jury] should convict [Ms. Javice] for having deceived all of those people, [the jury] should find that she deceived [Mr. Amar] as well. . . ." 01/23/2025 Tr. 27:10-12, 28:1-5.  This theory of defense is impermissible and should be precluded.  *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

      Finally, the probative value of these alternative theories is greatly outweighed by unfair prejudice, confusing the issues, and misleading the jury under Federal Rule of Evidence 403.

      Respectfully submitted,

/s/ *Sara C. Clark*
Sara C. Clark
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7010
saraclark@quinnemanuel.com

cc:    All Counsel of Record