# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 26, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Charlie Javice and Olivier Amar*,
      **23 Cr. 251 (AKH)**

Dear Judge Hellerstein:

Defendant Olivier Amar respectfully submits this letter in response to the Court's request for a proposed jury charge on the admission of co-conspirator statements and evidence, and to address two issues discussed at the charge conference regarding the requisite *scienter* element of the wire fraud charge and the Court's proposed conscious avoidance charge.

### I.   Co-Conspirator Statements

The Court invited the parties to propose an instruction regarding co-conspirator statements on page 19 of the draft jury charge. *See* March 25 Tr. at 3441:2-10. Mr. Amar and Ms. Javice jointly propose that the Court modify its proposed instruction as follows:

> In determining the factual issues before you, you may consider against the defendants any acts or statements made by any of the people that you find, under the standards I have already described, to have been co-conspirators. **You are reminded that a defendant's membership in the conspiracy must be established by independent evidence of that defendant's own acts or statements, and not solely by the acts or statements of others. If you find the defendants to have been co-conspirators, then you may consider** such acts or statements **even if they** were not made in their presence, or were made without their knowledge.

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 26, 2025
Page 2

> **However, if the acts were done or the statements made by someone who you find was not a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, then they may not be considered by you as evidence against a defendant.**

Draft Jury Charge at 19. This proposal is consistent with the Court's rulings and statements yesterday that it would incorporate in this instruction both issues of independent proof and ability to consider acts and statements of co-conspirators. *See id.* at 3443:13-16 ("We now have two sentiments in 19. One is the independent proof, and the second is the ability to include acts and statements of co-conspirators. Both are accurate statements of law."). It also incorporates Mr. Amar's additional language as the final sentence, which the Court agreed to include if all the language "come[s] together." *See id.* at 3444:6-11.

As discussed during the charge conference, Mr. Amar also asks that the Court include a statement regarding independent evidence in the Court's instructions on the elements of conspiracy on page 17. *See* March 25 Tr. at 3436:17-23. For the Court's convenience, Mr. Amar's proposed addition to page 17 is bolded below:

> If, however, the defendant believed that he was not involved with others in a conspiracy, or if he was merely negligent or careless with regard to what knowledge he had, he lacks the requisite state of knowledge to have become a conspirator. One cannot become a member of a conspiracy unless he or she did so knowingly, willfully, and unlawfully, and the Government must prove that beyond a reasonable doubt. **In considering whether a defendant knowingly and willfully participated in a conspiracy, a defendant's participation in the conspiracy must be established by independent evidence of her or his own acts or statements.**

While the Government initially objected to Mr. Amar's proposed language, the Court acknowledged, "[I] think that is the law." *See* March 25 Tr. at 3438:14-15. The Court is correct.

In *Tellier*, the Second Circuit reversed the defendant's conviction for RICO conspiracy because the government failed to provide sufficient evidence of his participation in one of the alleged predicate acts—a conspiracy to distribute marijuana. The Second Circuit specifically noted that "the only evidence linking [the defendant] to the marijuana conspiracy was [a witness's] recitation of what [the alleged co-conspirator] had told him." *United States v. Tellier*, 83 F.3d at 580. Because this hearsay statement was inadmissible due to a lack of independent corroborating evidence of the defendant's participation in the marijuana conspiracy, the Second Circuit reversed the conviction. *Id.* at 580-81. This holding underscores that a defendant's participation in a conspiracy must be established by independent evidence, not solely through the statements of alleged co-conspirators.

As defense counsel argued with respect to Mr. Amar's Rule 29 motion, the Government has neither established the existence of a conspiracy or Mr. Amar's knowing and willful participation, as required by *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969), and its progeny. Without this foundational showing by independent evidence, the requirements of Federal

Hon. Alvin K. Hellerstein, U.S.D.J.
March 26, 2025
Page 3

Rule of Evidence 801(d)(2)(E) have not been met, and the acts and statements of the alleged co-conspirator, Ms. Javice, should not be considered against Mr. Amar. *See United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999) (finding discussions "should have been excluded, because there was no evidence that [the defendant] ever joined in a conspiracy with those figures" and "these discussions were not 'in furtherance of' a specific criminal purpose").

Accordingly, to the extent the Court instructs the jury on acts and statements of co-conspirators, the Court should instruct the jury as above and inform the jury that membership in a conspiracy requires proof by evidence independent of the proffered hearsay statements under Rule 801(d)(2)(e), consistent with *Tellier*.

### II.    "Willfulness" in the Wire Fraud Charge

The Court's proposed wire fraud instruction provides that to find a defendant guilty, the Government must prove, among other elements, "that the defendant willfully participated in the scheme, with knowledge of its fraudulent nature, and with the specific intent to defraud." Draft Jury Charge at 20. During the charge conference, the Court deferred its ruling on the Government's request to remove "willfully" from the instruction. Defendants jointly object and maintain that the Court's instruction should include "willfully."

