**quinn emanuel** trial lawyers | houston

700 Louisiana Street, Suite 3900, Houston, Texas 77002-2841 | TEL (713) 221-7000 FAX (713) 221-7100

March 27, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Ms. Javice respectfully moves for a mistrial and for severance following her co-defendant, Olivier Amar's antagonistic closing argument. Mr. Amar's improper, incessant, and zealous arguments about Ms. Javice's alleged guilt have prevented the jury from making a reliable judgment about her guilt or innocence. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In closing argument, counsel for Mr. Amar painstakingly reiterated the government's evidence against Mr. Javice— walking through every piece of evidence against Ms. Javice for a second time, but removing Mr. Amar from the narrative. This resulted in the jury hearing prosecution's case against Ms. Javice twice from two different prosecutors. Between the government and Mr. Amar, the jury heard over 270 minutes of argument about the alleged fraud perpetrated by Ms. Javice, and Ms. Javice only received 125 minutes to defend herself. As a result of this antagonism, Ms. Javice has been "substantially prejudiced by having to wage a defense on two fronts, in a single trial, before the jury" not only in closing argument, but throughout her six-week trial. *See United States v. Shkreli*, 260 F. Supp. 3d 247, 257 (E.D.N.Y Apr. 17, 2017).

As Ms. Javice repeatedly warned the Court, Mr. Amar's defense presented a situation that is an order of magnitude more severe than routine accusations and blame-shifting. *See United States v. Serpoosh*, 919 F.2d 835, 838 (2d Cir. 1990); *United States v. Nordlicht*, No. 16 Cr. 640 (BMC), 2018 WL 1796542, at *4 (E.D.N.Y. Apr. 16, 2018). For example, Mr. Amar argued not only that Ms. Javice took accurate information from Mr. Amar and altered it, but that she allegedly refused to correct the inaccurate data. 3/26/2024 Tr. 3684:8-12 ("He is not involved in the correcting of [the data], he just pointed it out. But I want you to read this because you are going

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

2

to see a lot of pushback by Ms. Javice, she did not want to do it. She was worried it would blow up the deal."). Counsel for Mr. Amar built a narrative arguing that Ms. Javice was the mastermind of an alleged fraud of which Mr. Amar had no knowledge. 3/26/2024 Tr. 3703:15-18. ("She has everybody siloed . . . . Everyone is doing their own thing and the only one with context is Ms. Javice.").

      Mr. Amar's antagonistic defense has continuously prevented Ms. Javice from receiving her constitutional right to a fair trial. At this late stage, there is only one remedy that can cure this prejudice. Ms. Javice again moves for a mistrial and for severance.

      Respectfully submitted,

      /s/ *Sara C. Clark*
      Sara C. Clark
      700 Louisiana Street, Suite 3900
      Houston, TX 77002
      Telephone: (713) 221-7010
      saraclark@quinnemanuel.com

cc:    All Counsel of Record