**quinn emanuel** trial lawyers | miami

2601 S. Bayshore Drive, Suite 1550, Miami, Florida 33133-5417 | TEL (305) 402-4880 FAX (305) 901-2975

WRITER'S EMAIL ADDRESS
ericaperdomo@quinnemanuel.com

April 1, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Defendant Charlie Javice respectfully opposes the government's request to reimpose location monitoring post-conviction. Ms. Javice has fully complied with all of the conditions of her release over the nearly two years since her arrest and poses no risk of flight. Ms. Javice has demonstrated by clear and convincing evidence that she is not likely to flee.[1] 18 U.S.C. § 3143(a)(1).

Ms. Javice was presented on the indictment in this matter on April 4, 2023. She was released the same day on a $2 million personal recognizance bond secured by her home and cosigned by her mother and father; she also surrendered her passports and agreed not to apply for any new travel documents, among other conditions. *See* ECF No. 8 at 7. Ms. Javice has since then fully complied with all of her bail conditions. The Court, in recognition of this compliance, has twice removed unnecessary conditions. Ms. Javice first moved in December 2023 to remove the condition imposing a curfew, and instead impose 24-hour location monitoring via GPS. ECF No. 76. The government did not oppose the application. As she noted in her motion, Ms. Javice had been fully compliant with conditions of her bond in the nearly 8 months since her arrest and leading up to her motion. The Court granted the motion. ECF No. 76.

Ms. Javice continued to abide by her bail conditions in the 11 months following the Court's modification. It became clear, however, that the GPS unit used for location monitoring had an

---

[1] There is no dispute that Ms. Javice does not pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(1).

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

ongoing, adverse impact on Ms. Javice's health and her ability to work as a fitness instructor. *See* ECF No. 174. Ms. Javice requested—again, with no opposition from the government—that the Court modify Ms. Javice's conditions of release to remove the requirement of 24-hour GPS location monitoring. She again noted that she remained fully compliant with all of the conditions of her release over the course of the 19 months between her arrest and motion. The Court granted the motion. ECF No. 174.

Notwithstanding this, the government now seeks to reimpose the location monitoring that the Court previously deemed unnecessary. The government's only argument in support of its application is that the verdict heightens Ms. Javice's propensity to flee. Not so. As Ms. Javice's defense counsel highlighted in orally opposing the government's application, nothing exogenous to the verdict suggests that anything has changed about Ms. Javice's risk of flight since the Court removed the GPS location monitoring. *See* Trial Tr. 3919-26. Ms. Javice's stellar compliance record has continued unabated since the Court lifted the location monitoring requirement several months ago. Ms. Javice attended every one of the nearly dozen of pre-trial hearings and has been present for each of the 25 trial days. She checks in with pre-trial services as required and has been fully compliant for the past 729 days since her arrest. Ms. Javice's passports continue to be in the custody of the United States government. The bond remains secured by her personal residence and her parents, both of whom also live in Miami. Simply put, the fact of the verdict does not change that Ms. Javice is not a flight risk.

Reinstating the location monitor is not only unnecessary to secure Ms. Javice's appearance and eventual surrender, it would also make it impossible to work, and therefore to put money towards any restitution. Currently, Ms. Javice spends several hours a day working as a fitness instructor. But, as Ms. Javice maintained in her initial application, the imposition of location monitoring requires her to wear a heavy, cumbersome GPS unit affixed to her ankle. The GPS unit causes Ms. Javice physical pain and severely impedes her work as a fitness instructor.

Contrary to the government's assertions in support of its oral application, the GPS unit poses unique restrictions on Ms. Javice's work that are not present in other forms of manual labor. Ms. Javice specializes in fitness instruction that requires demanding physical movement and full flexibility and range of motion, specifically around her feet and ankles. Indeed, Ms. Javice's supervisor reports that Ms. Javice's services are sought after *because* her instruction is particularly challenging and dynamic. The GPS unit, however, severely limits Ms. Javice's ability to work at the peak performance her clients and supervisor require. Specifically, the equipment Ms. Javice uses in her instruction requires full range of motion around her feet and ankles. Ms. Javice's supervisor estimated that the limitations and stigma associated with the GPS unit caused a drop in attendance in Ms. Javice's classes, before the Court ordered the condition lifted. Reimposing the location monitoring would have a detrimental effect on Ms. Javice's income and her future ability to make restitution payments.

\*   \*   \*

For the reasons stated above, Ms. Javice respectfully requests that the Court deny the government's motion to reinstate location monitoring.

        Respectfully submitted,

        /s/ *Erica L. Perdomo*
        2601 South Bayshore Drive, Suite 1550
        Miami, FL 33133
        Telephone: (305) 402-4880
        ericaperdomo@quinnemanuel.com

cc: All Counsel of Record (via ECF)