quinn emanuel trial lawyers | houston

700 Louisiana Street, Suite 3900, Houston, Texas 77002-2841 | TEL (713) 221-7000 FAX (713) 221-7100

April 9, 2025

> Because the trial has ended, the purpose of redaction is no longer applicable. The January 23, 2025 transcript is hereby unsealed without redaction.
> SO ORDERED.
> 4.9.25 /s/ Alvin K. Hellerstein

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Ms. Javice renews her motion to fully unseal the transcript from the Court's *ex parte* conference with Mr. Amar's counsel regarding his antagonistic defense strategy held on January 23, 2025. ECF No. 332.

During the January 23, 2025 pretrial hearing on Ms. Javice's motion to sever, the Court permitted Mr. Amar's counsel to make an *in camera* proffer about the substance of his antagonistic defense. This was done outside the presence of Ms. Javice's defense counsel. The same day, the Court sealed the relevant portions of the transcript, preventing Ms. Javice's counsel from uncovering the extent of Mr. Amar's antagonistic defense. On March 5, 2025, upon Ms. Javice's motion, the Court unsealed the transcript, but allowed Mr. Amar's counsel to redact certain portions. Tr. 3/5/2025 1370:11-17. As a result of this sealing procedure and subsequent redactions, Ms. Javice received the transcript attached to this renewed motion as Exhibit A.

On March 16, 2025, Ms. Javice again moved for a fully unredacted transcript of Mr. Amar's *ex parte* conference. ECF No. 332. The government took no position, ECF No. 357, and Mr. Amar did not indicate any written or verbal opposition. The Court has not ruled on Ms. Javice's motion.

To date, Ms. Javice has not received an unredacted transcript of Mr. Amar's *in camera* proffer indicating the full extent of Mr. Amar's planned antagonistic defense. The sealing procedure and redactions violated Ms. Javice's due process right to a fair trial and impaired her right to present a defense. The unredacted transcript remains essential for Ms. Javice to effectively

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

prepare her post-trial motions.  Thus, Ms. Javice respectfully requests for the Court to unseal the transcript and produce it to her.

        Respectfully submitted,

        /s/ *Sara C. Clark*
        Sara C. Clark
        700 Louisiana Street, Suite 3900
        Houston, TX 77002
        Telephone: (713) 221-7010
        saraclark@quinnemanuel.com

cc:    All Counsel of Record

# EXHIBIT A

```
 1              (In the robing room)
 2              THE COURT:  So who do we have here?
 3              MR. COGAN:  Johnathan Cogan, Sean Buckley and
 4     Mr. Amar.
 5              THE COURT:  Okay.
 6              MR. COGAN:  Maybe I could just give 30 seconds of
 7     context for what we have and what we can share.
 8              THE COURT:  Yeah.
 9              MR. COGAN:  So as was discussed outside in open court,
10     we, after reviewing the 3500 material that was produced by the
11     government at the end of last year, December, determined that
12     we had a defense that was, in our view, substantially
13     antagonistic to Ms. Javice.
14              THE COURT:  How so?
15              MR. COGAN:  And that we currently expect to run.
16              I am willing to share a written declaration or to tell
17     you verbally.  I want to be clear, particularly given what the
18     government just said before I do.  We don't want the government
19     or Ms. Javice's counsel to hear the details of our defense.  We
20     think that that would be prejudicial.  We want your Honor to
21     hear it so that you can make a determination about whether a
22     severance is appropriate.  But we would ideally like to share
23     this information with your Honor on the understanding that the
24     Court will keep it under seal and in camera until the trial
25     starts.
```

1  THE COURT: This is under seal. I decline to give any
2  kinds of representations because it would compromise my ability
3  to be a judge. You're going to have to trust me. And if you
4  don't, it's up to you.
5  MR. COGAN: Understood, your Honor.
6  Then maybe what I can do is I can start with some
7  information, and you'll tell me to what extent you need to hear
8  more information.
9  I think what I can say is that we expect to argue at
10 trial, and to elicit evidence at trial, showing that Ms. Javice
11 misled not only the alleged victims in this case, the two
12 banks, but also Mr. Amar, about a number of different
13 representations that were being made to the banks about the
14 company that they were in the process of selling, and also
15 about the reason she was asking him to do certain things.
16 And so at a high level, as your Honor probably
17 appreciates, what the government is contending in this case is
18 that Ms. Javice tricked JP Morgan, another bank, an investment
19 adviser that was advising Frank, their company, and various
20 other sophisticated people, including Frank's general counsel,
21 and various other very sophisticated people about fundamental
22 information about Frank's business. That's the government's
23 case.
24 Our defense is that she deceived us as well, and we
25 plan on both eliciting evidence to that effect and also arguing

1  to the jury that for the same reason the government is saying
2  that they should convict her for having deceived all of those
3  people, they should find that she deceived us as well; that we
4  are essentially a pawn in this and a victim ourselves, not a
5  co-accomplice.
6      THE COURT: The material proposition is not whether
7  she deceived you. The material proposition is whether you
8  knowingly deceived the government. So the issue is Mr. Amar's
9  knowledge. You will be able to elicit testimony of what
10 Ms. Javice said, but the conclusion whether they were deceptive
11 or not will be the jury's. And it does not necessarily touch
12 upon Mr. Amar's knowledge. So the government is going to have
13 to prove what Amar said or did or joined and that it was
14 knowing. I don't see that it rises to a point of obstruction
15 or interference of either side's defense. It is not sufficient
16 to prevent a jury trial.
17     MR. BUCKLEY: Your Honor, if I may, one additional
18 point, and we fully appreciate everything the Court just said,
19 but --
20     THE COURT: I want to tell you this: This does not
21 preclude your ability at the time you exercise it to decide
22 whether or not Mr. Amar should testify. Nothing you say here
23 is going to restrict you in any way.
24     MR. COGAN: Thank you.
25     MR. BUCKLEY: Thank you, Judge. One additional

1  concern we have that goes to part of what your Honor just said

2  is ████████████████████████████████████████

3  ████████████████████████████████████████████

4  ████████████████████████████████████████████

5  ████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ████████████████████████████████████████████

8  ████████████████████████████████████████████

9      ████████████████████████████████████████

10 ████████████████████████████████

11          THE COURT: ██████████████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████████

14 ██████  I don't see that as rising to the point where I have

15 to have a separate trial.

16          MR. BUCKLEY: Understood, Judge, but just --

17          THE COURT: I am fully advised.

18          MR. BUCKLEY: Okay. If I could just have one moment.

19 The only other point is not just with regard to Ms. Javice's

20 statements, but ███████████████████████████

21 ████████████████████████████████████████████

22 ████████████████████████████████████

23          THE COURT: Well, I don't know if that's going to be

24 relevant or not and I can't say now. But this is not stuff

25 that requires me to sever, and I'm not going to.

30

1    Okay.  Let's go out.

2    *       *       *       *       *       *