# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
UNITED STATES OF AMERICA,                 :
: **PROPOSED THEORY OF**
: **DEFENSE INSTRUCTIONS BY**
   -against-                              : **CHARLIE JAVICE**
:
: 23 Cr. 251 (AKH)
:
CHARLIE JAVICE and OLIVIER AMAR,          :
:
                Defendants.               :
:
------------------------------------------------------------ X

**Charlie Javice's Proposed Theory of Defense Instructions**[1]
23-cr-251 (AKH)

- Ms. Javice's theory of defense is that J.P. Morgan Chase received what it bargained for. If the government has failed to convince you beyond a reasonable doubt that J.P. Morgan Chase received what it thought it was buying—the Frank website, Ms. Javice, and her team—you must find Ms. Javice not guilty of Counts 2-4.

    - *See, e.g.*, *United States v. Castelle*, 836 F. App'x 43, 48 (2d Cir. 2020) ("[W]e have repeatedly rejected application of the mail and wire fraud statutes where the purported victim received the full economic benefit of its bargain."); *United States v. Novak*, 443 F.3d 150, 156, 159 (2d Cir. 2006) ("While this language does not require the government to prove that the victims of the fraud were actually injured, the government must, at a minimum, prove that defendants contemplated some actual harm or injury to their victims. . . . An intent to harm a party to a transaction cannot be found where the evidence merely indicates that the services contracted for were dishonestly completed.") (internal quotation marks and citations omitted); *United States v. Binday*, 804 F.3d 558, 569–70 (2d Cir. 2015) ("[T]he government must, at a minimum, prove that defendants contemplated some actual harm or injury to their victims. . . . It is not sufficient, however, to show merely that the victim would not have entered into a discretionary economic transaction but for the defendant's misrepresentations.") (citation omitted), *abrogated on other grounds by Ciminelli v. United States*, 598 U.S. 306 (2023); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) ("Only a showing of intended harm will satisfy the element of fraudulent intent.") (citation omitted); *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 96 (2d Cir. 2018) ("A claim fails where the plaintiff does 'not allege that [a defendant] misled him concerning the value of the securities he sold or the consideration he received in return,'" and plaintiff "received exactly what it expected" in disputed securities transactions) (citation omitted, alternation in original).

- Ms. Javice's theory of defense is that she did not make any materially false statements or representations to J.P. Morgan Chase in the course of its acquisition of Frank. I instruct you that the terms "misleading" and "false" are not interchangeable, and that misleading statements can be true. If you find that Ms. Javice made statements to J.P. Morgan Chase, but that those statements, though misleading, were not false, you must find Ms. Javice not guilty of Counts 2-4.

    - *See Thompson v. United States*, 604 U.S. ___ (2025).

---

[1] *See Matthews v. United States*, 485 U.S. 58, 63 (1988) ("A criminal defendant has the right to a jury instruction on his theory of defense, separate and apart from instructions given on the elements of the charged offense."); *United States v. GAF Corp.*, 928 F.2d 1253 (2d Cir. 1991) (ordering a new trial where trial court did not give defendants' theory of defense instruction).

- Ms. Javice's theory of defense is that Frank's FAFSA data was not material to J.P. Morgan Chase because it did not take steps that a reasonable investor would to verify Frank's FAFSA data before agreeing to purchase Frank for $175 million. I remind you that materiality is an objective standard, judged from the perspective of a reasonable investor. If you believe that a reasonable investor would not agree to a deal without first verifying Frank's FAFSA data, you must find Ms. Javice not guilty of Counts 2-4.

  - *See TSC Indus., Inc. v. Northway, Inc*., 426 U.S. 438, 449 (1976) (to find materiality, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."); *In re ProShares Tr. Sec. Litig*., 728 F.3d 96, 102 (2d Cir. 2013) (to establish materiality, government must present evidence of "a substantial likelihood that the disclosure of the [truth] would have been viewed by the reasonable investor as having significantly altered the total mix of information [already] made available") (quoting *DeMaria v. Andersen*, 318 F.3d 170, 180 (2d Cir. 2003)).