# **Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
        - v. -                                    :    PRELIMINARY ORDER OF
                                                    FORFEITURE AS TO SPECIFIC
:    PROPERTY/
CHARLIE JAVICE,                           MONEY JUDGMENT
:
                Defendant.                  S1 23 Cr. 251 (AKH)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about July 12, 2023, CHARLIE JAVICE (the "Defendant") and another, was charged in a four-count Superseding Indictment, S1 23 Cr. 251 (AKH) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349(Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Three); and securities fraud, in violations of Title 15, United States Code, Sections 78j(b)&78ff; Title 17, Code of federal Regulations Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment and the following specific property:

  a. All monies, assets, and funds contained in Fidelity Brokerage Services LLC, account Z23 548090 held in the name of Charlie Javice and seized by the Government on or about April 14, 2023 (the "Fidelity Account");

  b. $959,643.98 of the monies, assets, and funds formerly on deposit at City National Bank, account 210032347 (City National Seized Funds");

  c. $2,056,256.39 of the monies, assets, and funds formerly on deposit at Wells Fargo Bank, NA, account 1573700687 held in the name of BX5 LLC, seized by the Government on or about April 14, 2023 (the "WF Seized Funds");

  WHEREAS, the Indictment included a second forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Indictment, and the Fidelity Account and WF Seized Funds;

  WHEREAS, on or about January 4, 2024, the Court entered Stipulation and Order (the "Stipulation and Order") between the Government and Motive Capital Fund II-A, GP, LP ("Motive Capital") authorizing Motive Capital to liquidate the Defendant's interest in Motive Capital Fund II-A, LP and Motive Capital Fund-B, LP (together, the "Motive Fund") and deposit the net proceeds of such a sale in the Seized Asset Deposit Fund ("SADF") pending a final order of forfeiture;

  WHEREAS, on or about March 28, 2025, the Defendant was found guilty, following a jury trial, of Counts One through Four of the Indictment;

WHEREAS, the Government asserts that, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), $29,706,747.49 in United States currency represents the amount of proceeds traceable to the offenses charged in Counts One through Four of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $29,706,747.49 in United States currency, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A) and Title 28 United States Code, Section 2461(c), representing the proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government asserts that the following property constitutes the proceeds traceable to the offenses charged in Counts One through Four of the Indictment, that the Defendant personally obtained:

    a. The Fidelity Account;

    b. The City National Seized Funds

    c. The WF Seized Funds;

    d. Any and all funds up to approximately $18,334.03 in United States currency currently on deposit in account 1504682613 held in the name of Chariot Holdings I LLC at Flagstar Bank (formerly Signature Bank) ("Flagstar Account-1");

    e. Any and all funds up to approximately $2,962.60 in United States currency currently on deposit in account 1504682621 held in the name of Chariot Holdings II LLC, at Flagstar Bank (formerly Signature Bank) ("Flagstar Account-2");

    f. Any and all funds up to approximately $15,723.51 in United States currency currently on deposit in account 1504680408 held in the name of Chariot

      Holdings X LLC, at Flagstar Bank (formerly Signature Bank) ("Flagstar Account-3");

g. $250,175 in United States currency representing the net proceeds of the sale of the Motive Fund that occurred on or about January 4, 2024;

h. Any and all interest of the Defendant in the Apollo Total Return Fund Onshore LP, up to $2,500,000 plus any appreciation accrued from February 2, 2022;

i. Any and all interest of the Defendant in the Apollo Hybrid Value II, L.P., up to $2,500,000 in United States currency plus any appreciation accrued from February 2, 2022;

j. Any and all interest of the Defendant in the Apollo Value Hybrid Fund, up to $2,516,950.35 in United States currency plus any appreciation accrued from February 3, 2022;

k. Any and all interest of the Defendant in the Tiger Global PIP XV Private Investors LLC up to $412,819.55 in United States currency plus any appreciation accrued from November 24, 2021;

l. Any and all interest of the Defendant in Talos Trading Series B up to $325,014.41 in United States currency plus any appreciation accrued from April 11, 2022; and

m. Any and all interest of the Defendant in Corporate Leasing Associates Inc., up to $1,505,647.68 in United States currency plus any appreciation accrued from March 20, 2023

(a. through m., collectively, the "Specific Property");

      WHEREAS, the Government further seeks the forfeiture of the Defendant of all his right, title and interest in the Specific Property, as property constituting proceeds traceable to the offenses charged in Counts One through Four of the Indictment, that the Defendant personally obtained;

      WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the

Indictment that the Defendant personally obtained, cannot be located upon the exercise of due diligence with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Four of the Indictment, to which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $29,706,747.49 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Four of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, CHARLIE JAVICE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals

Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.    Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and

extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
      September____, 2025

SO ORDERED:

_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE