UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>CHARLIE JAVICE and OLIVIER AMAR,<br><br>Defendants. | Case No.: 1:23-cr-00251-AKH |

## CHARLIE JAVICE'S MOTION FOR
## RECONSIDERATION OF RESTITUTION ORDER

Under Local Criminal Rule 49.1(b),[1] Ms. Javice respectfully moves for reconsideration of the Court's October 3, 2025, restitution order.[2] ECF No. 434. To succeed under Rule 49.1(b), the movant must set forth "concisely the matters or controlling decisions that counsel believes the court has overlooked." Local Crim. R. 49.1(b). On September 29, 2025, the Court ordered Ms. Javice to pay $287,501,078 in restitution, including reimbursement for legal fees JP Morgan advanced to Ms. Javice and Mr. Amar. The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. Section 3663A, does not permit this reimbursement. Reconsideration will correct clear error and prevent manifest injustice. *Schoolcraft v. City of N.Y.*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014).

---

[1] Courts generally supplement Local Crim. R. 49.1(b) with the standard for civil reconsideration motions under Local Civ. R. 6.3. *See United States v. Leaver,* 358 F.Supp.2d 273, 277 n.14 (S.D.N.Y. 2005).

[2] Ms. Javice reincorporates her prior objections to restitution as stated in her sentencing submission and orally at her sentencing. ECF No. 417; 09/29/2025 Tr. 62:6–72:22.

1

### A. The Court Should Vacate the Legal Fee Restitution Because JPMC Cannot Recover Defense Fees Under the MVRA

JPMC cannot recover the legal fees it advanced to Ms. Javice and Mr. Amar. Two independent grounds bar recovery.

#### 1. The MVRA Excludes Legal Fees Incurred Opposing Government Prosecution

Section 3663A(b)(4) permits restitution for specific expenses: lost income, child care, transportation, and other expenses the victim incurs while participating in the government's investigation or prosecution. 18 U.S.C. § 3663A(b)(4). The Court ordered Ms. Javice to reimburse JPMC for legal fees JPMC advanced across four separate matters: this criminal case, a stayed SEC action, JPMC's Delaware civil suit, and JPMC's internal investigation. ECF No. 434. These fees fall outside the MVRA's scope.

Courts narrowly construe the MVRA. *Lagos v. United States*, 584 U.S. 577, 583 (2018). The statute compensates only those harms it articulates. *United States v. Maynard*, 743 F.3d 374, 379 (2d Cir. 2014). Section 3663A(b)(4) limits recovery to expenses the victim incurs while participating in the government's investigation or prosecution. *Lagos*, 584 U.S. at 585. The statute excludes private investigations and civil proceedings. *Id.*

The victim must incur expenses to advance the government's criminal investigation or prosecution. *United States v. Sullivan*, 118 F.4th 170, 231 (2d Cir. 2024). The government must specifically request or invite the victim's investigatory activities. *United States v. Napout*, No. 15-CR-252-PKC, 2018 WL 6106702, at *4 (E.D.N.Y. Nov. 20, 2018); *United States v. Avenatti*, No. 1:19-CR-373-PGG, 2022 WL 452385, at *5 (S.D.N.Y. Feb. 14, 2022), *aff'd*, 81 F.4th 171 (2d Cir. 2023); *United States v. Calonge*, No. 1:20-CR-523-GHW, 2022 WL 1805852, at *6 (S.D.N.Y. June 1, 2022) (reasoning "restitution under the MVRA is available for attorneys' fees incurred in

connection with services that were invited, required, requested, or otherwise induced by the Government").

JPMC incurred no expenses participating in the government's investigation or prosecution. 18 U.S.C. § 3663A(b)(4). Its Victim Impact Statement confirms this. Instead, JPMC seeks compensation for Ms. Javice's participation in her own defense. This is not recoverable under the MVRA. *See Lagos*, 584 U.S. at 585; *Sullivan*, 118 F.4th at 231.

Corporate victims may recover their own attorneys' fees for three narrow categories: (1) responding to government subpoenas; (2) preparing trial witnesses; and (3) preparing restitution materials. *Avenatti*, 2022 WL 452385, at *5. However, none of JPMC's claimed expenses fall into these categories.

Finally, Ms. Javice hired lawyers to oppose the government's prosecution—not to assist in it. Her legal fees in this criminal case, the SEC action, and JPMC's civil suit all opposed claims against her. *Lagos* bars recovery for such expenses. *See* 584 U.S. at 585. Further, the government never requested or invited JPMC to pay for Ms. Javice's defense. *See United States v. Napout*, 2018 WL 6106702, at *4. Thus, JPMC cannot recover these fees under the MVRA.

      2.    *The MVRA Does Not Permit Restitution for Fees JP Morgan Owed Under Preexisting Contracts*

JPMC owed these fees under preexisting contracts granting Ms. Javice indemnification and advancement rights, including the Frank Indemnification Agreement, Frank Bylaws, Frank/JPMC Merger Agreement, JPMorgan Bank Bylaws and JPMC Bylaws. *See Javice v. JPMorgan Chase Bank, N.A.*, C.A. No. 2022-1179-KSJM, at *3 (Del. Ch. June 27, 2023). JPMC assumed this obligation months before the government began its investigation. Neither JPMC's participation in the government's investigation nor Ms. Javice's conduct created this obligation—JPMC's contracts did.

