

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 6, 2025

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Charlie Javice*, S1 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

      The Government respectfully writes in opposition to defendant Charlie Javice's request that her forfeiture obligations be "subordinated" to her restitution obligations. There is no legal authority for district courts to issue such an order, and the Court should decline to do so. Notably, Javice appears now to have withdrawn her request for such an order. (Dkt. 439).

      As background, forfeiture and restitution serve different purposes in the criminal law. *See, e.g.*, *United States v. Pescatore*, 637 F.3d 128, 137 (2d Cir. 2011) (affirming entry of both forfeiture and restitution orders, explaining how they are different, and noting that the Attorney General cannot be required to apply the former to the latter). Criminal forfeiture is a penalty. *United States v. Peters*, 732 F.3d 93, 98 (2d Cir. 2013). It is "a form of punishment, separate and apart from any restitutive measures imposed during sentencing." *Id.* It serves "no remedial purpose." *Id.* at 99. Instead, it is designed "to punish, deter and disempower criminals." *Pacheco v. Serendensky*, 393 F.3d 348, 356 (2d Cir. 2004); *Peters*, 732 F.3d at 99. On the other hand, remedial actions such as restitution "are intended to return the victim and the perpetrator to the status quo that existed before the violation took place." *Peters*, 732 F.3d at 101. But "doing no more than returning a wrongdoer to the economic position he occupied before he committed his criminal offense does not provide much of a deterrent to those who might be tempted to follow in his footsteps. That is not punishment." *Id.* (internal citations and quotation marks omitted). Thus, forfeiture is necessary to serve the goals of just punishment and deterrence. And accordingly, a sentencing court does not have discretion to reduce the forfeiture amount by any past or future restitution payments. *See United States v. Bodouva*, 853 F.3d 76, 78-79 (2d Cir. 2017). "Bluntly and simply, forfeiture and restitution are parallel, and therefore separate, processes." *United States v. Rubin*, 558 F. Supp. 2d 411, 426-27 (E.D.N.Y. 2008).

      Both forfeiture and restitution, however, are mandatory. *See United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); *United States v. Torres*, 703 F.3d 194, 204 (2d Cir. 2012) (forfeiture and restitution both are mandatory; collecting cases; recipient

of subsidized housing must pay a forfeiture order equal to the amount saved by her fraudulent application, and pay an identical amount as restitution to the city agency that was defrauded).

There are two administrative procedures—exercised at the discretion of the Attorney General only—through which forfeited funds may be applied to restitution: remission or restoration. Neither of these processes involve the district court. Remission involves a petition by a victim (who may or may not have a restitution order in a criminal case) directly to the Attorney General (through the Department of Justice ("DOJ")'s Money Laundering and Asset Recovery Section ("MLARS")) seeking that forfeited funds be used to compensate the victim for losses directly caused either by the crime of conviction, or by a closely related crime. *See* 28 C.F.R. § 9.8. Restoration is a streamlined form of remission that is available only where there is a criminal restitution order in place, which permits a United States Attorney's Office to request that the Attorney General (through MLARS) transfer forfeited funds to a court for satisfaction of a criminal restitution order if certain circumstances are met.

It is well settled that district courts lack authority to issue orders that, in effect, conflate a defendant's forfeiture and restitution obligations. *See United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014) ("In light of the statutory framework governing restitution and forfeiture, we hold that a district court generally has no authority to offset a defendant's restitution obligation by the value of forfeited property held by the government, which is consistent with the approach taken by the Fourth, Seventh, Eighth, Ninth, and Tenth Circuits."); *United States v. Bodouva*, 853 F.3d 76, 78–79 (2d Cir. 2017) ("[T]he statutory schemes authorizing restitution and forfeiture are separate" so district courts may not reduce the amount of one due to payments to the other); *Pescatore*, 637 F.3d at 137 (decision whether to apply forfeited funds to restitution is in the discretion of the Attorney General); *United States v. Sherwood*, No. 1:23 Civ. 406 (LEK)(DJS), 2023 WL 4546252, *4 (N.D.N.Y. July 14, 2023) (holding district courts lack "the ability to order the Government to credit Defendant's forfeited assets toward his restitution obligation"); *United States v. Kenner*, 443 F. Supp. 3d 354, 383 (E.D.N.Y. 2020) (under the Second Circuit's decision in *Bodouva*, "courts cannot order that the forfeitable assets be deducted from the restitution obligation without specific statutory authorization"); *United States v. Pratt*, No. 17 Cr. 262 (MKB), 2018 WL 2871840, at *3 (E.D.N.Y. June 11, 2018) ("While the government has discretion and can decide to apply forfeited funds to restitution, the Court is not aware of any authority to order the Government to exercise its discretion in a particular case."); *Xiong v. U.S. Dep't of Treasury*, No. 1:20 Civ. 1346 (ABJ), 2022 WL 1538701, *5 (D.D.C. May 16, 2022) (decision to restore proceeds of forfeited assets "is left entirely to the discretion of the Attorney General").

For the same reasons, district courts may not "subordinate" a defendant's forfeiture obligation to her restitution obligation. As set out above, under the governing law, the only methods through which otherwise-parallel forfeiture and restitution obligations interact with one another are the administrative processes of remission and restoration.

These well-settled rules apply to Javice's case. To the extent Javice, impliedly or otherwise, invoked victims' rights in support of this lawless proposal, that is pretextual. Javice's victim, J.P. Morgan Chase ("JPMC"), made clear at sentencing that it does not support Javice's proposal and that forfeiture should proceed in the normal course. The practical effect of subordinating forfeiture to restitution is that the Government's expansive abilities to investigate, identify, and forfeit

Javice's assets, in whatever form they take, in satisfaction of the forfeiture judgment will be hobbled. Disadvantaging the Government in this regard only inures to Javice's benefit.

      Accordingly, the Court should reject Javice's request at sentencing—which Javice appears to have withdrawn (Dkt. 439)—and allow forfeiture and restitution to proceed in the normal course and in accordance with binding law.

      Respectfully submitted,

      AMANDA HOULE
      Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515

By:    /s/
      Nicholas W. Chiuchiolo
      Micah F. Fergenson
      Georgia V. Kostopoulos
      Assistant United States Attorneys
      Telephone: (212) 637-1247 / -2190 / -2212