

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

---

*The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278*

October 20, 2025

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice*, S1 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    The Government respectfully writes in opposition to defendant Charlie Javice's motion for reconsideration of her restitution order. As set forth below, the Court correctly determined that the approximately $114 million in defense legal fees incurred by the defendants' victim, JP Morgan Chase Bank, N.A. ("JPMC"), was compensable under the Mandatory Victims Restitution Act (the "MVRA"). In her motion—which mostly recycles arguments already made—Javice identifies no controlling authority that is contrary to the Court's prior ruling. Javice motion for reconsideration should be denied.

<h3 style="text-align:center">Discussion</h3>

    Under the MVRA, where the defendant's offense conduct caused property loss to the victim, the Court must order the defendant to "pay an amount equal to . . . the value of the property." 18 U.S.C. § 3663A(b)(1). The victim's loss must be directly and proximately caused by the defendant's offenses. 18 U.S.C. § 3663A(a)(2). "The primary and overarching goal of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." *United States v. Qurashi*, 634 F.3d 699, 703 (2d Cir. 2011). A district court has "broad discretion to determine restitution" and must make a "reasonable estimate" of the actual loss "based on the evidence before it." *United States v. Milstein*, 481 F.3d 132, 137 (2d Cir. 2007).

    Here, the victim's obligation to pay the defendants' attorney fees was contractual. Specifically, after the victim terminated the defendants' employment, both defendants sought advancement of their attorneys' fees, and Javice commenced a civil action against the victim seeking advancement of legal fees. The defendants' entitlement to legal fees was based on, among

other things, Frank's by-laws, the merger agreement between Frank and JPMC, and JPMC's by-laws.  *See* Gov't Sentencing Submission Ex. B n.3; Dkt. 438 at 3.

The Court correctly concluded that the contractual obligations that entitled the defendants to indemnification of their attorneys' fees was "directly related to the defendants' criminal conduct" and therefore compensable under the MVRA. (Sept. 29, 2025, Sent'g Hr. Tr. 64, citing *United States v. Sullivan*, 118 F.4th 170, 233 (2d Cir. 2024)).  As the Court has observed, "[t]his was a fraudulent inducement case.  Chase was fraudulently induced to purchase a business." (Sept. 29, 2025, Sent'g Hr. Tr. 16).  And because of their fraudulent inducement, the defendants obtained their employment with JPMC, and JPMC took on the obligation to indemnify the defendants' legal fees.  Absent the defendants' fraud, JPMC would not have acquired Frank nor hired the defendants, and, as a result, would have had no obligation to pay the defendants' legal fees.[1]

While there is no binding precedent directly on point, the Second Circuit described nearly the exact facts of this case when the Court noted that it could "easily imagine circumstances where an advance of defense fees is sufficiently related to a defendant's criminal conduct such that they might be recoverable as a loss of property caused by that conduct." *United States v. Sullivan*, 118 F.4th 170, 233 (2d Cir. 2024).  The Second Circuit noted specific examples—"where the offense conduct involved fraudulent inducement to pay legal defense fees" and "where a defendant obtained his position with the victim company, and thus coverage under its indemnification provisions, due to the offense conduct." *Sullivan*, 118 F.th at 233 n.42.  That is this case.  Javice obtained her position at JPMC, "and thus coverage under its indemnification provisions," due to her offense conduct.

Javice's reliance on 18 U.S.C. § 3663A(b)(4), which mandates restitution for costs incurred by the victim "during participation in the investigation or prosecution of the offense," is misplaced.  Neither the Government nor JPMC has argued that the defense legal fees are compensable under this section.  Rather, the indemnified defense legal fees are compensable under 18 U.S.C. § 3663A(a)(2) because, as the Court concluded, the defense fees "directly related to the defendants' criminal conduct."  The Court's prior ruling was correct, and nothing in Javice's motion justifies revisiting the issue or warrants the "extraordinary remedy" of reconsideration.[2] *United States v. Baldeo*, No. S1 13 Cr. 125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015).

Finally, Javice suggests that Amar's defense legal fees were unreasonably high and therefore should not be included in her restitution order. (Dkt. 438 at 4).  This argument is rich.

---

[1] Moreover, had the defendants not engaged in fraud, there would have been no criminal case against the defendants and no resulting defense legal fees.

[2] The standard of review for a motion for reconsideration in the criminal context is the same as it is in the civil context.[2] *United States v. Alvarez-Estevez*, No. 13 Cr. 380 (JFK), 2014 WL 12681364, at *1 and n.1 (S.D.N.Y. Nov. 6, 2014).  "The standard for granting motions for reconsideration is strict, and a court may grant reconsideration only where the moving party demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. (citations and internal quotation marks omitted); *see also Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) ("The major grounds justifying reconsideration are an intervening change

Amar's legal fees are similar to—but slightly less than—*Javice's* legal fees. The Government does not understand Javice to be claiming that her own legal fees were unreasonable. It thus cannot be the case that the legal fees incurred by Amar in defending the same charges and participating in the same trial were unreasonable.

Conclusion

For the foregoing reasons, the Court correctly concluded that the defense legal fees paid for by the victim are compensable under the MVRA.

Respectfully submitted,

AMANDA HOULE
Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515

By:    /s/
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia V. Kostopoulos
Assistant United States Attorneys
Telephone: (212) 637-1247 / -2190 / -2212

---

of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."). "[R]econsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple.' " *United States v. Lisi*, No. 15 CR. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012))). "Such a motion likewise should not be made 'reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved.' " *Id.* (quoting *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (internal quotation marks omitted)). As the Second Circuit has noted, "[r]econsideration is not intended for . . . the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018).