The Second Circuit has approved the inclusion of "willfully" in wire fraud jury charges. *See*, *e.g.*, *United States v. Tanner*, 942 F.3d 60, 66 (2d Cir. 2019); *United States v. London*, 753 F.2d 202, 207 (2d Cir. 1985). At the charge conference, the Government argued that the *mens rea* for wire fraud is solely the specific intent to harm or defraud, relying primarily on *United States v. Gole*, 21 F.Supp.2d 161 (E.D.N.Y. 1997). *See* March 25 Tr. at 3444:21-25. In *Gole*, the court did not include a willfulness element in its instruction for the mail fraud statute, referencing Second Circuit law—pre-dating both *Tanner* and *London*—holding that the only scienter requirement for mail fraud is that the proscribed acts be carried out "knowingly." *Id*. at 167 (quoting *United States v. Precision Medical Laboratories, Inc.*, 593 F.2d 434, 443 (2d Cir. 1978)).

Further, this Court has consistently included the term "willfully" in its jury instructions for wire fraud. *See* Jury Charge at 5377, 5390, *United States v. Hwang*, 22-cr-00240 (AKH) (S.D.N.Y. July 9, 2024), ECF No. 313; Jury Charge at 806, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159. Indeed, the practice of using "willfully" in wire fraud instructions is so widespread that even the Sand pattern instructions include it. *See* Sand Instr. 44-5 ("The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, ***willfully*** and with specific intent to defraud." (emphasis added)). The consistent practice by this Court and others in this District underscore the appropriateness of including "willfully" in the wire fraud instruction, and the Court should retain "willfully" to avoid substantial fairness concerns.

### III.    Conscious Avoidance

Defendants maintain their objections to the Court's proposed conscious avoidance charge as lacking an evidentiary basis. The Government in its summation and rebuttal did not argue conscious avoidance.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 26, 2025
Page 4

To the extent the Court instructs the jury on conscious avoidance, the Court should adopt the following revisions based on the Second Circuit decision *United States v. Catano-Alzate*, 62 F.3d 41 (2d Cir. 1995), as proposed during the conference. *See* March 25, 2025, Tr. 3468:13-20.

[…]

"Conscious avoidance" allows you to find that the defendant possessed knowledge of a fact when the evidence demonstrates a high probability of that fact, but the defendant consciously avoided that knowledge. In other words, in determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his or her eyes to what was obvious. If you find beyond a reasonable doubt that a defendant was aware that there was a high probability that he or she was participating in a scheme to defraud, but deliberately and consciously avoided knowing about this fact, then you may find that the element of knowledge is satisfied. However, if you find that the defendant-you are considering ~~honestly and~~ actually believed that **the fact was not so** ~~he or she was participating in a lawful or nonfraudulent scheme~~, or **if you find that any failure to learn of the fact was a result of** ~~that his or her lack of knowledge was due to mere~~ carelessness, negligence, or recklessness, **then you may not find that the defendant you are considering acted knowingly under a conscious avoidance theory**~~that defendant may not be convicted~~.

Draft Jury Charge at 24; *see* March 25 Tr. at 3466:19-24.

The Court's proposed instruction improperly broadens the conscious avoidance doctrine contrary to Second Circuit law. In *Catano-Alzate*, the Second Circuit held that the conscious avoidance doctrine permits an inference of actual knowledge "'(1) if a person is aware of a high probability of [the fact's] existence, (2) unless he actually believes that it does not exist.'" *Id.* at 43 (quoting *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam)). The Court determined that the doctrine did "not permit a finding of guilty knowledge if the defendant actually did not believe that he or she was involved in the transportation of drugs, however irrational that belief may have been." *Id.* The Court's proposed charge therefore departs from binding Second Circuit precedent as it refers both to an *honest* belief and that the belief pertains to whether the defendant was participating *in a lawful or nonfraudulent scheme*.

During the charge conference, the Government argued that the Court's proposed language was consistent with cases in this district, including the Court's recent decision in *Archegos*. However, as the Court correctly noted, "*Archegos* wasn't tested in the Second Circuit." *See* March 25, 2025, Tr. at 3467:23-24. The Second Circuit's pronouncements in *Catano-Alzate* are, however, binding on this Court. Defendants respectfully request that to the extent the Court instructs the jury on conscious avoidance—which it should not—the Court should at least modify the final sentence of its proposed instruction as reflected above.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 26, 2025
Page 5

Respectfully yours,

/s/ *Sean S. Buckley*
Sean S. Buckley
Jonathan D. Cogan
Alexandria E. Swette
Ana Frischtak
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Tel: (212) 488-1200
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com
Alexandria.Swette@kobrekim.com
Ana.Frischtak@kobrekim.com

*Counsel for Defendant Olivier Amar*