The MVRA requires causation. *Sullivan*, 118 F.4th at 233. In *Sullivan*, the Second Circuit held no causation existed where the victim paid legal fees under preexisting bylaws and contract. *Id.* The same result applies here. JPMC had an independent contractual duty to advance these fees. This duty arose before the alleged fraud. The MVRA does not permit JPMC to shift this contractual burden to Ms. Javice through a restitution order.[3]

**B.    The Court Should Vacate Joint and Several Liability for Legal Fees Because the Government Failed to Prove the Fees Were Reasonable and Necessary**

Even assuming the advanced legal fees fall within the meaning of the MVRA, the government must demonstrate that Mr. Amar's legal fees are reasonable. However, it failed to do so here. When a victim seeks restitution for legal fees, the Court has an obligation to "carefully parse[] the legal fees paid" to assess whether any are properly compensable under the MVRA. *United States v. Cuti*, 778 F.3d 83, 93–95 (2d Cir. 2015) (vacating and remanding for more detailed analysis of billing records); *see United States v. Gupta*, 925 F. Supp. 581, 587 (S.D.N.Y. 2013) ("[T]ime entries [must] specify the work performed with sufficient particularity to assess what was done, how it was done, and why it was done."). If it deems any restitution to be appropriate, the Court must reduce the reward for billable items it finds "excessive," duplicative, or otherwise "unnecessary." *See, e.g.*, *United States v. Ebrahim*, No. 12-CR-471-JPO, 2013 WL 2216580, at *4 (S.D.N.Y. May 21, 2013) (some bills "excessive" and involved "unnecessary amount of lawyers involved in certain tasks"); *Gupta*, 925 F. Supp. 2d at 587–88 ("number of attorneys . . . exceeded what was reasonably necessary"); *United States v. Sazonov*, No. 1:17-CR-00657-SDA,

---

[3] JP Morgan has not contested that it will be required to continue advancing fees through Ms. Javice's final appeal. The contracts also dictate the recovery process. Ordering restitution now preempts ongoing state litigation over these same fees. The MVRA does not displace state contract law governing advancement and indemnification.

2018 WL 922151, at *2 (S.D.N.Y. Feb. 16, 2018) (reasoning the number of personnel staffed, and the hours billed in participating in the investigation or prosecution of the offense, must reflect what was "reasonably necessary" under the MVRA).

Here, JPMC did not provide any time entries, invoices, or records with "sufficient particularity" to assess what was done, how it was done, and why it was done regarding Mr. Amar's legal fees. ECF No. 419, Ex. A (filed under seal) (JPMC Restitution Letter). This is improper and does not satisfy the MVRA's requirements. *Cuti*, 778 F.3d at 93–95. For this reason, Ms. Javice respectfully requests the Court reconsider imposition of joint and several liability for advanced legal fees. Local Crim. R. 49.1(b).

## CONCLUSION

For these reasons, Ms. Javice respectfully requests the Court reconsider its restitution order, ECF No. 434, and remove advanced legal fees from the restitution award.

[*Intentionally left blank.*]

Dated: October 6, 2025

                              Respectfully submitted,

                              /s/ *Kirsten R. Nelson*
                              Kirsten R. Nelson* (*pro hac vice*)

| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **BAEZ LAW FIRM** |
|---|---|
| Kirsten R. Nelson* (*pro hac vice*)<br>Erica Perdomo (*pro hac vice*)<br>2601 South Bayshore Drive, Suite 1550<br>Miami, FL 33133<br>Telephone: (305) 402-4880<br>ericaperdomo@quinnemanuel.com<br>kirstennelson@quinnemanuel.com<br><br>* *Not admitted to the Florida Bar. Admitted to practice in Maryland and Washington, D.C.*<br><br>Sara Clark (*pro hac vice*)<br>700 Louisiana Street, Suite 3900<br>Houston, TX 77002<br>Telephone: (713) 221-7100<br>saraclark@quinnemanuel.com | Jose Baez (*pro hac vice*)<br>Rosemarie E.W. Peoples (*pro hac vice*)<br>1200 Brickell Avenue<br>Miami, FL 33131<br>Telephone: (305)-999-5100<br>jose@baezlawfirm.com<br>rosemarie@baezlawfirm.com<br><br>**RONALD SULLIVAN PLLC**<br><br>Ronald Sullivan (*pro hac vice*)<br>1300 I Street NW, Suite 400E<br>Washington, DC 20005<br>Telephone: (202) 313-8313<br>rsullivan@ronaldsullivanlaw.com |
| **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.** | **SHAPIRO ARATO BACH LLP** |
| David Siegal<br>Ellen Shapiro<br>919 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 935-3000<br>dmsiegal@mintz.com<br>eshapiro@mintz.com<br><br>Eóin P. Beirne (*pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>Telephone: (617) 542-6000<br>epbeirne@mintz.com | Alexandra A.E. Shapiro<br>Julian S. Brod<br>1140 Avenue of the Americas, 17th Floor<br>New York, NY 10036<br>Telephone: (212) 257-4880<br>ashapiro@shapiroarato.com<br>jbrod@shapiroarato.com<br><br>*Counsel for Defendant Charlie Javice* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

*/s/ Kirsten R. Nelson*
Kirsten R. Nelson
